GREGORY G. ISKANDER, Bar No. 200215
giskander@littler.com
WILLIAM J. KIM, Bar No. 336837
wkim@littler.com
LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard, Suite 600
Walnut Creek, California  94597
Telephone:   925.932.2468
Fax No.:       925.946.9809

Attorneys for Defendant
GONSALVES & SANTUCCI, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELMER N. RODRIGUEZ, an individual and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GONSALVES & SANTUCCI, INC., a California corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.<br><br>[Contra Costa Superior Court Case No. C21-01735]<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331 AND 1441 [Federal Question]** |

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT'S NOTICE OF REMOVAL OF ACTION

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF ELMER RODRIGUEZ AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant GONSALVES & SANTUCCI, INC. ("Defendant"), contemporaneously with the filing of this Notice, are effecting the removal of the above-referenced action from the Superior Court of the State of California, County of Contra Costa, to the United States District Court for the Northern District of California.

The removal is based on 28 U.S.C. §§ 1331 and 1441(a), specifically, on the following grounds:

## I. PLEADINGS, PROCESS AND ORDERS

1. On or about August 24, 2021, Plaintiff Elmer N. Rodriguez ("Plaintiff") commenced the above-captioned civil action in the Contra Costa County Superior Court by filing a Complaint entitled *Rodriguez v. Gonsalves & Santucci, Inc., et al.*, docketed as Case No. C21-01735. On September 7, 2021, the Complaint, Summons, Civil Case Cover Sheet, Notice of Hearing on Complex Determination and Case Management Conference were served on Defendant Gonsalves & Santucci, Inc. ("Defendant"). True and correct copies of the Complaint and the accompanying documents are attached as **Exhibit A** to the Declaration of Gregory G. Iskander in Support of Defendant's Notice of Removal of Action ("Iskander Decl.") and incorporated here by reference. (Iskander Decl., ¶¶ 2-3, Exhibit A.)

2. To date, no Proof of Service of Complaint on Defendant has been filed in the Contra Costa Superior Court. (Iskander Decl., ¶ 4.)

3. To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in or issued by the Superior Court for the State of California, County of Contra Costa, or served by any other party other than as described above. Exhibit A referenced above and incorporated into this Notice satisfy the requirements of 28 U.S.C. § 1446. (Iskander Decl., ¶ 5.)

## II. JURISDICTION

4. This Court has original jurisdiction under 28 U.S.C. § 1331, and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(b), because it is a civil action that presents a

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

2

DEFENDANT'S NOTICE OF REMOVAL OF ACTION

federal question.

5. Plaintiff's claim requires interpretation of a collective bargaining agreement ("CBA") and thus is completely preempted by federal law under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Section 301 of the LMRA provides "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a); *Firestone v. Southern Cal. Gas. Co.*, 219 F.3d 1063, 1065 (9th Cir. 2000). To ensure uniform interpretations of CBAs, federal law preempts the use of state contract law in collective bargaining agreement interpretation and enforcement. *See Lingle v. Norge Div. of Magic Chef Inc.*, 486 U.S. 399, 411 (1988).

6. Further, all state law claims raised by a union-represented employee that require interpretation of a CBA must be brought pursuant to Section 301. *Allis-Chalmers Corp. v. Lueck*, 571 U.S. 202, 211 (1985). "The preemptive force of section 301 is so powerful that it displaces entirely any state cause of action for violation of a collective bargaining agreement . . . and any state claim whose outcome depends on analysis of the terms of the agreement." *Newberry v. Pac. Racing Ass'n*, 854 F.2d 1142, 1146 (9th Cir. 1988); *see Voorhees v. Naper Aero Club, Inc.*, 272 F.3d 398, 403 (7th Cir. 2001) (noting that Section 301 is one of "only two areas in which the Supreme Court has found that Congress intended completely to replace state law with federal law for purposes of federal jurisdiction").

