EXHIBIT A

FILED

AUG 24 2021

K. BIEKER CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA
By_____
Deputy Clerk

PER LOCAL RULE, THIS
CASE IS ASSIGNED TO
DEPT. 21, FOR ALL
PURPOSES

**SUMMONS ISSUED**

FAX FILE

Submitted By:
D&T Legal Services 925-947-1221
2146 N. Main Street, Suite A
Walnut Creek, **CA 94596**

1 | **BIBIYAN LAW GROUP, P.C.**
David D. Bibiyan (Cal. Bar No. 287811)
2 | *david@tomorrowlaw.com*
Sara Ehsani-Nia (Cal. Bar No. 326501)
3 | *sara@tomorrowlaw.com*
Diego Aviles (Cal. Bar No. 315533)
4 | *diego@tomorrowlaw.com*
8484 Wilshire Boulevard, Suite 500
5 | Beverly Hills, California 90211
Telephone: (310) 438-5555; Facsimile: (310) 300-1705
6 |
Attorneys for Plaintiff, ELMER N. RODRIGUEZ and
7 | on behalf of himself and all others similarly situated

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF CONTRA COSTA**

C21-01735

| | |
|---|---|
| ELMER N. RODRIGUEZ, an individual and on behalf of all others similarly situated, | CASE NO.: |
| | **CLASS ACTION COMPLAINT FOR:** |
| Plaintiffs, | 1. FAILURE TO PAY OVERTIME WAGES; |
| v. | 2. FAILURE TO PAY MINIMUM WAGES; |
| GONSALVES & SANTUCCI, INC., a California Corporation; and DOES 1 through 100, inclusive, | 3. FAILURE TO PROVIDE MEAL PERIODS; |
| Defendants. | 4. FAILURE TO PROVIDE REST PERIODS; |
| | 5. WAITING TIME PENALTIES; |
| | 6. WAGE STATEMENT VIOLATIONS; |
| | 7. FAILURE TO INDEMNIFY; |
| | 8. VIOLATION OF LABOR CODE § 227.3; and |
| | 9. UNFAIR COMPETITION. |
| | **DEMAND FOR JURY TRIAL** |
| | [Amount in Controversy Exceeds $25,000.00] |

Law Offices of
BIBIYAN LAW GROUP
A Professional Corporation
8484 Wilshire Boulevard, Suite 500
Beverly Hills, California 90211
(310) 438-5555

CLASS ACTION COMPLAINT

1      COMES NOW plaintiff ELMER N. RODRIGUEZ ("Plaintiff"), on behalf of Plaintiff and

2 all others similarly situated, and alleges as follows:

3 **GENERAL ALLEGATIONS**

4 **INTRODUCTION**

5     1.      This is a Class Action, pursuant to Code of Civil Procedure section 382, against

6 GONSALVES & SANTUCCI, INC., and any of its respective subsidiaries or affiliated companies

7 within the State of California ("GONSALVES " and, with DOES 1 through 100, as further defined

8 below, "Defendants") on behalf of Plaintiff and all other current and former non-exempt California

9 employees employed by or formerly employed by Defendants ("Class Members").

10 **PARTIES**

11     **A.**    **Plaintiff**

12     2.      Plaintiff ELMER N. RODRIGUEZ is a resident of the State of California. At all

13 relevant times herein, Plaintiff is informed and believes, and based thereon alleges that Defendants

14 employed Plaintiff ELMER N. RODRIGUEZ as a non-exempt employee, with duties that included,

15 but were not limited to, assisting with construction projects. Plaintiff is informed and believes, and

16 based thereon alleges that Plaintiff ELMER N. RODRIGUEZ worked for Defendants from

17 approximately February of 2020 through approximately December of 2020.

18     **B.**    **Defendants**

19     3.      Plaintiff is informed and believes and based thereon alleges that defendant

20 GONSALVES is, and at all times relevant hereto was, a corporation organized and existing under

21 and by virtue of the laws of the State of California and doing business in the County of Contra Costa,

22 State of California.

23     4.      The true names and capacities, whether individual, corporate, associate, or otherwise,

24 of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff,

25 who therefore sues defendants by such fictitious names under Code of Civil Procedure section 474.

26 Plaintiff is informed and believes and based thereon alleges that each of the defendants designated

27 herein as DOE is legally responsible in some manner for the unlawful acts referred to herein.

28 Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of

1    the defendants designated hereinafter as DOES when such identities become known. Plaintiff is

2    informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent

3    to this action, as the agent of the other defendant(s), carried out a joint scheme, business plan or

4    policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the

5    other defendants. Whenever, heretofore or hereinafter, reference is made to "Defendants," it shall

6    include GONSALVES, and any of their parent, subsidiary, or affiliated companies within the State

7    of California, as well as DOES 1 through 100 identified herein.

8    ## JOINT LIABILITY ALLEGATIONS

9    5.       Plaintiff is informed and believes and based thereon alleges that all the times

10   mentioned herein, each of the Defendants was the agent, principal, employee, employer,

11   representative, joint venture or co-conspirator of each of the other defendants, either actually or

12   ostensibly, and in doing the things alleged herein acted within the course and scope of such agency,

13   employment, joint venture, and conspiracy.

14   6.       All of the acts and conduct described herein of each and every corporate defendant

15   was duly authorized, ordered, and directed by the respective and collective defendant corporate

16   employers, and the officers and management-level employees of said corporate employers. In

17   addition thereto, said corporate employers participated in the aforementioned acts and conduct of

18   their said employees, agents, and representatives, and each of them; and upon completion of the

19   aforesaid acts and conduct of said corporate employees, agents, and representatives, the defendant

20   corporation respectively and collectively ratified, accepted the benefits of, condoned, lauded,

21   acquiesced, authorized, and otherwise approved of each and all of the said acts and conduct of the

22   aforementioned corporate employees, agents and representatives.

23   7.       As a result of the aforementioned facts, Plaintiff is informed and believes, and based

24   thereon alleges that Defendants, and each of them, are joint employers.

25   ## JURISDICTION

26   8.       Jurisdiction exists in the Superior Court of the State of California pursuant to Code

27   of Civil Procedure section 410.10.

28   9.       Venue is proper in Contra Costa County, California pursuant to Code of Civil

1  Procedure sections 392, et seq. because, among other things, Contra Costa County is where the

2  causes of action complained of herein arose; the county in which the employment relationship

3  began; the county in which performance of the employment contract, or part of it, between Plaintiff

4  and Defendants was due to be performed; the county in which the employment contract, or part of

5  it, between Plaintiff and Defendants was actually performed; and the county in which Defendants,

6  or some of them, reside. Moreover, the unlawful acts alleged herein have a direct effect on Plaintiff

7  and Class Members in Contra Costa County, and because Defendants employ numerous Class

8  Members in Contra Costa County.

9  ## FACTUAL BACKGROUND

10      10.       For at least four (4) years prior to the filing of this action and continuing to the

11  present, Defendants have, at times, failed to pay overtime wages to Plaintiff and Class Members, or

12  some of them, in violation of California state wage and hour laws as a result of, without limitation,

13  Plaintiff and Class Members working over eight (8) hours per day, forty (40) hours per week, and

14  seven consecutive work days in a work week without being properly compensated for hours worked

15  in excess of (8) hours per day in a work day, forty (40) hours per week in a work week, and/or hours

16  worked on the seventh consecutive work day in a work week by, among other things, failing to

17  accurately track and/or pay for all minutes actually worked; engaging, suffering, or permitting

18  employees to work off the clock, including, without limitation, by requiring employees: to make

19  phone calls or drive off the clock; detrimental rounding of employee time entries, and editing and/or

20  manipulation of time entries to show less minutes than actually worked, to the detriment of Plaintiff

21  and Class Members.

22      11.       For at least four (4) years prior to the filing of this Action and continuing to the

23  present, Defendants have, at times, failed to pay minimum wages to Plaintiff and Class Members,

24  or some of them, in violation of California state wage and hour laws as a result of, among other

25  things, at times, failing to accurately track and/or pay for all minutes actually worked; engaging,

26  suffering, or permitting employees to work off the clock, including, without limitation, by requiring

27  employees: to make phone calls or drive off the clock; detrimental rounding of employee time

28  entries, and editing and/or manipulation of time entries to show less minutes than actually worked

1  to the detriment of Plaintiff and Class Members.

2  12.     For at least four (4) years prior to the filing of this Action and continuing to the

3  present, Defendants have, at times, failed to provide Plaintiff and Class Members, or some of them,

4  full, timely thirty (30) minute uninterrupted meal period for days on which they worked more than

5  five (5) hours in a work day and a second thirty (30) minute uninterrupted meal period for days on

6  which they worked in excess of ten (10) hours in a work day, and failing to provide compensation

7  for such unprovided meal periods as required by California wage and hour laws.

8  13.     For at least four (4) years prior to the filing of this action and continuing to the

9  present, Defendants have, at times, failed to authorize and permit Plaintiff and Class Members, or

10  some of them, to take rest periods of at least ten (10) minutes per four (4) hours worked or major

11  fraction thereof and failed to provide compensation for such unprovided rest periods as required by

12  California wage and hour laws.

13  14.     For at least three (3) years prior to the filing of this action and continuing to the

14  present, Defendants have, at times, failed to pay Plaintiff and Class Members, or some of them, the

15  full amount of their wages owed to them upon termination and/or resignation as required by Labor

16  Code sections 201 and 202, including for, without limitation, failing to pay overtime wages,

17  minimum wages, premium wages, and vacation pay pursuant to Labor Code section 227.3.

