David D. Bibiyan (SBN 287811)
david@tomorrowlaw.com
Sara Ehsani-Nia (SBN 326501)
sara@tomorrowlaw.com
Diego Aviles (SBN 315533)
diego@tomorrowlaw.com
**BIBIYAN LAW GROUP, P.C.**
8484 Wilshire Boulevard, Suite 500
Beverly Hills, California 90211
Tel; (310) 438-5555; Fax: (310) 300-1705

Attorneys for Plaintiff, ELMER N. RODRIGUEZ and on behalf of himself and all others similarly situated

# IN THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELMER N. RODRIGUEZ, an individual and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GONSALVES & SANTUCCI, INC., a California Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO: 3:21-cv-07874-LB<br><br>[*Assigned to the Hon. Laurel Beeler in Courtrm B – 15th Floor*]<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER REMANDING ACTION TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>DATE:	December 16, 2021<br>TIME:	9:30 a.m.<br>COURTRM:	Courtroom B – 15th Floor<br><br>State Action Filed:	August 24, 2021<br>Removal Date:	October 7, 2021<br>*(Contra Costa County Superior Court, Case No.: C21-01735)*<br><br>[[Proposed] Order Lodged Herewith] |

Law Offices of
BIBIYAN LAW GROUP
A Professional Corporation
8484 Wilshire Blvd., Suite 500
Beverly Hills, California 90211
(310) 438-5555

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND; MEMO. OF P's & A's

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 16 at 9:30 a.m., or as soon thereafter as the matter can be heard in Courtroom B on the 15th Floor in the above-referenced Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, plaintiff ELMER N. RODRIGUEZ ("Plaintiff"), on behalf of himself and all others similarly situated, will and hereby does move this Court for an Order remanding the instant Action back to State Court. This Motion will be based on this Notice, the Memorandum of Points and Authorities, the Proposed Order lodged concurrently herewith, on the complete files and records in this action, and all other matters and evidence that may be presented at the hearing on this Motion.

Plaintiff moves this Court to remand this Action back to the State Court where it belongs and that the Clerk of the Court send a certified copy of the Order to the clerk of the State Court where the Action was originally filed because this Court lacks subject matter jurisdiction over the Action on the grounds that federal question jurisdiction does not exist.

Dated:  November 8, 2021              BIBIYAN LAW GROUP, P.C.


                                      BY:
                                       /s/ *Sara Ehsani-Nia*
                                       SARA EHSANI-NIA
                                      Attorneys for Plaintiff, ELMER N. RODRIGUEZ, on behalf of himself and all others similarly situated

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **PROCEDURAL HISTORY**

On August 24, 2021, plaintiff ELMER N. RODRIGUEZ ("Plaintiff"), on behalf of himself and all others similarly situated, filed a putative class action complaint ("Complaint") in the County of Contra Costa Superior Court against defendant GONSALVES & SANTUCCI, INC. ("Defendant"), asserting causes of action for: (1) Failure To Pay Overtime Wages; (2) Failure To Pay Minimum Wages; (3) Failure To Provide Meal Periods Or Compensation In Lieu Thereof; (4) Failure to Provide Rest Periods or Compensation In Lieu Thereof; (5) Waiting Time Penalties; (6) Wage Statement Violations; (7) Failure to Indemnify; (8) Failure to Pay Vacation Time; and (9) Unfair Competition.  Complaint, page 1.

On October 7, 2021, Defendant filed a Notice of Removal based on federal question jurisdiction, codified at, 28 U.S.C. sections 1331 and 1441.  Notice of Removal, page 2 line 8. Plaintiff brings the instant Motion for this Court to remand this action back to the State Court in which it was filed because this Court lacks subject matter jurisdiction over this Action.

II. **DEFENDANT BEARS THE BURDEN OF PROVING THAT THE REQUISITE JURISDICTION EXISTS TO SUPPORT REMOVAL**

Under 28 U.S.C. § 1441(a), removal is proper where the federal courts have original jurisdiction over an action brought in state court. The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule" which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *See Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1089 (9th Cir. 2002).  A defense is not part of a plaintiff's properly pleaded statement of his or her claim.  *See Rivet v. Regions Bank*, 522 U.S. 470, 475 (1987).

