David D. Bibiyan (SBN 287811)
david@tomorrowlaw.com
Sara Ehsani-Nia (SBN 326501)
sara@tomorrowlaw.com
Diego Aviles (SBN 315533)
diego@tomorrowlaw.com
**BIBIYAN LAW GROUP, P.C.**
8484 Wilshire Boulevard, Suite 500
Beverly Hills, California 90211
Tel; (310) 438-5555; Fax: (310) 300-1705

Attorneys for Plaintiff, ELMER N. RODRIGUEZ and on
behalf of himself and all others similarly situated

## IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELMER N. RODRIGUEZ, an individual and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GONSALVES & SANTUCCI, INC., a California Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO: 3:21-cv-07874-LB<br><br>[*Assigned to the Hon. Laurel Beeler in Courtrm B – 15th Floor*]<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>**HEARING INFORMATION**<br>DATE:          December 23, 2021<br>TIME:          9:30 a.m.<br>COURTRM:   Courtroom B – 15th Floor |

# TABLE OF CONTENTS

**Pages**

MEMORANDUM OF POINTS AND AUTHORITIES……………………………….…………..2

I.    INTRODUCTION………………………………………………………….…….....2

II.   LEGAL STANDARDS……………………...………………………………...3-7

     A. Fed. R. Civ. P. 12(b)(6)……………………………………….......................3

     B. Pleading Standards……………………...……………………......................4-5

     C. LMRA § 301 Preemption……………………………………………………5-7

III.  LEGAL ARGUMENT……………………...……………………........................8-22

     A. The Purported CBAs Do Not Qualify For Exemption Under

        Applicable California Labor Codes And Wage Orders …..……………….....8-20

          1. The CBAs Do Not Impact Plaintiff's Overtime Claim In

            Connection with Defendant's Failure to Pay Reporting Time

            under Wage Order 16……………………………………………………8-9

          2. Plaintiff's Overtime Claim Is Not Preempted By Labor Code § 514…...9-14

            a. Defendant *Did Not* Pay 30% Above The Legal Minimum

               Wage For All Time Worked Or Pay Premium Wage Rates

               for All Overtime Hours Worked……………………………….10-13

            b. The CBAs Do *Not* Expressly Provide for Wages, Hours of

               Work, and Working Conditions………………………………13-14

           3. The CBAs Have No Preemptive Effect On Plaintiff's Meal

            and Rest Period Claims…………………………………………………..15-16

          4. Plaintiff's Waiting Time Penalty Claim Is Not Impacted

            By Any CBA……………………………………….……………………17-18

          5. There Is No Basis For Preemption of Plaintiff's

            Wage Statement Claim…………………………………….……………18-19

          6. Plaintiff Did Not Waive His State Right to Payment of

            Accrued and Unused Vacation Pay At Termination……..…………….19-20

     B. Plaintiff Was Not Required to Follow an Internal Grievance

        Procedure Before Bringing His State Law Claims……………………………20-21

i

IV.   THIS COURT SHOULD NOT CONSIDER DEFENDANT'S MOTION
      BECAUSE IT FAILED TO COMPLY WITH LOCAL RULE 7-4……………....…….21
V.    TO THE EXTENT THE COURT GRANTS DEFENDANT'S MOTION,
      WHICH IT SHOULD NOT, PLAINTIFF REQUESTS LEAVE TO AMEND………….22
VI.   CONCLUSION…………………………………………………………………22

TABLE OF CONTENTS

## TABLE OF AUTHORITIES

### SUPREME COURT CASES

Pages

*Allis Chalmers Corp. v. Lueck*,
    471 U.S. 202 (1985) ……………………………………………………………….5

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ……………………………………………………………….4

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ……………………………………………………………….4

*Caterpillar Inc. v. Williams*,
    482 U.S. 386 (1987) ……………………………………….……………………….6

*Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*,
    511 U.S. 164 (1994) ……………………………………………………………….4

*Foman v. Davis*,
    371 U.S. 178 (1962) ……………………………………………………………..5

*Hawaiian Airlines, Inc. v. Norris*,
    512 U.S. 246, 252 (1994) ……………………………………………...........20

*IBP, Inc. v. Alvarez*,
    546 U.S. 21 (2005) …………………………………………………………….11

*Livadas v. Bradshaw*,
    512 U.S. 107 (1994) …………………………….....................................5

### FEDERAL CASES

*Alaska Airlines v. Schurke*,
    898 F.3d 904 (9th Cir. 2018) ………………………………………………….5, 6

*Angeles v. U.S. Airways, Inc.*,
    2013 WL 622032 (N.D. Cal. 2013) …………………………..……………...10

*Arredondo v. Delano Farms Co.*,
    301 F.R.D. 493 (E.D. Cal. 2014) ………………………………..……….......10

*Azpeitia v. Tesoro Ref. & Mktg. Co. LLC*,
    No. 17-CV-00123-JST, 2017 WL 3115168, at *4 (N.D. Cal. July 21, 2017)……………16

*Bonilla v. Starwood Hotels & Resorts Worldwide, Inc.*,
      407 F.Supp.2d 1107 (C.D. Cal. 2005)………………………………………15

*Burnside v. Kiewit Pacific Corp.*,
    491 F.3d 1053 (9th Cir. 2007) …………………………………………………5, 6, 7, 15

*Cathcart v. Sara Lee Corp.*,
    2011 WL 59881849 (N.D. Cal. 2011) …………..…………………….........……13

*Cervantes v. City of San Diego*,
    5 F.3d 1273 (9th Cir. 1993) ….....………………………………………………….3

*Choate v. Celite Corp.*,
    215 Cal. App. 4th 1460 (2013) ……………………………………………………19

*Cramer v. Consolidated Freightways, Inc.*,
    255 F.3d 683 (9th Cir. 2001) ……………………………………….........………..7

*Curtis v. Irwin Industries, Inc.*,
    913 F.3d 1146 (9th Cir. 2019) …….………………………………………………5

*Dent v. NFL*,
    902 F.3d 1109 (9th Cir. 2018) ...…………………………………………………6

*DeSoto v. Yellow Freight Sys., Inc.*,
    957 F.2d. 655 (9th Cir. 1992) …………………………………………………….5

*Enesco Corp. v. Price/Costco Inc.*,
    146 F.3d 1083 (9th Cir. 1998) ...…………………………………………………3

*Foster v. A-Para Transit Corp.*,
    2019 WL 323764 (N.D. Cal. Jan 25, 2019) ………………………….………6, 10, 15

*Gaus v. Miles, Inc.*,
    980 F.2d 564 (9th Cir. 1997) ……………………………………………………5, 6

*Gilligan v. Jamco Dev. Corp.*,
    108 F.3d 246 (9th Cir. 1997) …………………………………………………….3

*Gonzalez Quiroz v. Coffman Specialties*,
    2020 WL 7258725 (S.D. Cal. Dec. 10, 2020) ………………….…………………6

*Gillette v. Stater Bros Markets, Inc.*,
    2019 WL 8017735 (C.D. Cal., 2019)……………………………………………...17

*Hall v. Live Nation, Worldwide, Inc.*,
    146 F. Supp. 3d 1187 (C.D. Cal. 2015)……………………………………………...17

*Hernandez v. Sysco Corp.*,
    2017 WL 1540652 (N.D. Cal. April 28, 2017)……………………………………17, 19

*Herrera v. Zumiez, LLC*,
    953 F.3d 1063 (9th Cir. 2020) ……………………………….......................8

*Impress Communications v. UnumProvident Corp.*,
    335 F.Supp.2d 1053 (C.D. Cal. 2003) ………………...……………….....................4

*Levine v. Diamanthuset, Inc.*,
    950 F.2d 1478 (9th Cir. 1991) ………………………………………………….4

