GREGORY G. ISKANDER, Bar No. 200215
giskander@littler.com
WILLIAM J. Kim, Bar No. 336837
wkim@littler.com
LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard, Suite 600
Walnut Creek, California 94597
Telephone: 925.932.2468
Fax No.: 925.946.9809

Attorneys for Defendant
GONSALVES & SANTUCCI, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

ELMER N. RODRIGUEZ, an individual and on behalf of all others similarly situated,

Plaintiffs,

v.

GONSALVES & SANTUCCI, INC., a California corporation; and DOES 1 through 100, inclusive,

Defendants.

Case No. 3:21-cv-07874-LB

DEFENDANT'S OPPOSITION TO MOTION FOR ORDER REMANDING ACTION TO STATE COURT

DATE: December 23, 2021
TIME: 9:30 a.m.
COURTRM: Courtroom B – 15th Floor
LOCATION: Via Zoom

# TABLE OF CONTENTS

PAGE

I. INTRODUCTION .......... 1

II. STATEMENT OF ISSUE TO BE DECIDED .......... 1

III. STATEMENT OF RELEVANT FACTS .......... 2

A. The CBAs Govern Plaintiff's Employment with G&S and Control the Outcome of His Class Claims .......... 2

IV. LEGAL ARGUMENT .......... 3

A. G&S Properly Removed Plaintiff's Claims to This Court Because They Are Preempted by Section 301 of the LMRA .......... 3

1. Applicable Legal Standard .......... 3

2. Section 301 of the LMRA Preempts Plaintiff's Overtime (First Cause of Action), Meal Period (Third Cause of Action), Rest Period (Fourth Cause of Action), Failure to Pay Timely Final Wages Claim (Fifth Cause of Action), and Failure to Pay Vacation Time (Eight Cause of Action) Claims .......... 5

a. Where a CBA Satisfies the Exemptions of Labor Code §514, the Right to Overtime Exists *Solely* as a Result of the CBA .......... 5

b. Where a CBA Satisfies the Exemption at Labor Code § 512(e), the Right to Meal Periods Exists *Solely* as a Result of the CBA .......... 6

c. Where a CBA Provides Equivalent Protection under IWC Wage Order No. 16, the Right to Rest Periods Exists *Solely* as a Result of the CBA .......... 7

d. Where a CBA Provides Alternative Pay Arrangements, Plaintiff's Right to Timely Final Wages Arise *Solely* Under the CBA, Not State Law .......... 7

e. Where a CBA Provides Vacation or Personal Time, the Right to Vacation Exists *Solely* as a Result of the CBA .......... 8

3. Plaintiff's Remaining State Law Claims Require Substantial Interpretation of the CBA .......... 9

a. Plaintiff's Claim for Unpaid Wages (Whether Overtime, Straight Time, or Minimum Wages) (First, Second, and Fifth Causes of Action) Substantially Depend on Analysis of the CBA .......... 9

b. Plaintiff's Rest Period Claim (Fourth Cause of Action) Substantially Depends on Analysis of the CBA .......... 10

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

**TABLE OF CONTENTS**
(CONTINUED)

**PAGE**


c. Plaintiff's Failure to Pay Business Expenses (Seventh Cause of Action) Substantially Depends on Analysis of the CBA .................. 11

4. Section 301 of the LMRA Preempts Plaintiff's Derivative Claims (Fifth, Sixth, Ninth Causes of Action). ........................................................ 11

B. To the Extent Any Claim Is Not Preempted, Supplemental Jurisdiction Exists........ 12

V. CONCLUSION ........................................................................................................ 12


LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

## TABLE OF AUTHORITIES

PAGE(S)

**Cases**

*Allis-Chalmers Corp. v. Lueck*,
471 U.S. 202 (1985) .......... 3

*Berryman v. Merit Prop. Mgmt., Inc.*,
152 Cal. App. 4th 1544 (2007) .......... 12

*Buck v. Cemex, Inc.*,
2013 U.S. Dist. LEXIS 124111 (E.D. Cal. Aug. 29, 2013) .......... 12

*Burnside v. Kiewit Pacific Cop.*,
491 F.3d 1053 (9th Cir. 2007) .......... *passim*

*Consolidated Rail Corp. v. Ry. Labor Execs. Ass'n*,
491 U.S. 299 (1989) .......... 10

