David D. Bibiyan (SBN 287811)
david@tomorrowlaw.com
Sara Ehsani-Nia (SBN 326501)
sara@tomorrowlaw.com
Diego Aviles (SBN 315533)
diego@tomorrowlaw.com
**BIBIYAN LAW GROUP, P.C.**
8484 Wilshire Boulevard, Suite 500
Beverly Hills, California 90211
Tel; (310) 438-5555; Fax: (310) 300-1705

Attorneys for Plaintiff, ELMER N. RODRIGUEZ and on
behalf of himself and all others similarly situated

# IN THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| ELMER N. RODRIGUEZ, an individual and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> GONSALVES & SANTUCCI, INC., a California Corporation; and DOES 1 through 100, inclusive, <br><br> Defendants. | CASE NO: 3:21-cv-07874-LB <br><br> [*Assigned to the Hon. Laurel Beeler in Courtrm B – 15th Floor*] <br><br> **PLAINTIFF'S REPLY TO IN SUPPORT OF PLAINTIFF'S MOTION FOR ORDER REMANDING ACTION TO STATE COURT** <br><br> DATE: December 23, 2021 <br> TIME: 9:30 a.m. <br> COURTROOM: Courtroom B – 15th Floor <br><br> State Action Filed: August 24, 2021 <br> Removal Date: October 7, 2021 <br><br> *(Contra Costa County Superior Court, Case No.: C21-01735* |

Law Offices of
BIBIYAN LAW GROUP
A Professional Corporation
8484 Wilshire Blvd., Suite 500
Beverly Hills, California 90211
(310) 438-5555

PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR ORDER REMANDING ACTION TO STATE COURT

I. **INTRODUCTION**

In its opposition to Plaintiff's Motion to remand the instant case to state court, Defendant appears to argue against remand of the case that it *wishes* Plaintiff had brought—one seeking to vindicate rights created by and arising out of a collective bargaining agreement ("CBA") between the Parties. Indeed, it is not difficult to see why Defendant would attempt this rhetorical sleight of hand. Had Plaintiff brought suit in state court for the violation of rights specifically provided for by such a CBA, federal preemption under Labor Management Relations Act ("LMRA") section 301 would serve its congressionally-intended purpose: protecting federal policy preferences *specifically* related to "resolving CBA disputes, *not* to alter or displace state law labor rights." *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 926 (9th Cir. 2018) (emphasis added). However, the case that Defendant argues against remanding is simply not the same case that Plaintiff, as master of his own complaint, brought in this Action. Plaintiff's complaint very explicitly seeks recovery for state law rights alone and without reference to any additional rights, and Defendant's argument that some of these state law claims fail on their merits is simply not enough to meet its heavy burden of establishing federal jurisdiction over this action.

Simply put, Defendant's affirmative federal law defenses do not transform Plaintiff's state law claims into federal claims, and cannot confer jurisdiction on this Court. Moreover, the statutory exemptions claimed by Defendant do not apply in this Action to limit Plaintiff's ability to recover under state law, as discussed more at length in Plaintiff's Opposition to Defendant's Motion to Dismiss.

II. **ARGUMENT**

   A. **DEFENDANT HAS NOT MET ITS BURDEN TO ESTABLISH FEDERAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS**

Because the federal courts are courts of limited jurisdiction, it is the "defendant seeking removal" that "has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). In general, federal question jurisdiction is governed by what is referred to as the "well-

pleaded complaint rule," which requires that the "federal question appears on the face of the complaint." *City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020).  The well-pleaded complaint rule creates a rigid outer boundary for which cases federal courts can hear.  It has long been "settled law" that a defendant cannot transform a state law complaint into a federal question case, removable to federal court, merely by raising a "federal defense, *including the defense of pre-emption*, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (emphasis added); *see also Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053, 1060 (9th Cir. 2007) (holding that "reliance on [a] CBA as an aspect of a defense is not enough to inject a federal question into an action that asserts what is plainly a state-law claim.") (quotes omitted).  The plaintiff is the master of the complaint, and if the defendant could manipulate "the forum in which the claim shall be litigated" by alleging a federal defense, "the plaintiff would be master of nothing." *Caterpiller*, *supra*, 482 U.S. at 398-99.

