1  GREGORY G. ISKANDER, Bar No. 200215
   WILLIAM J. KIM, Bar No. 336837
2  LITTLER MENDELSON, P.C.
   Treat Towers
3  1255 Treat Boulevard, Suite 600
   Walnut Creek, California 94597
4  Telephone:   925.932.2468
   Facsimile:    925.946.9809
5  giskander@littler.com
   wkim@littler.com
6
   Attorneys for Defendant
7  GONSALVES & SANTUCCI, INC.

8
                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10
                      (SAN FRANCISCO DIVISION)
11

12  ELMER N. RODRIGUEZ, an individual        Case No. 3:21-cv-07874-LB
    and on behalf of all others similarly
13  situated,
                                             **REPLY IN SUPPORT OF DEFENDANTS'**
14              Plaintiffs,                   **MOTION TO DISMISS PURSUANT TO**
                                             **FED. R. CIV. P. 12(b)(6)**
15       v.
                                             Complaint Filed: August 24, 2021
16  GONSALVES & SANTUCCI, INC., a
    California corporation; and DOES 1       Date: December 23, 2021
17  through 100, inclusive,                  Time: 9:30 a.m.
                                             Judge: Magistrate Judge Laurel Beeler
18              Defendants.                   Courtroom: B (15th Floor)

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEF'S REPLY ISO MOTION TO DISMISS                    CASE NO. 3:21-cv-07874-LB

# TABLE OF CONTENTS

**PAGE**

I.   INTRODUCTION ............................................................................................................. 1

II.  STATEMENT OF ISSUE TO BE DECIDED........................................................................ 2

III. ARGUMENT IN REPLY ................................................................................................. 2

    A.   Section 301 of the LMRA Preempts Plaintiff's Overtime (First Cause of Action), Meal Period (Third Cause of Action), Rest Period (Fourth Cause of Action), Failure to Pay Timely Final Wages Claim (Fifth Cause of Action), and Failure to Pay Vacation Time (Eighth Cause of Action) Claims.......................... 2

        1.   Where a CBA Satisfies the Exemptions of Labor Code §514, the Right to Overtime Exists Solely as a Result of the CBA............................................. 2

        2.   Where a CBA Satisfies the Exemption at Labor Code § 512(e), the Right to Meal Periods Exists Solely as a Result of the CBA........................... 4

        3.   Where a CBA Provides Equivalent Protection under IWC Wage Order No. 16, the Right to Rest Periods Exists Solely as a Result of the CBA......... 5

        4.   Where a CBA Provides Alternative Pay Arrangements, Plaintiff's Right to Timely Final Wages Arise Solely Under the CBA, Not State Law ........................................................................................................... 6

        5.   Where a CBA Provides Vacation or Personal Time, the Right to Vacation Exists Solely as a Result of the CBA ............................................. 6

    B.   Even Under Step 2 of Burnside, Plaintiff's Remaining State Law Claims Require Substantial Interpretation of the CBA ................................................................ 7

        1.   Plaintiff's Claim for Unpaid Wages (Whether Overtime, Straight Time, or Minimum Wages) (First, Second, and Fifth Causes of Action) Substantially Depend on Analysis of the CBA................................... 7

        2.   Plaintiff's Rest Period Claim (Fourth Cause of Action) Substantially Depends on Analysis of the CBA ......................................... 8

        3.   Plaintiff's Failure to Pay Business Expenses (Seventh Cause of Action) Substantially Depends on Analysis of the CBA ................................ 8

        4.   Section 301 of the LMRA Preempts Plaintiff's Derivative Claims (Fifth, Sixth, Ninth Causes of Action)................................................... 9

    C.   The Complaint Should Be Dismissed Without Leave to Amend. ............................ 10

    D.   The Court Should Consider Defendant's Motion Because It Promptly Cured Its Error .................................................................................................................... 10

IV.  CONCLUSION............................................................................................................ 11

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEF'S REPLY ISO MOTION TO DISMISS          i.          CASE NO. 3:21-cv-07874-LB

# TABLE OF AUTHORITIES

PAGE

**Cases**

*Berryman v. Merit Prop. Mgmt., Inc.*,
  152 Cal. App. 4th 1544 (2007)………….……………………………………………9

*Cathcart v. Sara Lee Corp.*,
  2011 WL 5981849 (N.D. Cal., Nov. 30, 2011)…….…..……………………………3, 4

*Choate v. Celite Corp.*,
  215 Cal.App. 4th (2013)…….…………………………………………………………6

*Consolidated Rail Corp. v. Ry. Labor Execs. Ass'n*,
  491 U.S. 299 (1989)………………………………………………….……………....8

