1  GREGORY G. ISKANDER, Bar No. 200215
   giskander@littler.com
2  WILLIAM J. KIM, Bar No. 336837
   wkim@littler.com
3  LITTLER MENDELSON P.C.
   Treat Towers
4  1255 Treat Boulevard, Suite 600
   Walnut Creek, California 94597
5  Telephone:   925.932.2468
   Fax No.:      925.946.9809
6
7  Attorneys for Defendant
   GONSALVES & SANTUCCI, INC.

8
                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10

11  ELMER N. RODRIGUEZ, an individual and on        Case No.  3:21-cv-07874-LB
    behalf of all others similarly situated,
12                                                   NOTICE OF MOTION & MOTION TO
                        Plaintiffs,                  DISMISS PLAINTIFF'S FIRST AMENDED
13                                                   COMPLAINT PURSUANT TO FED. R.
         v.                                          CIV. P. 12(b)(6); MEMORANDUM OF
14                                                   POINTS AND AUTHORITIES IN
    GONSALVES & SANTUCCI, INC., a California         SUPPORT
15  corporation; and DOES 1 through 100, inclusive,
16                                                   Hearing Date:   March 31, 2022
                        Defendants.                  Time:           9:30 a.m.
17                                                   Judge           Hon. Laurel Beeler
                                                     Location:       Via Zoom
18                                                   Webinar ID:     161 469 8626
                                                     Password:       546984
19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

## <u>NOTICE OF MOTION AND MOTION</u>

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 31, 2022 at 9:30 AM, or as soon thereafter as the matter can be heard, in Courtroom B – 15th Floor, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Gonsalves & Santucci, Inc. ("Defendant") will and hereby does move the Court for an order dismissing Plaintiff's First Amended Complaint ("FAC") with prejudice under Federal Rule of Civil Procedure 12(b)(6). Defendant brings the present Motion on the ground that Plaintiff's claims are preempted by the Labor Management Relations Act, 28 U.S.C. § 185, *et seq.* ("LMRA") and thus Plaintiff's FAC fails to state a claim upon which relief can be granted as a matter of law, and the FAC must be dismissed in its entirety with prejudice.

This Motion is based on this Notice, the following Memorandum of Points and Authorities, and all accompanying exhibits, and all the pleadings, papers, and records on file herein, as well as any other argument or evidence presented at or before the time of the hearing on this Motion.

Dated: February 22, 2022

LITTLER MENDELSON P.C.


*s/ William J. Kim*
Gregory G. Iskander
William J. Kim

Attorneys for Defendant
GONSALVES & SANTUCCI, INC.

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

1

DEFENDANT GONSALVES & SANTUCCI'S MPA ISO MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT

1

**TABLE OF CONTENTS**

2

PAGE

3    I.    INTRODUCTION ................................................................................................. 5

4    II.   STATEMENT OF ISSUE TO BE DECIDED......................................................... 5

5    III.  STATEMENT OF FACTS ................................................................................... 5

6          A.    Plaintiff's Amendments After Dismissal of His Original Complaint ......................... 5

7          B.    The Collective Bargaining Agreement Applies to Plaintiff's Employment ................ 7

8    IV.   LEGAL ARGUMENT .......................................................................................... 7

9          A.    This Court Should Dismiss Plaintiff's FAC Pursuant to Federal Rule of Civil
                 Procedure 12(b)(6) ..................................................................................... 7
10

11         B.    Section 301 of the LMRA Preempts All of Plaintiff's Claims ............................... 8

12               1.    Plaintiff's Claim for Minimum Wages (First Cause of Action)
                       Substantially Depend on Interpretation and Analysis of the CBA ................. 8

13               2.    Plaintiff's Failure to Pay Timely Final Wages Claim (Third Cause of
                       Action) is Subject to Preemption as a Result of Alternative Pay
14                     Arrangements Provided by the CBA ............................................................ 9

15               3.    Plaintiff's Waiting Time Penalties and Failure to Pay Final Wages
                       (Third Cause of Action), Inaccurate Wage Statements (Second Cause
16                     of Action) and UCL (Fourth Cause of Action) Claims Depend Entirely
                       on the Underlying Unpaid Wages Claims ..................................................... 10
17