7. Section 301 specifically has been held to preempt California state law claims that are substantially dependent upon interpretation of a CBA. *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1155 (9th Cir. 2019); *Firestone*, 219 F.3d at 1066-67. This is so even where interpretation was required to evaluate the employer's defense to a plaintiff's state law cause of action. *Curtis*, 913 F.3d at 1152 ("Although normally federal preemption is a defense that does not authorize removal to federal court, § 301 has such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'") (citing *Metro. Life Ins. v. Taylor*, 481 U.S. 58, 65 (1987)). These principals apply equally to actions seeking

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

3

DEFENDANT'S NOTICE OF REMOVAL OF ACTION

civil penalties pursuant to the Private Attorneys General Act, Cal. Lab. Code § 2698 *et seq.* ("PAGA"). *Franco v. E-3 Sys.*, No. 19-cv-01453-HSG, 2019 WL 6358947, at *4 (N.D. Cal. Nov. 8, 2019) (denying motion to remand, and expressly rejecting Plaintiff's argument that § 301 cannot preempt PAGA claims).

8. **Plaintiff's Employment Was Governed by a CBA**. In the Complaint, Plaintiff alleges that he worked for Defendant from February of 2020 through approximately December of 2020, assisting on construction projects (Complaint, ¶ 2). Defendant employed Plaintiff as an Ironworker from approximately February 27, 2020 to December 14, 2020. (Declaration of Jessica Fraser ("Fraser Decl."), ¶ 5).

9. The terms and conditions of Plaintiff's alleged employment with Defendant were governed by a CBA between Defendant and the District Council of Iron Workers of the State of California and Vicinity, Local Union 377 ("Union") (Fraser Decl., ¶ 4). A true and correct copy of the CBA in effect between Defendant and the Union between July 1, 2017 and June 30, 2020 is attached as **Exhibit A** to the Fraser Declaration and incorporated by reference ("2017 CBA"). A true and correct copy of the CBA in effect between Defendant and the Union between July 1, 2020 and December 31, 2024 is attached as **Exhibit B** to the Fraser Declaration and incorporated by reference ("2020 CBA").

10. The Union is a labor organization within the meaning of Section 2(5) of the NLRA and 301(a) of the LMRA, 29 U.S.C. §§ 152(5) and 185(a).

11. Based on the allegations in the Complaint, Defendant is an employer within the meaning of the LMRA, 29 U.S.C. § 152(2).

12. Sections 1 and 3 of the 2017 CBA and 2020 CBA provide that the Union is the sole and exclusive bargaining representative of the Ironworker employees covered by the CBA pursuant to its craft jurisdiction. (Fraser Decl., Ex. A, 2017 CBA, Secs. 1 and 3; Ex. B, 2020 CBA, Secs. 1 and 3). The CBA covers the employment conditions at issue in Plaintiff's Complaint, including hours of work, lunch periods, rest periods, wages rates and payment, overtime, vacation pay and business expenses. (Fraser Decl., Ex. A, 2017 CBA, Secs. 6, 7, 8, 9, 11 and Wage Rate Schedule, pp. 75-87; Ex. B, 2020 CBA, Secs. 6, 7, 8, 9, 11 and Wage Rate Schedule pp. 71-78.)

13. **Plaintiff's Failure to Reference the CBA or Section 301 of the LMRA in His**

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

4
DEFENDANT'S NOTICE OF REMOVAL OF ACTION

**Complaint Does Not Preclude Removal**. The Complaint omits the fact that Plaintiff was a member of the Union or that a CBA governed his employment. However, a plaintiff may not be permitted to "artfully plead" a complaint to conceal its true nature. *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) (holding that plaintiff's state law claim was preempted even though operative complaint made no mention of a collective bargaining agreement); *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983), overruled in part on other grounds in *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241 (9th Cir. 2009).

14. Thus, the fact that Plaintiff has not made specific reference to Section 301 in his Complaint does not preclude removal. *See Milne Emp. Ass'n v. Sun Carriers, Inc.*, 960 F.2d 1401, 1406 (9th Cir. 1991). The Court may properly look beyond the face of the Complaint to determine whether the claims asserted are in fact preempted by Section 301. *See Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003). Additionally, the Court may properly look to the facts stated in the Notice of Removal "to clarify the action a plaintiff presents and to determine if it encompasses an action within federal jurisdiction." *Schroeder*, 702 F.2d at 191.