18  15.     For at least one (1) year prior to the filing of this Action and continuing to the present,

19  Defendants have, at times, failed to furnish Plaintiff and Class Members, or some of them, with

20  itemized wage statements that accurately reflect gross wages earned; total minutes worked; net

21  wages earned; all applicable hourly rates in effect during the pay period and the corresponding

22  number of minutes worked at each hourly rate; and other such information as required by Labor

23  Code section 226, subdivision (a).  As a result thereof, Defendants have further failed to furnish

24  employees with an accurate calculation of gross and gross wages earned, as well as gross and net

25  wages paid.

26  16.     For at least three (3) years prior to the filing of this action and continuing to the

27  present, Defendants have, at times, failed to indemnify Class Members, or some of them, for the

28  costs incurred in purchasing mandatory work uniforms and safety equipment; separately laundering

1  mandatory work uniforms; mileage and/or gas costs incurred in driving personal vehicles for work-

2  related purposes; using cellular phones for work-related purposes; and purchasing tools necessary

3  to perform work duties.

4      17.      For at least four (4) years prior to the filing of this action and continuing to the

5  present, Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated

6  employees or former employees within the State of California with compensation at their final rate

7  of pay for unused vested paid vacation days pursuant to Labor Code section 227.3.

8      18.      Plaintiff, on his own behalf and on behalf of Class Members, bring this action

9  pursuant to, including but not limited to, Labor Code sections 200, 201, 202, 203, 226, 226.7, 227.3,

10  510, 512, 1194, 1194.2, 1197, 2802, *et al.*, and California Code of Regulations, Title 8, section

11  11040, seeking overtime wages, minimum wages, payment of premium wages for missed meal and

12  rest periods, waiting time penalties, wage statement penalties, failure to indemnify work-related

13  expenses, failing to pay vested vacation time at the proper rate of pay, other such provisions of

14  California law, and reasonable attorneys' fees and costs.

15      19.      Plaintiff, on Plaintiff's own behalf and on behalf of Class Members, pursuant to

16  Business and Professions Code sections 17200 through 17208, also seeks (an) injunction(s)

17  prohibiting Defendants from further violating the Labor Code and requiring the establishment of

18  appropriate and effective means to prevent further violations, as well as all monies owed but

19  withheld and retained by Defendants to which Plaintiff and Class Members are entitled, as well as

20  restitution of amounts owed.

21                                    **CLASS ACTION ALLEGATIONS**

22      20.      Plaintiff brings this action on behalf of Plaintiff and Class Members as a class action

23  pursuant to Code of Civil Procedure section 382. Plaintiff seeks to represent a class of all current

24  and former non-exempt employees of Defendants within the State of California at any time

25  commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice

26  of the class action is provided to the class (collectively referred to as "Class Members").

27      21.      Plaintiff reserves the right under California Rule of Court rule 3.765, subdivision (b)

28  to amend or modify the class description with greater specificity, further divide the defined class

1 | into subclasses, and to further specify or limit the issues for which certification is sought.

2 | 22.      This action has been brought and may properly be maintained as a class action under the provisions of Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

A.   **Numerosity**

23.      The potential Class Members as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined yet, Plaintiff is informed and believes that there are over seventy-five (75) Class Members employed by Defendants within the State of California.

24.      Accounting for employee turnover during the relevant periods necessarily increases this number. Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members. Joinder of all members of the proposed Class is not practicable.

B.   **Commonality**

25.      There are questions of law and fact common to Class Members. These common questions include, but are not limited to:

A.   Did Defendants violate Labor Code sections 510 and 1194 by failing to pay all minutes worked at a proper overtime rate of pay?

B.   Did Defendants violate Labor Code sections 510, 1194 and 1197 by failing to pay for all other time worked at the employee's regular rate of pay and a rate of pay that is greater than the applicable minimum wage?

C.   Did Defendants violate Labor Code section 512 by not authorizing or permitting Class Members to take compliant meal periods?

D.   Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed or interrupted meal periods?

E.   Did Defendants violate applicable Wage Orders by not authorizing or permitting Class Members to take compliant rest periods?

F.   Did Defendants violate Labor Code section 226.7 by not providing Class Members

1   with additional wages for missed rest periods?

2   G.   Did Defendants violate Labor Code sections 201 and 202 by failing to pay Class

3        Members upon termination or resignation all wages earned?

4   H.   Are Defendants liable to Class Members for waiting time penalties under Labor Code

5        section 203?

6   I.   Did Defendants violate Labor Code section 226, subdivision (a) by not furnishing

7        Class Members with accurate wage statements?

8   J.   Did Defendants fail to indemnify Class Members for all necessary expenditures or

9        losses incurred in direct consequence of the discharge of their duties or by obedience

10       to the directions of Defendants as required under Labor Code section 2802?

11  K.   Did Defendants violate Labor Code section 227.3 by not providing Class Members

12       with compensation at their final rate of pay for vested paid vacation time?

13  L.   Did Defendants violate the Unfair Competition Law, Business and Professions Code

14       section 17200, *et seq.*, by their unlawful practices as alleged herein?

15  M.   Are Class Members entitled to restitution of wages under Business and Professions

16       Code section 17203?

17  N.   Are Class Members entitled to costs and attorneys' fees?

18  O.   Are Class Members entitled to interest?

19  **C.**   **Typicality**

20  26.   The claims of Plaintiff herein alleged are typical of those claims which could be

21  alleged by any Class Members, and the relief sought is typical of the relief which would be sought

22  by each Class Member in separate actions. Plaintiff and Class Members sustained injuries and

23  damages arising out of and caused by Defendants' common course of conduct in violation of laws

24  and regulations that have the force and effect of law and statutes as alleged herein.

25  **D.**   **Adequacy of Representation**

26  27.   Plaintiff will fairly and adequately represent and protect the interest of Class

27  Members. Counsel who represents Plaintiff is competent and experienced in litigating wage and

28  hour class actions.

1    **E.    Superiority of Class Action**

2    28.    A class action is superior to other available means for the fair and efficient

3    adjudication of this controversy. Individual joinder of all Class Members is not practicable, and

4    questions of law and fact common to Class Members predominate over any questions affecting only

5    individual Class Members. Class Members, as further described therein, have been damaged and

6    are entitled to recovery by reason of Defendants' policies and/or practices that have resulted in the

7    violation of the Labor Code at times, as set out herein.

8    29.    Class action treatment will allow Class Members to litigate their claims in a manner

9    that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of

10   any difficulties that are likely to be encountered in the management of this action that would

11   preclude its maintenance as a class action.

12   **FIRST CAUSE OF ACTION**

13   **(Failure to Pay Overtime Wages – Against All Defendants)**

14   30.    Plaintiff realleges and incorporates by reference all of the allegations contained in

15   the preceding paragraphs as though fully set forth hereat.

16   31.    At all relevant times, Plaintiff and Class Members were employees or former

17   employees of Defendants covered by Labor Code sections 510, 1194 and 1199, as well as applicable

18   Wage Orders.

19   32.    At all times relevant to this Complaint, Labor Code section 510 was in effect and

20   provided: "(a) Eight hours of labor constitutes a day's work. Any work in excess of eight hours in

21   one workday and any work in excess of forty hours in any one workweek . . . shall be compensated

22   at the rate of no less than one and one-half times the regular rate of pay for an employee."

23   33.    At all times relevant to this Complaint, Labor Code section 510 further provided that

24   "[a]ny work in excess of 12 hours in one day shall be compensated at the rate of no less than twice

25   the regular rate of pay for an employee. In addition, any work in excess of eight hours on any

26   seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of

27   pay."

28   34.    For at least four (4) years prior to the filing of this action and continuing to the

present, Defendants have, at times, failed to pay overtime wages to Plaintiff and Class Members, or some of them, in violation of California state wage and hour laws as a result of, without limitation, Plaintiff and Class Members working over eight (8) hours per day, forty (40) hours per week, and seven consecutive work days in a work week without being properly compensated for hours worked in excess of (8) hours per day in a work day, forty (40) hours per week in a work week, and/or hours worked on the seventh consecutive work day in a work week by, among other things, failing to accurately track and/or pay for all minutes actually worked; engaging, suffering, or permitting employees to work off the clock, including, without limitation, by requiring employees: to make phone calls or drive off the clock; detrimental rounding of employee time entries, and editing and/or manipulation of time entries to show less minutes than actually worked, to the detriment of Plaintiff and Class Members.

35.      Accordingly, by requiring Plaintiff and Class Members to, at times, work greater than eight (8) hours per workday, forty (40) hours per workweek, and/or seven (7) straight workdays without properly compensating overtime wages at the proper overtime rate of pay, Defendants, on occasion, willfully violated the provisions of the Labor Code, among others, sections 510, 1194, and applicable IWC Wage Orders, and California law.

36.      As a result of the unlawful acts of Defendants, Plaintiff and Class Members have been deprived of overtime wages in amounts to be determined at trial, and are entitled to recovery, plus interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code section 1194 and 1199, Code of Civil Procedure section 1021.5 and 1032, and Civil Code section 3287.