Thus, the defendant seeking removal of an action to federal court has the burden of establishing grounds for federal jurisdiction in the case. *Valdez v. Allstate Ins. Co.* 372 F.3d 1115, 1117 (9th Cir. 2004).  Federal courts are courts of limited jurisdiction and strictly construe removal statutes against removal jurisdiction. *Gaus v. Mile, Inc.* [*Gaus*], 980 F.2d 564, 566 (9th Cir. 1992);

*accord McGill v. Pacific Bell Telephone Company,* 139 F.Supp.3d 1109, 1115 (C.D. Cal. 2015) ["Federal jurisdiction must be rejected if there is any doubt as to the right of removal."].

In this context, courts strictly construe the removal statute against removal jurisdiction. *Peters v. RFI Enterprises, Inc.* (N.D. Cal., Aug. 15, 2018, No. 18-CV-01187-BLF) 2018 WL 3869564, at *2 citing *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther*, 533 F.3d at 1034 (citation omitted); *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand."). Indeed, on a motion for remand, the non-moving party must identify "a legitimate source of the court's jurisdiction" and "[d]isputed questions of fact and ambiguities in the controlling law must be resolved in favor of the remanding party." *Pac. Mar. Ass'n v. Mead*, 246 F.Supp.2d 1087, 1089 (N.D. Cal. 2003).

Thus, if after consideration of the Parties' positions any doubt remains as to the propriety of removal, federal jurisdiction must be rejected and the Action remanded to State Court.

### III. SUMMARY OF ARGUMENT

Plaintiff seeks to remand this Action back to the State Court where it rightly belongs. The Motion to Remand is based on the fact that Defendant's notice of removal falls markedly short of meeting its burden of providing proof, by a preponderance of evidence, that this Court has subject matter jurisdiction over this Action as it fails to show that federal question jurisdiction applies.

Defendant, for its part, largely cites to case law in which court are not considering whether federal jurisdiction exists, but in adjudication other legal issues after jurisdiction has already been established. In doing so, Defendant sets forth the incorrect legal standard.

Specifically, Defendant has failed to prove that that this Action bears any issue involving federal question, under section 310 the Labor Management Relations Act ("LMRA §301"). Defendant relies heavily on the existence of a collective bargaining agreement ("CBA") to argue in favor of preempting the Action to federal court. However, Plaintiff's claims only involve state rights

that exist independent of any CBA. As such, his claims do not require any interpretation of a CBA and thus cannot be preempted.

Thus, because Defendant fails to establish that federal question is at issue, Plaintiff respectfully requests that this Court remand the Action back to the State Court in which it was filed.

## IV. ARGUMENT

### A. THIS COURT SHOULD REMAND THE ACTION BECAUSE IT DOES NOT RAISE A FEDERAL QUESTION

Defendant argues that the Action, which Plaintiff brought based upon state law rights, is preempted by the Labor Management Relations Act section 301, codified as, *inter alia*, 29 U.S.C.A. section 185 ("LMRA § 301").

Preemption arguments based on LMRA § 301 differ from typical conflict preemption because they are not driven by substantive conflicts in law. *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 922 (9th Cir. 2018) ("*Schurke*"). Rather, LMRA § 301 preemption is grounded in the need to protect the proper *forum* for resolving certain kinds of disputes. *Id*. In the LMRA § 301 context, the "purpose of Congress" is to protect the role of grievance and arbitration and of federal labor law **in resolving CBA disputes, not to alter or displace state law labor rights**. *Schurke*, 926, *see also Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 256 (1994) ["*Norris*"]; *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 408-409 (1988) ["*Lingle*"]; *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 654-57 (1965); *Brotherhood of R.R. Trainmen v. Jacksonville Terminal Co.*, 394 U.S. 369, 395 (1969).