*Martinez v. J. Fletcher Creamer & Son, Inc.*, 2010 WL 3359372,
    (C.D. Cal. Aug. 13, 2010)……………………………………………………..20, 21

*Massey v. Banning Unified School District*,
    256 F. Supp. 2d 1090 (C.D. Cal. 2003) …………………………………………3, 4

*Moore v. Dnata US Inflight Catering LLC*,
    2021 WL 3033577 (N.D. Cal. 2021……………………………………………21

*McCray v. Marriott Hotel Services, Inc.*,
    902 F.3d 1005 (9th Cir. 2018) …………………………………………5

*McGary v. City of Portland*,
    386 F.3d 1259 (9th Cir. 2004) …………………………………………..4

*Meek v. SkyWest, Inc.*,
    2019 WL 6841367 (N.D. Cal. Dec. 16, 2019) …………………………………6

*Morongo Band of Mission Indians v. Rose*,
    893 F.2d 1074 (9th Cir. 1990) ……………………..…………………22

*Munoz v. Atlantic Express of L.A., Inc.*, 2012 WL 5349408,
    (C.D. Cal. Oct. 30, 2012)……………………………………………20, 21

*Nolen v. Fitzharris*,
    450 F.2d 958 (9th Cir. 1971)……………………………………….……22

*Olea v. Teichert Pipelines, Inc.*,
    2021 WL 1839683 (C.D. Cal., May 7, 2021) …………………………......13

*Perez v. Leprinto Foods Co.*,
    2017 WL 6540512 (E.D. Cal. Dec. 21, 2017) ……………………………......11

*Ramirez v. Fox Television Station, Inc.*,
    998 F.2d 743 (9th Cir. 1993) ………………………..…….......................7

*Ridgeway v. Wal–Mart Stores, Inc.*,

TABLE OF AUTHORITIES

107 F.Supp.3d 1044 (N.D. Cal. 2015) ………………………………………………11

*Roth v. CHA Hollywood Medical Center, L.P.*,
2013 WL 5775126 (C.D. Cal. Oct. 25, 2013)………………………………7, 15, 16

*St. Michael's Convalescent Hospital v. California*,
643 F.2d 1369 (9th Cir. 1981)…………………………………………………22

*Sykes v. F.D. Thomas, Inc.*,
2021 WL 343960 (N.D. Cal. 2021)…………………………………………………19

*Valles v. Ivy Hill Corp.*,
410 F.3d 1071 (9th Cir. 2005) ……………………………………………………15

*Wilson-Davis v. SSP America, Inc.*,
434 F.Supp.3d 806 (C.D. Cal. 2020)……………………………………...7, 17

**CALIFORNIA STATE COURT CASES**

*Armenta v. Osmose, Inc.*,
135 Cal.App.4th 314 (2015) ………………………………………………...11

*Brinker Restaurant Corp. v. Superior Court*,
53 Cal.4th 1004 (2012) ……………………………………………………….8

*Frlekin v. Apple Inc.*,
8 Cal.5th 1038 (2020) ………………………………………………………….8

*Lujan v. S. Cal. Gas Co.*,
96 Cal.App.4th 1200 (2002) …………………………………………………15

*Morillion v. Royal Packing Co.*,
22 Cal.4th 575 (2000) ………………………………………………………...10

*Ramirez v. Yosemite Water Co., Inc.*,
20 Cal.4th 785 (1999) ………………………………………………………...10

*Ward v. Tilly's, Inc.*,
31 Cal.App.5th 1167 (2019) …………………………………………………...8

*Zavala v. Scott Brothers Dairy, Inc.*,
143 Cal.App.4th 585 (2006) …………………………………………………15

**FEDERAL STATUTES**

Labor Management Relations Act ("LMRA") § 301 ……………………………..*passim*

# CALIFORNIA STATUTES

Cal. Code Regs., tit. 8, § 11080(2)(G) ……………………………………………...10

Cal. Lab. Code § 219………………………………………………………………...15

Cal. Lab. Code § 201.5………………………………………………………………18

Cal. Lab. Code § 204 ……………………….…..……………......................................17, 18

Cal. Lab. Code § 226………………………………………………………………...18

Cal. Lab. Code § 510 …………………………………………………………….....10

Cal. Lab. Code, § 512 …………………………………………………………… *passim*

Cal. Lab. Code, § 514 …………………………………………….................9, 10, 11, 13

Cal. Lab. Code, § 227.3…………………………………………………...18, 19, 20

# CALIFORNIA WAGE ORDERS

IWC Wage Order No. 16…………………………………………..……*passim*

# FEDERAL RULES

Fed. R. Civ. P. 8(a) …………………………………………………………………3

Fed. R. Civ. P. 12(b)(6) …………………………………………..…………………2, 3, 4

Fed. R. Civ. P. 12(d)…………………………………………………………………..4

Fed. R. Civ. P. 15(a)…………………………………………………..……………...5

# LOCAL RULES

Local Rule 7-4…………………………………………………………………..21

TABLE OF AUTHORITIES

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.   INTRODUCTION

3       Plaintiff Elmer N. Rodriguez ("Plaintiff") hereby submits the following opposition to

4  defendant Gonsalves & Santucci, Inc.'s ("Defendant") Motion to Dismiss pursuant to Fed. R. Civ.

5  P. 12(b)(6) (the "Motion").

6       First, notwithstanding Plaintiff's well-pleaded complaint, Defendant seeks to escape liability

7  for various wage-and-hour violations by attempting to hide behind various collective bargaining

8  agreements ("CBAs").  However, Defendant's Motion to Dismiss intermingles the differing legal

9  standards of: (1) whether jurisdiction has been established through preemption; and (2) whether any

10 purported CBAs meet the criteria of being excepted from compliance with Plaintiff's California

11 Labor Code claims.  This is improper.  As outlined below and in Plaintiff's Motion for Remand, in

12 order to determine whether jurisdiction over this Action pursuant to section 301 of the Labor

13 Management Relations Act ("LMRA § 301"), the Court must first consider whether Plaintiff's

14 claims arise *solely* from a CBA or a state right.  If it is the latter, the Court must determine whether

15 substantial interpretation of the CBA is required, while discerning the difference between *looking*

16 *to a CBA* and *interpreting a CBA*.  The Court should find that Plaintiff's claims arise solely out of

17 his state rights, that no need to interpret any CBA exists, and thus jurisdiction based on LMRA §

18 301 preemption is improper.  The purported CBAs should have no preemptive effect on Plaintiff's

19 claims because Plaintiff's claims arise solely from rights afforded to him by virtue of California

20 State rights.  Only after jurisdiction is established should the Court consider Defendant's instant

21 Motion, and in doing so, should focus its consideration on whether the purported CBAs meet the

22 exception criteria specified in the California Labor Code, which it does not.[1]

23       Second, the purported CBAs uniformly fail to meet the criteria set forth under the California

24 Labor Code and applicable California Wage Orders exempting an employer from compliant with

25 the Labor Code, and thus Defendant does not qualify for any exception from its obligations under

26 state law.  Worse, the purported CBAs fail to expressly provide for all the wages, hours of work,

27

28

[1] In opposing Defendant's Motion, Plaintiff does not concede this Court's jurisdiction over the Action and contends that jurisdiction should be established prior to a ruling on Defendant's Motion.

1  and working conditions of the employees and fail to compensate for all time worked at 30% or more

2  of the state minimum wage or more.