*Coria v. Recology, Inc.*,
63 F. Supp. 3d 1093 (N.D. Cal. 2014) .......... 12

*Curtis v. Irwin Indus., Inc.*,
913 F.3d at 1155 .......... 5, 6, 11, 12

*Franchise Tax Bd. v. Constr. Laborers Vacation Trust*,
463 U.S. 1 (1983) .......... 4

*Gillette v. Stater Bros. Markets, Inc.*,
2019 WL 8017735 (C.D. Cal., 2019) .......... 7, 8, 9

*Hall v. Live Nation Worldwide, Inc.*,
146 F. Supp. 3d 1187 (C.D. Cal. 2015) .......... 7, 8

*Kobold v. Good Samaritan Reg'l Med. Ctr.*,
832 F.3d 1024 (9th Cir. 2016) .......... 10

*Krantz v. BT Visual Images, LLC*,
89 Cal. App. 4th 164 (2001) .......... 12

*Lingle v. Norge Div. of Magic Chef*,
486 U.S. 399 (1988) .......... 3

*McCray v. Marriott Hotel Services, Inc.*,
902 F.3d 1005 (9th Cir. 1987) .......... 3

*Parker v. Cherne Contracting Corp.*,
2019 WL 359989 (N.D. Cal. Jan. 29, 2019) .......... 5, 6

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

**TABLE OF CONTENTS**
(CONTINUED)

PAGE

*Parrino v. FHP, Inc.*,
146 F.3d 699 (9th Cir. 1998) ....................4

*Pyara v. Sysco Corp.*,
2016 WL 3916339 (E.D. Cal. July 20, 2016) ....................6

*Teamsters v. Lucas Flour Co.*,
369 U.S. 95 (1962) ....................3

*Voorhees v. Naper Aero Club, Inc.*,
272 F.3d 398 (7th Cir. 2001) ....................3

*Young v. Anthony's Fish Grottos, Inc.*,
830 F.2d 993 (9th Cir. 1987) ....................3

*Zayerz v. Kiewit Infrastructure West*,
2018 WL 582318 ....................7

**Statutes**

28 U.S.C. § 1367(a) ....................12

29 U.S.C. § 185(a) ....................3

Business & Professions Code § 17200 ....................3, 11

California Labor Code

§§ 201-204 ....................2, 7, 8

§ 226 ....................3

§ 226.7 ....................2

§ 227.3 ....................1, 3, 8, 9

§ 510 ....................5

§ 510(a)(2) ....................5

§ 512 ....................2

§ 512(e) ....................1, 4, 6

§ 514 ....................1, 4, 5

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

**TABLE OF CONTENTS**
(CONTINUED)

**PAGE**

§ 1194 .... 2

§ 1197 .... 2

§ 1199 .... 2

§ 2802 .... 3

Section 301 of the Labor Management Relations Act .... *passim*

**Other Authorities**

Article III of the United States Constitution .... 12

IWC Wage Order No. 16 .... 1, 4, 7, 9

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

## I. INTRODUCTION

Defendant Gonsalves & Santucci, Inc. ("Defendant" or "G&S") properly removed this case to federal court because Plaintiff Elmer N. Rodriguez's ("Plaintiff" or "Rodriguez") claims and those of the putative class are preempted by Section 301 of the Labor Management Relations Act. Plaintiff's attempt to remand this case fails because Plaintiff completely ignores well-established law and focuses his entire argument on the simple fact that he does not allege any violations of the CBAs at issue and asserts without support that his claims are independent state law claims. Plaintiff's arguments have been squarely rejected by numerous courts, including most recently here in the Northern District of California.

Plaintiff worked for G&S pursuant to two valid and enforceable collective bargaining agreements (CBAs). Plaintiff's case is preempted and removal was proper because: (1) California Labor Code section 514 exempts Plaintiff's overtime claim (First Cause of Action); (2) California Labor Code section 512(e) exempts Plaintiff's meal period claim (Third Cause of Action); (3) Industrial Welfare Commission ("IWC") Order No. 16-2001 exempts Plaintiff's rest period claim (Fourth Cause of Action); (4) the existence of alternative pay arrangements in the collective bargaining agreements preempt Plaintiff's failure to pay timely final wages claim (Fifth Cause of Action); (5) California Labor Code section 227.3 preempts Plaintiff's claim for failure to pay all vested vacation time (Eight Cause of Action); (6) other provisions of the CBAs must be interpreted to resolve Plaintiff's wage, rest period, and business expenses (First, Second, Fourth, Fifth, and Seventh Causes of Action) claims; and (7) Plaintiff's derivative claims – waiting time penalties, final pay, inaccurate wage statements, and unlawful business practices (Fifth, Sixth, and Ninth Causes of Action) – must be resolved with his underlying substantive unpaid wages, meal and rest period, and unpaid business expenses and vacation claims. Furthermore, to the extent the Court has original jurisdiction over one of Plaintiff's claims, it may properly exercise supplemental jurisdiction over the remainder. Accordingly, Plaintiff's lawsuit must be resolved in its entirety by this Court, which has original jurisdiction. The Court should deny Plaintiff's Motion for Remand.