In the substantive area of federal jurisdiction arising out of LMRA section 301 in particular, there exists (and Defendant cites) a notable exception to the general well-pleaded complaint rule known as the "complete pre-emption" doctrine.  Complete pre-emption eliminates an independent state law cause of action, transforming it into a federal claim "from its inception" when "[t]he heart of the [state-law] complaint [is] a … clause in the collective bargaining agreement," regardless of whether such a cause of action is actually pled on the face of the complaint or not. *Caterpillar*, *supra*, 482 U.S. at 394 (quoting *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 558 (1968)).  Thus, a plaintiff who seeks to avoid federal jurisdiction of claims that are ultimately federal in nature cannot simply draft around the problem by "artfully pleading a complaint so as to omit facts that include federal jurisdiction." *Parrino v. FHP, Inc.*, 146 F.3d 699, 704 (9th Cir. 1998).  The purpose for this exception to the general well-pleaded complaint rule for federal jurisdiction is the establishment of a "uniform federal law" for the resolution of disputes specifically relating to agreements between management and organized labor. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985).

Independent, state law statutory claims that retain their "*legal* character … independent of rights under the collective-bargaining agreement" have nothing to do with this policy preference for uniformity, resting instead on the interpretation of state statutes, and are consequently not pre-empted. *Kobold v. Good Samaritan Regional Medical Center*, 832 F.3d 1024, 1033 (9th Cir. 2016). Federal jurisdiction pursuant to complete pre-emption may also exist if the resolution of a nominally state law claim requires substantial "analysis of a collective-bargaining agreement." *Dent v. Nat'l Football League*, 902 F.3d 1109, 1115 (9th Cir. 2018). To completely pre-empt a state-law claim in this way, however, there must be "more than the need for a passing reference to a CBA." *Foster v. A-Para Transit Corp.*, 2019 WL 323764, at *2 (N.D. Cal. Jan. 25, 2019). There must be an "active dispute" as to the terms in the CBA *themselves* in order to justify federal jurisdiction over the otherwise state law claims. *Id*.

"The bare fact that a [labor contract] will be consulted in the course of the state-law litigation plainly does not require the claim to be extinguished." *Moore v. Dnata US Inflight Catering LLC*, 2021 WL 3033577, at *4 (N.D. Cal., July 19, 2021, No. 20-CV-08028-JD) citing *Garcia v. Service Employees International Union*, 993 F.3d 757, 765 (9th Cir. 2021); *Livadas v. Bradshaw*, 512 U.S. 107, 108 (1994); *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1108 (9th Cir. 2000).

> Congress did not intend to preempt state law claims simply because they in some respect implicate CBA provisions, make reference to a CBA-defined right, or create a state law cause of action factually 'parallel' to a grievable claim. Rather, an application of state law is preempted only if such application requires the interpretation of a collective-bargaining agreement.

*Alaska Airlines, Inc. v. Schurke*, 898 F.3d 904, 920 (9th Cir. 2018).

### 1. Plaintiff's Claims are Independent of Any Purported CBA

Defendant's opposition to Plaintiff's Motion for remand makes a rhetorical turn with respect to the question of this Court's jurisdiction over Plaintiff's facially state-law claims that simultaneously obscures the central issue and skips over key steps in the analysis under the controlling law. Defendant correctly cites authority from the Ninth Circuit stating that a federal court may "look beyond the face of the complaint" to determine whether a plaintiff has artfully

drafted its way around facts giving rise to federal question jurisdiction. *Parrino*, *supra*, 146 F.3d at 704. However, Defendant fails to explain how this authority relates in any way to its contention that the purported CBAs between the Parties satisfy the statutory exemptions under California law for overtime and meal periods in Labor Code section 514 and 512(e), respectively. All of Defendant's lengthy analyses of these and other specific sections of the California Labor Code are plainly directed at the *merits* of Plaintiff's claims and Defendant's affirmative defenses, not the *legal character* of the claims, which is the most relevant consideration under the controlling law. A defendant's affirmative defenses—even if successful—do not change the nature of the plaintiff's claims.

Another district court in this circuit recently considered the same issue in the context of a defendant's motion to dismiss a plaintiff's state-law wage-and-hour claims, and on its own motion entered an order for remand because the defendant's affirmative section 301 pre-emption defense could not serve as the sole basis for federal jurisdiction. *Gonzalez Quiroz v. Coffman Specialties*, 2020 WL 7258725 (S.D. Ca. Dec. 10, 2020). Even if Defendant correctly asserts that Plaintiff's claims are pre-empted, that affirmative defense "does not somehow convert those claims into claims for violation of the [CBA] or make them substantially dependent on the [CBA] such that they are removable under section 301." *Id.* at *4; *see also Caterpillar*, *supra*, 482 U.S. at 396-97 (holding that a defendant cannot "attempt[] to create the prerequisites to removal by ignoring the set of facts … presented by [plaintiff], along with [plaintiff's] legal characterization of those facts …").