*Curtis v. Irwin Indus.*, Inc.,
  913 F.3d 1146 (9th Cir. 2019)……………………………………………..*passim*

*DelCostello v. Int'l Brotherhood Of Teamsters*,
  462 U.S. 151 (1983)………………………………………………………………10

*Flowers v. L.A. Cty. Metro. Transp. Auth.*,
  243 Cal. App. 4th 66 (2015) …………………………………………………………3

*Gillette v. Stater Bros. Markets, Inc.*,
  2019 WL 8017735 (C.D. Cal.,
  2019)………………………………………………………………………………6

*Hall v. Live Nation Worldwide, Inc.*,
  146 F. Supp. 3d 1187, 1201-02 (C.D. Cal. 2015)………………………..……………………6

*Kobold v. Good Samaritan Reg'l Med. Ctr.*,
  832 F.3d 1024 (9th Cir. 2016) …………………………………………………………8

*Krantz v. BT Visual Images, LLC*,
  89 Cal. App. 4th 164 (2001) …………………………………………………………9

*Livadas v. Bradshaw*,
  512 U.S. 107 (1994)…………………………………………………………………10

*Marquez v. Toll Glob. Forwarding (USA) Inc.*,
  2018 WL 3218102 (C.D. Cal. June 28, 2018) ……………………………………………8

*Olea v. Teichert Pipelines, Inc.*,
  2021 WL 1839683 (C.D. Cal., May 7,
  2021)………………………………………………………………………………3

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEF'S REPLY ISO MOTION TO DISMISS          ii.          CASE NO. 3:21-cv-07874-LB

# TABLE OF AUTHORITIES
## (CONTINUED)

PAGE

*Parker v. Cherne Contracting Corp.*,
2019 WL 359989 (N.D. Cal. Jan. 29, 2019) ......................................................................... *passim*

*Perez v. Leprinto Foods Co.*,
2017 WL 6540512 (E.D. Cal. Dec. 21, 2017)…………...........................................................3

*Pyara v. Sysco Corp.*,
2016 WL 3916339 (E.D. Cal. July 20, 2016) ........................................................................5

*Ramirez v. Yosemite Water Co. Inc.*,
20 Cal.4th 785 (1999)…………..............................................................................................2

*Sidhu v. Fletcto Co., Inc.*,
279 F.3d 896 (9th Cir. 2002) ................................................................................................10

*Sykes v. F.D. Thomas, Inc.*,
2021 WL 343960 (N.D. Cal. Feb 2, 2021)…………....................................................... 6, 7

*Transportation Union v. Union Pacific R. Co.*,
385 U.S. 157 (1966)…………................................................................................................8

*United Steelworks of Am. v. Warrior & Gulf Nav. Co.*,
363 U.S. 574 (1960)…………................................................................................................8

*Vaca v. Sipes*,
386 U.S. 171 (1967)…………..............................................................................................10

*Valles v. Ivy Hill Corp.*,
410 F.3d 1071 (9th Cir. 2005)…………......................................................................... 1, 4

*Vasserman v. Henry Mayo Newhall Memorial Hospital*,
65 F.Supp.3d 932 (C.D. Cal. 2014)…………......................................................................2

*Vranish v. Exxon Mobil Corp.*,
223 Cal. App. 4th 103 (2014) ................................................................................................3

*Zambrano v. City of Tustin*,
885 F.2d 1473 (9th Cir. 1989)…………..............................................................................10

*Zavala v. Scott Bros. Dairy, Inc.*,
143 Cal.App.4th 585 (2006) ................................................................................................10

*Zayerz v. Kiewit Infrastructure West*,
2018 WL 582318…………....................................................................................................5

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEF'S REPLY ISO MOTION TO DISMISS     iii.     CASE NO. 3:21-cv-07874-LB

**TABLE OF AUTHORITIES**
(CONTINUED)

PAGE

**Statutes**

California Labor Code §§ 201-204, 227. 3, 510, 512, 514 ……………………………………*passim*

IWC Wage Order No. 16………………………………………………………………....1, 5

Section 301 of the  Labor Management Relations Act………………………………………*passim*

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEF'S REPLY ISO MOTION TO DISMISS          iv.          CASE NO. 3:21-cv-07874-LB

1

## I.   INTRODUCTION

Plaintiff's opposition ignores Ninth Circuit precedent and misconstrues current law on preemption under Section 301 of the Labor Management Relations Act (LMRA). The Complaint should be dismissed in its entirety without leave to amend for the following three reasons:

*First*, Plaintiff contends that his right to meal periods, rest periods, timely final wages, and vacation exist independently from the CBAs and are not preempted. This argument is wholly meritless following the Ninth Circuit's binding decision in *Curtis v. Irwin Indus.*, Inc., 913 F.3d 1146, 1155 (9th Cir. 2019) and this district's decision in *Parker v. Cherne Contracting Corp.*, 2019 WL 359989, at *4 (N.D. Cal. Jan. 29, 2019). Plaintiff completely disregards these cases and instead invokes a twisted reading of Labor Code sections 201-203, 227.3, 512, 514; and Wage Order No. 16 in a desperate plea for the Court to ignore binding precedent and authority. Plaintiff's interpretation is erroneous and should be squarely rejected by the Court.