18         C.    Plaintiff's First Amended Complaint Should Be Dismissed Without Leave to
                 Amend Because Plaintiff Failed to Exhaust the CBA's Grievance Procedures ........ 11
19

20         D.    The Court Should Dismiss Plaintiff's First Amended Complaint With
                 Prejudice ................................................................................................ 11

21   V.    CONCLUSION .................................................................................................. 12

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

2

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Balistreri v. Pacifica Police Dept.*,
901 F.2d 696 (9th Cir. 1988) ...........................................................................................7

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)...........................................................................................................7

*Foman v. Davis*,
371 U.S. 178 (1962)..........................................................................................................11

*J.M. v. Los Angeles Unified School District*,
2019 WL 2871144 (C.D. Cal. March 13, 2019) ............................................................11

*Jimenez v. Young's Mkt. Co., LLC*,
No. 21-cv-02410-EMC, 2021 WL 5999082 (N.D. Cal. Dec. 20, 2021)...............................10

*Krantz v. BT Visual Images, LLC*,
89 Cal. App. 4th 164 (2001) ............................................................................................10

*Kroeger v. Vertex Aerospace LLC*,
2020 WL 3546086 (C.D. Cal June 30, 2020) ..................................................................8

*Marquez v. Toll Glob. Forwarding (USA) Inc.*,
2018 WL 3218102 (C.D. Cal. June 28, 2018) ..................................................................7

*Paul G. v. Monterey Peninsula Unified School District*,
2018 WL 2763302 (N.D. Cal. Jun 8, 2018)......................................................................11

*Soremekun v. Thrifty Payless, Inc.*
509 F.3d 978 (9th Cir. 2007) ...........................................................................................11

*Yellowcake, Inc. v. Morena Music, Inc.*
522 F.Supp.3d 747 (E.D. Cal. 2021)................................................................................8

**Statutes**

Business & Professions Code § 17200 ........................................................................6, 10

Cal. Labor Code

§ 201.............................................................................................................................6, 9

§ 202.............................................................................................................................6, 9

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

3

DEFENDANT GONSALVES & SANTUCCI'S MPA ISO MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT

§ 203.................................................................................................6, 7, 9, 10

§ 226...........................................................................................................6

§ 1197.........................................................................................................6

§ 1199.........................................................................................................6

Section 301 of the Labor Management Relations Act .......................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)....................................................................................7

Fed. R. Civ. P. 15.........................................................................................11

DEFENDANT GONSALVES & SANTUCCI'S MPA ISO MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT

LITTLER MENDELSON P.C
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

1

## I.   INTRODUCTION

2     Plaintiff's First Amended Complaint ("FAC") is an inadequate and frivolous attempt to avoid

3 the Court's order dismissing this case on grounds of preemption. The FAC duplicates Plaintiff's

4 original complaint and asserts nearly identical factual allegations, with superfluous amendments that

5 change nothing about the nature of the original claims.  Each of Plaintiff's causes of action alleged in

6 the FAC continues to involve a right conferred solely by the collective bargaining agreement ("CBA")

7 or substantially depends on analysis and interpretation of the CBA. Thus, as the Court has already

8 held, Plaintiff's claims are preempted by Section 301 of the Labor Management Relations Act

9 ("LMRA"). (ECF No. 31.) In addition, the derivative claims cannot proceed without resolving the

10 previously dismissed wage and hour claims, and without Plaintiff's compliance and completion of the

11 CBA's grievance arbitration process. Until these substantive wage and hour claims are resolved in the

12 appropriate forum before the Board of Adjustment, Plaintiff cannot circumvent the Court's ruling by

13 asserting derivative claims in court. Because the Court has already held that Plaintiff failed to adhere

14 to the grievance procedure as expressed in the CBA, and his FAC continues to omit ***any*** facts alleging

15 exhaustion, the FAC must be dismissed with prejudice and without leave to amend because there is

16 no conceivable amendment which cures this glaring deficiency.

17

## II.   STATEMENT OF ISSUE TO BE DECIDED

18     The issue raised by this motion is whether the Court should dismiss the First Amended

19 Complaint in its entirety with prejudice because Section 301 of the LMRA preempts Plaintiff's claims

20 and Plaintiff fails to submit any factual or legal amendments which avoid Plaintiff's obligation to

21 submit his claims to a grievance arbitration.