15. An artfully pled state law claim is properly "recharacterized" as a federal claim under the "complete preemption" doctrine, which provides that the preemptive force of Section 301 "converts an ordinary state law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule" and is removable to federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987); *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 23 (1983) ("[I]f a federal cause of action completely preempts a state cause of action, any complaint that comes within the scope of the federal cause of action necessarily 'arises' under federal law.").

16. **Resolving Plaintiff's Claims Requires Interpretation of the CBA**. The Labor Code violations underlying Plaintiff's Class Action Complaint are "founded directly on rights created by collective bargaining agreements" and/or are substantially dependent on an analysis and interpretation of a collective bargaining agreement. *See Hayden v. Reickerd*, 957 F.2d 1506, 1509 (9th Cir. 1991); *see also Caterpillar Inc.*, 482 U.S. at 394. To analyze Plaintiff's claim, therefore, the Court will necessarily need to interpret the provisions of the relevant CBA.

17. The Court cannot simply look to state law to resolve Plaintiff's artfully plead claims

1  for breach of a CBA. Plaintiff's claims cannot be adjudicated without interpretation of the numerous CBA provisions that governed Plaintiff's employment. Plaintiff's Class Action claims allege the following: (1) failure to pay overtime as required by Labor Code §§ 510, 1194, 1199 and IWC Wage Orders; (2) failure to pay minimum wages as required by Labor Code §§ 1197, 1199 and IWC Wage Orders; (3) failure to provide meal periods or pay meal period premiums as required by Labor Code §§ 226.7, 512 and IWC Wage Orders; (4) failure to provide rest periods or pay rest period premiums as required by §§ Labor Code 226.7 and IWC Wage Orders; (5) failure to pay all wages due at termination as required by Labor Code §§ 201-203 and IWC Wage Orders; (6) failure to provide accurate wage statements as required by Labor Code § 226 and IWC Wage Orders; (7) failure to pay business expenses as required by Labor Code § 2802 and IWC Wage Orders; (8) failure to pay vacation time as required by Labor Code § 227.3; and (9) violation of Business & Professions Code § 17200. (Iskander Decl., Ex. A, *see generally* Complaint.)

18.  The applicable CBA contains specific language governing hours of work, lunch periods, rest periods, wages rates and payment, overtime, vacation pay and business expenses. (Fraser Decl., Ex. A, 2017 CBA, Secs. 6, 7, 8, 9, 11 and Wage Rate Schedule, pp. 75-87; Ex. B, 2020 CBA, Secs. 6, 7, 8, 9, 11 and Wage Rate Schedule pp. 71-78.) The CBA also provides for a grievance process and a Board of Adjustment to resolve any disputes arising under the CBA. (Fraser Decl., Ex. A, 2017 CBA, Sec. 28; Ex. B, 2020 CBA, Sec. 28) Resolving Plaintiff's claim will require the Court to interpret each of these provisions in the applicable CBA.

19.  As an example, Plaintiff's claim based on Defendant's alleged failure to pay overtime wages under Labor Code section 510 is preempted by Section 301 of the LMRA because the claim requires the Court to analyze and interpret the CBA's overtime provisions. Cal. Lab. Code § 510 ("Any work in excess of 8 hours in one workday . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."); *but see* Cal. Lab. Code § 514 ("Sections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for wages, hours of work, and working conditions of the employees, and if the agreement provides premium wages for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30% more than the state minimum wage.")*; see Curtis*,

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

6

DEFENDANT'S NOTICE OF REMOVAL OF ACTION

888366ae582acae9

913 F.3d 1146, 1155 (9th Cir. 2019) ("By its terms, therefore, the default definition of overtime and overtime rates in section 510 does not apply to an employee who is subject to a qualifying CBA. If Curtis's CBAs in this case meet the requirements of section 514, Curtis's right to overtime 'exists solely as a result of the CBA,' and therefore is preempted under § 301); s*ee also Vranish v. Exxon Mobil Corp.*, 223 Cal.App.4th 103, 110 (2014) (finding the CBA at issue fell squarely within Labor Code § 514's terms, and "[n]othing in section 514 require[d]" the employer to look to the definition of overtime in section 510.")