## SECOND CAUSE OF ACTION

### (Failure to Pay Minimum Wages – Against All Defendants)

37.      Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

38.      At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 1197, 1199 and applicable Wage Orders.

39.      Pursuant to Labor Code section 1197 and applicable Wage Orders, Plaintiff and Class Members were entitled to receive minimum wages for all minutes worked or otherwise under

1  Defendants' control.

2      40.      For at least four (4) years prior to the filing of this Action and continuing to the

3  present, Defendants have, at times, failed to pay minimum wages to Plaintiff and Class Members,

4  or some of them, in violation of California state wage and hour laws as a result of, among other

5  things, at times, failing to accurately track and/or pay for all minutes actually worked; engaging,

6  suffering, or permitting employees to work off the clock, including, without limitation, by requiring

7  employees: to make phone calls or drive off the clock; detrimental rounding of employee time

8  entries, and editing and/or manipulation of time entries to show less minutes than actually worked,

9  to the detriment of Plaintiff and Class Members.

10      41.      As a result of Defendants' unlawful conduct, Plaintiff and Class Members have

11  suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages

12  for all minutes worked or otherwise due.

13      42.      Pursuant to Labor Code sections 218.6, 1194, 1194.2, Code of Civil Procedure

14  sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to

15  recover the full amount of unpaid minimum wages, interest and penalties thereon, liquidated

16  damages, reasonable attorneys' fees and costs of suit.

17                              **THIRD CAUSE OF ACTION**

18                  **(Failure to Provide Meal Periods – Against All Defendants)**

19      43.      Plaintiff realleges and incorporates by reference all of the allegations contained in

20  the preceding paragraphs as though fully set forth hereat.

21      44.      At all relevant times, Plaintiff and Class Members were employees or former

22  employees of Defendants covered by Labor Code section 512 and applicable Wage Orders.

23      45.      Pursuant to Labor Code section 512 and applicable Wage Orders, no employer shall

24  employ an employee for a work period of more than five (5) hours without a timely meal break of

25  not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.

26  Furthermore, no employer shall employ an employee for a work period of more than ten (10) hours

27  per day without providing the employee with a second timely meal period of not less than thirty (30)

28  minutes in which the employee is relieved of all of his or her duties.

1    46.      Pursuant to Labor Code section 226.7, if an employer fails to provide an employee

2  with a meal period as provided in the applicable Wage Order of the Industrial Welfare Commission,

3  the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate

4  of compensation for each workday that the meal period is not provided.

5    47.      For four (4) years prior to the filing of the Complaint in this Action through the

6  present, Plaintiff and Class Members were, at times, not provided complete, timely 30-minute, duty-

7  free uninterrupted meal periods every five hours of work without waiving the right to take them, as

8  permitted. Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the

9  Class Member's regular rate of compensation on the occasions that Class Members were not

10  provided compliant meal periods.

11    48.      By their failure to provide Plaintiff and Class Members compliant meal periods as

12  contemplated by Labor Code section 512, among other California authorities, and failing, at times,

13  to provide compensation for such unprovided meal periods, as alleged above, Defendants willfully

14  violated the provisions of Labor Code section 512 and applicable Wage Orders.

15    49.      As a result of Defendants' unlawful conduct, Plaintiff and Class Members have

16  suffered damages in an amount, subject to proof, to the extent they were not paid additional pay

17  owed for missed, untimely, interrupted, incomplete and/or on-duty meal periods.

18    50.      Plaintiff and Class Members are entitled to recover the full amount of their unpaid

19  additional pay for unprovided compliant meal periods, in amounts to be determined at trial, plus

20  interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7,

21  Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

22                           **FOURTH CAUSE OF ACTION**

23                  **(Failure to Provide Rest Periods – Against All Defendants)**

24    51.      Plaintiff realleges and incorporates by reference all of the allegations contained in

25  the preceding paragraphs as though fully set forth hereat.

26    52.      At all relevant times, Plaintiff and Class Members were employees or former

27  employees of Defendants covered by applicable Wage Orders.

28    53.      California law and applicable Wage Orders require that employers "authorize and

1  permit employees to take ten (10) minute rest periods in about the middle of each four (4) hour

2  work period "or major fraction thereof." Accordingly, employees who work shifts of three and-a-

3  half (3 ½ ) to six (6) hours must be provided ten (10) minutes of paid rest period, employees who

4  work shifts of more than six (6) and up to ten (10) hours must be provided with twenty (20) minutes

5  of paid rest period, and employees who work shifts of more than ten (10) hours must be provided

6  thirty (30) minutes of paid rest period.

7      54.     Pursuant to Labor Code section 226.7, if an employer fails to provide an employee

8  with a meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare

9  Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's

10  regular rate of compensation for each work day that the rest period is not provided.

11     55.     For four (4) years prior to the filing of the Complaint in this Action through the

12  present, Plaintiff and Class Members were, at times, not authorized or permitted to take complete,

13  timely 30-minute, duty-free uninterrupted rest periods every four (4) hours of work or major fraction

14  thereof.  Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class

15  Member's regular rate of compensation on the occasions that Class Members were not authorized

16  or permitted to take compliant rest periods.

17     56.     By their failure, at times, to authorize and permit Plaintiff and Class Members to take

18  rest periods contemplated by California law, and one (1) additional hour of pay at the employee's

19  regular rate of compensation for such unprovided rest periods, as alleged above, Defendants

20  willfully violated the provisions of Labor Code section 226.7 and applicable Wage Orders.

21     57.     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have

22  suffered damages in an amount, subject to proof, to the extent they were not paid additional pay

23  owed for rest periods that they were not authorized or permitted to take.

24     58.     Plaintiff and Class Members are entitled to recover the full amount of their unpaid

25  additional pay for unprovided compliant meal periods, in amounts to be determined at trial, plus

26  interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7,

27  Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

28  / / /

1

## FIFTH CAUSE OF ACTION

2

### (Failure to Pay All Wages Due Upon Termination – Against All Defendants)

3      59.      Plaintiff realleges and incorporates by reference all of the allegations contained in

4  the preceding paragraphs as though fully set forth hereat.

5      60.      At all relevant times, Plaintiff and Class Members were employees or former

6  employees of Defendants covered by Labor Code sections 201, 202 and 203, as well as applicable

7  Wage Orders.

8      61.      Pursuant to Labor Code sections 201 and 202, Plaintiff and Class Members were

9  entitled upon termination to timely payment of all wages earned and unpaid prior to termination.

10 Discharged Class Members were entitled to payment of all wages earned and unpaid prior to

11 discharge immediately upon termination.  Class Members who resigned were entitled to payment

12 of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation

13 or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and

14 unpaid at the time of resignation.

15     62.      Plaintiff is informed and believes, and based thereon alleges, that in the three (3)

16 years before the filing of the Complaint in this Action through the present, Defendants, due to the

17 failure, at times, to provide overtime wages mentioned above, failed to pay Plaintiff and Class

18 Members all wages earned prior to resignation or termination in accordance with Labor Code

19 sections 201 or 202.

20     63.      Plaintiff is informed and believes Defendants' failure, at times, to pay Plaintiff and

21 Class Members all wages earned prior to termination or resignation in accordance with Labor Code

22 sections 201 and 202 was willful.  Defendants had the ability to pay all wages earned by Plaintiff

23 and Class Members at the time of termination in accordance with Labor Code sections 201 and 202,

24 but intentionally adopted policies or practices incompatible with the requirements of Labor Code

25 sections 201 and 202 resulting in the failure, at times, to pay all wages earned prior to termination

26 or resignation.

27     64.      Pursuant to Labor Code section 203, Plaintiff and Class Members are entitled to

28 waiting time penalties from the date their earned and unpaid wages were due, upon termination or

1  resignation, until paid, up to a maximum of thirty (30) days.

2      65.    As a result of Defendants' unlawful conduct, Plaintiff and Class Members have
3  suffered damages in an amount subject to proof, to the extent they were not paid for all wages earned
4  prior to termination or resignation.

5      66.    Pursuant to Labor Code section 203 and 218.6, Code of Civil Procedure sections
6  1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover
7  waiting time penalties, interest, and their costs of suit, as well.

8  **SIXTH CAUSE OF ACTION**

9  **(Failure to Provide Accurate Wage Statements – Against All Defendants)**

10      67.    Plaintiff realleges and incorporates by reference all of the allegations contained in
11  the preceding paragraphs as though fully set forth hereat.

12      68.    At all relevant times, Plaintiff and Class Members were employees or former
13  employees of Defendants covered by Labor Code section 226, as well as applicable Wage Orders.

14      69.    Pursuant to Labor Code section 226, subdivision (a), Plaintiff and Class Members
15  were entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized
16  statement that accurately reflects, among other things, gross wages earned; total hours worked; net
17  wages earned; all applicable hourly rates in effect during the pay period and the corresponding
18  number of hours worked at each hourly rate; and the name and address of the legal entity that is the
19  employer, among other things.

20      70.    Plaintiff is informed and believes, and based thereon alleges, that in the one (1) year
21  before the filing of the Complaint in this Action through the present, Defendants failed to comply
22  with Labor Code section 226, subdivision (a) by adopting policies and practices that resulted in their
23  failure, at times, to furnish Plaintiff and Class Members with accurate itemized statements that
24  accurately reflect, among other things, gross wages earned; total hours worked; net wages earned;
25  all applicable hourly rates in effect during the pay period and the corresponding number of hours
26  worked at each hourly rate; and the name and address of the legal entity that is the employer, among
27  other things.

28  / / /

1     71.     Defendants' failure to, at times, provide Plaintiff and Class Members with accurate
2 wage statements was knowing, intentional, and willful. Defendants had the ability to provide
3 Plaintiff and the other Class Members with accurate wage statements, but, at times, willfully
4 provided wage statements that Defendants knew were not accurate.