The Supreme Court has repeatedly instructed that preemption under LMRA § 301 extends only as far as necessary to protect and preserve the role of labor arbitration in grievance and arbitration, in resolving CBA disputes. *Norris*, at 262–64; *Lingle*, 413; *Schurke* at 916. Consistent with this precedent, the Ninth Circuit recognizes that the LMRA § 301 preemption only arises where a state law claim comes entirely from or requires construction of a CBA. *Matson v. United Parcel Serv., Inc.*, 840 F.3d 1126, 1132–33 (9th Cir. 2016); *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032–33 (9th Cir. 2016); *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1060 (9th Cir. 2007) ["*Burnside*"], *Schurke* at 913–914. Thus, when a claim does not substantially depend on

an interpretation of a labor contract, such as a CBA, "the claim can proceed under state law." *Garcia v. Service Employees International Union*, 993 F.3d 757, 765 (9th Cir. 2021) ["*Garcia*"].

### B. THE ACTION IS NOT PREEMPTED BY LMRA § 301 NOR DID CONGRESS INTEND FOR JURISDICTION TO BE INVOKED UNDER THESE FACTS

In determining whether preemption applies to particular claims, a court must follow a two-step process. First, a court must assess whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a collective bargaining agreement. *Burnside*, 1058-59. If the court determines that the right at issue exists independently of a CBA, it must then ask "whether the right is nevertheless substantially dependent on analysis of a collective-bargaining agreement." *McCray v. Marriott Hotel Services, Inc.*, 902 F.3d 1005, 1010 (9th Cir. 2018) ["*McCray*"] citing *Burnside* at 1059.

Thus, **while LMRA § 301 generally preempts state law claims that implicate a CBA, it does not preempt claims that: (1) arise independently of a CBA, and (2) do not substantially depend on the analysis of a CBA**. *Burnside*, 1061. "[R]eliance on and reference to CBA-established or CBA-defined terms of employment do not make for a CBA dispute if there is no disagreement about the meaning or application of any relevant CBA-covered terms of employment." *Schurke*, at 927; *see also Lopez v. Sysco Corp.*, 2016 WL 3078840, at * 3 (N.D. Cal. 2016) ["*Lopez*"] [LMRA preemption is not triggered if a court merely needs to consult or refer to a collective bargaining agreement].

Moreover, Congressional intent behind preemption in this context is "not to reduce burdens on an employer by federalizing all of labor and employment law so as to preempt independent state law rights." *Schurke*, 920. While § 301 preemption furthers important interests, the Supreme Court has stressed that "§ 301 cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law." *Curtis v. Irwin Industries, Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019) citing *Livadas v. Bradshaw*, 512 U.S. 107, 123, (1994) ("*Livadas*"). For LMRA-covered workers, "it would be inconsistent with congressional intent...to preempt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 212 (1985) ["*Lueck*"]; *Schurke*, at 920.

### 1. **Plaintiff's Claims Arise Out of Rights Conferred by State Law, Independent of Any CBA**

"To determine whether a right is independent of a CBA—the first *Burnside* factor—a court must focus its inquiry on "the *legal* character of a claim, as 'independent' of rights under the collective-bargaining agreement." *Kobold v. Good Samaritan Regional Medical Center*, 832 F.3d 1024, 1033 (9th Cir. 2016) ("*Kobold*"), citing *Livadas*, at 123. Only if the claim is "founded directly on rights created by [a] collective-bargaining agreement" does LMRA § 301 preempt it. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987).

For example, in *McCray*, the plaintiff asserted claims arising under California state law and a local ordinance. *See McCray*. There, the Ninth Circuit held that the rights at issue (*i.e.*, the rights afforded by California state laws and a local ordinance) arose under *state and local laws* and would exist *with or without the CBA*. *Id.* at 1010. There, the complaint made no reference to CBAs the workers' unions had entered into; rather, it asserted claims under California state law. Based thereon, the Ninth Circuit held that the plaintiff's claims arose under state law, independent of any CBA, and were not subject to LMRA § 301 preemption on that basis. *Id.* at 1010, 1014; *see also Burnside*, at 1058 [finding that wage and hour class action was not preempted by LMRA § 301 because the right to be compensated for employer-mandated travel time was a right conferred by state law, independent of any CBA].