3  As a result, Plaintiff's claims are not preempted by any purported CBA. Moreover, even if

4  the federal court possessed jurisdiction to adjudicate Plaintiff's plainly state-law claims, those

5  claims clearly should survive at the motion to dismiss stage. Defendant's purported CBAs fail to

6  meet the statutory requirements for exemption from California's general labor laws and thus do not

7  prevent Plaintiff's full recovery under those laws.  Plaintiff thus humbly requests that this Court

8  deny Defendant's Motion in its entirety, or in the alternative, permit Plaintiff to amend the

9  Complaint.

10  **II.    LEGAL STANDARDS**

11  **A.  Fed. R. Civ. P. 12(b)(6)**

12  Generally, plaintiffs in federal court are required to give only "a short and plain statement

13  of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  While the Federal

14  Rules of Civil Procedure ("FRCP") allow a court to dismiss a cause of action for "failure to state a

15  claim upon which relief can be granted," they also require all pleadings to be "construed so as to do

16  justice."  Fed. R. Civ. P. 12(b)(6), 8(e).  With this in mind, the Ninth Circuit is particularly hostile

17  to motions to dismiss under Rule 12(b)(6).  *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249

18  (9th Cir. 1997) ["the Rule 8 standard contains a powerful presumption against rejecting pleadings

19  for failure to state a claim"].

20  When considering a motion to dismiss a complaint for failure to state a claim pursuant to

21  FRCP 12(b)(6), the court must assume as true all allegations contained in the complaint.  *Enesco*

22  *Corp. v. Price/Costco Inc.*, 146 F.3d 1083, 1085 (9th Cir. 1998).  Indeed, a district court's order of

23  dismissal will be affirmed "only if it is clear that no relief could be granted under any set of facts

24  that could be provided consistent with the allegations."  *Id.*, quoting *Cervantes v. City of San Diego*,

25  5 F.3d 1273, 12774 (9th Cir. 1993); *see also Massey v. Banning Unified School District*, 256 F.

26  Supp. 2d 1090, 1092 (C.D. Cal. 2003) (Collins, A.) [a complaint should not be dismissed unless it

27  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

28  entitle him to relief].

1

    **B.  Pleading Standards**

2       The purpose of sufficiently pled claims is "to give the defendant fair notice of what the…

3   claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

4   (2007).  While factual allegations challenged under FRCP 12(b)(6) must be more than speculative,

5   the United States Supreme Court "is not requiring heightened fact pleading of specifics, but only

6   facts to state a claim to relief that is plausible on its face."  *Id.*, at 547; *accord*, *Ashcroft v. Iqbal*, 556

7   U.S. 662, 662 (2009).

8       Furthermore, in ruling on a 12(b)(6) motion, a court cannot generally consider material

9   outside of the complaint (*e.g.*, facts presented in briefs, affidavits, or discovery materials).  *See*

10  *Levine v. Diamanthuset, Inc.,* 950 F.2d 1478, 1483 (9th Cir. 1991), *overruled on other grounds by*

11  *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.,* 511 U.S. 164 (1994).  If

12  matters outside the pleadings are presented, the motion should instead be treated as a motion for

13  summary judgment under Rule 56. Fed. R. Civ. P. 12(d) ["All parties must be given a reasonable

14  opportunity to present all the material that is pertinent to the motion"].  Accordingly, FRCP 12(b)(6)

15  dismissals are especially disfavored in cases where the complaint sets forth a legal theory that can

16  be assessed after factual development. *McGary v. City of Portland*, 386 F.3d 1259, 1270 (9th Cir.

17  2004).

18      Nevertheless, if the "plaintiffs … have not nudged their claims across the line from

19  conceivable to plausible, their complaint must be dismissed."  *Bell Atl. Corp.*, *supra*, 550 U.S. at

20  570.  However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual

21  proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'  *Id.*, at 556.

22  Even an improper remedy for a claim is not grounds for dismissal as long as the court can ascertain

23  from the face of the complaint that some relief can be granted.  *See Massey*, *supra*, 256 F. Supp. 2d

24  at 1092 (C.D. Cal. 2003).

25      Lastly, a court granting a motion to dismiss must then decide whether to grant leave to

26  amend.  *Impress Communications v. UnumProvident Corp.*, 335 F.Supp.2d 1053, 1062 (C.D. Cal.

27  2003).  A court should "freely give" leave to amend when there is no undue delay, bad faith, dilatory

28  motives on the part of the movant, undue prejudice to the opposing party by virtue of the

4

amendment, or futility of the amendment. Fed. R. Civ. P. 15(a); *Foman v. Davis,* 371 U.S. 178, 182 (1962).  Generally, leave to amend is denied only when it is clear the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d. 655, 658 (9th Cir. 1992).

### C.  LMRA § 301 PREEMPTION

In determining whether federal law preempts particular state-law claims, a court must follow a two-step process.  First, a court must assess whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA. *Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053, 1058-59 (9th Cir. 2007) ("*Burnside*").  If the court determines that the right at issue exists independent of a CBA, it must then ask "whether the right is nevertheless substantially dependent on analysis of a collective-bargaining agreement."  *McCray v. Marriott Hotel Services, Inc.*, 902 F.3d 1005, 1010 (9th Cir. 2018) ["*McCray*"] citing *Burnside* at 1059.

Thus, **while LMRA § 301 generally preempts state law claims that directly implicate a CBA, it does not preempt claims that: (1) arise independently of a CBA, and (2) do not substantially depend on the analysis of a CBA**.  *Burnside* 491 F.3d at 1061.  Moreover, Congressional intent behind preemption in this context is "not to reduce burdens on an employer by federalizing all of labor and employment law so as to preempt independent state law rights." *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 920 (9th Cir. 2018).  While § 301 preemption furthers important interests, the Supreme Court has stressed that "§ 301 cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law." *Curtis v. Irwin Industries, Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019) citing *Livadas v. Bradshaw*, 512 U.S. 107, 123, (1994) ("*Livadas*").  For LMRA-covered workers, "it would be inconsistent with congressional intent...to preempt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 212 (1985) ["*Lueck*"]; *Schurke*, 898 F.3d at 920.

A federal court considering whether a plaintiff's state-law wage and hour claims are preempted by § 301 must also keep in mind the long-standing and well-established "strong presumption against removal jurisdiction" that operates in this context. *Gaus v. Miles, Inc.*, 980 F.2d

564, 566 (9th Cir. 1992) (internal quotes omitted). It is thus Defendant, and not Plaintiff, who carries the burden to prove that Plaintiff's plainly state-law claims should be resolved in a federal forum.

Where a court considered a motion to dismiss state-law wage and hour claims brought by an employee who was undisputedly subject to a CBA but whose complaint did not mention the CBA or any of its provisions, the court held that "a plaintiff covered by a collective-bargaining agreement is permitted to assert legal rights *independent* of that agreement ... and **[t]he fact that a defendant might ultimately prove that a plaintiff's claims are preempted ... does not establish that they are removable to federal court**." *Gonzalez Quiroz v. Coffman Specialties*, 2020 WL 7258725, *3 (S.D. Cal. Dec. 10, 2020) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 396-98 (1987) (emphasis added).

As discussed at length in Plaintiff's Motion for Remand, Plaintiff is asserting rights afforded to him by California state laws.  Plaintiff's complaint makes no mention of any CBA *at all*, because Plaintiff is not raising a contract dispute connected to a purported CBA, nor is he raising a right afforded to him *only* by the CBA.  *See* Complaint.  Plaintiff is raising rights afforded to him by the state of California, independent of any agreement.  As such, no interpretation of any CBA is required.