## II. STATEMENT OF ISSUE TO BE DECIDED

The issue raised by this Opposition is whether the Court should deny Plaintiff's Motion for

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

Remand because Defendant properly removed this action to this Court based on federal question jurisdiction under Section 301 of the Labor Management Relations Act.

## III. STATEMENT OF RELEVANT FACTS

### A. The CBAs Govern Plaintiff's Employment with G&S and Control the Outcome of His Class Claims

G&S employed Plaintiff from February 27, 2020 to December 14, 2020. (ECF No. 3 (Declaration of Jessica Fraser ("Fraser Decl.,"), ¶ 5)). Plaintiff does not dispute that he was a member of the Union at all relevant times, and that the terms and conditions of his employment were set forth in collective bargaining agreements ("CBAs") between G&S and the District Council of Iron Workers of the State of California and Vicinity, Local Union 377 ("Union"). (*Id.*, ¶ 4). True and correct copies of the applicable CBAs were filed with G&S's Notice of Removal. (ECF No. 3, Exhibits A[1] and B[2]). As set forth in detail in G&S's Notice of Removal, the CBAs include provisions that relate to the employment conditions at issue in Plaintiff's Complaint, including meal and rest periods, wages, and wage payment. (*See generally* 2020 CBA).

Deliberately omitting the applicable CBAs, Plaintiff's class action claims allege the following: (1) failure to pay overtime as required by Labor Code §§ 510, 1194, 1199 and IWC Wage Orders; (2) failure to pay minimum wages as required by Labor Code §§ 1197, 1199 and IWC Wage Orders; (3) failure to provide meal periods or pay meal period premiums as required by Labor Code §§ 226.7, 512 and IWC Wage Orders; (4) failure to provide rest periods or pay rest period premiums as required by §§ Labor Code 226.7 and IWC Wage Orders; (5) failure to pay all wages due at termination as required by Labor Code §§ 201-203 and IWC Wage Orders; (6) failure to provide accurate wage statements as required by Labor Code § 226 and IWC Wage Orders; (7) failure to pay business expenses as required by Labor Code § 2802 and IWC Wage Orders; (8) failure to pay vacation time as required by Labor

[1] The CBA located at ECF No. 3, Exhibit A (hereinafter "2017 CBA") covers the period between July 1, 2017 and June 30, 2020.

[2] The CBA located at ECF No. 3, Exhibit B (hereinafter "2020 CBA") covers the period between July 1, 2020 and December 31, 2024. For the Court's ease of reference, Defendant will primarily refer and cite to the 2020 CBA as the CBA at issue because Plaintiff brought forth the instant lawsuit during the coverage periods set forth in the 2020 CBA. Defendant will refer to the 2017 CBA for any meaningful or relevant distinctions, if any.

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

Code § 227.3; and (9) violation of Business & Professions Code § 17200. (ECF No. 1-1, Ex. A ("Complaint"), ¶¶ 30-92).

## IV. LEGAL ARGUMENT

### A. G&S Properly Removed Plaintiff's Claims to This Court Because They Are Preempted by Section 301 of the LMRA

#### 1. Applicable Legal Standard

Plaintiff does not dispute that Section 301 of the LMRA provides federal jurisdiction over "suits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). He also concedes that Section 301 preempts claims "founded directly on rights created by collective bargaining agreements" as well as claims that are "substantially dependent on analysis of a collective bargaining agreements." *McCray v. Marriott Hotel Services, Inc.*, 902 F.3d 1005, 1010 (9th Cir. 1987).