"Simply asserting the section 514 exemption as a defense is not a basis for preemption." *Wilson-Davis v. SSP America, Inc.*, 434 F. Supp. 3d 806, 816 (C.D. Cal. 2020). Nor does the exertion of federal jurisdiction over Plaintiff's claim that is squarely based in substantive California state law support the central policy purpose behind section 301 pre-emption—the creation of a "uniform federal law" relating to labor disputes. *Allis-Chalmers Corp.*, *supra*, 471 U.S. at 210.

Thus, Defendant clearly cannot demonstrate that Plaintiff's claims are not independent of any purported CBA between the Parties for purposes of federal jurisdiction arising from pre-emption.

### 2. Plaintiff's State-Law Claims Do Not Require Analysis of Terms in Any Purported CBA

In order to judge the merits of this case, this Court will be required to analyze particular sections of state statutory law, *not* terms of the purported CBAs.  A "laundry list of provisions" of the purported CBAs between the Parties "they allege the Court must interpret to resolve Plaintiff's claims," is not enough to show that the statutory claims have been pre-empted; rather, Defendant "must explain *why* interpretation, as opposed to mere reference to the CBA, is necessary." *Wilson-Davis*, *supra*, 434 F. Supp. 3d at 813.

Firstly, Defendant fails to address the fact that Plaintiff's complaint is wholly comprised of state-law claims that make no reference to the terms of any purported CBA whatsoever, and thus that there is no "actual dispute" at play between the Parties at present.  Secondly, none of the specific terms in the purported CBAs referenced by Defendant demonstrate any real controversy that will require a court to inquire into their meaning.  Defendant primarily points to questions about how to define "actual time worked," how rest periods will be paid, and how travel and tool expenses will be reimbursed.  However, this court has already rejected the argument that any of these types of inquiries represent "interpretation" of the CBA for pre-emption purposes.  In *Foster v. A-Para Transit Corp.*, *supra*, merely "specif[ying] how work hours are calculated, and consequently what time is owed under state law" did not pre-empt state law claims for overtime wages and minimum wages.  *Id.* at *2.  Rather, the CBA's terms "merely clarifie[d] how to implement rights conferred upon employees by virtue of state law … that form the basis of [plaintiff]'s claim." *Id*.  The inquiries flagged by Defendant here will undoubtedly be very similar to those in *Foster*— referencing terms defined in a purported CBA to calculate the extent of Plaintiff's recovery under its fundamentally state-law causes of action.

Finally, despite Defendant's contentions to the contrary, whether or not Plaintiff and Class Members were paid for all time worked according to California law will not be revealed in the terms embedded in any CBA.  That is because regardless of whether or not the CBAs "contemplated" compensating Plaintiff and Class Members for time worked off the clock does not result in a finding

that Plaintiff and Class Members *actually were* or were not compensated for that time in conformity with California State laws. That finding can only be revealed through the analysis of time and pay records, among other things. If employers were permitted to evade liability for wage and hour violations simply because they had a compliant written policy, the California Labor Code would have no effect.

Thus, Defendant has not carried its burden to demonstrate beyond "any doubt" that this Court has proper jurisdiction to hear this case. *Luther*, *supra*, 533 F.3d at 1034.

### 3. To the Extent Any of Plaintiff's Claims are Preempted, this Court Should Not Exercise Supplemental Jurisdiction over Other Claims

Defendant cites *Coria v. Recology, Inc.*, 63 F. Supp. 3d 1093 (N.D. Cal. 2014), to advance the proposition that supplemental jurisdiction extends to state law claims where they arise out of the same nucleus of operative facts as preempted claims. However, in light of subsequent rulings, the ruling in *Coria* runs "contrary to [a] wealth of law" from courts in this district under which the claims in *Coria* would not have been preempted in the first place. *Peters v. RFI Enterprises, Inc.*, 2018 WL 3869565, at *5 (N.D. Cal. Aug. 15, 2018). Indeed, the *Coria* decision did not address the fact that the invocation of an exemption to the Labor Code is an affirmative defense. *Lopez v. Sysco Corporation*, 2016 WL 3078840, at *4 (N.D. Cal. Jan. 25, 2016). The court in *Young v. Securitas Sec. Servs. USA, Inc.*, 2018 WL 1142190, (N.D. Cal. 2018), similarly found *Coria* unpersuasive, finding that the invocation of statutory exemptions as affirmative defenses did not give rise to a section 301 preemption, and thus finding no basis for supplemental jurisdiction on facts analogous to those before the court in *Coria*. *Id*. at 7. In addition, other courts in this circuit have recently held that if some wage-and-hour claims are not preempted under section 301, then any remaining claims "derivative" of the non-exempt claims should "also not [be] subject to preemption. *Wilson-Davis*, *supra*, 434 F. Supp. 3d at 816.