*Second*, devoid of any analysis and support, Plaintiff asserts that the exceptions provided by Labor Code Sections 512 and 514 are not met here. Despite repeatedly pointing to the provisions in the CBAs which expressly provide wages, hours of work, and working conditions of the employees; and that the wage rates have always exceeded the state minimum wage rate by at least 30%, Plaintiff largely relies on old and inapplicable court decisions, including *Valles v. Ivy Hill Corp.,* 410 F.3d 1071 (9th Cir. 2005), which was decided prior to the California state legislature's amendment of the pertinent exceptions. Therefore, Plaintiff's claims for meal periods or unpaid overtime wages are both barred by statute and preempted by Section 301 LMRA.

*Third*, Plaintiff denies that any of the terms in the CBA require interpretation. However, the Complaint and the Parties' opposing motions – specifically Plaintiff's Opposition – could not have better supported Defendant's point that there are numerous disputes over the interpretation of key terms governing unpaid wages, hours worked, rest periods, and business expenses. Plaintiff's Opposition even states certain provisions are "*entirely unclear,*" demonstrating that the Court cannot resolve these disputes by solely looking at the CBAs provisions as Plaintiff suggests. Resolution requires interpretation of the CBAs and the Parties' past practices and customs. Accordingly, Plaintiff's claims are preempted by Section 301.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEF'S REPLY ISO MOTION TO DISMISS                    1.                    CASE NO. 3:21-cv-07874-LB

1  Because Plaintiff failed to exhaust the CBAs' grievance and arbitration procedures, this Court

2  should dismiss the Complaint in its entirety without leave to amend.

3  **II.   STATEMENT OF ISSUE TO BE DECIDED**

4  The issue raised by Defendant's motion, and its reply in support thereto, is whether the Court

5  should dismiss the Complaint in its entirety with prejudice because Section 301 of the LMRA preempts

6  Plaintiff's claims and because Plaintiff fails to state a claim under Section 301.

7  **III.   ARGUMENT IN REPLY**

8  **A.   Section 301 of the LMRA Preempts Plaintiff's Overtime (First Cause of Action),
      Meal Period (Third Cause of Action), Rest Period (Fourth Cause of Action),
9      Failure to Pay Timely Final Wages Claim (Fifth Cause of Action), and Failure to
      Pay Vacation Time (Eighth Cause of Action) Claims**

10  **1.   Where a CBA Satisfies the Exemptions of Labor Code §514, the Right to
       Overtime Exists *Solely* as a Result of the CBA**

11

12  Plaintiff claims to have an *independent* state right to overtime, but this argument is expressly

13  rejected by the Ninth Circuit's decision in *Curtis*[1] and this district's decision in *Parker v. Cherne*

14  *Contracting Corp.*, 2019 WL 359989, at *4 (N.D. Cal. Jan. 29, 2019) (holding that the plaintiff's sole

15  right to overtime was conferred by the CBAs where the CBAs satisfied the exemption requirements

16  for meal periods at Labor Code section 514.

17  In *Curtis*, plaintiff argued he had a nonnegotiable state right to overtime pay for his off-duty

18  time on an offshore drilling platform. *Curtis,* 913 F.3d at 1153. The Ninth Circuit in *Curtis* disagreed

19  and held that where a CBA satisfies the statutory exemption to overtime, the independent state right

20  to overtime no longer exists. Thus, Curtis's right to overtime existed *solely* as a result of the CBA. *Id.*

21  at 1154-1155.  To avoid preemption, the plaintiff in *Curtis* then argued that the CBA had to provide

22  overtime pay equivalent to Labor Code section 510. The *Curtis* court rejected this argument because

23  it would make the statutory exemption for qualified CBAs superfluous. *See Curtis,* 913 F.3d at 1154-

24

25  _____

26  [1] Plaintiff's reliance on *Vasserman v. Henry Mayo Newhall Memorial Hospital,* 65 F.Supp.3d 932
    (C.D. Cal. 2014) and *Ramirez v. Yosemite Water Co. Inc.*, 20 Cal.4th 785 (1999) is wholly misplaced
27  because *Curtis* and *Parker* constitute controlling and more recent authority rejecting Plaintiff's
    argument that an assertion of a section 514 exemption is only an affirmative defense which cannot
28  defeat preemption.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEF'S REPLY ISO MOTION TO DISMISS        2.        CASE NO. 3:21-cv-07874-LB

1155).[2] Therefore, *Curtis* squarely holds that where a CBA satisfies the statutory exemption from overtime at Labor Code section 514, the overtime requirements at section 510(a) do not apply, and the only right to overtime is the CBA. *See Curtis*, 913 F.3d at 1154-1155.