22

## III.   STATEMENT OF FACTS

23

### A.   Plaintiff's Amendments After Dismissal of His Original Complaint

24     Rodriguez filed his first Complaint on August 24, 2021 (ECF # 2-1) which alleges he was

25 employed by Defendant as a non-exempt employee who was assigned duties to assist on construction

26 projects in California from February 2020 through December of 2020. (*See* ECF # 2-1, ¶ 2).  The

27 Complaint, asserted as a class action, included nine causes of action asserting a variety of wage and

28 hour violations under California law (*See* ECF #2-1, ¶¶ 30-92.)

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

5

DEFENDANT GONSALVES & SANTUCCI'S MPA ISO MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT

1    On October 7, 2021, G&S removed the action from Contra Costa Superior Court on the basis

2  of federal subject matter jurisdiction. (ECF # 1.) Because all of Plaintiff's claims were preempted by

3  Section 301 of the Labor Management relations Act, G&S then proceeded to move for dismissal of

4  the original Complaint. (ECF #13.) On January 18, 2022, the Court granted Defendant's motion and

5  dismissed Plaintiff's claims, but Plaintiff was granted leave to amend his complaint by February 8,

6  2022. (ECF #31.)[1]

7    On February 8, 2022, Plaintiff filed his First Amended Complaint which re-alleged the

8  following four causes of action: (1) failure to pay minimum wages as required by Labor Code §§ 1197,

9  1199 and IWC Wage Orders; (2) failure to provide accurate wage statements as required by Labor

10  Code § 226; (3) failure to pay all wages due at termination as required by Labor Code §§ 201-203 and

11  IWC Wage Orders; and (4) violation of Business & Professions Code § 17200. (*See* ECF #32. ¶¶ 26-

12  52.) The only discernible factual amendments are as follows:

13    **Minimum Wages Claim** (ECF #32 at ¶ 10) adds other type of compensable activities which

14  Plaintiff alleges were not paid minimum wages for such as: "to come early to work and leave late work

15  without being able to clock in for all that time, to complete pre-shift tasks before clocking in and post-

16  shift tasks after clocking out, to don and doff uniforms and safety equipment off the clock, and/or go

17  through temperature checks off the clock."

18    **Inaccurate Wage Statements Claim** (ECF #32 at ¶11) expands upon the requirements of an

19  accurate wage statement such as the name and address of the legal entity.

20    **Failure to Pay Timely Wages Claim** (ECF #32, ¶ 12) removes references to a failure to pay

21  of overtime and premium wages and adds the allegation that the final paycheck was issued

22  approximately 7 to 8 days after Plaintiff's last day of work.

23    All other factual allegations in the FAC are essentially identical. (Compare ECF #32, ¶¶11-14

24  with ECF # 2-1, ¶¶ 14, 15, 18 and 19.)

25

26

27

28

---

[1] Notably, in an additional effort to avoid the prior motion and Order, Plaintiff filed a separate action in Contra Costa Superior Court (*Rodriguez v. Gonsalves & Santucci*, Case No. C21-02242) asserting the same exact underlying claims against Defendant, however as a PAGA only action in order to avoid federal court jurisdiction.

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

6

DEFENDANT GONSALVES & SANTUCCI'S MPA ISO MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT

**B.    The Collective Bargaining Agreement Applies to Plaintiff's Employment**

The Court took judicial notice of the applicable CBAs and found that Rodriguez was a member of a CBA governing ironworkers' employment. (ECF #31, at p. 2.) The CBA provides that the union is the employees' exclusive bargaining representative and sets forth worked covered. (*Id.*; *see also* ECF #3-2 at pp. 5-9, 12.) The covered work includes the minimum hourly and overtime compensation for the plaintiff and putative class (ECF #3-2, 2020 CBA, "Schedule Apprentices Hourly Wage Rates and Journeyman Iron Workers Total Hourly Wage & Fringe Benefit Package," pp. 73-80), how pay is distributed and the content of the pay statements (ECF #3-2, 2020 CBA Sec. 8. Pay Day, pp. 31-32), and provides that payday is once a week on a day agreed to by the union and the employer. (*Id.*). In addition, the CBA provides a grievance procedure for the settlement of disputes which includes a Board of Adjustment comprised of two union representatives and two employer representatives, and further provides for resolving disputes arising out of the meaning and enforcement of the CBA. (ECF # 3-2, 2020 CBA, Sec. 28., Grievance Procedure, p. 65.)