20. Plaintiff's hourly rate of pay was never less than 30 percent more than the California state minimum wage for employers with more than 26 employees. (Id.) Specifically, the minimum hourly wage in California for employers with 26 or more employees was $10.50 in 2017, $11.00 in 2018, $12.00 in 2019, $13.00 in 2020 and $14.00 in 2021. All of Defendant's Ironworkers were paid at an hourly rate $18.25 or more from 2017 to 2021. (Fraser Decl., ¶ 5.) Thus, all of Defendant's Ironworkers were paid 30 percent more than the applicable California state minimum wage for employer with more than 26 employees during the relevant period.

21. As another example, Plaintiff's claim based on Defendant's alleged failure to provide meal periods under Cal. Labor Code §§ 226.7 and 512 is preempted by Section 301 of the LMRA because the CBA satisfies the statutory exemption set forth at Labor Code section 512(e). The CBA provides for wages, hours of work, and working conditions; final and binding arbitration of disputes concerning application of its meal period provisions; and pay of not less than 30 percent more than the state minimum wage. (*See* Fraser Decl., ¶ 5.) Thus, the CBA governs the right to meal periods in this instance, and under step one of the *Burnside* test, Plaintiff's claim is preempted under by § 301. *See Marquez v. Toll Global Forwarding (USA) Inc.*, 2018 WL 3218102, *3 (C.D. Cal. Jun. 28, 2018) ("If a claim is grounded only on rights created by the CBA, it is preempted by § 301 and the analysis ends here.") (citing *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007).

22. In addition, whether Defendant allegedly failed to provide Plaintiff and the putative class members with meal periods requires the Court to analyze and interpret not only the CBA, but also the past practices between the alleged Defendant and the Union. The parties' past practices are deemed to be part of the CBA. *Consolidated Rail Corp. v. Ry. Labor Execs. Ass'n*, 491 U.S. 299, 307

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

7

DEFENDANT'S NOTICE OF REMOVAL OF ACTION

(1989) ("[C]ollective bargaining agreements may include implied, as well as express, terms. Furthermore, it is well established that the parties' practice, usage and custom is of significant in interpreting their agreement."). Specifically, the Court must interpret the parties' practices regarding the extent to which they agree that Plaintiff may take meal period breaks in accordance with its terms.[1]

23. Critically, as all of Plaintiff's claims are, in essence, alleged violations of the CBA, the Court will necessarily have to interpret its grievance provision. (*See* Fraser Decl., Ex. A, 2017 CBA, Sec. 28.) Specifically, the Court must determine whether Plaintiff was first required to exhaust the grievance procedures, whether he did in fact exhaust those procedures, and whether he agreed to arbitrate all or some of his claims. Each of these questions is reserved for federal courts pursuant to the LMRA; indeed, Section 301 preemption aims to promote extra-judicial dispute resolution pursuant to the parties' agreed form of dispute resolution. *Curtis*, 913 F.3d at 1152 (observing "the labor arbitrator is usually the appropriate adjudicator for CBA disputes" and that "grievance and arbitration procedures provide certain procedural benefits, including a more prompt and orderly settlement of CBA disputes than that offered by the ordinary judicial process.") (internal citation omitted).

24. Here, the CBA "contains all provisions agreed upon " by Defendant and the Union, and neither will be bound by "rules, regulations or agreements" not contained in the CBA, with the exception on any interpretations or decisions of the Adjustment Board provided by the applicable grievance procedure. (*See* Fraser Decl., Ex. A, 2017 CBA, Secs. 28, 31; Ex. B, 2020 CBA, Secs. 28, 31.) Moreover, Section 6, which contains hours or work, including meal periods and rest periods, specifically states that "[n]othing in this section confers any right or duty on the Department of Industrial Relations to resolve any dispute or assess any actual penalties for violations of this section. Any dispute regarding the provisions of this Section shall be subject to Section 28 Grievance Procedure of this Agreement." (*Id.,* Sec. 6.) Accordingly, an alleged violation of the CBA is subject to the grievance procedure, which serves the underlying purposes of the LMRA. Thus, no part of Plaintiff's claim may be resolved without interpreting provisions of the CBA.