5     72.     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have
6 suffered injury. The absence of accurate information on Class Members' wage statements at times
7 has delayed timely challenge to Defendants' unlawful pay practices; requires discovery and
8 mathematical computations to determine the amount of wages owed; causes difficulty and expense
9 in attempting to reconstruct time and pay records; and led to submission of inaccurate information
10 about wages and amounts deducted from wages to state and federal governmental agencies, among
11 other things.

12     73.     Pursuant to Labor Code section 226, subdivision (e), Plaintiff and Class Members
13 are entitled to recover $50 for the initial pay period during the period in which violation of Labor
14 Code section 226 occurred and $100 for each violation of Labor Code section 226 in a subsequent
15 pay period, not to exceed an aggregate $4,000.00 per employee.

16     74.     Pursuant to Labor Code sections 226, subdivisions (e) and (g), Code of Civil
17 Procedure section 1032, Civil Code section 3287, Plaintiff and Class Members are entitled to
18 recover the full amount of penalties due under Labor Code section 226, subdivision (e), reasonable
19 attorneys' fees, and costs of suit.

20
### SEVENTH CAUSE OF ACTION

21
**(Violation of Labor Code § 2802 – Against All Defendants)**

22     75.     Plaintiff realleges and incorporates by reference all of the allegations contained in
23 the preceding paragraphs as though fully set forth hereat.

24     76.     At all relevant times, Plaintiff and Class Members were employees or former
25 employees of Defendants covered by Labor Code section 2802 and applicable Wage Orders.

26     77.     Labor Code section 2802, subdivision (a) provides that "an employer shall indemnify
27 his or her employee for all necessary expenditures or losses incurred by the employee in direct
28 consequence of the discharge of his or her duties . . ."

78.     For three (3) years prior to the filing of the Complaint in this Action through the present, Defendants required Plaintiff and Class Members, or some of them, to incur, at times, necessary expenditures or losses in direct consequence of the discharge of their duties or at the obedience to the directions of Defendants that included, without limitation: purchasing mandatory work uniforms and safety equipment; separately laundering mandatory work uniforms; mileage and/or gas costs incurred in driving personal vehicles for work-related purposes; using cellular phones for work-related purposes; and purchasing tools necessary to perform work duties.

79.     During that time period, Plaintiff is informed and believes, and based thereon alleges that Defendants failed and refused, and still fail and refuse, at times, to reimburse Plaintiff and Class Members for those losses and/or expenditures.

80.     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount subject to proof, to the extent they were not reimbursed for the herein-described losses and/or expenditures.

81.     Pursuant to Labor Code section 2802, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover reimbursement for their herein-described losses and/or expenditures, reasonable attorneys' fees and costs of suit.

## EIGHTH CAUSE OF ACTION

### (Violation of Labor Code § 227.3 – Against All Defendants)

82.     Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth hereon.

83.     According to Labor Code section 227.3, whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served.

84.     Plaintiff is informed and believes, and based thereon alleges that, at all times relevant hereto, Defendants promulgated and maintained a uniform policy providing for paid vacations, and

1  that Plaintiff's employment contract with Defendants included paid vacations.

2  85.     For at least four (4) years prior to the filing of this action and continuing to the
3  present, Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated
4  employees or former employees within the State of California with compensation at their final rate
5  of pay for unused vested paid vacation days pursuant to Labor Code section 227.3.

6  86.     As a proximate result of Defendants' failure to pay vested vacation at the final rate
7  of Plaintiff and Class Members upon their resignation or termination, Defendants violated Labor
8  Code section 227.3, entitling Plaintiff and Class Members to all vested and unused vacation pay at
9  their final rate of pay, as set out in Defendants' policy or the contract of employment between
10 Plaintiff and Class Members, on the one hand, and Defendants, on the other hand.

11 87.     As a further proximate result of Defendants' above-described acts and/or omissions,
12 Plaintiff and Class Members are entitled to recover reasonable attorneys' fees, costs of suit and
13 prejudgment interest.

14              **NINTH CAUSE OF ACTION**

15          **(Unfair Competition – Against All Defendants)**

16 88.     Plaintiff realleges and incorporates by reference all of the allegations contained in
17 the preceding paragraphs as though fully set forth hereat.

18 89.     Plaintiff is informed and believes, and based thereon alleges that the unlawful
19 conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business
20 and Professions Code section 17200. Due to their unlawful business practices in violation of the
21 Labor Code, Defendants have gained a competitive advantage over other comparable companies
22 doing business in the State of California that comply with their obligations to compensate employees
23 in accordance with the Labor Code.

24 90.     As a result of Defendants' unfair competition as alleged herein, Plaintiff and Class
25 Members have suffered injury in fact and lost money or property.

26 91.     Pursuant to Business and Professions Code section 17203, Plaintiff and Class
27 Members are entitled to (an) injunction(s) prohibiting Defendants from further violating the Labor
28 Code and requiring the establishment of appropriate and effective means to prevent further

violations, as well as restitution of all wages and other monies owed to them under the Labor Code, including interest thereon, in which they had a property interest and which Defendants nevertheless failed to pay them and instead withheld and retained for themselves. Restitution of the money owed to Plaintiff and Class Members is necessary to prevent Defendants from becoming unjustly enriched by their failure to comply with the Labor Code.

92.     Plaintiff and Class Members are entitled to costs of suit under Code of Civil Procedure section 1032 and interest under Civil Code section 3287.

## DEMAND FOR JURY TRIAL

93.     Plaintiff demands a trial by jury on all causes of action contained herein.

## PRAYER

WHEREFORE, on behalf of Plaintiff and Class Members, Plaintiff prays for judgment against Defendants as follows:

A.  An order certifying this case as a Class Action;

B.  An Order appointing Plaintiff as Class representative and appointing Plaintiff's counsel as class counsel;

C.  Damages for all wages earned and owed, including minimum. overtime wages and unpaid wages for vested vacation time, under Labor Code sections 510, 1194, 1197 and 1199 and 227.3;

D.  Liquidated damages pursuant to Labor Code section 1194.2;

E.  Damages for unpaid premium wages from missed meal and rest periods under, among other Labor Code sections, 512 and 226.7;

F.  Penalties for inaccurate wage statements under Labor Code section 226, subdivision (e);

G.  Waiting time penalties under Labor Code section 203;

H.  Damages under Labor Code section 2802;

I.  Preliminary and permanent injunctions prohibiting Defendants from further violating the California Labor Code and requiring the establishment of appropriate and effective means to prevent future violations;

1  J.  Restitution of wages and benefits due which were acquired by means of any unfair

2  business practice, according to proof;

3  K.  Prejudgment and post-judgment interest at the maximum rate allowed by law;

4  L.  For attorneys' fees in prosecuting this action;

5  M.  For costs of suit incurred herein; and

6  N.  For such other and further relief as the Court deems just and proper.

7

8  Dated: August 20, 2021                    BIBIYAN LAW GROUP, P.C.

9

10                                            BY:

11                                            SARA EHSANI-NIA
                                              DAVID D. BIBIYAN
12                                            Attorneys for Plaintiff ELMER N. RODRIGUEZ on
                                              behalf of himself and all others similarly situated
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**RECEIVED**

**SEP 0 7 2021**

**CONCO**

SUM-100

**SUMMONS**

*(CITACION JUDICIAL)*

F I L E D
*(SOLO PARA USO DE LA CORTE)*
FOR COURT USE ONLY

AUG 24 2021

K. BIEKER CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA

By_____
T. Schrader, Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
GONSALVES & SANTUCCI, INC., a California Corporation; and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ELMER N. RODRIGUEZ, an individual and on behalf of all others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | CASE NUMBER: *(Número del Caso):* |
|---|---|
| *(El nombre y dirección de la corte es):* Superior Court of California County of Contra Costa – Wakefield Taylor Courthouse 725 Court Street, Martinez, California 94553 | C21 - 01735 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Bibiyan Law Group, P.C., David D. Bibiyan, 8484 Wilshire Blvd, Suite 500, Beverly Hills, California, 90211, 310-438-5555

| DATE: *(Fecha)* AUG 24 2021 | Clerk, by *(Secretario)* T. Schrader | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* CONSALVES & SANTUCCI, INC., A CALIFORNIA CORPORATION

under: [X] CCP 416.10 (corporation)       [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
       [ ] other *(specify):*
4. [ ] by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

F I L E D

AUG 2 4 2021

K. BIEKER CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA
By_____
T. Stanford Deputy Clerk

PER LOCAL RULE, THIS
CASE IS ASSIGNED TO
DEPT____37____, FOR ALL
PURPOSES

1  **BIBIYAN LAW GROUP, P.C.**
   David D. Bibiyan (Cal. Bar No. 287811)
2  *david@tomorrowlaw.com*
   Sara Ehsani-Nia (Cal. Bar No. 326501)
3  *sara@tomorrowlaw.com*
   Diego Aviles (Cal. Bar No. 315533)
4  *diego@tomorrowlaw.com*
   8484 Wilshire Boulevard, Suite 500
5  Beverly Hills, California 90211
   Telephone: (310) 438-5555; Facsimile: (310) 300-1705
6
7  Attorneys for Plaintiff, ELMER N. RODRIGUEZ and
   on behalf of himself and all others similarly situated

8           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**   SUMMONS ISSUED