Here, like in *McCray*, *Kobold* and *Burnside*, Plaintiff is asserting rights afforded to him by California state laws. In fact, Plaintiff's complaint makes no mention of any CBA *at all*. That is because Plaintiff is not raising a contract dispute connected to the purported CBA, nor is he raising a right afforded to him *only* by the CBA. Plaintiff is raising rights afforded to him by the state of California, independent of any agreement. Thus, LMRA § 301 preemption under the first inquiry prescribed by *Burnside* is not satisfied.

### 2. **Plaintiff's Claims Do Not Require Interpretation of a CBA**

Even where a CBA does not create the right at issue, LMRA § 301 may still preempt a state law claim when "litigating the state law claim ... requires interpretation of a CBA." *Schurke* at 921. Indeed, "an application of state law is pre-empted...only if such application requires the

interpretation of a collective-bargaining agreement." *Lingle*, 413. "Interpretation" in this context is construed narrowly to mean "something more than 'consider,' 'refer to,' or 'apply.'" *Schurke*, at 921, citing *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1108 (9th Cir. 2000); *See also Garcia* at 765.

It is not "enough that resolving the state law claim requires a court to refer to the CBA and apply its plain or undisputed language—for example, "to discern that none of its terms is reasonably in dispute"; to identify "bargained-for wage rates in computing [a] penalty"; or "to determine whether [the CBA] contains a clear and unmistakable waiver of state law rights." *Schurke* at 921. In considering the second step required in the *Burnside* analysis, the *Schurke* Court noted "the result of preemption at the second step is generally *not* the extinguishment of the state law claim." *Schurke*, at 922, citing *Kobold*, at 1033.

Here, Defendant argues that an interpretation of the CBA is necessary: (1) to determine whether Plaintiff is entitled to recover for the claims raised in his complaint; and (2) to determine whether he has exhausted the CBA grievance procedures. However, neither ground is appropriate when considering whether federal jurisdiction is proper, nor does either ground trigger federal question jurisdiction under these facts, as set forth below.

### a. There is No "Active Dispute" of CBA Terms and, Thus, No Interpretation of a CBA is Required

In the second step of a LMRA § 301 preemption analysis, claims are only preempted to the extent there is "an active dispute" over "the meaning of contract terms." *Schurke* at 921. "[A] hypothetical connection between the claim and the terms of the CBA is not enough to preempt the claim ...." *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 691 (9th Cir. 2001) ["*Cramer*"].

Here, like the plaintiff in *Cramer*, Plaintiff is asserting state-afforded rights, such as the right to be paid for all time worked. Defendant has failed to meet its burden of establishing that there *any* active dispute over the meaning of any term in the CBA. That is because no such dispute exists, as Plaintiff claims arise out of his California state law rights. Indeed, Plaintiff's Complaint only invokes rights afforded to him by the state of California, makes no mention of any purported CBA.

*See* Complaint.  Defendant, at most, identifies instances in which a "hypothetical connection" between Plaintiff's state rights and the CBA may exist.  But this does not give rise to a need to interpret any purported CBA.

### b. The Court Need Not Consider a CBA's Internal Grievance Procedure In Determining Whether Federal Jurisdiction Exists

Defendant goes on to argue that the Court is required to interpret the CBA for the purposes of determining whether Plaintiff has exhausted remedies available through the CBA's internal grievance procedure. Notice, ¶¶ 23, 24.  In doing so, they rely in large part to *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146 (9th Cir. 2019) ("*Curtis*") in which the Court considered preemption in the context of a motion to dismiss, not in consideration of whether federal jurisdiction exists to begin with.  While this does not present the correct standard of review on this Motion for Remand, Defendant points to no case law suggesting that the interpretation of an internal grievance procedure gives rise to federal jurisdiction.