The Court may "look to a CBA" without such inquiry arising to the level of "interpretation" as contemplated by *Burnside*. Indeed, "interpretation is construed narrowly; it means something more than consider, refer to, or apply." *Schurke*, 898 F.3d at 921; *see also Meek v. SkyWest, Inc.*, 2019 WL 6841367 (N.D. Cal. Dec. 16, 2019) (even where a great deal of data must be reviewed in detail, the court's inquiry does not rise to the level of "interpreting" a CBA such to trigger preemption).  "Merely consulting a CBA (to, for instance, calculate damages or ascertain that an issue is not addressed by the CBA) does not constitute 'interpretation' of the CBA for preemption purposes." *Dent v. NFL*, 902 F.3d 1109, 1116 (9th Cir. 2018).  "'Interpretation' of a CBA's provisions "is not precisely defined but has been construed to mean more than the need for a passing reference to a CBA. ... Adjudicating the claim must require resolution of an active dispute over the meaning of the terms in the CBA." *Foster v. A-Para Transit Corp.*, 2019 WL 323764, at *2 (N.D. Cal. Jan 25, 2019).

1      Moreover, there is no presumption that interpretation is required, even upon on a Motion to

2   Dismiss.  "It is not enough for Defendants to provide a laundry list of provisions that they allege the

3   Court must interpret to resolve Plaintiff's claims; Defendants must explain *why* interpretation, as

4   opposed to mere reference to the CBA, is necessary." *Wilson-Davis v. SSP Am., Inc.*, 434 F. Supp.

5   3d 806, 813 (C.D. Cal. 2020).  On a motion to dismiss or motion for judgment on the pleadings, a

6   defendant "wielding the parties' CBA in its defense 'does not mandate federal preemption.'" *Roth*

7   *v. CHA Hollywood Medical Center, L.P.*, 2013 WL 5775126, at *2 (C.D. Cal. Oct. 25, 2013, No.

8   2:12-CV-07559-ODW) citing *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 691 (9th

9   Cir. 2001).

10     For LMRA § 301 preemption to apply, "the need to interpret the CBA must inhere to the

11  nature of the plaintiff's claims." *Cramer v. Consol. Freightways Inc.,* 255 F.3d 683, 691 (9th

12  Cir.2001) ("*Cramer*").  Notably, in *Cramer*, the court simultaneously considered a motion for

13  remand and a motion to dismiss, and held that where plaintiff's claims are "plainly based on state

14  law, section 301 preemption is not mandated simply because the defendant refers to the CBA in

15  mounting a defense." *Id*.  A defendant's mere "reference to or consideration of the terms of a

16  collective bargaining agreement is not the equivalent of interpreting the meaning of the

17  terms." *Id.; Ramirez v. Fox Television Station, Inc.,* 998 F.2d 743, 749 (9th Cir.1993). "Causes of

18  action that only tangentially involv[e] a provision of a collective bargaining agreement are not

19  preempted by Section 301. Nor are causes of action which assert nonnegotiable state-law rights ...

20  independent of any right established by contract." *Id.* at 748.

21     Thus, for the purposes of Defendant's Motion to Dismiss and Plaintiff's Opposition, any

22  inquiry into any purported CBA should not give rise to the interpretation factor prescribed by

23  *Burnside*.  Indeed, as illustrated above, the Court may consider or refer to any purported CBAs

24  without interpreting it.

25  / / /

26  / / /

27  / / /

28  / / /

III. **LEGAL ARGUMENT**

**A. THE PURPORTED CBAS DO NOT QUALIFY FOR EXEMPTION UNDER APPLICABLE CALIFORNIA LABOR CODES AND WAGE ORDERS**

In California, "wage and hour claims are … governed by two complementary and occasionally overlapping sources of authority: the provisions of the Labor Code, enacted by the Legislature, and a series of 18 wage orders, adopted by the IWC." *Brinker Restaurant Corp. v. Superior Court*, 53 Cal.4th 1004, 1026 (2012). As a result, courts charged with reviewing this framework adopt whichever construction of those authorities promotes employee protections. *See Frlekin v. Apple Inc.*, 8 Cal.5th 1038, 1045 (2020).

**1. The CBAs Do Not Impact Plaintiff's Overtime Claim In Connection with Defendant's Failure to Pay Reporting Time under Wage Order 16**

In California, time spent reporting to work, whether or not work is provided or available, is considered time spent under an employer's control and must be compensated as wages. *Herrera v. Zumiez, Inc.*, 953 F.3d 1063, 1075 (9th Cir. 2020); *see also Ward v. Tilly's, Inc.*, 31 Cal.App.5th 1167, 1182 (2019), review denied (May 15, 2019). "Reporting time pay makes employee income more predictable, by guaranteeing employees a portion of the wages they would earn if they were permitted to work the on-call shifts." *Id.* Reporting time pay, of course, should be calculated at the regular rate of pay *or* the overtime rate of pay, depending on how many hours an employee has respectively worked that week.

California Industrial Welfare Commission Order No. 16-2001 ("IWC Wage Order 16") applies to employees working in on-site in construction, drilling, logging and mining industries. *Id*. Pursuant to IWC Wage Order 16, each workday that an employee is required to report to the work site and does so, but is not provided work or is furnished with less than half of his/her usual scheduled day's work, "the employer shall pay him/her half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours at the employee's regular rate of pay, which shall not be less than the minimum wage." *Id*. at (5)(B). Wage Order 16 goes on to state that "this section shall apply to any employees covered by a valid collective bargaining

agreement unless the collective bargaining agreement expressly provides otherwise." *Id*. at (5)(D) [emphasis added].

Here, Plaintiff alleges that he was not paid all the wages he was owed, as a result of Defendant's failure to track and pay for all time actually worked.  Complaint, ¶¶ 10, 11.  This necessarily includes reporting time pay that should have been compensated at the overtime or regular rate of pay, which ever applied in light of how many hours were already worked that day or week, which Plaintiff alleges was not.  Turning to the 2017 CBA[2] and the 2020 CBA[3], neither qualify for exemption from paying reporting time as required by IWC Wage Order 16, because they in no way expressly provides for an exemption.  *See generally* Defendant's Request for Judicial Notice ("RJN"), Exh. A; Exh. B.  Indeed, the only reference to IWC Wage Order 16 found in the 2017 CBA appears in connection with the provision of rest periods.  *Id*., p. 23.  As such, no purported CBA affects Plaintiff's overtime and minimum wage claims in connection with Plaintiff's theory that reporting time pay was not compensated, at the very least.

### 2.   Plaintiff's Overtime Claim Is Not Preempted By Labor Code § 514

California Labor Code section 514 states that overtime need not be paid according to the California Labor Code where an employee is covered by a valid CBA: (1) if the agreement expressly provides for the wages, hours of work, and working conditions of the employees; and (2) if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage.  *Id*.  As such, in order for an employer to benefit from the CBA-exception from paying overtime according to the California Labor Code, the CBA *must* satisfy both requirements.  Here, however, neither provision, yet alone both, are satisfied.

---

[2] The "Agreement Iron Worker Employers State of California and a Portion of Nevada And District Council of Iron Workers of the State of California and Vicinity July 1, 2017 and June 30, 2020" attached as Exhibit A to Defendant's Request for Judicial Notice shall be referred to as "2017 CBA."

[3] The "Agreement Iron Worker Employers State of California and a Portion of Nevada And District Council of Iron Workers of the State of California and Vicinity July 1, 2020 and December 31, 2024" attached as Exhibit B to Defendant's RJN shall be referred to as "2020 CBA."

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

1    Notwithstanding the exemption, "under California law, exemptions from statutory

2  mandatory overtime provisions are **narrowly construed**." *Ramirez v. Yosemite Water Co., Inc.*, 20

3  Cal.4th 785, 794 (1999) (emphasis added).  Indeed, the assertions of an exemption from the overtime

4  laws is considered to be an affirmative defense, and therefore, the employer bears the burden of

5  proving the employee's exemption.  *Id.*, at 794-95; *see also Vasserman v. Henry Mayo Newhall*

6  *Memorial Hospital*, 65 F.Supp.3d 932, 954 (C.D. Cal. 2014) [because reliance on § 514 is a defense

7  to an overtime claim, it does not give rise to preemption].  An employer is thus exempt from the

8  overtime requirements of section 510 <u>only</u> if it has a CBA which meets each of the section 514's

9  statutory requirements.  *See e.g., Angeles v. U.S. Airways, Inc.*, 2013 WL 622032 at *5 (N.D. Cal.