As the Ninth Circuit held, "[t]he preemptive force of Section 301 is so powerful as to displace entirely any state claim based on a collective bargaining agreement, and any state claim whose outcome depends on analysis of the terms of the agreement." *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) (citations omitted); *see Voorhees v. Naper Aero Club, Inc.*, 272 F.3d 398, 403 (7th Cir. 2001) (noting that Section 301 is one of "only two areas in which the Supreme Court has found that Congress intended completely to replace state law with federal law for purposes of federal jurisdiction"). Section 301 preemption ensures that the interpretation of CBAs remains uniform and independent of state law. *Teamsters v. Lucas Flour Co*., 369 U.S. 95, 103-04 (1962). Preemption also furthers the strong federal policy that labor disputes "remain firmly in the arbitral realm." *Lingle v. Norge Div. of Magic Chef*, 486 U.S. 399, 411 (1988). As the Supreme Court held, "questions relating to *what the parties to a labor agreement agreed*, and *what legal consequences were intended to flow from breaches of that agreement*, must be resolved by reference to uniform federal law." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210-11 (1985) (emphasis added).

Courts in the Ninth Circuit apply a two-step "*Burnside*" analysis to determine whether Section 301 preemption applies. First, a court inquires "into whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a [CBA]." *Burnside v. Kiewit Pacific Cop.*, 491 F.3d 1053, 1059 (9th Cir. 2007). "If the right exists solely as a result of the CBA, then the

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

claim is preempted, and [the] analysis ends there." *Id*. If, however, the right exists independently of the CBA, the court "must still consider whether it is nevertheless 'substantially dependent on analysis of a collective-bargaining agreement.'" *Id*. A state law right is "substantially dependent" on the terms of a CBA if a court must interpret, as opposed to merely "look to," the CBA to resolve the plaintiff's claim. *Id*. at 1060. To determine whether Section 301 preempts Plaintiff's claims, the Court must inquire whether resolution of the state law claim requires the court to construe a provision of the CBA. If evaluation of a claim is intertwined with consideration of the terms of the CBA, it is preempted and federal jurisdiction is appropriate.

In his Motion to Remand, Rodriguez erroneously focuses on the first prong of the *Burnside* test, arguing that his claims are fashioned as independent state law violations because "Plaintiff makes no mention of any CBA *at all*." (ECF No. 16, p. 7) (emphasis in original). And thus, Rodriguez incorrectly asserts that his claims do not involve rights conferred by the CBA. This argument has been flatly rejected by the Ninth Circuit. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 704 (9th Cir. 1998) ("Because complete preemption often applies to complaints drawn to evade federal jurisdiction, a federal court may look beyond the face of the complaint to determine whether the claims alleged as state law causes of action in fact are necessarily federal claims."). Plaintiff completely ignores the glaring fact that the CBAs satisfy the statutory exemptions for overtime and meal periods under Labor Code section 514 and 512(e), and the Industrial Welfare Commission ("IWC") wage order's exemption for rest periods under IWC Wage Order No. 16. Consequently, Plaintiff has no independent state right to meal and rest periods or overtime —the CBAs provide his only right to these claims. Further, Plaintiff's rights to timely final wages and vacation time arise solely from the CBAs, not under state law, and thus his claims of alleged violations are similarly preempted. Likewise, Plaintiff's blanket assertions that his remaining claims "do not require any interpretation of a CBA" are unsupported and ignorant of the preemptive effect of Section 301 on state rights that are "substantially dependent" upon the terms of a CBA. *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 23 (1983) ("[I]f a federal cause of action completely preempts a state cause of action, any complaint that comes within the scope of the federal cause of action necessarily 'arises' under federal law.").

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

**2. Section 301 of the LMRA Preempts Plaintiff's Overtime (First Cause of Action), Meal Period (Third Cause of Action), Rest Period (Fourth Cause of Action), Failure to Pay Timely Final Wages Claim (Fifth Cause of Action), and Failure to Pay Vacation Time (Eighth Cause of Action) Claims**

**a. Where a CBA Satisfies the Exemptions of Labor Code §514, the Right to Overtime Exists *Solely* as a Result of the CBA**

Rodriguez claims to have an *independent* state right to overtime, but this argument is simply unsustainable in light of the Ninth Circuit's decision in *Curtis v. Irwin Indus.*, Inc., 913 F.3d 1146, 1155 (9th Cir. 2019) and this district's decision in *Parker v. Cherne Contracting Corp.*, 2019 WL 359989, at *4 (N.D. Cal. Jan. 29, 2019) (holding that the plaintiff's sole right to overtime was conferred by the CBAs where the CBAs satisfied the exemption requirements for overtime at Labor Code section 514). Indeed, Plaintiff's argument that his claim is not governed by the CBA completely ignores *Curtis* and *Parker* and cites to no contrary authority. (*See* ECF No. 10, p. 8-9.)