Notably, Defendant misrepresents the nature of Plaintiff's alleged claims for wage statement and waiting time penalty violations, just as it did in its Motion to Dismiss. Indeed, Plaintiff alleges that Defendant has failed to furnish Plaintiff and others with accurate itemized wage statements that

not only reflect gross wages earned, total hours worked, net wages earned and all applicable hourly rates, but also the "the and address of the legal entity that is the employer," among other things. Complaint, ¶ 70.  As to Plaintiff's waiting time penalty allegation, Plaintiff's Complaint similarly includes allegations of a direct violation of the Labor Code.  Complaint, ¶ 63.

Thus, to the extent that this Court finds that it possesses jurisdiction over some of Plaintiff's claims, it should not extend supplemental jurisdiction over those of them that are not preempted.

### B. EVEN ASSUMING FEDERAL JURISDICTION, PLAINTIFF'S CLAIMS SHOULD SURVIVE DISMISSAL

Although Defendant attempts to muddy the waters by conflating the legal standards for removal jurisdiction and dismissal of Plaintiff's individual claims, it is clear from Defendant's papers submitted in connection with this Motion and the concurrent Motion to Dismiss that it cannot satisfy either standard.  Thus, even if it does choose to exercise jurisdiction over Plaintiff's claims, this Court should deny Defendant's Motion to Dismiss.

When considering a motion to dismiss, the Federal Rules of Civil Procedure ("FRCP") require no more than "a short and plain statement of the claim showing that the pleader is entitled to relief."  FRCP 8(a).  In this Circuit, this rule is interpreted as "a powerful presumption against rejecting pleadings for failure to state a claim."  *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  The pleadings should be "construed so as to do justice."  FRCP 12(b)(6), 8(e). Moreover, a plaintiff asserting facts that qualify for relief need not request "the *specific* relief demanded as long as the court can ascertain … that *some* relief can be granted."  *Massey v. Banning Unified Sch. Dist.*, 256 F. Supp. 2d 1090, 1092 (C.D. Cal. 2003).

"If the [plaintiff's] claim is plainly based on state law, section 301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense."  *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 691 (9th Cir. 2001).  Defendant bears the burden of proving its affirmative defenses under the California Labor Code, and in doing so it must do more than merely point to terms in a purported CBA that allegedly qualify for the claimed statutory exemptions.  *Vasserman v. Henry Mayo Newhall Memorial Hosp.*, 65 F. Supp. 3d 932, 954 (C.D.

Cal. 2014); *see also Mierles v. Paragon Systems, Inc.*, 2013 WL 3450090, at *3-4 (S.D. Cal. July 9, 2013). Although Defendant contends that the decision in *Curtis v. Irwin Industries, Inc.*, 913 F.3d 1146 (9th Cir. 2019) adds uncertainty to the outcome of Plaintiff's specific claims and Defendant's specific affirmative defenses, it is clear that the mere existence of CBA provisions that might possibly satisfy the statutory exemptions does not mean that Plaintiff's claims are "barred as a matter of law." *Hernandez v. Sysco Corp.*, 2017 WL 1540652, at *6 (N.D. Cal. April 28, 2017). Thus, Defendant's Motion to Dismiss should be denied if this Court does decide to exercise jurisdiction over this case.

### III.  CONCLUSION

For the reasons set forth herein and because Defendant's removal of this action was improper, Plaintiff respectfully requests that the Court grant Plaintiff's Motion to Remand the Action back to the state court in California in which it was filed.

Dated:  November 29, 2021          BIBIYAN LAW GROUP, P.C.

                                    */s/ Sara Ehsani-Nia*
                                    _____
                                    SARA EHSANI-NIA
                                    Attorneys for Plaintiff ELMER N. RODRIGUEZ, on behalf of himself and all others similarly situated

9
PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR ORDER REMANDING ACTION TO STATE COURT

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 8484 Wilshire Blvd., Suite 500, Beverly Hills, California 90021.

On November 29, 2021, I served the following document(s) described as **PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR ORDER REMANDING ACTION TO STATE COURT** on:

GREGORY G. ISKANDER
giskander@littler.com
WILLIAM J. KIM
wkim@littler.com
LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard, Suite 600
Walnut Creek, California 94597

**Attorneys for Defendant GONSALVES & SANTUCCI, INC.**

The above document(s) were served on the interested parties in this action as follows:

*All parties identified for Notice of Electronic Filing generated by the Court's CM/ECF system under the above-reference case number.*

BY ELECTRONIC MAIL: As follows: I am readily familiar with our office's practice of electronic mail transmission; on this date the document enumerated above was transmitted by electronic mail transmission and that the transmission was reported as complete and delivered, and without error.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 29, 2021 at Beverly Hills, California.

                                         */s/ Sara Ehsani-Nia*
                                         Sara Ehsani-Nia