In *Parker*, this district court applied *Curtis* to hold that the plaintiff was exempt from overtime claims because the CBAs satisfied each of the conditions listed in section 514. *See Parker*, 2019 WL 359989, at \*4. *Parker* unequivocally found that where a CBA satisfies the statutory exemption to overtime at Labor Code section 514, no right to overtime exists outside of the CBA. *Id.* Therefore, where a CBA satisfies the statutory exemption to meal periods under Labor Code section 514, no independent state right to overtime exists.

Plaintiff's contention that the CBAs do not meet the statutory exemptions is false. The CBAs extensively detail wages, hours of work, working conditions, meal periods, grievance procedure, premium wages for overtime, and base rate pay in excess of 30% of the state's minimum wage. (*See* 2020 CBA at pp. 18-38, 73-80). In a bizarre and lengthy colloquy, however, Plaintiff suggests that the exception to section 514 is not met because it somehow must contain all the provisions as specified in *Olea v. Teichert Pipelines, Inc*. 2021 WL 1839683 (C.D. Cal., May 7, 2021) and *Cathcart v. Sara Lee Corp.*, 2011 WL 5981849 (N.D. Cal., Nov. 30, 2011). In reading *Olea* and *Cathcart* carefully, however, both cases actually support finding preemption here as the applicable CBAs contain similar provisions. For example, the *Olea* court found an exemption to section 514 when the CBAs provided a wage scale, working conditions with respect to meal and rest periods, parking, drinking water, jobsite transportation, signing documents, overtime rates, and a rate of pay in excess of the state's minimum wage. *Olea*, 2021 WL 1839683 at \*4. The *Cathcart* court found that the CBAs provided a weekly base

---

[2] In *Curtis*, the Ninth Circuit approved the reasoning in *Vranish v. Exxon Mobil Corp.*, 223 Cal. App. 4th 103, 107 (2014) (holding "pursuant to the plain statutory language, . . . legislative history and opinions and comments from [California Division of Labor Standards Enforcement]" an employer is required to pay only for overtime as defined by a qualifying CBA) and *Flowers v. L.A. Cty. Metro. Transp. Auth.*, 243 Cal. App. 4th 66, 85 (2015) (holding that the exemption for CBAs in section 514 allows the parties to "contractually agree, through the collective bargaining process, to exclude the specified tasks from the definition of 'overtime hours worked'"). *Curtis*, 913 F.3d at 1154-1155. Thus, Plaintiff's reliance on *Perez v. Leprinto Foods Co.*, 2017 WL 6540512 (E.D. Cal. Dec. 21, 2017) is inapposite because *Curtis* rejects Plaintiff's argument that the exemption to section 514 is only available if a premium wage is paid for all overtime hours worked.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEF'S REPLY ISO MOTION TO DISMISS                 3.                 CASE NO. 3:21-cv-07874-LB

wage, payment of specific commissions, working hours, working conditions related to seniority rules, and holidays and vacation. *See Cathcart* 2011 WL 5981849 at *3. Very similar provisions are located in the CBAs here. Thus, Plaintiff impliedly concedes that the exemption to section 514 is met and the CBAs provide the sole basis for any right to overtime under these circumstances.

### 2. Where a CBA Satisfies the Exemption at Labor Code § 512(e), the Right to Meal Periods Exists *Solely* as a Result of the CBA

Similarly, Plaintiff's erroneous assertion that he has an *independent* state right to meal periods also contravenes *Curtis* and *Parker*. Additionally, Plaintiff's reliance on *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1080-81 (9th Cir. 2005) to assert he only has an independent state law claim is misleading and deceptive. At the time the *Valles* decision was issued, the exemption to section 512 when a collective bargaining agreement is at issue was absent. *See* Cal. Labor Code § 512 (effective January 1, 2004 to December 31, 2005). Thus, it is a pure misstatement of law to assert that any provision in a CBA purporting to waive meal periods has no effect when the *Valles* decision dealt with a completely different, and now inapplicable, statutory scheme. As with the express exemption provided with overtime, the current Labor Code recognizes a nearly identical exemption under Labor Code §512(e):

> Subdivisions (a) and (b) do not apply to an employee specified in subdivision (f) if both of the following conditions are satisfied:
>
> (1) The employee is covered by a valid collective bargaining agreement.
>
> (2) The valid collective bargaining agreement expressly provides for the wages, hours of work, and working conditions of employees, and expressly provides for meal periods for those employees, final and binding arbitration of disputes concerning application of its meal period provisions, premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate.