**IV.    LEGAL ARGUMENT**

**A.    This Court Should Dismiss Plaintiff's FAC Pursuant to Federal Rule of Civil Procedure 12(b)(6)**

After Plaintiff was provided another opportunity to amend his Complaint, his additional allegations in the FAC fail to cure the fatal deficiencies in his original Complaint, and accordingly fail to establish entitlement to relief under Fed. R. Civ. P. 12(b)(6). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). "The court must dismiss a complaint that does not assert, or fails to plead sufficient facts to support, a cognizable legal theory. *Marquez v. Toll Glob. Forwarding (USA) Inc.*, 2018 WL 3218102, at *3-4 (C.D. Cal. June 28, 2018) (citing Fed. R. Civ. P. 12(b)(6) and *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). This Court has already held that the "unpaid wages claim turns on the analysis of the CBA and interpretation of its terms." (ECF #31 at p. 9.) And this Court also held that Plaintiff's derivative claims for "waiting time penalties, failure to pay final wages in violation of Cal. Labor Code § 203, failure to provide accurate statements, and the UCL claim …require analysis and interpretation of the CBA." (ECF #31 at p. 10.) Applying the same standards in reviewing Plaintiff's

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

1   original Complaint, the Court must yet again, dismiss Plaintiff's FAC as Plaintiff's meaningless

2   factual amendments do nothing to avoid the final outcome: Plaintiff's claims are preempted by Section

3   301 of the LMRA, and all his claims must be submitted to binding grievance arbitration. Because it is

4   inconceivable to allege any facts or legal bases for his claims to proceed in this Court, any further

5   attempt to seek leave by Rodriguez should be denied as amendment would be clearly futile.

6       **B.      Section 301 of the LMRA Preempts All of Plaintiff's Claims**

7           This Court aptly summarized binding and unequivocal precedent by the United State Supreme

8   Court: Section 301 of the LMRA "completely preempts any state claims based on alleged violations

9   of collective-bargaining agreements between employers and labor organizations." (ECF #31 at p. 5)

10  (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 23 (1983)) "If a claim is

11  'founded directly on rights created by collective-bargaining agreements' or is 'substantially dependent

12  on   analysis   of   a   collective-bargaining   agreement,'   then   §   301   preempts   it."

13  *Id.* (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987)).

14          Adhering to Ninth Circuit precedent, the Court then proceeded to explain the two parts of the

15  preemption inquiry. First, a court must determine "whether the asserted cause of action involves a

16  right conferred upon an employee by virtue of state law, not by a CBA. If the right exists solely as a

17  result of the CBA, then the claim is preempted." (ECF # 31, p. 5) (citing *Burnside v. Kiewit Pac. Corp.*,

18  491 F.3d 1053, 1059–60 (9th Cir. 2007)). Second, if the right underlying the state claim exists

19  independently of the CBA, then court considers whether the right is "substantially dependent on

20  analysis of a collective bargaining agreement." *Id.*

21      **1.      Plaintiff's Claim for Minimum Wages (First Cause of Action)**
22              **Substantially Depend on Interpretation and Analysis of the CBA**

23          Plaintiff's factual amendments to his minimum wage claim do nothing to change the outcome

24  of the Court's conclusive ruling that Plaintiff's minimum wages claim require substantial

25  interpretation and analysis of the CBA. (ECF #31, p. 9); *see also Kroeger v. Vertex Aerospace LLC*,

26  2020 WL 3546086, at *7 (C.D. Cal June 30, 2020) (finding that because the FAC largely repleads the

27  same core factual allegations with omitted references to the CBA, union rules, grievances and the

28  NLRA, it did not save Plaintiff's claims from preemption under the LMRA); *Yellowcake, Inc. v.*

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

8

DEFENDANT GONSALVES & SANTUCCI'S MPA ISO MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT

1    *Morena Music, Inc.* 522 F.Supp.3d 747, 776 (E.D. Cal. 2021) (finding factual allegations did not

2    sufficiently remove conversion claim from preemption and thus dismissing claim). Plaintiff's FAC

3    only adds other type of compensable activities for which Plaintiff alleges he was not paid minimum

4    wages: "to come early to work and leave late work without being able to clock in for all that time, to

5    complete pre-shift tasks before clocking in and post-shift tasks after clocking out, to don and doff

6    uniforms and safety equipment off the clock, and/or go through temperature checks off the clock."