25. Plaintiff's claims are substantially dependent upon the interpretation of the CBA's

---

[1] This same argument applies to Plaintiff's wage claims as well as his claims for rest periods, vacation pay and expense reimbursement.

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

8

DEFENDANT'S NOTICE OF REMOVAL OF ACTION

terms and provisions. In fact, the CBA's terms and provisions govern all of the conduct that forms the basis for Plaintiff's Complaint and are thus essential to the resolution of Plaintiff's claims. The underlying Labor Code violations arise under § 301 of the LMRA and warrant removal to federal court.

### III. SUPPLEMENTAL JURISDICTION

26. To the extent there are certain underlying alleged Labor Code violations that do not arise under Section 301 of the LMRA, the class action claims based on those violations remains within the supplemental jurisdiction of the Court under 28 U.S.C. § 1367(a) in that they are so related to the federal cause of action that they form part of the same case or controversy under Article III of the United States Constitution. *See Buck v. Cemex, Inc.*, 2013 U.S. Dist. LEXIS 124111, at *17 (plaintiff's additional claims of failure to provide accurate wage statements, failure to timely pay all final wages and unfair competition came within the supplemental jurisdiction of the Court even if only tangentially involved with the CBA); *see also Coria v. Recology, Inc.*, 63 F. Supp. 3d 1093, 1100 (N.D. Cal. 2014) (recognizing that plaintiff's additional state law claims under California statutory and common law, including various provisions of the Labor Code and IWC Orders, all "derive from a common nucleus of operative fact" as plaintiff's meal period and overtime claims and "are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding."). Thus, this action is removable in its entirety.

### IV. INTRADISTRICT ASSIGNMENT

27. Venue lies in the Northern District of California pursuant to 28 U.S.C. §§ 84(a), 1441(a), and 1446(a). Plaintiff worked for and was an employee of Defendant, which maintained its corporate headquarters in Concord, County of Contra Costa, California. (Fraser Decl., ¶ 6.)

28. All civil actions that arise in the County of Contra Costa shall be assigned to the San Francisco Division or the Oakland Division. Northern District Local Rule 3-2(c)(d), 3-5(b). As a result, assignment to the San Francisco or Oakland Division is proper.

### V. TIMELINESS OF REMOVAL

29. Defendant was served with the Summons and Complaint on September 7, 2021. (*See* Iskander Decl., Ex. A.) This Notice of Removal has been filed within thirty (30) days of service on

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

9

DEFENDANT'S NOTICE OF REMOVAL OF ACTION

Defendants of the Summons and Complaint and within one year of the filing of the Complaint. 28 U.S.C. § 1446(b); *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) ("[A] named defendant's time to remove is triggered by the simultaneous service of the summons and complaint, or receipt of the complaint 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.") Therefore, the Notice is timely filed.

## VI. NOTICE TO PLAINTIFF AND THE STATE COURT

30. Contemporaneously with the filing of this Notice in this Court, written notice of such filing will be provided to Plaintiff's counsel of record David Bibiyan, Sara Ehsani-Nia and Diego Aviles, Bibiyan Law Group, P.C., 8484 Wilshire Boulevard, Suite 500, Beverly Hills, California 90211.

31. A copy of the Notice of Removal will also be filed with the Clerk of the Superior Court of the County of Contra Costa.

## VII. CONCLUSIONS

32. For all of the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1441(a) and removal is therefore proper under 28 U.S.C. §§ 1441 and 1446.

Dated: October 7, 2021

LITTLER MENDELSON P.C.

*/s/ Gregory G. Iskander*
Gregory G. Iskander
William J. Kim

Attorneys for Defendant
GONSALVES & SANTUCCI, INC.

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

10

DEFENDANT'S NOTICE OF REMOVAL OF ACTION