9              **FOR THE COUNTY OF CONTRA COSTA**

10

11  ELMER N. RODRIGUEZ, an individual and      CASE NO.:   C21-01735
    on behalf of all others similarly situated,
12                                              **CLASS ACTION COMPLAINT FOR:**

13                                              1. FAILURE TO PAY OVERTIME WAGES;
                    Plaintiffs,
14                                              2. FAILURE TO PAY MINIMUM WAGES;
           v.
15                                              3. FAILURE TO PROVIDE MEAL
    GONSALVES & SANTUCCI, INC., a                  PERIODS;
16  California Corporation; and DOES 1 through
    100, inclusive,                             4. FAILURE TO PROVIDE REST PERIODS;
17
                                                5. WAITING TIME PENALTIES;
18                  Defendants.
                                                6. WAGE STATEMENT VIOLATIONS;
19
                                                7. FAILURE TO INDEMNIFY;
20
                                                8. VIOLATION OF LABOR CODE § 227.3;
21                                                 and
22                                              9. UNFAIR COMPETITION.
23
                                                **DEMAND FOR JURY TRIAL**
24
                                                [Amount in Controversy Exceeds $25,000.00]
25

26

27

28

Law Offices of
BIBIYAN LAW GROUP
A Professional Corporation
8484 Wilshire Boulevard, Suite 500
Beverly Hills, California 90211
(310) 438-5555

                        CLASS ACTION COMPLAINT

1    COMES NOW plaintiff ELMER N. RODRIGUEZ ("Plaintiff"), on behalf of Plaintiff and

2  all others similarly situated, and alleges as follows:

3                              **GENERAL ALLEGATIONS**

4                                  **INTRODUCTION**

5    1.      This is a Class Action, pursuant to Code of Civil Procedure section 382, against

6  GONSALVES & SANTUCCI, INC., and any of its respective subsidiaries or affiliated companies

7  within the State of California ("GONSALVES " and, with DOES 1 through 100, as further defined

8  below, "Defendants") on behalf of Plaintiff and all other current and former non-exempt California

9  employees employed by or formerly employed by Defendants ("Class Members").

10                                    **PARTIES**

11   A.    **Plaintiff**

12   2.      Plaintiff ELMER N. RODRIGUEZ is a resident of the State of California.  At all

13  relevant times herein, Plaintiff is informed and believes, and based thereon alleges that Defendants

14  employed Plaintiff ELMER N. RODRIGUEZ as a non-exempt employee, with duties that included,

15  but were not limited to, assisting with construction projects.  Plaintiff is informed and believes, and

16  based thereon alleges that Plaintiff ELMER N. RODRIGUEZ worked for Defendants from

17  approximately February of 2020 through approximately December of 2020.

18   B.    **Defendants**

19   3.      Plaintiff is informed and believes and based thereon alleges that defendant

20  GONSALVES is, and at all times relevant hereto was, a corporation organized and existing under

21  and by virtue of the laws of the State of California and doing business in the County of Contra Costa,

22  State of California.

23   4.      The true names and capacities, whether individual, corporate, associate, or otherwise,

24  of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff,

25  who therefore sues defendants by such fictitious names under Code of Civil Procedure section 474.

26  Plaintiff is informed and believes and based thereon alleges that each of the defendants designated

27  herein as DOE is legally responsible in some manner for the unlawful acts referred to herein.

28  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of

1    the defendants designated hereinafter as DOES when such identities become known.  Plaintiff is

2    informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent

3    to this action, as the agent of the other defendant(s), carried out a joint scheme, business plan or

4    policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the

5    other defendants.  Whenever, heretofore or hereinafter, reference is made to "Defendants," it shall

6    include GONSALVES, and any of their parent, subsidiary, or affiliated companies within the State

7    of California, as well as DOES 1 through 100 identified herein.

8                        **JOINT LIABILITY ALLEGATIONS**

9        5.        Plaintiff is informed and believes and based thereon alleges that all the times

10   mentioned herein, each of the Defendants was the agent, principal, employee, employer,

11   representative, joint venture or co-conspirator of each of the other defendants, either actually or

12   ostensibly, and in doing the things alleged herein acted within the course and scope of such agency,

13   employment, joint venture, and conspiracy.

14       6.        All of the acts and conduct described herein of each and every corporate defendant

15   was duly authorized, ordered, and directed by the respective and collective defendant corporate

16   employers, and the officers and management-level employees of said corporate employers. In

17   addition thereto, said corporate employers participated in the aforementioned acts and conduct of

18   their said employees, agents, and representatives, and each of them; and upon completion of the

19   aforesaid acts and conduct of said corporate employees, agents, and representatives, the defendant

20   corporation respectively and collectively ratified, accepted the benefits of, condoned, lauded,

21   acquiesced, authorized, and otherwise approved of each and all of the said acts and conduct of the

22   aforementioned corporate employees, agents and representatives.

23       7.        As a result of the aforementioned facts, Plaintiff is informed and believes, and based

24   thereon alleges that Defendants, and each of them, are joint employers.

25                              **JURISDICTION**

26       8.        Jurisdiction exists in the Superior Court of the State of California pursuant to Code

27   of Civil Procedure section 410.10.

28       9.        Venue is proper in Contra Costa County, California pursuant to Code of Civil

1 | Procedure sections 392, et seq. because, among other things, Contra Costa County is where the
2 | causes of action complained of herein arose; the county in which the employment relationship
3 | began; the county in which performance of the employment contract, or part of it, between Plaintiff
4 | and Defendants was due to be performed; the county in which the employment contract, or part of
5 | it, between Plaintiff and Defendants was actually performed; and the county in which Defendants,
6 | or some of them, reside. Moreover, the unlawful acts alleged herein have a direct effect on Plaintiff
7 | and Class Members in Contra Costa County, and because Defendants employ numerous Class
8 | Members in Contra Costa County.

9 | **FACTUAL BACKGROUND**

10 | 10.     For at least four (4) years prior to the filing of this action and continuing to the
11 | present, Defendants have, at times, failed to pay overtime wages to Plaintiff and Class Members, or
12 | some of them, in violation of California state wage and hour laws as a result of, without limitation,
13 | Plaintiff and Class Members working over eight (8) hours per day, forty (40) hours per week, and
14 | seven consecutive work days in a work week without being properly compensated for hours worked
15 | in excess of (8) hours per day in a work day, forty (40) hours per week in a work week, and/or hours
16 | worked on the seventh consecutive work day in a work week by, among other things, failing to
17 | accurately track and/or pay for all minutes actually worked; engaging, suffering, or permitting
18 | employees to work off the clock, including, without limitation, by requiring employees: to make
19 | phone calls or drive off the clock; detrimental rounding of employee time entries, and editing and/or
20 | manipulation of time entries to show less minutes than actually worked, to the detriment of Plaintiff
21 | and Class Members.

22 | 11.     For at least four (4) years prior to the filing of this Action and continuing to the
23 | present, Defendants have, at times, failed to pay minimum wages to Plaintiff and Class Members,
24 | or some of them, in violation of California state wage and hour laws as a result of, among other
25 | things, at times, failing to accurately track and/or pay for all minutes actually worked; engaging,
26 | suffering, or permitting employees to work off the clock, including, without limitation, by requiring
27 | employees: to make phone calls or drive off the clock; detrimental rounding of employee time
28 | entries, and editing and/or manipulation of time entries to show less minutes than actually worked

4

1  to the detriment of Plaintiff and Class Members.

2  12.  For at least four (4) years prior to the filing of this Action and continuing to the

3  present, Defendants have, at times, failed to provide Plaintiff and Class Members, or some of them,

4  full, timely thirty (30) minute uninterrupted meal period for days on which they worked more than

5  five (5) hours in a work day and a second thirty (30) minute uninterrupted meal period for days on

6  which they worked in excess of ten (10) hours in a work day, and failing to provide compensation

7  for such unprovided meal periods as required by California wage and hour laws.

8  13.  For at least four (4) years prior to the filing of this action and continuing to the

9  present, Defendants have, at times, failed to authorize and permit Plaintiff and Class Members, or

10  some of them, to take rest periods of at least ten (10) minutes per four (4) hours worked or major

11  fraction thereof and failed to provide compensation for such unprovided rest periods as required by

12  California wage and hour laws.

13  14.  For at least three (3) years prior to the filing of this action and continuing to the

14  present, Defendants have, at times, failed to pay Plaintiff and Class Members, or some of them, the

15  full amount of their wages owed to them upon termination and/or resignation as required by Labor

16  Code sections 201 and 202, including for, without limitation, failing to pay overtime wages,

17  minimum wages, premium wages, and vacation pay pursuant to Labor Code section 227.3.

18  15.  For at least one (1) year prior to the filing of this Action and continuing to the present,

19  Defendants have, at times, failed to furnish Plaintiff and Class Members, or some of them, with

20  itemized wage statements that accurately reflect gross wages earned; total minutes worked; net

21  wages earned; all applicable hourly rates in effect during the pay period and the corresponding

22  number of minutes worked at each hourly rate; and other such information as required by Labor

23  Code section 226, subdivision (a).  As a result thereof, Defendants have further failed to furnish

24  employees with an accurate calculation of gross and gross wages earned, as well as gross and net

25  wages paid.

26  16.  For at least three (3) years prior to the filing of this action and continuing to the

27  present, Defendants have, at times, failed to indemnify Class Members, or some of them, for the

28  costs incurred in purchasing mandatory work uniforms and safety equipment; separately laundering

1   mandatory work uniforms; mileage and/or gas costs incurred in driving personal vehicles for work-
2   related purposes; using cellular phones for work-related purposes; and purchasing tools necessary
3   to perform work duties.