In contrast, courts have held that the mere mentioning of an internal grievance procedure does not establish a need to interpret a CBA.  That is because the purpose LMRA § 301 preemption is to protect the primacy of grievance and arbitration as the forum *for resolving CBA disputes* and the substantive supremacy of federal law within that forum, nothing more. *Norris*, at 262–63, *Schurke*, at 920.  Moreover, *Lividas* stands for the proposition that the mere existence of an internal grievance procedure in which "precisely the same set of facts" could be pursued does not give rise to a need for the Court to interpret the CBA to determine whether federal jurisdiction exits. *Livadas*, at 123; *see also Moore v. Dnata US Inflight Catering LLC,* 2021 WL 3033577, at *7 (N.D. Cal. 2021) ("simply pointing to grievance procedures" does not indicate that resolving the merits of a plaintiff's state law claims "will require the interpretation of a CBA"); *Dedic v. Securitas Sec. Servs. USA, Inc.*, 2018 WL 2096269, at *6 (N.D. Cal. 2018) (pointing to an "alleged failure to exhaust claims" pursuant to a grievance procedure "is a defense that cannot provide the basis for federal jurisdiction").

Here, like in *Dedic*, *Moore*, *Norris* and *Schurke*, neither the mere invocation of an internal grievance procedure nor the mere invocation of a statutory exemption requires interpretation of a

CBA. Defendant, for its part, fails to show how an allegation that grievance procedures were not followed somehow requires interpretation of a CBA when Plaintiff's claims are entirely based on state law rights. Indeed, like in *Dedic*, Defendant's defense that the internal grievance procedure should have or could have been pursued is a defense that does not give rise to federal jurisdiction.

Accordingly, because Defendant has not shown that interpretation of the purported CBA is necessary to decide Plaintiff's state law claims, preemption under LMRA § 301 is not warranted.

### 3. Complete Preemption Under LMRA § 301 Is Not Appropriate Here

In its Notice of Removal, Defendant argus that complete preemption under LMRA § 301 is applicable. *See* Notice of Removal, ¶ 15. However, this is not the case.

"LMRA § 301 completely preempts only claims 'founded directly on rights created by collective-bargaining agreements' or 'substantially dependent on analysis of a collective-bargaining agreement.'" *Peters v. RFI Enterprises, Inc.*, 2018 WL 3869564, at *3 (N.D. Cal., Aug. 15, 2018, No. 18-CV-01187-BLF) ["*Peters*"] citing *Caterpillar*, 482 U.S. at 395, *Elec. Workers v. Hechler*, 481 U.S. 851, 859 n.3 (1987). Indeed, "it is not enough that the "state law cause of action is conditioned on some term or condition of employment that was collectively bargained." *Peters*, at *3, citing *Schurke*, at 916. LMRA §301 preemption exists "only where a state law claim arises entirely from or requires construction of" a collective bargaining agreement ("CBA"). *Id*. at 914; *Matson v. United Parcel Serv., Inc.*, 840 F.3d 1126, 1132–33 (9th Cir. 2016); *Kobold*, at 1032-33; *Burnside*, at 1060.

Moreover, courts have recognized that "invocation of an exemption," like the one codified in California Labor Code Section 514, is not "sufficient to find that LMRA § 301 preempts a claim grounded in state law." *Peters*, at *4; *see also Lopez*, WL 3078840, at *3 [holding that plaintiff's state law claims were not preempted pursuant to LMRA § 301 by the mere invocation of an exemption under California Labor Code section 512(a) pertaining to meal periods]. In short, it is no surprise, and, "the overwhelming majority of courts agree" that "invocation of an exemption as a defense" does "not change the legal character" of a plaintiff's state law claims. *Peters* at 4; see also *Anguiano v. Mann Pacfiking Co.*, 2019 WL 2929789, at *3 (N.D. Cal. 2019) (holding that defendants failed to show that invocation of an exemption under California Labor Code section 514

required an interpretation of a CBA as opposed to mere reference to it and thus finding that plaintiff's state law claims were not preempted under LMRA § 301).