10 2013) [finding that Defendants were not exempted from complying with California Labor Code

11 section 510 because the CBAs governing Plaintiffs' employment provided premium wage rates for

12 only some overtime hours].  A CBA "specif[ying] how work hours are calculated, and consequently

13 what time is owed under state law" did not preempt state law claims for overtime wages and

14 minimum wage.  *Foster*, *supra*, 2019 WL 323764, at *2.

15          a.  **Defendant *Did Not* Pay 30% Above The Legal Minimum Wage**

16              **For All Time Worked Or Pay Premium Wage Rates for All**

17              **Overtime Hours Worked**

18          It is well established under California law, that an employer must compensate employees for

19 all "hours worked."  *Arredondo v. Delano Farms Co.*, 301 F.R.D. 493, 523 (E.D. Cal. 2014); *White*

20 *v. Starbucks Corp.*, 497 F.Supp.2d 1080, 1083 (N.D. Cal. 2007); *Brinker Rest. Corp.*, *supra*, 53

21 Cal.4th at 1051–1052 (2012); *Morillion v. Royal Packing Co.*, 22 Cal.4th 575, 585 (2000).  "Hours

22 worked are defined as 'the time during which an employee is subject to the control of an employer,

23 and includes all the time the employee is suffered or permitted to work, whether or not required to

24 do so.'"  *Arredondo*, 301 F.R.D. at 523 (quoting *Morillion*, 22 Cal.4th 575); *accord* Cal. Code.

25 Regs. tit. 8 § 11080(2)(G).

26          Under California law, hours worked includes any on-site pre or post-shift activities required

27 by the employer. *See, e.g.*, *Morillion*, 22 Cal.4th at 587 ("[A]n employer [that] requires employees

28 to meet at designated places to take its buses to work and prohibits them from taking their own

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

transportation" subjects employees to "the control of [the] employer" and the time spent traveling on the buses "is compensable as 'hours worked.' "); *Ridgeway v. Wal–Mart Stores, Inc.*, 107 F.Supp.3d 1044, 1054–1055 (N.D. Cal. 2015) (holding that an employer requires an employee to remain onsite—even though the employees were permitted to relax or take meals—exercises control and the time is compensable as hours worked); *See also, IBP, Inc. v. Alvarez*, 546 U.S. 21, 29-33 (2005) (holding that donning and doffing of specialized gear performed before or after a shift is "integral and indispensable" to the employee's principal activities thus compensable under the Fair Labor Standards Act ("FLSA")); *Armenta v. Osmose, Inc.*, 135 Cal.App.4th 314, 323–324 (Cal. Ct. App. 2005) ("A review of [California's] labor statutes reveals a clear legislative intent to protect the minimum wage right of California employees to a greater extent than federally.")

Moreover, California Labor Code section 514 "only provides an exemption to payment of overtime pursuant to Section 510 if a premium wage is paid for *all* overtime hours worked." *Perez v. Leprinto Foods Co.*, 2017 WL 6540512 (E.D. Cal. Dec. 21, 2017) (emphasis added). "That limitation would be largely undermined if the parties to a CBA could exclude activities that are integral to performance of the principal work activity from consideration as 'hours worked' for purposes of calculating overtime compensation." *Id*.

Here, first, Plaintiff alleges that he was not paid for all hours worked pursuant to the California Labor Code, as a result of being required to work off the clock, including to make phone calls and/or drive off the clock, among other things.  Complaint, ¶ 10.  Second, Plaintiff's overtime allegation states that he was *not* paid a premium wage for all overtime hours worked.  Indeed, Plaintiff alleges that "Defendants have, at times, failed to pay overtime wages to Plaintiff and Class Members…in violation of California state wage and hour laws."  Complaint, ¶ 12.  As such, Plaintiff expressly alleges that he and Class Members were not paid *anything* for this time worked, *yet alone* an amount 30% above the legal minimum wage or the proper overtime premiums.

Third, Defendant itself, by way of the CBA, expressly states that employees are *not* paid wages for all time worked.  By way of reminder, employees are entitled to reporting time pay, such that when they show up to work and no work is provided, they must be paid half of their regular hours, and a minimum of two hours of wages.  Here, as it pertains to reporting time pay (coined as

11

"show up expense" in the 2017 CBA), employees who show up to work where no work is provided shall be paid: a flat rate of $60; and "subsistence." RJN, Exh. A, p. 39. The 2017 CBA expressly states that "subsistence" is not considered wages. *Id.*, p. 34. Notably, reporting time pay is categorized by the 2017 CBA as an "expense" rather than a wage earned in connection with hours worked. *Id.*, p. 39. Nevertheless, the 2017 CBA requires that when such "show up expense" instances arise, employees "must remain at the job side for two (2) hours," at which time they remain under Defendant's control but are not compensated with wages for time worked. (*Id.*, p. 39.) As such, any pay received in connection with this "show up expense," is, by Defendant's own delineation, *not* considered wages. As such, the CBA policy on reporting time pay amounts an *express concession that not all time worked is not compensated as wages*, be it at the regular rate of pay or the overtime premium rate.

Fourth, the 2020 CBA and 2017 CBA state that "if any individual employer orders the same workmen to and from the same job more than once when the job is not continuous, workmen shall be paid travel reimbursement to and from the job for each round trip." RJN, Exh. A, p. 38; Exh. B, p. 42. As set forth above, under California law, this time spent must be compensated as wages for time spent under Defendant's control. However, the 2020 and 2017 CBAs expressly state that travel reimbursement is *not* considered wages. RJN, Exh. A, p. 37; Exh. B, p. 35. Accordingly, employees who spend what is considered compensable time in California traveling to and from a worksite that is not their normal place of work, are not paid *any wages* for this time. Similar to above, this time spent working off the clock, where no wages are paid at all, falls markedly below the standard required that employees be paid a regular rate that is more than 30% of the state minimum wage and a proper overtime premium.

As such, there are both employment practices in which Plaintiff and others were required to work off the clock, as well as times in which Defendant itself expressly refused to compensate employees at a regular rate of pay 30% above the minimum wage or the proper overtime premium wage for time worked. To conclude otherwise would allow unionized employers to avoid overtime by unilaterally choosing what activities it will and will not count as hours worked, and would run counter to the Legislature's intent in enacting the California Labor Code and applicable Wage

12

1    Orders.   Thus, on this basis alone, Defendant does not satisfy the requirements of exemption

2    pursuant to the CBA according to California Labor Code section 514.

3             **b.   The CBAs Do *Not* Expressly Provide for Wages, Hours of Work,**

4             **and Working Conditions**

5             In determining whether a CBA meets the condition of "expressly providing for the wages,

6    hours of work and working conditions of employees," courts have found that a CBA meets these

7    conditions where it: all hours worked are accounted for; and specifies when one receives overtime,

8    among other things.  (*Olea v. Teichert Pipelines, Inc.* (C.D. Cal., May 7, 2021, No. 2:21-CV-01675-

9    RGK-PD) 2021 WL 1839683, at *4 ["*Olea*"].)   As to overtime, the *Olea* Court specifically found

10   that the CBA properly articulated the overtime policy because it stated "time and one-half, except

11   hours worked over twelve (12) in a single workday, Sundays and Holidays, which are double time

12   (2x)."  (*Id.*)  Similarly, where a CBA stated "'[e]ight (8) hours or less shall constitute a day's work,

13   which shall be completed within a consecutive period of nine (9) hours,'" it satisfied the requirement

14   in IWC Wage Order 16 that hours of work be expressly provided.  (*Cathcart v. Sara Lee Corp.* (N.D.