In *Curtis*, plaintiff argued he had a nonnegotiable state right to overtime pay for his off-duty time on an offshore drilling platform. *Curtis,* 913 F.3d at 1153. The Ninth Circuit in *Curtis* disagreed and held that where a CBA satisfies the statutory exemption to overtime, the independent state right to overtime no longer exists. Thus, Curtis's right to overtime existed *solely* as a result of the CBA. *Id.* at 1154-1155. To avoid preemption, the plaintiff in *Curtis* then argued that the CBA had to provide overtime pay equivalent to Labor Code section 510. The *Curtis* court rejected this argument because it would make the statutory exemption for qualified CBAs superfluous. *See Curtis,* 913 F.3d at 1154-1155). Therefore, *Curtis* unequivocally holds that where a CBA satisfies the statutory exemption from overtime at Labor Code sections 510(a)(2) or 514, the overtime requirements at section 510(a) do not apply, and the only right to overtime is provided by the CBA. *See Curtis*, 913 F.3d at 1154-1155.

Therefore, where a CBA satisfies the statutory exemption to overtime under Labor Code section 514, no independent state right to meal periods exists. The CBAs provide the sole basis for any right to overtime under these circumstances, and therefore this Court has original jurisdiction over Plaintiff's overtime claim.

///

///

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

**b. Where a CBA Satisfies the Exemption at Labor Code § 512(e), the Right to Meal Periods Exists *Solely* as a Result of the CBA**

Similarly, Plaintiff's erroneous assertion that he has an *independent* state right to meal periods also contravenes *Curtis* and *Parker*. As with the express exemption provided with overtime, the Labor Code recognizes a nearly identical exemption under Labor Code §512(e):

> Subdivisions (a) and (b) do not apply to an employee specified in subdivision (f) if both of the following conditions are satisfied:
>
> (1) The employee is covered by a valid collective bargaining agreement.
>
> (2) The valid collective bargaining agreement expressly provides for the wages, hours of work, and working conditions of employees, and expressly provides for meal periods for those employees, final and binding arbitration of disputes concerning application of its meal period provisions, premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate.

Cal. Labor Code §512(e).

The CBA here satisfies the statutory exemption to meal periods at section 512(e) of the Labor Code. As an initial matter, G&S employed Plaintiff as an ironworker covered by a valid collective bargaining agreement, satisfying the requirement of Labor Code section 512(e)(1) and 512(e)(2). (*See generally* Complaint; *see also generally* 2017 CBA and 2020 CBA). As described in more detail in Defendant's Motion to Dismiss (ECF No. 13), the applicable CBA satisfies the requirements of section 512(e)(2) because it expressly provides for the wages, hours of work, and working conditions.[3] Like the plaintiff in *Parker*, Rodriguez is exempt from meal period claims because the CBAs satisfied each of the conditions listed in section 512(e). *See Parker*, 2019 WL 359989, at *4. *Parker* unequivocally held that where a CBA satisfies the statutory exemption to meal periods at Labor Code section 512(e), no right to meal periods exists outside of the CBA. *Id.*; *see also Pyara v. Sysco Corp.*, 2016 WL 3916339, at *3-*4 (E.D. Cal. July 20, 2016) (granting a motion for judgment on the pleadings, finding "[a]n employers' meal period obligations under Section 512(a) are not applicable to commercial drivers who are covered by a CBA [that meets the enumerated statutory requirements]").

Therefore, as with Plaintiff's overtime claim, the CBAs provide the sole basis for any right to

[3] The CBA expressly provide for wages, hours of work, working conditions, meal periods, grievance procedure, premium wages for overtime, and base rate pay. (*See* 2020 CBA at pp. 18-38, 73-80).

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

meal periods under these circumstances, and this Court has original jurisdiction over Plaintiff's meal period claim.

#### c. Where a CBA Provides Equivalent Protection under IWC Wage Order No. 16, the Right to Rest Periods Exists *Solely* as a Result of the CBA

Plaintiff's right to rest periods are conferred solely by the CBA because the CBA satisfies the exemption to rest periods expressly provided for in IWC Wage Order No. 16. Specifically, Wage Order No. 16 which governs rest break periods in the construction industry, requires construction employers to provide rest periods at the rate of ten minutes net rest time for every four hours worked. IWC, §11. However, these rest period requirements do not apply "to any employee covered by a valid collective bargaining agreement if the collective bargaining agreement provides equivalent protection." Wage Order No. 16, §11(E); *see also Zayerz v. Kiewit Infrastructure West*, 2018 WL 582318, at *4 (granting summary judgment on rest period claim for finding equivalent protection in CBA). The rest period provisions in the CBA are nearly identical to those expressly provided for in Wage Order No. 16. (*Compare* 2020 CBA, Sec. 6, B-2 "Rest Periods" *with* IWC Wage Order No. 16 at §11). Because IWC Wage Order No. 16, §11 provides an exception for rest period requirements for construction industry employees covered by a CBA, Plaintiff's right to rest periods are conferred solely by the CBA, and thus this Court has original jurisdiction over Rodriguez's rest period claim.