Cal. Labor Code §512(e).

The CBA here satisfies the statutory exemption to meal periods at section 512(e) of the Labor Code. As an initial matter, G&S employed Plaintiff as an ironworker covered by a valid collective bargaining agreement, satisfying the requirement of Labor Code section 512(e)(1) and 512(e)(2). (*See generally* Complaint; *see also generally* 2017 CBA and 2020 CBA). Again, here, the applicable CBA satisfies the requirements of section 512(e)(2) because it expressly provides for the wages, hours of

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEF'S REPLY ISO MOTION TO DISMISS          4.          CASE NO. 3:21-cv-07874-LB

work, and working conditions. Like the plaintiff in *Parker*, Rodriguez is exempt from meal period claims because the CBAs satisfied each of the conditions listed in section 512(e). *See Parker*, 2019 WL 359989, at *4. *Parker* unequivocally held that where a CBA satisfies the statutory exemption to meal periods at Labor Code section 512(e), no right to meal periods exists outside of the CBA. *Id.*; *see also Pyara v. Sysco Corp.*, 2016 WL 3916339, at *3-*4 (E.D. Cal. July 20, 2016) (granting a motion for judgment on the pleadings, finding "[a]n employers' meal period obligations under Section 512(a) are not applicable to commercial drivers who are covered by a CBA [that meets the enumerated statutory requirements]").

Therefore, as with Plaintiff's overtime claim, the CBAs provide the sole basis for any right to meal periods under these circumstances, and Plaintiff's meal period claim is preempted.

### 3.   Where a CBA Provides Equivalent Protection under IWC Wage Order No. 16, the Right to Rest Periods Exists *Solely* as a Result of the CBA

Plaintiff's right to rest periods are conferred solely by the CBA because the CBA satisfies the exemption to rest periods expressly provided for in IWC Wage Order No. 16. Specifically, Wage Order No. 16 which governs rest break periods in the construction industry, requires construction employers to provide rest periods at the rate of ten minutes net rest time for every four hours worked. IWC, §11. Plaintiff's reliance on IWC Wage Order No. 16 appears to be an argument against preemption of Plaintiff's meal period claim, which Defendant notes it did not raise with respect to Plaintiff's meal period claim, but rather his rest period claim. Moreover, Wage Order No. 16 expressly states that the rest period requirements do not apply "to any employee covered by a valid collective bargaining agreement if the collective bargaining agreement provides equivalent protection." Wage Order No. 16, §11(E); *see also Zayerz v. Kiewit Infrastructure West*, 2018 WL 582318, at *4 (granting summary judgment on rest period claim for finding equivalent protection in CBA). The rest period provisions in the CBA are nearly identical to those expressly provided for in Wage Order No. 16. (*Compare* 2020 CBA, Sec. 6, B-2 "Rest Periods" *with* IWC Wage Order No. 16 at §11). Because IWC Wage Order No. 16, §11 provides an exception for rest period requirements for construction industry employees covered by a CBA, Plaintiff's right to rest periods are conferred solely by the CBA, and thus Plaintiff's rest period claim is preempted.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEF'S REPLY ISO MOTION TO DISMISS        5.        CASE NO. 3:21-cv-07874-LB

4.       **Where a CBA Provides Alternative Pay Arrangements, Plaintiff's Right to Timely Final Wages Arise *Solely* Under the CBA, Not State Law**