7    (ECF #32 at ¶ 10.) These additional amendments do not provide a means of escape from the Court's

8    ruling because they would ***still*** require substantial interpretation and analysis of the CBA. As the Court

9    held, "[a]t minimum, resolution of the claims requires interpretation of CBA terms such as 'actual

10   hours worked' and 'show up expenses. Thus, the unpaid wages claim turns on the analysis of the CBA

11   and interpretation of its terms." (ECF #31, p. 9.) And "[d]etermining the meaning of industry terms is

12   a form of interpretation." *Id*. (citing *Marquez v. Toll Global Forwarding*, 804 Fed.Appx. 679, 681 (9th

13   Cir. 2020)).  The Court should dismiss this claim consistent with its Order.

### 2.    Plaintiff's Failure to Pay Timely Final Wages Claim (Third Cause of Action) is Subject to Preemption as a Result of Alternative Pay Arrangements Provided by the CBA

16         As the Court held, the LMRA preempts the claim for failure to timely pay final wages under

17   Cal. Labor Code §§ 201 through 203 because the CBA has different pay arrangements. (ECF #31, p.

18   8) (citing *Gillette v. Stater Bros. Mkts., Inc*., No. 19-cv-1292-JVS, 2019 WL 8017735, at *6 (C.D. Cal.

19   Sept. 23, 2019)). When a CBA has alternate pay arrangements to those in the Labor Code, wage

20   payments arise under the CBA and not state law. *Id.*, (citing *Hall v. Live Nation Worldwide, Inc*., 146

21   F. Supp. 3d 1187, 1201–02 (C.D. Cal. 2015)). The Court found that the CBA provided that the regular

22   payday was once a week "on the day agreed upon between" the employer and the union. And laid-off

23   or terminated employees are to be paid in full immediately by check or other defined means, and if

24   required to go elsewhere (such as the employer's office), they are to be paid for the time to get there.

25   *Id*. (citing 2017 CBA (ECF # 3-1), at p. 44; 2020 CBA (ECF #3-2), at p. 44)). The CBA provides for

26   penalties if workers are not paid during usual working hours, including overtime pay for extra time

27   spent on the job site or for delay. *Id*. (citing 2020 CBA (ECF #3-2) at pp. 44-45).  Accordingly, these

28

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

9

DEFENDANT GONSALVES & SANTUCCI'S MPA ISO MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT

are alternate pay arrangements, and thus Plaintiff's wage payment rights arise under the CBA and not state law. *Id*. (citing *Gillette*, 2019 WL 8017735 at \*6; *Hall*, 146 F. Supp. 3d at 1201-02).  Plaintiff's apparent attempt to change the claim from a derivative claim to a direct claim does nothing to save the claim from preemption.  Whether Plaintiff's final pay was late or not, is governed directly by the CBA and/or requires interpretation of the final pay provisions of the CBA.

3. **Plaintiff's Waiting Time Penalties and Failure to Pay Final Wages (Third Cause of Action), Inaccurate Wage Statements (Second Cause of Action) and UCL (Fourth Cause of Action) Claims Depend Entirely on the Underlying Unpaid Wages Claims**

Plaintiff's claim for waiting time penalties and failure to pay final wages,[2] and remaining claims for failure to provide accurate wage statements, and unlawful conduct in violation of Business and Professions Code §17200 *et seq*., depend entirely on the outcome of the other causes of action brought forth by Plaintiff. (ECF #31, p. 10.) Thus, because the minimum wages claim will require analysis and interpretation of the CBA, this in turn will determine what wages Plaintiff is entitled to at the time of separation and the resulting accuracy of the wage statements. *Id*. (citing *Curtis v. Irwin Industries, Inc.*, 913 F.3d 1146, 1150 n. 3 (9th Cir. 2019) (finding inaccurate pay stub and final pay claims as derivative claims of minimum wage claims)). Therefore, resolution of these claims depends entirely upon the claims for the unpaid minimum wages claim.