4       17.    For at least four (4) years prior to the filing of this action and continuing to the
5   present, Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated
6   employees or former employees within the State of California with compensation at their final rate
7   of pay for unused vested paid vacation days pursuant to Labor Code section 227.3.

8       18.    Plaintiff, on his own behalf and on behalf of Class Members, bring this action
9   pursuant to, including but not limited to, Labor Code sections 200, 201, 202, 203, 226, 226.7, 227.3,
10   510, 512, 1194, 1194.2, 1197, 2802, *et al.*, and California Code of Regulations, Title 8, section
11   11040, seeking overtime wages, minimum wages, payment of premium wages for missed meal and
12   rest periods, waiting time penalties, wage statement penalties, failure to indemnify work-related
13   expenses, failing to pay vested vacation time at the proper rate of pay, other such provisions of
14   California law, and reasonable attorneys' fees and costs.

15       19.    Plaintiff, on Plaintiff's own behalf and on behalf of Class Members, pursuant to
16   Business and Professions Code sections 17200 through 17208, also seeks (an) injunction(s)
17   prohibiting Defendants from further violating the Labor Code and requiring the establishment of
18   appropriate and effective means to prevent further violations, as well as all monies owed but
19   withheld and retained by Defendants to which Plaintiff and Class Members are entitled, as well as
20   restitution of amounts owed.

21   **CLASS ACTION ALLEGATIONS**

22       20.    Plaintiff brings this action on behalf of Plaintiff and Class Members as a class action
23   pursuant to Code of Civil Procedure section 382. Plaintiff seeks to represent a class of all current
24   and former non-exempt employees of Defendants within the State of California at any time
25   commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice
26   of the class action is provided to the class (collectively referred to as "Class Members").

27       21.    Plaintiff reserves the right under California Rule of Court rule 3.765, subdivision (b)
28   to amend or modify the class description with greater specificity, further divide the defined class

1  into subclasses, and to further specify or limit the issues for which certification is sought.

2  22.     This action has been brought and may properly be maintained as a class action under

3  the provisions of Code of Civil Procedure section 382 because there is a well-defined community

4  of interest in the litigation and the proposed Class is easily ascertainable.

5  **A.    <u>Numerosity</u>**

6  23.     The potential Class Members as defined are so numerous that joinder of all the

7  members of the Class is impracticable. While the precise number of Class Members has not been

8  determined yet, Plaintiff is informed and believes that there are over seventy-five (75) Class

9  Members employed by Defendants within the State of California.

10  24.     Accounting for employee turnover during the relevant periods necessarily increases

11  this number. Plaintiff alleges Defendants' employment records would provide information as to the

12  number and location of all Class Members. Joinder of all members of the proposed Class is not

13  practicable.

14  **B.    <u>Commonality</u>**

15  25.     There are questions of law and fact common to Class Members. These common

16  questions include, but are not limited to:

17      A.   Did Defendants violate Labor Code sections 510 and 1194 by failing to pay all

18           minutes worked at a proper overtime rate of pay?

19      B.   Did Defendants violate Labor Code sections 510, 1194 and 1197 by failing to pay

20           for all other time worked at the employee's regular rate of pay and a rate of pay that

21           is greater than the applicable minimum wage?

22      C.   Did Defendants violate Labor Code section 512 by not authorizing or permitting

23           Class Members to take compliant meal periods?

24      D.   Did Defendants violate Labor Code section 226.7 by not providing Class Members

25           with additional wages for missed or interrupted meal periods?

26      E.   Did Defendants violate applicable Wage Orders by not authorizing or permitting

27           Class Members to take compliant rest periods?

28      F.   Did Defendants violate Labor Code section 226.7 by not providing Class Members

7

with additional wages for missed rest periods?

G.   Did Defendants violate Labor Code sections 201 and 202 by failing to pay Class Members upon termination or resignation all wages earned?

H.   Are Defendants liable to Class Members for waiting time penalties under Labor Code section 203?

I.   Did Defendants violate Labor Code section 226, subdivision (a) by not furnishing Class Members with accurate wage statements?

J.   Did Defendants fail to indemnify Class Members for all necessary expenditures or losses incurred in direct consequence of the discharge of their duties or by obedience to the directions of Defendants as required under Labor Code section 2802?

K.   Did Defendants violate Labor Code section 227.3 by not providing Class Members with compensation at their final rate of pay for vested paid vacation time?

L.   Did Defendants violate the Unfair Competition Law, Business and Professions Code section 17200, *et seq.*, by their unlawful practices as alleged herein?

M.   Are Class Members entitled to restitution of wages under Business and Professions Code section 17203?

N.   Are Class Members entitled to costs and attorneys' fees?

O.   Are Class Members entitled to interest?

**C.    Typicality**

26.    The claims of Plaintiff herein alleged are typical of those claims which could be alleged by any Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions.   Plaintiff and Class Members sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged herein.

**D.    Adequacy of Representation**

27.    Plaintiff will fairly and adequately represent and protect the interest of Class Members.   Counsel who represents Plaintiff is competent and experienced in litigating wage and hour class actions.

E.   **Superiority of Class Action**

28.      A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to Class Members predominate over any questions affecting only individual Class Members.  Class Members, as further described therein, have been damaged and are entitled to recovery by reason of Defendants' policies and/or practices that have resulted in the violation of the Labor Code at times, as set out herein.

29.      Class action treatment will allow Class Members to litigate their claims in a manner that is most efficient and economical for the parties and the judicial system.  Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION

### (Failure to Pay Overtime Wages – Against All Defendants)

30.      Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

31.      At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 510, 1194 and 1199, as well as applicable Wage Orders.

32.      At all times relevant to this Complaint, Labor Code section 510 was in effect and provided: "(a) Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of forty hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

33.      At all times relevant to this Complaint, Labor Code section 510 further provided that "[a]ny work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay."

34.      For at least four (4) years prior to the filing of this action and continuing to the

9

present, Defendants have, at times, failed to pay overtime wages to Plaintiff and Class Members, or some of them, in violation of California state wage and hour laws as a result of, without limitation, Plaintiff and Class Members working over eight (8) hours per day, forty (40) hours per week, and seven consecutive work days in a work week without being properly compensated for hours worked in excess of (8) hours per day in a work day, forty (40) hours per week in a work week, and/or hours worked on the seventh consecutive work day in a work week by, among other things, failing to accurately track and/or pay for all minutes actually worked; engaging, suffering, or permitting employees to work off the clock, including, without limitation, by requiring employees: to make phone calls or drive off the clock; detrimental rounding of employee time entries, and editing and/or manipulation of time entries to show less minutes than actually worked, to the detriment of Plaintiff and Class Members.

35.     Accordingly, by requiring Plaintiff and Class Members to, at times, work greater than eight (8) hours per workday, forty (40) hours per workweek, and/or seven (7) straight workdays without properly compensating overtime wages at the proper overtime rate of pay, Defendants, on occasion, willfully violated the provisions of the Labor Code, among others, sections 510, 1194, and applicable IWC Wage Orders, and California law.

36.     As a result of the unlawful acts of Defendants, Plaintiff and Class Members have been deprived of overtime wages in amounts to be determined at trial, and are entitled to recovery, plus interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code section 1194 and 1199, Code of Civil Procedure section 1021.5 and 1032, and Civil Code section 3287.

## SECOND CAUSE OF ACTION

### (Failure to Pay Minimum Wages – Against All Defendants)

37.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

38.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 1197, 1199 and applicable Wage Orders.

39.     Pursuant to Labor Code section 1197 and applicable Wage Orders, Plaintiff and Class Members were entitled to receive minimum wages for all minutes worked or otherwise under

1  Defendants' control.

2      40.      For at least four (4) years prior to the filing of this Action and continuing to the
3  present, Defendants have, at times, failed to pay minimum wages to Plaintiff and Class Members,
4  or some of them, in violation of California state wage and hour laws as a result of, among other
5  things, at times, failing to accurately track and/or pay for all minutes actually worked; engaging,
6  suffering, or permitting employees to work off the clock, including, without limitation, by requiring
7  employees: to make phone calls or drive off the clock; detrimental rounding of employee time
8  entries, and editing and/or manipulation of time entries to show less minutes than actually worked,
9  to the detriment of Plaintiff and Class Members.

10     41.      As a result of Defendants' unlawful conduct, Plaintiff and Class Members have
11  suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages
12  for all minutes worked or otherwise due.

13     42.      Pursuant to Labor Code sections 218.6, 1194, 1194.2, Code of Civil Procedure
14  sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to
15  recover the full amount of unpaid minimum wages, interest and penalties thereon, liquidated
16  damages, reasonable attorneys' fees and costs of suit.

17                              **THIRD CAUSE OF ACTION**

18              **(Failure to Provide Meal Periods – Against All Defendants)**

19     43.      Plaintiff realleges and incorporates by reference all of the allegations contained in
20  the preceding paragraphs as though fully set forth hereat.

21     44.      At all relevant times, Plaintiff and Class Members were employees or former
22  employees of Defendants covered by Labor Code section 512 and applicable Wage Orders.

23     45.      Pursuant to Labor Code section 512 and applicable Wage Orders, no employer shall
24  employ an employee for a work period of more than five (5) hours without a timely meal break of
25  not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.
26  Furthermore, no employer shall employ an employee for a work period of more than ten (10) hours
27  per day without providing the employee with a second timely meal period of not less than thirty (30)
28  minutes in which the employee is relieved of all of his or her duties.