Here, as discussed at length above, Plaintiff's Complaint alleges on state-afforded rights, not rights created by any CBA. Moreover, as considered in *Peters* and *Lopez*, an invocation of an exemption does not give rise to federal court jurisdiction. As such, there can be no finding that federal jurisdiction is warranted or appropriate on any ground raised by Defendant.

Additionally, Defendant's reliance on *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202 (1985) ("*Lueck*") to argue that complete preemption applies to the instant Action is misplaced. Notice, ¶ 6. First, the court was considering a motion for summary judgment, not analyzing the initial inquiry of whether federal courts retained jurisdiction over the matter established by *Burnside*. In any case, *Lueck* is not analogous to the facts present here. The plaintiff in *Lueck* brought a tort claim related to the defendants' conduct surrounding a disability insurance plan included in a CBA. *Id*., at 203. In *Lueck*, the plaintiff sought to directly enforce a right afforded to him by the CBA, not state rights, as Plaintiff does here. Defendant's citation to *Newberry v. Pacific Racing Ass'n*, 854 F.2d 1142 (9th Cir. 1988) ("*Newberry*") is similarly misplaced. The *Newberry* court looked to *Lingle* to find that the key to determining scope of preemption under LMRA § 301 is based on whether claims can be resolved **only** by referring to terms of CBA. *Id*., at 1146.

Lastly, Defendant's citation to *Vorhees v. Naper Aero Club, Inc.*, 272 F.3d 398 (7th Cir. 2001) ("*Vorhees*") is particularly misplaced not just because it is a Seventh Circuit case and the Court found that no preemption existed under LMRA § 301 and remanded the action, but because of Defendant's artful quotation. Indeed, in stating that the Supreme Court has found that Congress intended to "completely replace state law with federal law," *Vorhees* goes on to state that LMRA § 301 "<u>completely preempts state law claims based on violations of contracts between an employer and a labor organization if those claims require interpretation of the collective bargaining agreement</u>." *Vorhees v. Naper Aero Club, Inc.*, 272 F.3d 398, 402 (7th Cir. 2001) (emphasis added). This is consistent with the Ninth Circuit precedence cited at length above which demonstrates that "complete preemption" is not applicable here.

/ / /

As such, Defendant has not only failed to show that federal jurisdiction is warranted here based on: (1) a right provided *only* by a CBA; (2) that there is any need to interpret a CBA in connection with Plaintiff's state right claims; or (3) that "complete preemption" exists or is appropriate here.

## V. **CONCLUSION**

Because the Defendant's removal of this action was improper, Plaintiff respectfully requests this Court to grant this Motion and remand the action back to the California state court in which it was filed.

Dated:  November 8, 2021            BIBIYAN LAW GROUP, P.C.

                                     */s/ Sara Ehsani-Nia*
                                     SARA EHSANI-NIA
                                     Attorneys for Plaintiff ELMER N. RODRIGUEZ, on behalf of himself and all others similarly situated

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 8484 Wilshire Blvd., Suite 500, Beverly Hills, California 90021.

On November 8, 2021, I served the following document(s) described as **NOTICE OF MOTION AND MOTION FOR REMAND; MEMORANDUM OF POINTS AND AUTHORITIES;** [PROPOSED] **ORDER** on:

GREGORY G. ISKANDER
giskander@littler.com
WILLIAM J. KIM
wkim@littler.com
LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard, Suite 600
Walnut Creek, California 94597

**Attorneys for Defendant GONSALVES & SANTUCCI, INC.**

The above document(s) were served on the interested parties in this action as follows:

*All parties identified for Notice of Electronic Filing generated by the Court's CM/ECF system under the above-reference case number.*

BY ELECTRONIC MAIL: As follows: I am readily familiar with our office's practice of electronic mail transmission; on this date the document enumerated above was transmitted by electronic mail transmission and that the transmission was reported as complete and delivered, and without error.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 8, 2021 at Beverly Hills, California.

                                          */s/ Sara Ehsani-Nia*
                                          Sara Ehsani-Nia