15   Cal., Nov. 30, 2011, No. C-09-5748 MMC) 2011 WL 5981849, at *3 ["*Cathcart*"].)

16           Here, Defendant's 2017 and 2020 CBAs do not meet the standard set out in *Olea* and

17   *Cathcart*, as the CBAs do not provide the same clarity as to working conditions, wages and hours

18   of work.  First, the 2020 CBA goes as far as to contradict itself regarding overtime hours.  On one

19   hand, the 2020 CBA states "all work in excess of ten (10) hours per day shall be paid at one and

20   one-half (1½) times the straight time hourly rate for the first two (2) hours worked and double time

21   shall be paid for all work in excess of twelve (12) hours Monday through Thursday."  RJN, Exh. B,

22   p. 17.  The 2020 CBA goes on to state that "time and one-half shall be paid for the first two (2)

23   hours worked in excess of eight (8) hours on any regular work day Monday through Friday.  Time

24   and one half shall be paid for the first eight (8) hours worked on Saturday and double time shall be

25   paid for all hours worked in excess of eight (8) hours."  RJN, Exh. B, p. 30.  Indeed, the 2020 CBA

26   itself is *entirely unclear* as to whether overtime is paid after eight hours of work or after ten hours

27   of work, rendering its provision of the wages, hours of work and working conditions of employees

28   insufficient to pass muster.

1    Second, the 2020 CBA is unclear about whether certain time spent under Defendant's control

2    will be compensated.  Indeed, the 2020 CBA states "there will be a pre job conference at least one

3    week prior to the start of any job or project at the option of either party where the agreed or estimated

4    cost of the prime contract is One Million Dollars ($1,000,000) or more."  RJN, Exh. B, p. 60.  As

5    such, the 2020 CBA requires employees attend a pre-job conference but fails to state whether

6    employees will be compensated for this time spent under Defendant's control, and no policy in the

7    2020 CBA resolves this issue.  *See generally Id.*

8    Third, as discussed above, Plaintiff's well-pleaded Complaint brings forth a claim that

9    Defendant failed to pay overtime and minimum wages to Plaintiff and other non-exempt employees

10   by: failing to track and/or pay for all minutes actually worked; engaging, suffering, or permitting

11   employees to work off the clock, including by requiring employees to make phone calls or drive off

12   the clock, among other things.  Complaint, ¶¶ 10-11.  In Defendant's Motion, it contends that the

13   CBAs contemplate compensation for time spent making phone calls or driving off the clock as

14   "show up expenses or as actual hours worked."  Motion, pp. 15-16.  In doing so, Defendant

15   conveniently fails to point to any language in any CBA providing for such compensation.  Indeed,

16   the policy in the 2020 CBA Defendant cites to in its Motion makes no mention of whether time

17   spent driving or making phone calls is compensated.  *Id*. That is because no such language exists.

18   Notwithstanding Defendant's baseless assertion, the 2017 and 2020 CBAs remain unclear as to

19   whether they compensate employees for time spent driving or making and/or receiving phone calls

20   off the clock.

21   Lastly, neither the 2020 CBA nor the 2017 CBA describes how employee work hours are

22   tracked or recorded, and further make no mention of any rounding policy.  See generally RJN, Exh.

23   A; Exh. B.  As such, the purported CBAs further fail to provide for the wages, hours of work and

24   working conditions, on this basis as well.

25   As shown by the language in Defendant's 2017 and 2020 CBAs, the CBAs fail to expressly

26   and sufficiently provide for the wages, hours of work and working conditions.  Thus, with neither

27   element of California Labor Code section 514 CBA-exception satisfied, Defendant is not absolved

28   from compliance with California Labor Code section 514.

14

1

2

3.   <u>The CBAs Have No Preemptive Effect On Plaintiff's Meal and Rest</u>
<u>Period Claims</u>

3       State law statutory claims asserted by a plaintiff cannot be bargained away.  *Bonilla v.*

4  *Starwood Hotels & Resorts Worldwide, Inc.*, 407 F.Supp.2d 1107, 1112 (C.D. Cal. 2005) (citing

5  *Lujan v. S. Cal. Gas Co.,* 96 Cal.App.4th 1200, 1211 (2002)) (employer and a union cannot bargain

6  away an employee's rights under state wage statutes, including IWC Wage Orders).  California's

7  statutorily guaranteed meal periods are not subject to waiver by a CBA and are nonnegotiable.

8  *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1080-81 (9th Cir. 2005).  Indeed, "any provision of the

9  collective bargaining agreement purporting to waive the right to meal periods would be of no force

10 or effect: The right in question is plainly nonnegotiable."  *Id.*, at 1082 citing Cal. Lab. Code § 219.

11 *See also Zavala v. Scott Brothers Dairy, Inc.*, 143 Cal.App.4th 585, 593-594 (2006).  Moreover,

12 "statutory exemptions" relating to possible waiver of "meal-break claim[s] subject to Section 512(e)

13 ... generally do not raise a federal question."  *Foster v. A-Para Transit Corp.*, 2019 WL 323764, *3

14 (N.D. Cal. Jan. 25, 2019).  That is because merely "invok[ing] an exemption from default state-law

15 rights that is both permitted by state law and memorialized in the CBA ... is not enough" to justify

16 preclusion on a state-law meal-break claim.  *Id.*  "Meal periods are a nonnegotiable right under state

17 law.  Courts have thus held that California state law claims alleging meal period violations are not

18 preempted even when the CBA includes language entitling employees to such breaks."  *Vasserman*,

19 *supra*, 65 F.Supp.3d at 960.

20      In *Roth v. CHA Hollywood Medical Center, L.P.*, 2013 WL 5775126 (C.D. Cal. Oct. 25,

21 2013) ("*Roth*"), the court contemplated whether LMRA §301 preempts the plaintiff's California

22 wage and hour claims in a motion for judgment on the pleadings.  The court considered the motion

23 as "functionally identical" to a Rule 12(b) motion to dismiss.  *Id.*, at *1.  "California law mandates

24 that an employer provide off-duty meal periods, and that right is independent of any provision of

25 the CBA."  *Id.* at *3.  "Meal-break claims can be resolved simply by looking to payroll and time

26 records and employee testimony.  Like [plaintiff's] rest-break claims, Section 301 does not preempt

27 her mealbreak claims."  *Id.*  After applying the *Burnside* factors, *Roth* noted that courts <u>routinely</u>

28 <u>strike down meal and rest break preemption arguments based upon LMRA § 301, where plaintiff</u>

15

1  makes claims for state rights and plaintiff's complaint makes no reference to a CBA.  *Id.  Roth* came

2  to this conclusion as to the meal and rest period claims because the plaintiff "bases her rest-break

3  claims solely on California statutes and regulations. ***Nowhere in [Plaintiff's] First Amended***

4  ***Complaint does she mention the parties' CBA, and in no way does [Plaintiff] assert rights beyond***

5  ***those conferred to her by California law***." *Id.* at *2 (emphasis added).

6      Where a defendant failed to provide plaintiff with compliant rest periods, as mandated by

7  the California Labor Code and applicable Wage Orders, the defendant's presentation of "numerous

8  CBAs" does not "form[] the basis for Plaintiffs' claims.  In other words, Plaintiffs' claims involve

9  rights conferred upon an employee by virtue of state law, not by a CBA." *Azpeitia v. Tesoro Ref.*

10  *& Mktg. Co. LLC*, No. 17-CV-00123-JST, 2017 WL 3115168, at *4 (N.D. Cal. July 21, 2017)

11  (internal quotes omitted). (Holding plaintiff's rest-break claims are not preempted by LMRA §301.)