#### d. Where a CBA Provides Alternative Pay Arrangements, Plaintiff's Right to Timely Final Wages Arise *Solely* Under the CBA, Not State Law

Labor Code Sections 201-204 do not apply if a collective bargaining agreement provides for different pay arrangements. *Gillette v. Stater Bros. Markets, Inc.*, 2019 WL 8017735, at *6 (C.D. Cal., 2019) (citing Cal. Lab. Code § 204(c)) ("However, when employees are covered by a collective bargaining agreement that provides different pay arrangements, those arrangements shall apply to the covered employees."). Where a CBA provides alternate pay arrangements from those contained in the Labor Code, wage payment rights arise under the CBA and not state law. *See Hall v. Live Nation Worldwide, Inc.*, 146 F. Supp. 3d 1187, 1201-02 (C.D. Cal. 2015) (finding Labor Code § 203 claim for wage statement penalties based on a violation of Section 301 preempted under the LMRA at step 1 of *Burnside*, where the parties agreed to alternate wage payment provisions).

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

Here, Plaintiff alleges G&S failed to timely pay final wages, in violation of Labor Code sections 201-203. (*See* Complaint ¶¶ 59 - 66). The CBA provides that the "regular pay day shall be once a week on such day agreed upon between the individual employer and the appropriate Local Union." (2020 CBA, Sec. 8, Pay Day, p. 34). It further provides that "[w]hen workmen are laid off, or discharged, they shall be laid off or discharged at the site of construction and paid in full in cash, by check or other legal tender immediately and, if required to go to some other point or to the office of the individual employer, the workmen shall be paid for time required to go to such places." (*Id.*). The CBA also contemplates penalties if an Iron worker is not paid during usual working hours. (*Id.*).

Thus, the CBA sets forth alternate pay arrangements from those contained in the Labor Code, applying to both the regular payment of wages as well as payment of final wages. It even provides an alternative penalty for failure to comply with its terms, which appears more generous than the penalties provided for in Labor Code section 203. Accordingly, Plaintiff's wage payment rights arise under the CBA and not state law. *Gillette*, 2019 WL 8017735 at *6; *Hall*, 146 F. Supp. 3d at 1201-02. Rodriguez's failure to pay timely final wages claim is subject to this Court's original jurisdiction.

**e. Where a CBA Provides Vacation or Personal Time, the Right to Vacation Exists *Solely* as a Result of the CBA**

Section 301 of the LMRA preempts Plaintiff's claim for failure to pay all vested vacation time at termination under Labor Code section 227.3. *See Gillette*, 2019 WL 8017735, at *6 (C.D. Cal., 2019) (finding a Section 227.3 vacation pay claim preempted by section 301 of the LMRA under step 1 of *Burnside* because "the legality of [defendant's] alleged failure to pay vacation falls under the purview of the CBA, not the California Labor Code").

Unlike the statutory exemptions pertaining to overtime or meal period exemptions, Labor Code section 227.3 does not place any qualifications on exempting a CBA vacation policy from its scope:

> *Unless otherwise provided by a collective bargaining agreement*, whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served; provided, however, that an employment contract or employer policy shall not provide for forfeiture of vested vacation time upon termination.

Cal. Lab. Code § 227.3 (emphasis added).

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

Here, the CBA references the existence of the California Field Iron Workers Vacation/Personal Time Off (PTO) Plan created by the Agreement and Declaration of Trust dated August 16, 1959 and amended February 21, 2018. (2020 CBA, Sec. 11 Vacation / Personal Time Off (PTO) Plan, p. 42). Under the PTO Plan, the Board of Trustees administers vacation benefits for employees and strictly prohibits employers from paying vacation benefits directly to the employees. (*See* ECF No. 14 (Request for Judicial Notice ("RJN"), Ex. C, "Frequently Asked Questions")). For each hour paid for and/or worked, G&S contributes a defined hourly rate to the PTO Plan. (*Id*.). Because the CBA provides an alternative contract for paid vacation time, section 227.3 does not apply. *Gillette*, 2019 WL 8017735 at *7. Any claim Plaintiff may have pertaining to accrued, unpaid vacation time only arises under the CBA, and is preempted by Section 301 of the LMRA. *Id.* (citing *Burnside*, 491 F.3d at 1059-60). Plaintiff's right to vacation time is conferred solely by the CBA, and thus this Court has original jurisdiction over Rodriguez's claim for an alleged failure to pay all vested vacation time.