Plaintiff alleges G&S failed to timely pay final wages, in violation of Labor Code sections 201-203. (*See* Complaint ¶¶ 59 - 66). Yet despite explicitly invoking Labor Code sections 201-203 in his supposedly well-pleaded complaint, Plaintiff's Opposition appears to take issue that the holding in *Gillette v. Stater Bros. Markets, Inc.*, 2019 WL 8017735 (C.D. Cal., 2019) relates to Labor Code § 204, and only applies to wages during employment. But as *Gillete* held, Labor Code Sections 201-204 do not apply if a collective bargaining agreement provides for different pay arrangements. *Id.*, at *6 (C.D. Cal., 2019). Further, where a CBA provides alternate pay arrangements from those contained in the Labor Code, wage payment rights arise under the CBA and not state law. *See Hall v. Live Nation Worldwide, Inc.*, 146 F. Supp. 3d 1187, 1201-02 (C.D. Cal. 2015). And contrary to Plaintiff's assertion, nowhere does section 204 state it only applies to wages earned during employment and exempts wages earned at termination.  Here, as indicated in Defendant's Motion, the CBA provide for alternative pay arrangements from those contained in the Labor Code, applying to both the regular payment of wages as well as payment of final wages. (2020 CBA, Sec. 8, Pay Day, p. 34). Accordingly, Plaintiff's wage payment rights arise under the CBA and not state law. *Gillette*, 2019 WL 8017735 at *6; *Hall*, 146 F. Supp. 3d at 1201-02. Rodriguez's failure to pay timely final wages claim is preempted.

5.       **Where a CBA Provides Vacation or Personal Time, the Right to Vacation Exists *Solely* as a Result of the CBA**

Section 301 of the LMRA preempts Plaintiff's claim for failure to pay all vested vacation time at termination under Labor Code section 227.3.  *See Gillette*, 2019 WL 8017735, at *6 (C.D. Cal., 2019) (finding a Section 227.3 vacation pay claim preempted by section 301 of the LMRA under step 1 of *Burnside* because "the legality of [defendant's] alleged failure to pay vacation falls under the purview of the CBA, not the California Labor Code"). Plaintiff asserts that his vacation pay claim is not preempted and relies on *Sykes v. F.D. Thomas, Inc.*, 2021 WL 343960 (N.D. Cal. Feb 2, 2021) and *Choate v. Celite Corp.*, 215 Cal.App. 4th (2013) to contend that the CBAs contain only general language and that the provisions are insufficiently clear and unmistakable to waive employees'

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEF'S REPLY ISO MOTION TO DISMISS                6.                CASE NO. 3:21-cv-07874-LB

1  vacation pay rights. Plaintiff's analogy and analysis are plainly wrong, and Defendant is hard-pressed

2  to find how much clearer and more unmistakable the CBA provisions need to be.

3       Here, the CBA references the existence of the California Field Iron Workers Vacation/Personal

4  Time Off (PTO) Plan created by the Agreement and Declaration of Trust dated August 16, 1959 and

5  amended February 21, 2018. (2020 CBA, Sec. 11 Vacation / Personal Time Off (PTO) Plan, p. 42).

6  Under the PTO Plan, **the Board of Trustees administers vacation benefits for employees and**

7  **strictly prohibits employers from paying vacation benefits directly to the employees.** (*See* ECF

8  No. 14 (Request for Judicial Notice ("RJN"), Ex. C, "Frequently Asked Questions") (emphasis added).

9  As a result, G&S has no involvement in the payment of Plaintiff's vacation benefits, and the California

10  Field Iron Workers Vacation/Personal Time Off (PTO) Plan created by the Agreement and Declaration

11  of Trust presumably contains details of the vacation plan which was lacking in *Sykes*.  Thus, Plaintiff's

12  right to vacation time is conferred solely by the CBA, and thus Rodriguez's claim for an alleged failure

13  to pay all vested vacation time is preempted.

14  **B.    Even Under Step 2 of *Burnside*, Plaintiff's Remaining State Law Claims Require**
       **Substantial Interpretation of the CBA**

15

16       **1.    Plaintiff's Claim for Unpaid Wages (Whether Overtime, Straight Time,**
            **or Minimum Wages) (First, Second, and Fifth Causes of Action)**

17            **Substantially Depend on Analysis of the CBA**

18       Without any support, Plaintiff boldly pronounces that no interpretation of the CBA is required.

19  Ironically, Plaintiff then proceeds at length analyzing the CBAs, to assert how "*entirely unclear*" the

20  overtime provisions in the CBAs are. (ECF No. 23 at p. 20) (emphasis in original). Plaintiff's *own*

21  Opposition proves Defendant's point because substantial interpretation is required in order to resolve

22  the "entirely unclear" terms of the CBAs. Plaintiff's unpaid wages claims – first, second, and fifth[3]

23  causes of action (Compl. ¶¶ 37-42, 59-65) – cannot be resolved without interpreting the applicable

24  CBA. Here, the Court must evaluate the Parties' detailed agreement regarding the hours of work,

25  hourly rates, work days, and shift work outlined at sections 6 through 8 of the CBA, along with the