"The UCL claim similarly stands or falls on the predicate claims." (ECF #31, p. 10) (citing *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544 (2007) ("[A] violation of another law is a predicate for stating a cause of action under the UCL's unlawful prong.")). Thus, UCL claims under this prong "stand or fall depending on the fate of the antecedent substantive causes of action." *Krantz v. BT Visual Images, LLC*, 89 Cal. App. 4th 164, 178 (2001).

Accordingly, Section 301 of the LMRA preempts Plaintiff's derivative claims for waiting time penalties and a failure to pay final wages under Labor Code section 203, inaccurate wage statements, and unfair unlawful conduct under the UCL because liability stems from the same underlying issues. *See, e.g.*, *Jimenez v. Young's Mkt. Co., LLC*, No. 21-cv-02410-EMC, 2021 WL 5999082, at \*13 (N.D. Cal. Dec. 20, 2021) (claims that are derivative of claims that are preempted are themselves preempted).

---

[2] As indicated above, this claim is also preempted because this right arises under the CBA and not state law.

**C.     Plaintiff's First Amended Complaint Should Be Dismissed Without Leave to Amend Because Plaintiff Failed to Exhaust the CBA's Grievance Procedures**

The CBA sets forth a detailed and comprehensive grievance procedure that parties must follow in the event of a dispute arising out of any member's employment with G&S.  (ECF #3-2, 2020 CBA, Sec. 28 Grievance Procedure.)  A failure to exhaust exclusive contractual remedies warrants dismissal of Plaintiff's claims. *See Soremekun v. Thrifty Payless, Inc.* 509 F.3d 978, 988-89 (9th Cir. 2007) (summarily dismissing Plaintiff's claims for failure to exhaust exclusive contractual remedies under the collective bargaining agreement). The Court found that Plaintiff pleaded no facts in his original complaint that he exhausted the CBA's grievance process. (ECF #31, p. 11.) Here, again Plaintiff's FAC notably omits any allegation[3] he complied with this grievance procedure and submitted his claims to the Board of Adjustment. As a result, this Court should dismiss Rodriguez's FAC, requiring him to first[4] pursue these claims under the CBA's grievance arbitration provisions.

**D.     The Court Should Dismiss Plaintiff's First Amended Complaint With Prejudice**

To the extent Plaintiff seeks leave to amend the Complaint yet another time, the Court should decline. Although leave to amend should generally be granted liberally under Fed. R. Civ. P. 15, leave is not appropriate when one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178 (1962).  Denial of leave to amend is particularly appropriate where the new claims are barred by a failure to exhaust administrative remedies. *See J.M. v. Los Angeles Unified School District*, 2019 WL 2871144 at *3 n. 7 (C.D. Cal. March 13, 2019) (finding futility when plaintiff failed to allege any new facts showing it would not be subject exhaustion requirement); *see also Paul G. v. Monterey Peninsula Unified School District*, 2018 WL 2763302 at *12 (N.D. Cal. Jun 8, 2018) (finding leave to amend not warranted when second amended complaint proffered no additional facts or legal bases that could remedy the deficiency regarding the administrative exhaustion requirement).   Here, Plaintiff alleges no new facts

---

[3] G&S continues to be unaware of any grievance or complaint submitted by Mr. Rodriguez.

[4] Should the Court decline to dismiss Plaintiff's FAC in its entirety or permits Plaintiff to proceed with only some of his claims, G&S respectfully requests a stay of this matter pending resolution of the claims which Plaintiff must bring before the Board of Adjustment.

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT GONSALVES & SANTUCCI'S MPA ISO MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT

that change the ultimate outcome that his claims are preempted, and he must exhaust his remedies through the grievance procedure.

**V.    CONCLUSION**

All of Plaintiff's claims exist solely as a result of the CBA or are substantially dependent on analysis of the applicable CBA between Defendant Gonsalves & Santucci, Inc. and the Union covering Plaintiff's employment. As the Court has already held, these claims are completely preempted under Section 301 of the Labor Management Relations Act. Defendant respectfully requests that the Court dismiss the FAC in its entirety with prejudice and without leave to amend because amendment would be futile.

Dated: February 22, 2022                     LITTLER MENDELSON P.C.


                                             *s/ William J. Kim*
                                             Gregory G. Iskander
                                             William J. Kim

                                             Attorneys for Defendant
                                             GONSALVES & SANTUCCI, INC.