46.     Pursuant to Labor Code section 226.7, if an employer fails to provide an employee with a meal period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

47.     For four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiff and Class Members were, at times, not provided complete, timely 30-minute, duty-free uninterrupted meal periods every five hours of work without waiving the right to take them, as permitted.  Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class Member's regular rate of compensation on the occasions that Class Members were not provided compliant meal periods.

48.     By their failure to provide Plaintiff and Class Members compliant meal periods as contemplated by Labor Code section 512, among other California authorities, and failing, at times, to provide compensation for such unprovided meal periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 512 and applicable Wage Orders.

49.     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for missed, untimely, interrupted, incomplete and/or on-duty meal periods.

50.     Plaintiff and Class Members are entitled to recover the full amount of their unpaid additional pay for unprovided compliant meal periods, in amounts to be determined at trial, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

## FOURTH CAUSE OF ACTION

### (Failure to Provide Rest Periods – Against All Defendants)

51.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

52.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by applicable Wage Orders.

53.     California law and applicable Wage Orders require that employers "authorize and

12

1  permit" employees to take ten (10) minute rest periods in about the middle of each four (4) hour

2  work period "or major fraction thereof."  Accordingly, employees who work shifts of three and-a-

3  half (3 ½ ) to six (6) hours must be provided ten (10) minutes of paid rest period, employees who

4  work shifts of more than six (6) and up to ten (10) hours must be provided with twenty (20) minutes

5  of paid rest period, and employees who work shifts of more than ten (10) hours must be provided

6  thirty (30) minutes of paid rest period.

7      54.      Pursuant to Labor Code section 226.7, if an employer fails to provide an employee

8  with a meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare

9  Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's

10  regular rate of compensation for each work day that the rest period is not provided.

11     55.      For four (4) years prior to the filing of the Complaint in this Action through the

12  present, Plaintiff and Class Members were, at times, not authorized or permitted to take complete,

13  timely 30-minute, duty-free uninterrupted rest periods every four (4) hours of work or major fraction

14  thereof.  Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class

15  Member's regular rate of compensation on the occasions that Class Members were not authorized

16  or permitted to take compliant rest periods.

17     56.      By their failure, at times, to authorize and permit Plaintiff and Class Members to take

18  rest periods contemplated by California law, and one (1) additional hour of pay at the employee's

19  regular rate of compensation for such unprovided rest periods, as alleged above, Defendants

20  willfully violated the provisions of Labor Code section 226.7 and applicable Wage Orders.

21     57.      As a result of Defendants' unlawful conduct, Plaintiff and Class Members have

22  suffered damages in an amount, subject to proof, to the extent they were not paid additional pay

23  owed for rest periods that they were not authorized or permitted to take.

24     58.      Plaintiff and Class Members are entitled to recover the full amount of their unpaid

25  additional pay for unprovided compliant meal periods, in amounts to be determined at trial, plus

26  interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7,

27  Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

28  / / /

## FIFTH CAUSE OF ACTION

### (Failure to Pay All Wages Due Upon Termination – Against All Defendants)

59.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

60.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 201, 202 and 203, as well as applicable Wage Orders.

61.     Pursuant to Labor Code sections 201 and 202, Plaintiff and Class Members were entitled upon termination to timely payment of all wages earned and unpaid prior to termination. Discharged Class Members were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination.  Class Members who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid at the time of resignation.

62.     Plaintiff is informed and believes, and based thereon alleges, that in the three (3) years before the filing of the Complaint in this Action through the present, Defendants, due to the failure, at times, to provide overtime wages mentioned above, failed to pay Plaintiff and Class Members all wages earned prior to resignation or termination in accordance with Labor Code sections 201 or 202.

63.     Plaintiff is informed and believes Defendants' failure, at times, to pay Plaintiff and Class Members all wages earned prior to termination or resignation in accordance with Labor Code sections 201 and 202 was willful.  Defendants had the ability to pay all wages earned by Plaintiff and Class Members at the time of termination in accordance with Labor Code sections 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code sections 201 and 202 resulting in the failure, at times, to pay all wages earned prior to termination or resignation.

64.     Pursuant to Labor Code section 203, Plaintiff and Class Members are entitled to waiting time penalties from the date their earned and unpaid wages were due, upon termination or

1    resignation, until paid, up to a maximum of thirty (30) days.

2    65.    As a result of Defendants' unlawful conduct, Plaintiff and Class Members have

3    suffered damages in an amount subject to proof, to the extent they were not paid for all wages earned

4    prior to termination or resignation.

5    66.    Pursuant to Labor Code section 203 and 218.6, Code of Civil Procedure sections

6    1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover

7    waiting time penalties, interest, and their costs of suit, as well.

8    ## SIXTH CAUSE OF ACTION

9    ### (Failure to Provide Accurate Wage Statements – Against All Defendants)

10    67.    Plaintiff realleges and incorporates by reference all of the allegations contained in

11    the preceding paragraphs as though fully set forth hereat.

12    68.    At all relevant times, Plaintiff and Class Members were employees or former

13    employees of Defendants covered by Labor Code section 226, as well as applicable Wage Orders.

14    69.    Pursuant to Labor Code section 226, subdivision (a), Plaintiff and Class Members

15    were entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized

16    statement that accurately reflects, among other things, gross wages earned; total hours worked; net

17    wages earned; all applicable hourly rates in effect during the pay period and the corresponding

18    number of hours worked at each hourly rate; and the name and address of the legal entity that is the

19    employer, among other things.

20    70.    Plaintiff is informed and believes, and based thereon alleges, that in the one (1) year

21    before the filing of the Complaint in this Action through the present, Defendants failed to comply

22    with Labor Code section 226, subdivision (a) by adopting policies and practices that resulted in their

23    failure, at times, to furnish Plaintiff and Class Members with accurate itemized statements that

24    accurately reflect, among other things, gross wages earned; total hours worked; net wages earned;

25    all applicable hourly rates in effect during the pay period and the corresponding number of hours

26    worked at each hourly rate; and the name and address of the legal entity that is the employer, among

27    other things.

28    / / /

71.      Defendants' failure to, at times, provide Plaintiff and Class Members with accurate wage statements was knowing, intentional, and willful.  Defendants had the ability to provide Plaintiff and the other Class Members with accurate wage statements, but, at times, willfully provided wage statements that Defendants knew were not accurate.

72.      As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered injury.  The absence of accurate information on Class Members' wage statements at times has delayed timely challenge to Defendants' unlawful pay practices; requires discovery and mathematical computations to determine the amount of wages owed; causes difficulty and expense in attempting to reconstruct time and pay records; and led to submission of inaccurate information about wages and amounts deducted from wages to state and federal governmental agencies, among other things.

73.      Pursuant to Labor Code section 226, subdivision (e), Plaintiff and Class Members are entitled to recover $50 for the initial pay period during the period in which violation of Labor Code section 226 occurred and $100 for each violation of Labor Code section 226 in a subsequent pay period, not to exceed an aggregate $4,000.00 per employee.

74.      Pursuant to Labor Code sections 226, subdivisions (e) and (g), Code of Civil Procedure section 1032, Civil Code section 3287, Plaintiff and Class Members are entitled to recover the full amount of penalties due under Labor Code section 226, subdivision (e), reasonable attorneys' fees, and costs of suit.

### SEVENTH CAUSE OF ACTION

### (Violation of Labor Code § 2802 – Against All Defendants)

75.      Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

76.      At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code section 2802 and applicable Wage Orders.

77.      Labor Code section 2802, subdivision (a) provides that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties . . ."

78.     For three (3) years prior to the filing of the Complaint in this Action through the present, Defendants required Plaintiff and Class Members, or some of them, to incur, at times, necessary expenditures or losses in direct consequence of the discharge of their duties or at the obedience to the directions of Defendants that included, without limitation: purchasing mandatory work uniforms and safety equipment; separately laundering mandatory work uniforms; mileage and/or gas costs incurred in driving personal vehicles for work-related purposes; using cellular phones for work-related purposes; and purchasing tools necessary to perform work duties.

79.     During that time period, Plaintiff is informed and believes, and based thereon alleges that Defendants failed and refused, and still fail and refuse, at times, to reimburse Plaintiff and Class Members for those losses and/or expenditures.

80.     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount subject to proof, to the extent they were not reimbursed for the herein-described losses and/or expenditures.

81.     Pursuant to Labor Code section 2802, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover reimbursement for their herein-described losses and/or expenditures, reasonable attorneys' fees and costs of suit.

### EIGHTH CAUSE OF ACTION

#### (Violation of Labor Code § 227.3 – Against All Defendants

82.     Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth hereon.

83.     According to Labor Code section 227.3, whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served.

84.     Plaintiff is informed and believes, and based thereon alleges that, at all times relevant hereto, Defendants promulgated and maintained a uniform policy providing for paid vacations, and

1  that Plaintiff's employment contract with Defendants included paid vacations.

2      85.      For at least four (4) years prior to the filing of this action and continuing to the

3  present, Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated

4  employees or former employees within the State of California with compensation at their final rate

5  of pay for unused vested paid vacation days pursuant to Labor Code section 227.3.