12      Here, as discussed, Plaintiff's Complaint makes no reference to any CBA, but only to state

13  statutes concerning his state law rights.  As such, there can be no preemptive effect on Plaintiff's

14  meal and rest period claims, and both claims must proceed on their merits.

15      Turning to IWC Wage Order 16, the meal period provision does not apply to employees

16  covered by a valid CBA *if*: (1) the CBA expressly provides for the wages, hours of work, and

17  working conditions of employees; and (2) if the agreement provides premium wage rates for all

18  overtime hours worked and a regular hourly rate of pay for those employees of not less than 30

19  percent more than the state minimum wage.  IWC Wage Order No. 16 (10)(E).  For the reasons

20  outlined above in Plaintiff's argument as to his overtime claim, the purported CBAs have *not*

21  expressly provided for the wages, hours of work, and working conditions of employees.  This comes

22  as result of the CBAs' failure to: (1) clearly indicate when exactly an employee may be entitled to

23  overtime wages; and (2) uniformly pay employees a regular rate of pay at least 30% over the state

24  minimum wage, by virtue of requiring employees to work off the clock, both as an express policy

25  to the CBAs and in practice as a result of the requirement employees drive or talk on the phone off

26  the clock.

27      As such, there can be no doubt that Plaintiff's meal and rest period claims must continue on

28  their merits and are not preempted in any way from compliance with the California Labor Code.

1      **4.**   <u>**Plaintiff's Waiting Time Penalty Claim Is Not Impacted By Any CBA**</u>

2         Where a plaintiff makes an allegation of a direct, as opposed to a derivative, violation of the

3  Labor Code, the claim is not barred as a matter of law or preempted by LMRA § 301. *Hernandez*

4  *v. Sysco Corp.*, 2017 WL 1540652, *6 (N.D. Cal. April 28, 2017). Indeed, even when a wage

5  statement or waiting time penalty claim *is* derived from other wage and hour claims, it is not

6  necessarily preempted. In *Wilson-Davis v. SSP America, Inc.*, 434 F.Supp.3d 806 (C.D. Cal. 2020)

7  ("*Wilson*"), the court simultaneously considered a motion for remand and a motion to dismiss, as

8  the Court does here. After finding that the CBA at issue did not preempt plaintiff's central wage

9  and hour claims under state law, the court ruled that the waiting time claim and the wage statement

10  claim were "derivative of [plaintiff's] first five claims, and thus, also not subject to

11  preemption." *Id.* at 816. Thus, whether Plaintiff's claim here for waiting time penalties is direct or

12  derivative, it must continue on its merits.

13         Defendant cites to California Labor Code section 204, the statute concerning the payment of

14  wages *during* employment, as the basis for its contention that Plaintiff's claims for failure to pay

15  timely wages at the time of separation of employment cannot survive. However, Defendant's

16  argument is misleading. The case Defendant cites to in support of its argument did not even include

17  a claim for waiting time penalties based on California Labor Code section 201, 202 and 203, as

18  Plaintiff does here. *See Gillette v. Stater Bros Markets, Inc.*, 2019 WL 8017735 (C.D. Cal., 2019).

19  Defendant next relies on *Hall v. Live Nation, Worldwide, Inc.*, 146 F. Supp. 3d 1187, 1201-02 (C.D.

20  Cal. 2015) [*Hall*] for the same proposition. However, the court in *Hall* addressed an exemption to

21  an employee's right to receive payment of timely final wages specifically for "employees in the

22  entertainment industry. *Hall*, 146 F. Supp. 3d 1187 at 1200.

23         As such, Defendant's argument misses the mark. That is because <u>California Labor Code</u>

24  <u>section 204 pertains to the payment of wages *during* employment, not at the time of separation</u>. Cal.

25  Lab. § 204. It is, thus, inapplicable to Plaintiff's claim for waiting time penalties. In contrast,

26  California Labor Code section 201.5 states: "nothing in this section prohibits the parties to a valid

27  collective bargaining agreement from establishing alternative provisions for final payment of wages

28

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

to employees covered by this section if those provisions do not exceed the time limitation established in Section 204." Cal. Lab. § 201.5.

Section 204 states that "labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month." *Id*.

Here, the limitations set forth in California Labor Code section 204 *have* been exceeded, and thus Defendant cannot seek cover from compliance with the California Labor Code. Plaintiff alleges not only derivative waiting time penalties by virtue of the non-payment connected to his other wage and hour claims, but also *direct* waiting time penalties. Indeed, Plaintiff's claim for waiting time penalties captures both: (1) the failure to pay overtime wages, minimum wages and premium wages, including for time worked off the clock; and (2) vacation pay pursuant to California Labor Code section 227.3. Complaint, ¶ 15. The first captures both derivative and direct violations of California Labor Code section 201 and 203, and the second captures direct violations of the same. As discussed above, the CBAs themselves expressly state that driving time and reporting time are not compensated with wages. As such, the payment of said wages would necessarily fall outside of the timeframe prescribed by California Labor Code section 204.

Thus, Plaintiff's claim for waiting time penalties is not preempted by any CBA, either.

### 5.   There Is No Basis For Preemption of Plaintiff's Wage Statement Claim

Plaintiff alleges that Defendant failed to provide him and others compliant, itemized wage statements, that include gross wages earned, total minutes worked, net wages earned, all applicable hourly rates in effect and the address of the legal employer, among other things, as required by California Labor Code section 226. Complaint, 70. In doing so, Plaintiff alleges both a direct and a derivative violation. As gleaned from the notable absence of authority suggesting otherwise in Defendant's Motion, Labor Code section 226 *does not* have a CBA exception. *See* Cal. Lab. Code § 226.

Indeed, when courts have considered whether California Labor Code section 226 was preempted, even upon an attenuated derivative theory, courts have denied the defendant employer's

motion to dismiss wage statement claims, ruling that "plaintiff's wage statement claim is [not] barred as a matter of law, especially given his contention that it is not based solely on meal and rest period violations." *Hernandez v. Sysco Corp.*, 2017 WL 1540652, *6 (N.D. Cal. April 28, 2017). As such, there can be no finding, on a derivative or direct basis, for a CBA-based preemption of Plaintiff's wage statement claim.

6. **Plaintiff Did Not Waive His State Right to Payment of Accrued and Unused Vacation Pay At Termination**

Defendant miscategorizes Plaintiff's claim for the payment of accrued and unused vacation days, in stating that Plaintiff is only entitled to vacation pay by virtue of the purported CBAs. Motion, p. 14. This is not an accurate reflection of the law, or Plaintiff's Complaint. California Labor Code section 227.3 provides that where an employer offers the accrual and use of paid vacation days, an employee is entitled to payment of said vacation days upon separation of employment. *Id*. This is the underlying basis for Plaintiff's claim. Plaintiff's Complaint in no way suggests that he was not afforded vacation days pursuant to a CBA. Rather, Plaintiff alleges that he is entitled to the *payment* of the accrued and unused vacation days he was afforded, as permitted by California Labor Code section 227.3. Complaint, ¶ 85.

Moreover, a CBA containing a "general provision that addresses vacation pay" is not enough to preempt such a claim. *See Sykes v. F.D. Thomas, Inc.*, 2021 WL 343960, at *2 (N.D. Cal. 2021) [holding that general language pertaining to vacation pay cannot be understood as an implicit waiver of the specific right conferred by section 227.3]. In *Choate v. Celite Corp.*, 215 Cal. App. 4th 1460 (2013) ("*Choate*"), the court found that the CBA's vacation provisions were insufficiently clear and unmistakable to validly waive the union workers' rights under California Labor Cide section 227.3. There, the defendant "points out that the [CBAs] 'affirmatively address' vacation payments upon termination. But ***discussing a topic while at the same time saying nothing about the statutory right at issue does not affect a clear and unmistakable waiver of that right***." *Id*., at 1467 (emphasis added).