**3. Plaintiff's Remaining State Law Claims Require Substantial Interpretation of the CBA**

**a. Plaintiff's Claim for Unpaid Wages (Whether Overtime, Straight Time, or Minimum Wages) (First, Second, and Fifth Causes of Action) Substantially Depend on Analysis of the CBA**

Plaintiff asserts that because there are no "active disputes" over the meaning of the terms in the CBAs, his claims do not require substantial interpretation of the CBAs. Contrary to Plaintiff's assertions, "active disputes" regarding the meaning of the terms are virtually unavoidable. Plaintiff's unpaid wages claims – first, second, and fifth[4] causes of action (Compl. ¶¶ 37-42, 59-65) – cannot be resolved without interpreting the applicable CBA. Here, the Court must evaluate the Parties' detailed agreement regarding the hours of work, hourly rates, work days, and shift work outlined at sections 6 through 8 of the CBA, along with the Wage Rate Schedule. (*See* 2020 CBA, Secs. 6-8, and pp. 73-80).

Plaintiff alleges that Defendant failed to pay minimum wages for certain activities—including making phone calls or driving off the clock. (*See* Compl, ¶¶ 10, 11, 34, 40). However, the CBA

[4] As provided above, the first and fifth causes of action are also preempted by satisfying Step 1 of *Burnside*.

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

contemplates compensation for those activities as show-up expenses or as actual hours worked (*See* 2020 CBA, Sec. 6, Work Hours Per day pp. 21) and interpretation of the CBA will be critical to determining if Plaintiff's wage claims have merit. (*Id.*; Complaint, ¶ 27). At a minimum, the Court will need to interpret the intended meaning of the phrases "actual hours worked" and "show up expenses," and determine whether that language covers these particular activities that Plaintiff alleges is at issue. The meaning of these terms is all but certain to be heavily disputed which will then require substantial analysis of the CBAs and parties' practices. *See Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1046 (9th Cir. 2016) ("under longstanding labor law principles . . . the practices of the industry and the shop . . . [are] equally a part of the [CBA] although not expressed in it" (quoting *United Steelworks of Am. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 581-82 (1960)). Since this claim substantially depends on analysis of the CBA, it is preempted under Section 301 of the LMRA.

**b. Plaintiff's Rest Period Claim (Fourth Cause of Action) Substantially Depends on Analysis of the CBA**

Even assuming the CBA does not exempt Plaintiff's rest period claim (it does as analyzed above), resolution of Plaintiff's rest break claims will still require analysis of the CBA given that the CBA specifically provides for how rest periods will be paid. *See Marquez*, 2018 WL 3218102, at *3-4 (C.D. Cal. June 28, 2018) (granting a motion to dismiss on section 301 preemption grounds where evaluating rest period agreements in a CBA "will require more than merely applying the terms of the CBA. It will require interpretation, and the parties will likely dispute the meaning of these terms."). The parties' past practices, deemed part of the CBA, will also factor into this analysis. *Consolidated Rail Corp. v. Ry. Labor Execs. Ass'n*, 491 U.S. 299, 307 (1989) ("[C]ollective bargaining agreements may include implied, as well as express, terms. Furthermore, it is well established that the parties' practice, usage and custom is of significance in interpreting their agreement.") (citing *Transportation Union v. Union Pacific R. Co.*, 385 U.S. 157, 161 (1966)).

Here, the "Rest Periods" provision in the CBA references "each rest period, which insofar as practicable, shall be in middle of the work" and provides that nothing prevents an employer from "staggering rest periods to avoid interruption in the flow of work and to maintain continuous operations, or from scheduling rest periods to coincide with breaks in the flow of work that occur in

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

the course of the workday." (*See* 2020 CBA, Sec. 6, Work Hours per Day, p. 20). Further analysis of the parties' practice and usage with respect to the "Rest Periods" provision will be necessary to resolve the disputed terms. Thus, Plaintiff's rest break claim is substantially dependent on analysis of the CBA, and therefore preempted by Section 301.