26  Wage Rate Schedule. (*See* 2020 CBA, Secs. 6-8, and pp. 73-80). At a minimum, the Court will need

27

28  _____
[3] As provided above, the first and fifth causes of action are also preempted by satisfying Step 1 of
*Burnside*.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEF'S REPLY ISO MOTION TO DISMISS          7.          CASE NO. 3:21-cv-07874-LB

to interpret the intended meaning of the phrases "actual hours worked" and "show up expenses," and determine whether that language covers these particular activities that Plaintiff alleges is at issue. The meaning of these terms is all but certain to be heavily disputed which will then require substantial analysis of the CBAs and parties' practices. *See Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1046 (9th Cir. 2016) ("under longstanding labor law principles . . . the practices of the industry and the shop . . . [are] equally a part of the [CBA] although not expressed in it" (quoting *United Steelworks of Am. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 581-82 (1960)). Since this claim substantially depends on analysis of the CBA, it is preempted under Section 301 of the LMRA.

### 2. Plaintiff's Rest Period Claim (Fourth Cause of Action) Substantially Depends on Analysis of the CBA

Even assuming the CBA does not exempt Plaintiff's rest period claim (it does as analyzed above), resolution of Plaintiff's rest break claims will still require analysis of the CBA given that the CBA specifically provides for how rest periods will be paid. *See Marquez*, 2018 WL 3218102, at *3-4 (C.D. Cal. June 28, 2018) (granting a motion to dismiss on section 301 preemption grounds where evaluating rest period agreements in a CBA "will require more than merely applying the terms of the CBA. It will require interpretation, and the parties will likely dispute the meaning of these terms."). The parties' past practices, deemed part of the CBA, will also factor into this analysis. *Consolidated Rail Corp. v. Ry. Labor Execs. Ass'n*, 491 U.S. 299, 307 (1989) ("[C]ollective bargaining agreements may include implied, as well as express, terms. Furthermore, it is well established that the parties' practice, usage and custom is of significance in interpreting their agreement.") (citing *Transportation Union v. Union Pacific R. Co.*, 385 U.S. 157, 161 (1966)). Here, further analysis of the parties' practice and usage with respect to the "Rest Periods" provision of the CBA will be necessary to resolve the disputed terms. Thus, Plaintiff's rest break claim is substantially dependent on analysis of the CBA, and therefore preempted by Section 301.

### 3. Plaintiff's Failure to Pay Business Expenses (Seventh Cause of Action) Substantially Depends on Analysis of the CBA

Similarly, Plaintiff's unreimbursed business expenses claim will also require extensive analysis and interpretation of the written CBA, along with the parties' practice, usage, and custom, given that the CBA specifically provides for reimbursable business expenses. *See generally Curtis v.*

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEF'S REPLY ISO MOTION TO DISMISS                8.                CASE NO. 3:21-cv-07874-LB

*Irwin Indus., Inc.*, 913 F.3d at 1155. Rodriguez alleges he was entitled to reimbursements for purchasing mandatory work uniforms, safety equipment, laundering mandatory work uniforms, mileage and/or gas costs, use of cellular phones, and tools. (*See* Compl, ¶16). For example, Defendant anticipates disagreement over the terms "actual number of miles" and "most directly regularly travelled route" (*See* 2020 CBA, Sec. 9, Expenses Out of Town) with respect to Rodriguez's allegation of unpaid mileage and/or gas costs. G&S also anticipates disagreements over the meaning of the CBA provisions related to tools or safety equipment as it relates to his claim of entitlement to reimbursements for safety equipment and laundering mandatory work uniforms. Resolution of Plaintiff's business expenses claim cannot be determined without substantial interpretation of the CBA's provisions.

### 4. Section 301 of the LMRA Preempts Plaintiff's Derivative Claims (Fifth, Sixth, Ninth Causes of Action).

Because Plaintiff essentially argues that his state law claims are independent of the CBA (they are not), he argues his derivative claims – waiting time penalties, failure to pay final wages, failure to provide accurate wage statements, and unlawful conduct in violation of Business and Professions Code §17200 *et seq*. – must continue on its merits. But as indicated above, these claims depend entirely on the underlying unpaid wages, meal and rest period, and unpaid business expenses and vacation claims which are preempted by section 301.  The predicate claims will necessarily dictate what wages Plaintiff is entitled to as a threshold matter, in order to *then* determine what Plaintiff was allegedly owed at the time of separation, and whether the wage statements were accurate. *See Curtis*, 913 F.3d at n. 3 (finding inaccurate pay stub and final pay claims as derivative claims of overtime, meal and rest period, and minimum wage claims). Likewise, Plaintiff's unlawful conduct claim fails because it derives from the preempted claims addressed above. "[A] violation of another law is a predicate for stating a cause of action under the UCL's unlawful prong." *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544 (2007). Thus, UCL claims under this prong "stand or fall depending on the fate of the antecedent substantive causes of action." *Krantz v. BT Visual Images, LLC*, 89 Cal. App. 4th 164, 178 (2001). All of Rodriguez's derivative claims are preempted.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEF'S REPLY ISO MOTION TO DISMISS                    9.                    CASE NO. 3:21-cv-07874-LB