6      86.      As a proximate result of Defendants' failure to pay vested vacation at the final rate

7  of Plaintiff and Class Members upon their resignation or termination, Defendants violated Labor

8  Code section 227.3, entitling Plaintiff and Class Members to all vested and unused vacation pay at

9  their final rate of pay, as set out in Defendants' policy or the contract of employment between

10  Plaintiff and Class Members, on the one hand, and Defendants, on the other hand.

11      87.      As a further proximate result of Defendants' above-described acts and/or omissions,

12  Plaintiff and Class Members are entitled to recover reasonable attorneys' fees, costs of suit and

13  prejudgment interest.

14                          **NINTH CAUSE OF ACTION**

15                 **(Unfair Competition – Against All Defendants)**

16      88.      Plaintiff realleges and incorporates by reference all of the allegations contained in

17  the preceding paragraphs as though fully set forth hereat.

18      89.      Plaintiff is informed and believes, and based thereon alleges that the unlawful

19  conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business

20  and Professions Code section 17200.  Due to their unlawful business practices in violation of the

21  Labor Code, Defendants have gained a competitive advantage over other comparable companies

22  doing business in the State of California that comply with their obligations to compensate employees

23  in accordance with the Labor Code.

24      90.      As a result of Defendants' unfair competition as alleged herein, Plaintiff and Class

25  Members have suffered injury in fact and lost money or property.

26      91.      Pursuant to Business and Professions Code section 17203, Plaintiff and Class

27  Members are entitled to (an) injunction(s) prohibiting Defendants from further violating the Labor

28  Code and requiring the establishment of appropriate and effective means to prevent further

1  violations, as well as restitution of all wages and other monies owed to them under the Labor Code,

2  including interest thereon, in which they had a property interest and which Defendants nevertheless

3  failed to pay them and instead withheld and retained for themselves.  Restitution of the money owed

4  to Plaintiff and Class Members is necessary to prevent Defendants from becoming unjustly enriched

5  by their failure to comply with the Labor Code.

6      92.       Plaintiff and Class Members are entitled to costs of suit under Code of Civil

7  Procedure section 1032 and interest under Civil Code section 3287.

8                          **DEMAND FOR JURY TRIAL**

9      93.       Plaintiff demands a trial by jury on all causes of action contained herein.

10                               **PRAYER**

11     WHEREFORE, on behalf of Plaintiff and Class Members, Plaintiff prays for judgment

12  against Defendants as follows:

13     A.    An order certifying this case as a Class Action;

14     B.    An Order appointing Plaintiff as Class representative and appointing Plaintiff's

15           counsel as class counsel;

16     C.    Damages for all wages earned and owed, including minimum, overtime wages and

17           unpaid wages for vested vacation time, under Labor Code sections 510, 1194, 1197

18           and 1199 and 227.3;

19     D.    Liquidated damages pursuant to Labor Code section 1194.2;

20     E.    Damages for unpaid premium wages from missed meal and rest periods under,

21           among other Labor Code sections, 512 and 226.7;

22     F.    Penalties for inaccurate wage statements under Labor Code section 226,

23           subdivision (e);

24     G.    Waiting time penalties under Labor Code section 203;

25     H.    Damages under Labor Code section 2802;

26     I.    Preliminary and permanent injunctions prohibiting Defendants from further

27           violating the California Labor Code and requiring the establishment of appropriate

28           and effective means to prevent future violations;

1    J.      Restitution of wages and benefits due which were acquired by means of any unfair
2            business practice, according to proof;

3    K.      Prejudgment and post-judgment interest at the maximum rate allowed by law;

4    L.      For attorneys' fees in prosecuting this action;

5    M.     For costs of suit incurred herein; and

6    N.      For such other and further relief as the Court deems just and proper.

7

8  Dated: August 20, 2021          BIBIYAN LAW GROUP, P.C.

9

10                           BY: _____
11                             SARA EHSANI-NIA
12                             DAVID D. BIBIYAN
                            Attorneys for Plaintiff ELMER N. RODRIGUEZ on
13                             behalf of himself and all others similarly situated

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

SUPERIOR COURT - MARTINEZ
COUNTY OF CONTRA COSTA
MARTINEZ, CA  94553

RODRIGUEZ VS. GONSALVES & SANTUCCI

MSC21-01735

NOTICE OF ASSIGNMENT TO DEPARTMENT THIRTY-NINE FOR CASE
MANAGEMENT DETERMINATION

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION
SHEET, AND A BLANK CASE MANAGEMENT STATEMENT ARE TO BE SERVED
UPON ALL OPPOSING PARTIES, ALL PARTIES SERVED WITH SUMMONS AND
COMPLAINT/CROSS-COMPLAINT.

1. This matter has been assigned to Department 39, Judge E. Weil
presiding, for all purposes; Department 39 is designated as the
complex litigation department of the Court and as such (a) hears all
cases wherein a designation of complex case has been made and (b)
conducts hearings, in cases that this court determines, on a pre-
liminary basis may be complex, to determine whether the case should
remain in the complex litigation program.

2. All counsel are required to appear in Dept. 39 on 11/22/21
   at 8:30 a.m.
       (a) If the case has been designated as complex, and no counter-
           designation has been filed, the Court will hold its first
           case management conference at that time.
       (b) If the case has been assigned to Department 39 on a
           preliminary basis the Court will hold a hearing to determine
           if the matter is, or is not, complex.  If the matter is
           determined to be complex, the Court will then proceed with
           the first case management conference.

3. Each party shall file and serve a Case Management Conference
Statement five (5) days before this hearing and be prepared to
participate effectively in the Conference, including being thoroughly
familiar with the case and able to discuss the suitability of the case
for private mediation, arbitration or the use of a special master or
referee.

4. Prior to the conference counsel for plaintiff shall meet and confer
with counsel for each other party in an effort to precisely define the
the issues in the case, discuss the possiblity of early mediation, the
identities of possible other parties, and their respective plans for
discovery.

5. Until the time of the conference the following INTERIM ORDERS shall
be in effect:

   A. Plaintiff shall diligently proceed in locating and serving each
      and every defendant.  It is the Court's intention that each party
      be served in sufficient time to have entered an appearance within
      the time allowed by law and to attend the first conference.
   B. All discovery shall be stayed excepting as all parties to the
      action might otherwise stipulate or the Court otherwise order.
   C. No party shall destroy any writing or other evidence in its
      possession or under its control which bears in any way upon the
      matters which are the subject of this litigation.

D. Within the time for any party to file an answer or demurrer such party may alternatively file a notice of general appearance. In such event the time for filing of an answer or demurrer shall be extended to twenty (20) days following the first conference unless the Court shall, at that time, set a different schedule.

E. Counsel for each party shall do a conflict check to determine whether such counsel might have a possible conflict of interest as to any present or contemplated future party.

BY ORDER OF THE COURT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| BIBIYAN LAW GROUP, P.C<br>David D. Bibiyan (Cal. Bar No. 287811)<br>8484 Wilshire Blvd, Suite 500<br>Beverly Hills, California 90211<br>TELEPHONE NO.: 310-438-5555   FAX NO.: 310-300-1705<br>ATTORNEY FOR *(Name):* Plaintiff ELMER N. RODRIGUEZ | F I L E D<br>AUG 24 2021<br>K. HEKER CLERK OF THE COURT<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF CONTRA COSTA<br>By:<br>T. Sofroston, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA
STREET ADDRESS: 725 Court Street
MAILING ADDRESS:
CITY AND ZIP CODE: Martinez 94553
BRANCH NAME: Wakefiled Taylor Courthouse

CASE NAME:
RODRIGUEZ v. GONSALVES & SANTUCCI, INC.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | C21-01735<br><br>Judge:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation**
*(Cal. Rules of Court, rules 3.400–3.403)*
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☑ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* Nine (9)
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 20, 2021

Sara Ehsani-Nia
(TYPE OR PRINT NAME)                                     ▶ *(signature)*  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
 Damage/Wrongful Death
Uninsured Motorist (46) *(if the
 case involves an uninsured
 motorist claim subject to
 arbitration, check this item
 instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/
  Wrongful Death
Product Liability *(not asbestos or
 toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice–
  Physicians & Surgeons
 Other Professional Health Care
  Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip
  and fall)
 Intentional Bodily Injury/PD/WD
  (e.g., assault, vandalism)
 Intentional Infliction of
  Emotional Distress
 Negligent Infliction of
  Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
 Practice (07)
Civil Rights (e.g., discrimination,
 false arrest) *(not civil
 harassment)* (08)
Defamation (e.g., slander, libel)
 (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice
  *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease
  Contract *(not unlawful detainer
   or wrongful eviction)*
 Contract/Warranty Breach–Seller
  Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/
  Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open
 book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections
  Case
Insurance Coverage *(not provisionally
 complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
 Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent
  domain, landlord/tenant, or
  foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
 drugs, check this item; otherwise,
 report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court
  Case Matter
 Writ–Other Limited Court Case
  Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor
  Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
 *(arising from provisionally complex
 case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of
  County)
 Confession of Judgment *(non-
  domestic relations)*
 Sister State Judgment
 Administrative Agency Award
  *(not unpaid taxes)*
 Petition/Certification of Entry of
  Judgment on Unpaid Taxes
 Other Enforcement of Judgment
  Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
 above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-
  harassment)*
 Mechanics Lien
 Other Commercial Complaint
  Case *(non-tort/non-complex)*
 Other Civil Complaint
  *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
 Governance (21)
Other Petition *(not specified
 above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult
  Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late
  Claim
 Other Civil Petition

**CIVIL CASE COVER SHEET**