Here, Defendant fails to point out exactly how the CBA constitutes a waiver of section 227.3. Indeed, neither the 2017 CBA nor the 2020 CBA make *any* reference to a waiver of California Labor

19

1   Code section 227.3.  Instead, Defendant merely cite to the CBAs' reference to a PTO policy that

2   makes no mention of a waiver.  This minimal language alone does not constitute a waiver of the

3   specific right conferred by section 227.3.  As such, Plaintiff's claim for unpaid vacation time is not

4   preempted by any CBA.

5       **B. <u>Plaintiff Was Not Required to Follow an Internal Grievance Procedure Before</u>**

6          **<u>Bringing His State Law Claims</u>**

7       Courts have held that the mere mentioning of an internal grievance procedure does not

8   establish a need to interpret a CBA.  That is because the purpose of LMRA § 301 preemption is to

9   protect the primacy of grievance and arbitration as the forum *for resolving CBA disputes* and the

10  substantive supremacy of federal law within that forum, nothing more.  *Hawaiian Airlines, Inc. v.*

11  *Norris*, 512 U.S. 246, 262–63 (1994), *Schurke*, 898 F.3d at 920.  Moreover, *Lividas* stands for the

12  proposition that the mere existence of an internal grievance procedure in which "precisely the same

13  set of facts" could be pursued does not give rise to a need for the Court to interpret the CBA to

14  determine whether federal jurisdiction exits.  *Livadas*, 512 U.S. 107, at 123; *see also Moore v. Dnata*

15  *US Inflight Catering LLC*, 2021 WL 3033577, at *7 (N.D. Cal. 2021) ("simply pointing to grievance

16  procedures" does not indicate that resolving the merits of a plaintiff's state law claims "will require

17  the interpretation of a CBA").

18      Rather, "in order for a grievance or arbitration provision to implicate preemption, the 'union-

19  negotiated waiver of employees' statutory right to a judicial forum must be 'clear and

20  unmistakable.'" *Munoz v. Atlantic Express of L.A., Inc.*, 2012 WL 5349408, at *4 (C.D. Cal. Oct.

21  30, 2012) ("*Munoz*") (quoting *Wright v. Universal Maritime Serv. Corp.*, 525 U.S. 70, 80-81

22  (1998)).  "To be clear and unmistakable, a waiver must do more than speak in broad, general

23  language. It must be specific, and mention either the statutory protection being waived or, at a

24  minimum, the statute itself." *Choate v. Celite Corp.*, 215 Cal. App. 4th 1460, 1467 (2013).  A CBA

25  that "expressly limits the application of the grievance procedure to grievances relating to the CBA

26  ... does not, by its terms, subject Plaintiff's claims under state law to said procedure." *Munoz*, *supra*,

27  at *5; *see also Martinez v. J. Fletcher Creamer & Son, Inc.*, 2010 WL 3359372, *5 (C.D. Cal. Aug.

28  13, 2010) (where a "CBA does not directly reference the statutes" creating plaintiff's state-law

20

causes of action, it "does not 'clearly and unmistakably' waive Plaintiff's rights under those statutes, and "Plaintiff was not required to file a grievance under the CBA to pursue his statutory claims.") The *Munoz* court came to this conclusion after reviewing the language in the CBA at issue there, which expressly stated the grievance procedure applied to any "alleged grievance arising *under this Agreement* ..." *Id.* Thus, on this basis, the CBA did not "'clearly and unmistakably' require Plaintiff to file a grievance pursuant to the CBA to pursue her state law claims." *Id.*

Here, as a threshold matter, the fact that the CBAs have an internal grievance procedure, and Defendant's reference to them in its Motion, does not require Plaintiff to have completed the internal grievance procedure prior to filing his state law claims.  Nevertheless, the 2017 CBA includes identical language to that found in *Munoz*, and is otherwise silent as to any state law rights being waived, yet alone make references to the waiver of any California Labor Code provision.  Indeed, the 2017 CBA states that it governs "the meaning and enforcement of *this Agreement*."  RJN, Exh. A, p. 66; (emphasis added).

As such, whether Plaintiff did or did not complete a CBA-mandated grievance procedure is immaterial, as it does not impact Plaintiff's Action involving only state law claims and cannot serve as a basis for dismissal for failure to exhaust remedies.

**IV.   This Court Should Not Consider Defendant's Motion Because It Failed to Comply With Local Rule 7-4**

Pursuant to United States District Court, Northern District of California, Civil Local Rule 7-4 ("Rule 7-4), "a brief or memorandum of points and authorities filed in support, opposition, or reply to a motion" must contain, "if in excess of 10 pages, a table of contents and a table of authorities." Local Civ. Rule 7-4 (N.D.). Here, Defendant's memorandum of points and authorities is 21 pages long, well in excess of 10 pages.  However, Defendant fails to include a table of authorities as required by Rule 7-4.  As such, this Court should not consider Defendant's Motion in light of their failure to comply with Local Rules.

/ / /

/ / /

/ / /

1

2

**V.      To The Extent The Court Grants Defendant's Motion, Which It Should Not, Plaintiff**
**Requests Leave to Amend**

3

4

5

6

7

8

9

10

11

A party has the right to amend his complaint "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a).  A 12(b)(6) motion is not a responsive pleading and therefore plaintiff might have a right to amend.  *See Nolen v. Fitzharris*, 450 F.2d 958, 958-59 (9th Cir. 1971); *St. Michael's Convalescent Hospital v. California*, 643 F.2d 1369, 1374 (9th Cir. 1981).  Even where a party has amended his complaint once or a responsive pleading has been served, the Federal Rules provide that leave to amend should be "freely given when justice so requires." F.R.Civ.P. 15(a). The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

12

13

14

Here, Defendant have not yet filed responsive pleadings.  As such, should the Court grant Defendant's Motion, which it should not, Plaintiff should be permitted to file an amended complaint, as a matter of course, or with leave of court.

15

**VI.     CONCLUSION**

16

17

For all of the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss in its entirety, or, otherwise permit Plaintiff to amend the pleadings.

18

19

Dated:  November 18, 2021              BIBIYAN LAW GROUP, P.C.

20

21

22

                                       */s/ Sara Ehsani-Nia*
                                       SARA EHSANI-NIA
                                       Attorneys for Plaintiff ELMER N. RODRIGUEZ, on
                                       behalf of himself and all others similarly situated

23

24

25

26

27

28

22

1

2

## <u>PROOF OF SERVICE</u>

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

4

      I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 8484 Wilshire Blvd., Suite 500, Beverly Hills, California 90021.

5

6

On November 18, 2021, I served the following document(s) described as **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6); [PROPOSED] ORDER** on:

7

8

9

10

11

GREGORY G. ISKANDER
giskander@littler.com
WILLIAM J. KIM
wkim@littler.com
LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard, Suite 600
Walnut Creek, California 94597

12

**Attorneys for Defendant GONSALVES & SANTUCCI, INC.**

13

The above document(s) were served on the interested parties in this action as follows:

14

15

      *All parties identified for Notice of Electronic Filing generated by the Court's CM/ECF system under the above-reference case number.*

16

17

18

      BY ELECTRONIC MAIL:  As follows:  I am readily familiar with our office's practice of electronic mail transmission; on this date the document enumerated above was transmitted by electronic mail transmission and that the transmission was reported as complete and delivered, and without error.

19

20

      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

21

      Executed on November 18, 2021 at Beverly Hills, California.

22

23

*/s/ Sara Ehsani-Nia*
Sara Ehsani-Nia

24

25

26

27

28