**c. Plaintiff's Failure to Pay Business Expenses (Seventh Cause of Action) Substantially Depends on Analysis of the CBA**

In yet another unavoidable dispute over the meaning of the CBAs' terms, Plaintiff's unreimbursed business expenses claim will also require extensive analysis and interpretation of the written CBA, along with the parties' practice, usage, and custom, given that the CBA specifically provides for reimbursable business expenses. *See generally Curtis v. Irwin Indus., Inc.*, 913 F.3d at 1155. Rodriguez alleges he was entitled to reimbursements for purchasing mandatory work uniforms, safety equipment, laundering mandatory work uniforms, mileage and/or gas costs, use of cellular phones, and tools. (*See* Compl, ¶16). For example, as explained in Defendant's Motion to Dismiss, Defendant anticipates disagreement over the terms "actual number of miles" and "most directly regularly travelled route" (*See* 2020 CBA, Sec. 9, Expenses Out of Town) with respect to Rodriguez's allegation of unpaid mileage and/or gas costs. G&S also anticipates disagreements over the meaning of the CBA provisions related to tools or safety equipment as it relates to his claim of entitlement to reimbursements for safety equipment and laundering mandatory work uniforms. Resolution of Plaintiff's business expenses claim cannot be determined without substantial interpretation of the CBA's provisions.

**4. Section 301 of the LMRA Preempts Plaintiff's Derivative Claims (Fifth, Sixth, Ninth Causes of Action).**

Because Plaintiff essentially argues that his state law claims are independent of the CBA (they are not), he neglects to mention that his derivative claims – waiting time penalties, failure to pay final wages, failure to provide accurate wage statements, and unlawful conduct in violation of Business and Professions Code §17200 *et seq*. – depend entirely on the underlying unpaid wages, meal and rest period, and unpaid business expenses and vacation claims. The predicate claims will necessarily dictate what wages Plaintiff is entitled to as a threshold matter, in order to *then* determine what Plaintiff was allegedly owed at the time of separation, and whether the wage statements were accurate. *See*

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

*Curtis*, 913 F.3d at n. 3 (finding inaccurate pay stub and final pay claims as derivative claims of overtime, meal and rest period, and minimum wage claims). Likewise, Plaintiff's unlawful conduct claim fails because it derives from the preempted claims addressed above. "[A] violation of another law is a predicate for stating a cause of action under the UCL's unlawful prong." *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544 (2007). Thus, UCL claims under this prong "stand or fall depending on the fate of the antecedent substantive causes of action." *Krantz v. BT Visual Images, LLC*, 89 Cal. App. 4th 164, 178 (2001). All of Rodriguez's derivative claims are preempted.

### B. To the Extent Any Claim Is Not Preempted, Supplemental Jurisdiction Exists

So long as the Court has original jurisdiction[5] over one of Plaintiff's claims, it may properly exercise supplemental jurisdiction over the remaining claims. *See* 28 U.S.C. § 1367(a). If some of Rodriguez's state law claims arise under federal law, other claims related to those violations remain within the supplemental jurisdiction of the Court. *Id*.

Specifically, such claims remain within supplemental jurisdiction in that they are so related to the federal cause of action that they form part of the same case or controversy under Article III of the United States Constitution. *See Buck v. Cemex, Inc.*, 2013 U.S. Dist. LEXIS 124111 at *17 (E.D. Cal. Aug. 29, 2013) (plaintiff's additional claims of failure to provide accurate wage statements, failure to timely pay all final wages and unfair competition came within the supplemental jurisdiction of the Court even if only tangentially involved with the CBA); *see also Coria v. Recology, Inc.*, 63 F. Supp. 3d 1093, 1100 (N.D. Cal. 2014) (recognizing that plaintiff's additional state law claims under California statutory and common law, including various provisions of the Labor Code and IWC Orders, all "derive from a common nucleus of operative fact" as plaintiff's meal period and overtime claims and "are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding.").

## V. CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court deny Plaintiff's Motion to Remand.

[5] While Plaintiff's failure to submit his claims to a grievance procedure is not necessarily dispositive to the question of federal question jurisdiction, Plaintiff's remaining state law claims (as discussed above) require substantial interpretation of the grievance procedure provision in the CBA.

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

Dated: November 22, 2021

LITTLER MENDELSON P.C.

*/s/ William J. Kim*
Gregory G. Iskander
William J. Kim

Attorneys for Defendant
GONSALVES & SANTUCCI, INC.

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468