C.     **The Complaint Should Be Dismissed Without Leave to Amend.**

Plaintiff contends that he was not required to follow an internal grievance procedure, relying on *Livadas v. Bradshaw*, 512 U.S. 107, 124 (1994). However, that case can be distinguished from the present case because in *Livadas* the plaintiff's *only* claim was for a willful failure to timely pay her final wages, a provision not covered by that CBA. *Id.* A union-represented employee must exhaust any grievance or arbitration remedies provided by his collective bargaining agreement prior to filing a claim to vindicate rights provided by the agreement. *See DelCostello v. Int'l Brotherhood Of Teamsters*, 462 U.S. 151, 163 (1983); *Vaca v. Sipes*, 386 U.S. 171, 184 (1967); *Sidhu v. Fletcto Co., Inc.*, 279 F.3d 896, 898 (9th Cir. 2002). Plaintiff's invocation of court decisions declining to enforce grievance and arbitration procedures assumes (incorrectly) that he has successfully established the existence of independent rights under state law, rather than existing under the CBAs and applicable federal law. Because Plaintiff's claims are inextricably intertwined with the CBAs, exhaustion of the grievance procedure is required. *See Zavala v. Scott Bros. Dairy, Inc.*, 143 Cal.App.4th 585, 592 (2006) (concluding a CBA arbitration clause was not binding "because the Union could not waive plaintiffs' right to bring statutory labor rights claims in court *and because such claims did not arise under the CBA.*") (emphasis added.)

Finally, Plaintiff's argument that he should be granted leave to amend rings hollow. Plaintiff does not contend that he adhered to the applicable grievance or arbitration remedies. Therefore, leave to amend in this instance would be futile, as there are no facts that Plaintiff could conceivably allege that would allow him to overcome federal preemption of his claims.

D.     **The Court Should Consider Defendant's Motion Because It Promptly Cured Its Error**

As soon as Defendant was made aware of its omission, on November 19, 2021, G&S promptly filed a Notice of Errata with the corrected version of its Memorandum of Points and Authorities in Support of its Motion to Dismiss. (ECF No. 24). The corrected version included the appropriate table of authorities pursuant to Civil L.R. 7-4(a)(2). Plaintiff's request for the Court to not consider Defendant's motion for such a failure is not warranted because it was a result of a mere mistake. *See Zambrano v. City of Tustin*, 885 F.2d 1473, 1480 (9th Cir. 1989) (holding that conduct attributable to

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEF'S REPLY ISO MOTION TO DISMISS          10.          CASE NO. 3:21-cv-07874-LB

1    mistake, or inadvertence or error of judgment does not arise to the requested sanctions). Further,

2    Plaintiff suffers no prejudice from this error because he was provided the table of authorities more

3    than a month before the Court is set to hear Defendant's Motion.

4         Notably, nowhere in Plaintiff's Opposition to Defendant's Motion to Dismiss, and Plaintiff's

5    Motion for Remand does it contain the required statement of issues to be decided pursuant to Civil

6    L.R. 7-4(a)(3). While a failure to include a statement of issues is a much more serious error because

7    the Court is unable to readily determine what exact issues are to be decided, G&S will not participate

8    in the tit-for-tat gamesmanship Plaintiff (or his counsel) is pursuing here. G&S also does not believe

9    such a violation merits a refusal by the Court to consider Plaintiff's Opposition or Motion for Remand

10   as an appropriate sanction.  G&S does, however, submit that dismissing Plaintiff's Complaint without

11   leave, and denying Plaintiff's request for remand is the only appropriate decision based on the merits

12   of the relevant facts and law.

13   **IV.    CONCLUSION**

14        For the foregoing reasons, Defendant respectfully requests that the Court dismiss the

15   Complaint in its entirety without leave to amend because the claims are preempted under Section 301

16   of the LMRA, and because Plaintiff failed to exhaust the grievance procedures in the applicable CBAs.

17

18   Dated:        December 6, 2021

19

20                                    /s/ William J. Kim
                                      GREGORY G. ISKANDER
21                                    WILLIAM J. KIM
                                      LITTLER MENDELSON, P.C.
22                                    Attorneys for Defendants
                                      GONSALVES & SANTUCCI, INC.
23

24

25

26

27

28

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEF'S REPLY ISO MOTION TO DISMISS          11.          CASE NO. 3:21-cv-07874-LB