David D. Bibiyan (SBN 287811)
david@tomorrowlaw.com
Jeffrey Bils (SBN 301629)
jbils@tomorrowlaw.com
Joshua Shirian (SBN 341909)
josh@tomorrowlaw.com
**BIBIYAN LAW GROUP, P.C.**
8484 Wilshire Boulevard, Suite 500
Beverly Hills, California 90211
Tel; (310) 438-5555; Fax: (310) 300-1705

Attorneys for Plaintiff, ELMER N. RODRIGUEZ and on
behalf of himself and all others similarly situated

## IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELMER N. RODRIGUEZ, an individual and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GONSALVES & SANTUCCI, INC., a California Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO: 3:21-cv-07874-LB<br><br>*(Contra Costa County Superior Court, Case No.: C21-01735)*<br><br>[*Assigned to the Hon. Laurel Beeler in Courtrm B – 15th Floor*]<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>**HEARING INFORMATION**<br>DATE:          March 31, 2022<br>TIME:          9:30 a.m.<br>COURTRM:   Courtroom B – 15th Floor<br><br>Complaint Filed:   August 24, 2021<br>Case Removed:     October 7, 2021 |

# **TABLE OF CONTENTS**

I.      INTRODUCTION ……………………………………………………………...1

II.     PROCEDURAL HISTORY ………………………………………………………3

III.    LEGAL STANDARDS …………………………………………………………...3

        A.  Fed. R. Civ. P. 12(b)(6) ………………………………………………………3

        B.  LMRA § 301 PREEMPTION ……………………………………………...4

IV.     LEGAL ARGUMENT ……………………………………………………………6

        A.  NONE OF THE CLAIMS ASSERTED IN THE FAC ARE PREEMPTED ……...6

                1.  Plaintiff's Claim for Minimum Wages Cannot Be Preempted and Does Not
                    Require Interpretation of Any CBA ……………………………………..7

                        a.  The state-law right to receive minimum wage payments for all time
                            spent performing compensable tasks is fundamental and non-
                            waivable. …………………………………………………………...8

                        b.  There is no need to interpret any purported CBA's terms to resolve
                            Plaintiff's claims, as state law sets forth all relevant terms and
                            standards. …………………………………………………………...9

                2.  Plaintiff's Claim under Labor Code § 201 for Waiting Time Penalties Is Not
                    Preempted …………………………………………………………11

                        a.  Defendant's cited authority is wholly inapposite and distorts the
                            controlling law as relevant to Plaintiff's claim. …………………..11

                        b.  There are no grounds for preemption of Plaintiff's claim for waiting
                            time penalties as amended and clarified in the FAC. ……………..12

                3.  Plaintiff's Other Claims Are Additionally Not Preempted as Derivative of
                    His Non-Preempted Minimum Wage Claim ……………………………...14

        B.  ALL OF PLAINTIFF'S CLAIMS ASSERTED IN THE FAC ARISE FROM
            STATE LAW AND WERE NOT REQUIRED TO BE SUBMITTED TO ANY
            GRIEVANCE PROCEDURES PRIOR TO FILING IN THIS COURT …………16

/ / /

ii

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

C.  TO THE EXTENT THE COURT GRANTS DEFENDANT'S MOTION, WHICH IT SHOULD NOT, PLAINTIFF REQUESTS LEAVE TO AMEND …………....18

V.      CONCLUSION ..................................................................................18

1

## **TABLE OF AUTHORITIES**

2

3   **Statutory Authority**

4   Fed. R. Civ. P. § 8(a) ………………………………………………………………………3

5   Fed. R. Civ. P. § 8(e) ………………………………………………………………………4

6   Fed. R. Civ. P. § 12(b)(6) ……………………………………………………………*passim*

7   Fed. R. Civ. P. § 15(a) ………………………………………………………………4, 18

8   LMRA § 301 ……………………………………………………………………………*passim*

9   Cal. Code Regs. tit. 8 § 11080(2)(G) …………………………………………………..10

10  Cal. Lab. Code § 201 …………………………………………………...2, 11, 12, 13

11  Cal. Lab. Code § 201.5(e) ……………………………………………………………...11

12  Cal. Lab. Code § 201.9 ………………………………………………………….........11

13  Cal. Lab. Code § 202 ……………………………………………………………………2

14  Cal. Lab. Code § 204 …………………………………………………………………...12

15  Cal. Lab. Code § 204(a) ………………………………………………………………..12

16  Cal. Lab. Code § 204(c) ………………………………………………………………..12

17  Cal. Lab. Code § 219(a) ……………………………………………………………12, 14

18  Cal. Lab. Code § 226 ……………………………………………………………………2

19  Cal. Lab. Code § 1194 ………………………………………………………………...8

20  Cal. Bus. & Prof. Code § 17200 ……………………………………………………2

21

22  **Supreme Court Case Authority**

23  *Allis-Chalmers Corp. v. Lueck*,

24          471 U.S. 202 (1985) ……………………………………………………….5, 8

25  *Foman v. Davis*,

26          371 U.S. 178 (1962) ………………………………………………………4

27  *Hawaiian Airlines, Inc. v. Norris*,

28          512 U.S. 246 (1994) ……………………………………………………17

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

*Lingle v. Norge Div. of Magic Chef, Inc.*,

     486 U.S. 399 (1988) ……………………………………………………….5

*Livadas v. Bradshaw*,

     512 U.S. 108 (1994) …………………………………………………1, 4, 10

*Wright v. Univ. Mar. Serv. Corp.*,

     525 U.S. 70 (1998) ………………………………………………………...17


**<u>Other Federal Court Case Authority</u>**

*Alaska Airlines Inc. v. Schurke*,

     898 F.3d 904 (9th Cir. 2018) ……………………………………………….5

*Alexander v. Republic Servs, Inc.*,

     2017 WL 2189770 (E.D. Cal. May 18, 2017) ……………………………….10

*Andrade v. Rehrig Pac. Co.*,

     2020 WL 1934954 (C.D. Cal. Apr. 22, 2020) ………………………………9

*Atuatasi v. Securitas Security Servs. USA, Inc.*,

     2018 WL 2748259 (C.D. Cal. Jun. 6, 2018) ………………………………...16

*Balcorta v. Twentieth Century-Fox Film Corp.*,

     208 F.3d 1102 (9th Cir. 2000) …………………………………….....5, 14

*Burnside v. Kiewit Pac. Corp.*,

     491 F.3d 1053 (9th Cir. 2007) ………………………………………….*passim*

*Cervantes v. City of San Diego*,

     5 F.3d 1273 (9th Cir. 1993) ………………………………………………...4

*Cramer v. Consol. Freightways, Inc.*,

     255 F.3d 683 (9th Cir. 2001) ……………………………………………….5

*Curtis v. Irwin Induss., Inc.*,

     913 F.3d 1146 (9th Cir. 2019) …………………………………1, 8, 12

*DeSoto v. Yellow Freight Sys., Inc.*,

     957 F.2d 655 (9th Cir. 1992) ……………………………………………….4

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

1  *Enesco Corp. v. Price/Costco Inc.*,

2         146 F.3d 1083 (9th Cir. 1998) …………………………………………………...4

3  *Evers v. Indep. Media, Inc.*,

4         2010 WL 11601039 (C.D. Cal. Oct. 22, 2010) ……………………………………14

5  *Fennix v. Tenderloin Housing Clinic, Inc.*,

6         2020 WL 6462394 (N.D. Cal. Nov. 3, 2020) …………………………………..8, 17

7  *Gillette v. Stater Bros. Mtks., Inc.*,

8         2019 WL 8017735 (C.D. Cal. Sept. 23, 2019) …………………………………12

9  *Gilligan v. Jamco Dev. Corp.*,

10        108 F.3d 246 (9th Cir. 1997) …………………………………………………4

11 *Hall v. Live Nation Worldwide, Inc.*,

12        146 F.Supp.3d 1187 (C.D. Cal. 2015) ………………………………………11

13 *Humble v. Boeing Co.*,

14        305 F.3d 1004 (9th Cir. 2001) …………………………………………….2, 4, 16

15 *Impress Commc'ns v. UnumProvident Corp.*,

16        335 F.Supp.2d 1053 (C.D. Cal. 2003) ………………………………………...4

17 *Jimenez v. Young's Mkt. Co., LLC*,

18        2021 WL 5999082 (N.D. Cal. Dec. 20, 2021) …………………………………15

19 *Loaiza v. Kinkisharyo Int'l, LLC*,

20        2020 WL 5913282 (C.D. Cal. Oct. 6, 2020) …………………………………15

21 *Martinez v. J. Fletcher Creamer & Son, Inc.*,

22        2010 WL 3359372 (C.D. Cal. Aug. 13, 2010) …………………………………17

23 *Massey v. Banning Unif. Sch. Dist.*,

24        256 F.Supp.2d 1090 (C.D. Cal. 2003) ………………………………………...4

25 *McCray v. Marriott Hotel Servs., Inc.*,

26        902 F.3d 1005 (9th Cir. 2018 …………………………………………………5

27 *McGhee v. Tesoro Refining & Mktg. Co. LLC*,

28        440 F.Supp.3d 1062 (N.D. Cal. 2020) …………………………………...8, 10, 11

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

*Meyer v. Irwin Induss., Inc.*,

  723 F.Supp.2d 1237 (C.D. Cal. 2010) ……………………………………………..8

*Moore v. Dnata US Inflight Catering LLC*,

  2021 WL 1934954 (N.D. Cal. Jul. 19, 2021) …………………………………....16

*Morongo Band of Mission Indians v. Rose*,

  893 F.2d 1074 (9th Cir. 1990) ………………………………………………….18

*Munoz v. Atlantic Express of L.A., Inc.*,

  2012 WL 5349408 (C.D. Cal. Oct. 30, 2012) …………………………………..17

*Parker v. Cherne Contracting Corp.*,

  2019 WL 359989 (N.D. Cal. Jan. 29, 2019) …………………………..9, 11, 15

*Vasserman v. Henry Mayo Newhall Mem. Hosp.*,

  65 F.Supp.3d 932 (C.D. Cal. 2014) …………………………………………...4

*Wilson-Davis v. SSP Am., Inc.*,

  434 F.Supp.3d 806 (C.D. Cal. 2020) …………………………………...5, 9, 13


**California Case Authority**

*Frlekin v. Apple, Inc.*,

  8 Cal.5th 1038 (2020) ………………………………………………………10

*Melendez v. San Francisco Baseball Assocs. LLC*,

  7 Cal.5th 1 (2019) …………………………………………………………13

*Morillion v. Royal Packing Co.*,

  22 Cal.4th 575 (2000) ……………………………………………………...10

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff Elmer N. Rodriguez ("Plaintiff") hereby submits the following opposition ("Opposition") to defendant Gonsalves & Santucci, Inc.'s ("Defendant" and together with Plaintiff, the "Parties") Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (the "Motion").

Defendant's instant Motion can be described only as an overreach of colossal proportions, seeking to deprive Plaintiff of his most basic protections as a worker under California's state labor law regime, all the while couching its outrageous requests in a brazen misreading of the controlling law and the history of this case.  Using the Court's January 18, 2022 Order (the "January 18 Order" or the "Order") dismissing Plaintiff's claims in the original Complaint as preempted, Defendant would now have the Court find that Plaintiff is barred from bringing *any* statutory wage-and-hour claims under applicable state law *whatsoever*.  This position cannot be supported under even the broadest permissible reading of either the Court's Order or the purported collective bargaining agreement ("CBA") proffered by Defendant, which cannot effect such a far-reaching waiver of workers' basic rights.  *See, e.g.*, *Curtis v. Irwin Induss., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019) ("§ 301 cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law.") (quoting *Livadas v. Bradshaw*, 512 U.S. 108, 123 (1994)).

To wit, Plaintiff's First Amended Complaint ("FAC") asserts several causes of action against Defendant arising under state-law substantive protections for workers and which do not rely on any purported CBA, but instead depend wholly on minimum labor standards enacted by the State for their resolution.  First and foremost is Plaintiff's claim for unpaid minimum wages.  The law is unequivocal in support of the proposition that the authority to set a mandatory minimum wage for *all* labor performed by workers is at the core of the State's sovereign police powers, and no federal law or policy to the contrary limits Plaintiff's ability to assert his rights thereunder in a civil action.  Plaintiff's FAC makes clear that he seeks redress specifically for non-payment of minimum wages owed pursuant to state law's definition of compensable time.  Because this claim for relief is plainly not preempted, the FAC cannot be dismissed on this ground.

The balance of Plaintiff's request for relief in the FAC survives dismissal on similar grounds. Plaintiff's factual amendment in support of his putative class-based claim for waiting time penalties pursuant to Labor Code sections 201 and 202 makes clear that this claim as clarified is not preempted because it seeks redress for the violation of a fundamental right guaranteed under state law that is not addressed by the CBA.  Moreover, Plaintiff's remaining, so-called "derivative" claims for failure to provide accurate wage statements under Labor Code section 226 and unfair competition under Business and Professions Code section 17200 must survive dismissal for the simple reason that the unpaid minimum wage claim on which they rely also survives.  Defendant even expressly admits as much, stating in its Motion that "resolution of these claims depends entirely upon the claims for the unpaid minimum wages claim [sic]."  (Dkt. #34 at 10:15-16.)  Thus, all of Plaintiff's claims for relief in the FAC are not preempted and therefore not subject to dismissal.

Finally, Plaintiff notes that Defendant's argument that Plaintiff's claims should be dismissed on account of an alleged failure to comply with the purported CBA's grievance procedure misses the mark, both as to procedure and substance.  First, it is black-letter law that a defendant who argues that a party failed to exhaust contractual grievance procedures "to defend against an independent state law claim does not trigger section 301 preemption" and thus dismissal on this ground would be inappropriate.  *Humble v. Boeing Co.*, 305 F.3d 1004, 1011 (9th Cir. 2001).  Moreover, as discussed at length herein, the claims Plaintiff brings in the FAC are state-law claims, *not* CBA-based claims, and thus no grievance exhaustion requirement exists for these claims.

The sum total of the arguments presented by Defendant in support of the instant Motion amount to nothing of legal merit whatsoever, and Defendant's request for relief is utterly unavailing. To hold otherwise would be to nullify the State's inherent sovereign authority to enact and enforce basic protections for its workers and would place Defendant effectively above the law.  Such an outcome simply cannot be.

Thus, despite Defendant's best efforts to self-servingly obfuscate divergent legal frameworks that in effect deprive unwaivable statutory rights, this Court must deny Defendant's Motion in its entirety and permit Plaintiff to move forward with litigation of the claims asserted in the FAC.

II.   **PROCEDURAL HISTORY**

Plaintiff initiated this case on August 24, 2021, when he filed his original Complaint in the Superior Court of California for the County of Contra Costa, Case No. C21-01735 (the "Action"), asserting several causes of action against Defendant for various alleged violations of the California Labor Code, including claims for failure to pay minimum wages, waiting time penalties, wage statement violations, and unfair competition.  (Dkt. #2-1, ¶¶ 37-42, 59-66, 67-74, 88-92.)

On October 7, 2021, Defendant removed the instant Action from state court to this Court, asserting that federal question jurisdiction existed over the case on the theory that all of the state-law claims asserted in Plaintiff's Complaint were preempted pursuant to section 301 of the federal Labor Management Relations Act ("LMRA").  (Dkt. #2.)

After the Parties filed respective motions and submitted briefing to the Court related to the question of LMRA-based preemption of Plaintiff's claims, the Court issued an Order on January 18, 2022, granting Defendant's motion to dismiss Plaintiff's claims, while also granting Plaintiff leave to amend his pleading.  (Dkt. #31.)  Plaintiff subsequently timely filed the FAC on February 8, 2022, asserting four statutory causes of action against Defendant which are undisturbed by issues of federal preemption and collective bargaining: (1) failure to pay minimum wages; (2) failure to provide accurate wage statements; (3) failure to pay due wages at termination; and (4) unfair competition.

Defendant subsequently filed the instant Motion to Dismiss Plaintiff's First Amended Complaint with the Court on February 22, 2022.  (Dkt. #34.)  Plaintiff now files this Opposition in response and respectfully requests that the Court deny Defendant's instant Motion in full as unwarranted and utterly unsupported by either the controlling law or the history of this case.

III.   **LEGAL STANDARDS**

A.   **Fed. R. Civ. P. 12(b)(6)**

On a motion to dismiss in federal court, a plaintiff need only give "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  While the Federal Rules of Civil Procedure ("FRCP") allow for dismissal of a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do

1   justice." Fed. R. Civ. P. 12(b)(6), 8(e).  With this in mind, the Ninth Circuit is particularly hostile

2   to motions to dismiss under Rule 12(b)(6).  *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249

3   (9th Cir. 1997) ("the Rule 8 standard contains a powerful presumption against rejecting pleadings

4   for failure to state a claim").

5       When considering a motion to dismiss a complaint for failure to state a claim pursuant to

6   FRCP 12(b)(6), the court must assume as true all allegations contained in the complaint.  *Enesco*

7   *Corp. v. Price/Costco Inc.*, 146 F.3d 1083, 1085 (9th Cir. 1998).  Indeed, dismissal should be granted

8   "only if it is clear that no relief could be granted under any set of facts that could be provided

9   consistent with the allegations."  *Id.*, quoting *Cervantes v. City of San Diego*, 5 F.3d 1273, 12774

10  (9th Cir. 1993); *see also Massey v. Banning Unif. Sch. Dist.*, 256 F. Supp. 2d 1090, 1092 (C.D. Cal.

11  2003) (Collins, A.) ("A complaint should not be dismissed unless it appears beyond doubt that the

12  plaintiff can prove no set of facts in support of his claim which would entitle him to relief.")

13      Lastly, a court granting a motion to dismiss must also decide whether to grant leave to

14  amend.  *Impress Commc'ns v. UnumProvident Corp.*, 335 F. Supp. 2d 1053, 1062 (C.D. Cal. 2003).

15  A court should "freely give" leave to amend when there is no undue delay, bad faith, dilatory

16  motives on the part of the movant, undue prejudice to the opposing party, or futility of amendment.

17  Fed. R. Civ. P. 15(a); *Foman v. Davis,* 371 U.S. 178, 182 (1962).  Generally, leave to amend is

18  denied only when the complaint's purported deficiencies clearly cannot be cured by amendment.

19  *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

20      **B.  LMRA § 301 PREEMPTION**

21      Congress enacted section 301 of the LMRA "not only to grant federal courts jurisdiction

22  over claims asserting breach of collective-bargaining agreements but also to authorize the

23  development of federal common-law rules of decision" necessary to their enforcement.  *Livadas v.*

24  *Bradshaw*, 512 U.S. 107, 121-22 (1994).  At the same time, however, "the Supreme Court has

25  repeatedly admonished that § 301 preemption is not designed to trump substantive and mandatory

26  state law regulation of the employee-employer relationship."  *Humble*, *supra*, 305 F.3d at 1007; *see*

27  *also Vasserman v. Henry Mayo Newhall Mem. Hosp.*, 65 F.Supp.3d 932, 951 (C.D. Cal 2014)

28  ("Despite the broad preemptive effect of § 301, a claim that seeks to vindicate nonnegotiable state-

law rights … independent of any right established by contract is not within its scope."). Stated differently, "section 301 does not grant the parties to a collective-bargaining agreement the ability to contract for what is illegal under state law." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 212 (1985) ("*Lueck*").

The Ninth Circuit employs a two-step test to determine whether a given state-law claim is preempted. First, the court must ask if the claim involves a right conferred upon an employee by virtue of state law or solely through a CBA. *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1058-59 (9th Cir. 2007). If the right exists independent of a CBA, the court must then inquire "whether the right is nevertheless substantially dependent on analysis of a [CBA]." *McCray v. Marriott Hotel Servs., Inc.*, 902 F.3d 1005, 1010 (9th Cir. 2018) (quoting *Burnside*, *supra*, 491 F.3d at 1059). Thus, while § 301 preempts state-law claims that directly implicate a CBA, it does not preempt claims that: (1) arise independently of a CBA, and (2) do not substantially depend on the analysis or interpretation of a CBA. *Burnside*, *supra*, 491 F.3d at 1061.

There is no presumption in favor of preemption where a claim asserts the protection of state-law labor regulations, and indeed "pre-emption should not be lightly inferred … since the establishment of labor standards falls within the traditional police power of the State." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 412 (1988). Accordingly, with respect to the second step of the *Burnside* analysis, "'interpretation' is construed narrowly" and typically means "something more than [to] 'consider,' 'refer to,' or 'apply.'" *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 921 (9th Cir. 2018) (quoting *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1108 (9th Cir. 2000)). Put differently, while "the distinction between 'looking to' a CBA and 'interpreting' it is not always clear or amenable to a bright-line test," it is evident that, at a minimum, "the need to interpret the CBA must inhere in the nature of the plaintiff's claim." *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 691 (9th Cir. 2001). In any event, it is the party brandishing the CBA that bears the burden to prove that interpretation of its terms is required such that a claim is preempted. *See Wilson-Davis v. SSP Am., Inc.*, 434 F. Supp. 3d 806, 813 (C.D. Cal. 2020) ("It is not enough for Defendants to provide a laundry list of provisions that they allege the Court must

interpret to resolve Plaintiff's claims; Defendants must explain *why* interpretation, as opposed to mere reference to the CBA, is necessary.")

## IV. __LEGAL ARGUMENT__

### A. NONE OF THE CLAIMS ASSERTED IN THE FAC ARE PREEMPTED

Defendant's Motion glosses over the substance of Plaintiff's legal and factual amendments to the FAC as "superfluous" and "nearly identical" to the allegations of the original Complaint. (Dkt. #34 at 5:3-5.)  Defendant's effort to downplay them aside, however, the factual amendments incorporated by Plaintiff alongside his amended claims for relief lay bare the fundamentally state-law nature of the claims at issue and make clear that the claims for relief asserted in the FAC are uniquely ill-suited for preemption.

In material part, the FAC adds allegations that Defendant required Plaintiff, as well as other employees of Defendant, "to come to work early and leave work late without being able to clock in for all that time, to complete pre-shift tasks before clocking in and post-shift tasks before clocking in and post-shift tasks after clocking out, to don and doff uniforms and safety equipment off the clock, and/or to go through temperature checks off the clock." (Dkt. #32 at ¶ 29.) These allegations, in addition to Plaintiff's assertion that he and other employees of Defendant were subjected to unlawful detrimental rounding of time entries, highlight a key aspect of Plaintiff's amended pleading.  The basis of the asserted injury for which Plaintiff seeks relief is not that he and other putative class members were not paid at the proper amount for "actual hours worked" under any CBA's definition of that term, __but rather that he was not paid *at all* for time spent completing activities for his former employer for which he should have been paid under the applicable *state law* definition of "compensable time."__  Rather than seeking to enforce the negotiated terms of a private contract, Plaintiff here asserts rights granted to him by the State to guarantee workers' basic security and well-being.  This distinction is critical in the section 301 preemption analysis, and ultimately means that Plaintiff's claim can be resolved with minimal (if indeed any) reference to any purported CBA as Defendants cannot contract around paying for all time worked, nor have they cited to any authority for that proposition.  Therefore, the minimum wage claim is not preempted and must be permitted to proceed.

The same is true of Plaintiff's amended claim for waiting time penalties: his clarification that the factual basis of his claim is a direct violation of the relevant statute, rather than a violation derivative of some other, preempted claim, turns the dispute into one about fundamental worker protections provided by the State of California rather than one about the provisions of a purported privately negotiated CBA.  The purported CBA's provisions are irrelevant and do not control the outcome of a statutory claim under state law for untimely payment of wages upon termination where Plaintiff alleges, as here, that Defendant failed in practice to meet the minimal timeliness requirements under California statute.  Similarly, Plaintiff contends for purposes of argument on the instant Motion that the two additional causes of action asserted in the FAC, namely, the claim for wage statement violations and the claim for unfair competition, are derivative of the other two claims and therefore survive on the same basis as those claims.

Thus, *none* of the causes of action asserted in Plaintiff's FAC are preempted by operation of section 301 of the LMRA, and dismissal is inappropriate as to any and all of them.

### 1.   Plaintiff's Claim for Minimum Wages Cannot Be Preempted and Does Not Require Interpretation of Any CBA

In the January 18 Order granting dismissal of Plaintiff's claims as preempted, the Court commented that Plaintiff's claim for unpaid minimum wages "substantially depend[s] on an analysis of the CBA" because the CBA purportedly "addresses compensation for activities such as show-up expenses or actual hours worked." (Dkt. #32, 9:14-15.)  As a result, the Court reasoned, "resolution of the claims requires interpretation of CBA terms such as 'actual hours worked' and 'show up expenses.'" (Id. at 9:19-20.)  In other words, the Court ruled that Plaintiff's minimum wage claim was preempted on the second prong of the LMRA preemption framework, requiring an analysis "substantially dependent on the terms of a CBA."  *Burnside*, supra, 491 F.3d at 1060.

Plaintiff's factual amendments to his claim for unpaid minimum wages in the FAC make clear that the scope of the claim does not include any request for relief as to unpaid minimum wages for labor provided or hours worked to which he was entitled to compensation under any purported CBA.  Rather, Plaintiff seeks to recover for time spent completing activities which are compensable under state law, but for which he received no compensation by Defendant.  Once again, the State

has not granted any authority for employers to contract around payment of all hours worked or to redefine compensable time under California law, which is the basis for Plaintiff's Action.  In short, because this right to a guaranteed minimum wage cannot be validly waived and because all relevant terms and standards can be ascertained not by interpretation of any CBA but rather by state law, Plaintiff contends that his minimum wages claim as amended cannot be held to be preempted at either step of the *Burnside* preemption analysis.

**a.** **The state-law right to receive minimum wage payments for all time spent performing compensable tasks is fundamental and non-waivable.**

The right to receive a minimum wage is one of the most basic protections in the State's regulatory framework for workers' rights and welfare.  Accordingly, "California law provides employees a non-waivable, non-negotiable right to compensation for all time worked."  *Meyer v. Irwin Induss., Inc.*, 723 F.Supp.2d 1237, 1243 (C.D. Cal. 2010).  The State insists on the payment of "minimum wage for 'the time during which an employee is subject to the control of an employer.'"  *McGhee v. Tesoro Refining & Mktg. Co. LLC*, 440 F.Supp.3d 1062, 1068 (N.D. Cal. 2020) (quoting Cal. Lab. Code § 1194).  Moreover, the authority to provide for the enforcement of these minimum wage standards "remains well within the traditional police power of the states, and claims alleging violations of such protections will not necessarily be preempted, even when the plaintiff is covered by a CBA."  *Curtis*, *supra*, 913 F.3d at 1152 (internal quotes omitted).

The upshot of this State-afforded protection is that preemption is typically "inappropriate for a minimum wage claim because there is no authority to support the contention that an employer's ability to manage its business encompasses the right to pay employees less than the minimum wage."  *Fennix v. Tenderloin Housing Clinic, Inc.*, 2020 WL 6462394, at *3 fn 2 (N.D. Cal. Nov. 3, 2020) (internal quotes omitted).  "Clearly, section 301 does not grant the parties to a [CBA] the ability to contract for what is illegal under state law."  *Lueck*, *supra*, 471 U.S. at 212.  **Tellingly, the CBA-based exemption under Labor Code section 514 from compliance with state-law overtime wage provisions has no analog in the minimum wage context.**  Nor do the three other claims brought in the FAC.

Given the exceptionally high value that the State evidently places on ensuring that all workers are paid a minimum wage for *all* hours the State has held to be compensable—even when a CBA disagrees about what constitutes "actual hours worked"—preemption of Plaintiff's claim in the FAC for unpaid minimum wages pursuant to section 301 is uniquely inappropriate.  Thus, Defendant's request in the instant Motion that the Court dismiss Plaintiff's amended claim for unpaid minimum wages should be viewed as suspect, because Congress did not intend to displace such a strong State policy preference by enacting section 301 of the LMRA.

> **b.  There is no need to interpret any purported CBA's terms to resolve Plaintiff's claims, as state law sets forth all relevant terms and standards.**

Effectively conceding that it cannot show that Plaintiff's minimum wage claim is preempted on the first prong of the *Burnside* analysis, Defendant instead argues in its instant Motion that the claim fails at the second step, apparently because it claims that *any* claim for unpaid minimum wages here need necessarily depend on the purported CBA's definitions of terms like "actual hours worked" and "show up expenses." (Dkt. #34, 9:9-10.)  Notably, Defendant gives no explanation as to "*why* interpretation, as opposed to mere reference to the CBA, is necessary" to resolve Plaintiff's claim as amended, in dereliction of its duty to affirmatively prove that Plaintiff's facially state-law claim is preempted.  *Wilson-Davis*, *supra*, 434 F. Supp. 3d at 813.  This flat-out failure to meet Defendant's burden of proof *alone* justifies finding that Plaintiff's minimum wage claim is not preempted, and thus that dismissal of this claim is inappropriate.

More fatal, however, for Defendant's argument is the decisive weight of decisional authority holding that preemption is not appropriate where, as here, a plaintiff "assert[s] various wage and hour claims *based on a failure to compensate at all for certain hours allegedly worked*." *Parker v. Cherne Contracting Corp.*, 2019 WL 359989, at *6 (N.D. Cal. Jan. 29, 2019) (emphasis added). This is in large part because, "irrespective of how 'the wages,' or 'hours of work,' are determined under a CBA, plaintiff is entitled to be paid a minimum wage and overtime for all hours he was under the 'control' of defendant." *Andrade v. Rehrig Pac. Co.*, 2020 WL 1934954, at *3 (C.D. Cal. Apr. 22, 2020).  It is California law, *not* the terms of any purported CBA, that establish the

definitions of terms like "hours worked" and "compensable time" that will be material to such a claim under state law.  *See*, *e.g.*, *Frlekin v. Apple, Inc.*, 8 Cal.5th 1038, 1047 (2020); *see also Morillion v. Royal Packing Co.*, 22 Cal.4th 575, 585 (2000); *accord* Cal. Code Regs. tit. 8 § 11080(2)(G).  Limiting a plaintiff's claim in this way, a court "would merely have to decide whether defendants paid plaintiff and putative class members minimum wages for all hours they worked, an inquiry that does not implicate any CBA provisions."  *Alexander v. Republic Servs., Inc.*, 2017 WL 2189770, at *3 (E.D. Cal. May 18, 2017).

 Moreover, because none of the potentially relevant terms of the purported CBA are in dispute here, Defendant cannot show that the Court will need to "interpret" the purported CBA such that the minimum wage claim would be preempted under section 301.  "When the meaning of contract terms is not the subject of a dispute, the bare fact that a [CBA] will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished."  *Livadas*, *supra*, 512 U.S. at 124.  In an instructive recent decision from this district court, *McGhee*, *supra*, the court held that defendants could not show preemption on the second *Burnside* prong where the CBA's "policies [did] not appear to be complicated or necessarily disputed."  *Id.*, 440 F.Supp.3d at 1069.  In *McGhee*, the plaintiff argued that his employers exerted "control" over himself and other employees during "on-call" periods without pay, in violation of state-law minimum wage requirements.  *Id.* at 1065-66.  In response, defendants argued that it required "'interpreting' CBA provisions," like "on-call time" and "off-duty" to resolve the claim.  *Id.* at 1069.  Agreeing with the plaintiff, the court held that while it might need to "'look' at the relevant CBAs as evidence of [defendants'] procedure," this did not rise to the level of "interpretation," as "the focus remains on defendants' actions, not the CBAs' authorizations."  *Id.*  "Put differently, ***whether Defendants violated or complied with the CBAs has no import whether they also violated California law***."  *Id.* (emphasis added).

 Just so here.  Plaintiff seeks redress for a fundamental state-law claim which will rise and fall entirely with respect to fundamentally state-law standards.  There is no dispute among the Parties as to *any* of the terms in the purported CBA, let alone the two isolated terms that Defendant references.  This absence of any real dispute as to its terms means that the relevance of the purported CBA will be limited, at most, to its evidentiary value as to Defendant's relevant policies or

Plaintiff's rate of pay.  *See McGhee*, *supra*, 440 F.Supp.3d at 1069.  This is plainly not enough to rise to the level of "interpretation" such that preemption of this claim is warranted.  *See, e.g.*, *Parker*, *supra*, 2018 WL 3241049, at *6 ("[T]he fact that Plaintiff's minimum wage rate is defined by the CBA does not in itself create a dispute about the CBA's terms.")  Defendant fails to meaningfully identify *any* reason to counter this conclusion.  Thus, Plaintiff's amended minimum wage claim will not require interpretation of any CBA, and is not preempted on the second prong of the *Burnside* framework.  Thus, dismissal of Plaintiff's amended minimum wage claim is unwarranted.

### 2. Plaintiff's Claim under Labor Code § 201 for Waiting Time Penalties Is Not Preempted

#### a. Defendant's cited authority is wholly inapposite and distorts the controlling law as relevant to Plaintiff's claim.

Because Defendant regurgitates virtually unchanged its argument that the purported CBA preempts his Labor Code section 201 claim, Plaintiff feels compelled to emphasize the unabashedly deceptive nature of Defendant's cited legal authority at the outset of his response.

Defendant cites two cases—and, notably, zero statutes—in the instant Motion to support its core argument that where "a CBA has alternate pay arrangement to those in the Labor Code, wage payments arise under the CBA and not state law."  (Dkt. #34, 9:19-20.)   From this premise Defendant appears to conclude that any claim for waiting time penalties that Plaintiff could bring are therefore preempted.  (Dkt. #34, 10:4-5.)  Yet the cited case law stands for a proposition not nearly so broad.  In one of the cases cited by Defendant, *Hall v. Live Nation Worldwide, Inc.*, the court held concisely that the plaintiff's claim for waiting time penalties was preempted, as "under both §§ 201.5(e) and 201.9, § 201 does not apply when the parties have agreed to alternate rules in a [CBA]."  146 F.Supp.3d 1187, 1201-02 (C.D. Cal. 2015).  A cursory review of the statutes cited by the court in *Hall* make clear why Defendant cites to no statutory authority of its own: both statutes on which the *Hall* court based its decision are facially non-applicable to this Action, as the first deals specifically with CBA-covered employees "***engaged in the production or broadcasting of motion pictures***," and the second with those "***employed at a venue that hosts live theatrical or concert events***."  Cal. Lab. Code §§ 201.5(a)(1), 201.9 (emphasis added).  Clearly, neither of these statutory

exemptions applies to Plaintiff, who undisputedly worked in the construction industry for Defendant. (See Dkt. #34, 5:24-28.)

On closer inspection, a similar fate befalls Defendant's reliance on the other cited authority, *Gillette v. Stater Brothers Markets, Inc.*, 2019 WL 8017735, at *6 (C.D. Cal. Sept. 23, 2019). The *Gillette* court held that a plaintiff's claim for unpaid vacation time (a claim Plaintiff does not assert in the FAC here) was preempted per an exemption at Labor Code section 204(c). *Id.* Notably, again upon cursory review of the statute, section 204 and each of its subparts deal expressly with the timeliness of payments made during employment, and thus have no relevance to Plaintiff's claim under section 201 for untimely payment of wages upon separation. *See* Cal. Lab. Code § 204(a).

Defendant cannot pretend that these facially inapplicable cases compel the wholesale invalidation of California's statutory scheme of protections for timely payment of workers who have been terminated or otherwise separated from their employers. Its effort to convince the Court to find that Plaintiff's claim for waiting time penalties is preempted here thus bespeaks either sheer ignorance or else an unmistakable intent to mislead the Court as to the true content of the applicable state law. Moreover, as discussed below, a review of decisional and statutory authority with actual relevance to the claim that Plaintiff asserts in the FAC reveals that controlling law in fact precludes a finding of preemption.

**b. There are no grounds for preemption of Plaintiff's claim for waiting time penalties as amended and clarified in the FAC.**

California law makes clear that its provisions regarding timely payment of wages upon termination or separation from employment is intended as a bare-minimum protection for workers' welfare that cannot be bargained away. In material part, while allowing for "the payment of wages at more frequent intervals, or in greater amounts, or in full when due or before due," the Code also provides that "no provision of this article can in any way be contravened or set aside by a private agreement, whether written, oral, or implied." Cal. Lab. Code § 219(a). Even more persuasively, in a decision directly on-point from the California Supreme Court following the Ninth Circuit's decision in *Curtis v. Irwin Industries, Inc.*, *supra*, the State's highest court summarily held that a plaintiff's claim for untimely payment of wages due at termination under Labor Code section 201

12

"arises solely from independent state law" and thus "is not based on the [CBA]."  *Melendez v. San Francisco Baseball Assocs. LLC*, 7 Cal.5th 1, 10 (2019).  The *Melendez* court held that resolution of the first step of the preemption analysis was "easy" and did not need to engage in any analysis of the purported CBA's material terms to conclude preemption did not apply.  *Id*. at 10.

Given that no legal authority exists to support the proposition that a purported CBA can preempt all claims for untimely payment of wages due at termination, Plaintiff can only conclude that the Court's January 18 Order dismissing Plaintiff's section 201 claim as preempted was intended to be cabined such that Plaintiff's claim was preempted due to its reliance on other, preempted claims.  To this end and to resolve any confusion, Plaintiff clarified in his FAC that his section 201 claim does not rely on any predicate claim for unpaid overtime or premium wages, but is instead primarily based on Defendant's *direct* violation of the statue: issuing Plaintiff's "final paycheck approximately seven (7) to eight (8) days after his last day worked …."  (Dkt. #32, ¶ 12.)  The claim also relies in part on Plaintiff's claim for unpaid minimum wages, which, as discussed at length above, is not preempted.  Thus, the FAC makes clear that Plaintiff's section 201 claim is not preempted under the first step of the *Burnside* analysis, as its scope is limited such that it relies in no part on any alleged CBA to exist.

Plaintiff's amended section 201 claim also is not preempted at step two of the *Burnside* analysis, either.  The "line between reference to and interpretation of an agreement may be somewhat hazy," but in any case, factual ambiguities should be resolved against preemption, given that preemption "should not be lightly inferred in this area, since the establishment of labor standards falls within the traditional police power of the State."  *Melendez*, *supra*, 7 Cal.5th at 9 (internal quotes omitted).  Moreover, to prove that the resolution of Plaintiff's claim requires substantial interpretation of an alleged CBA, Defendant must do something more than merely "provid[ing] a laundry list of provisions" in the CBA; rather, it "must explain *why* interpretation, as opposed to mere reference to the CBA, is necessary."  *Wilson-Davis*, *supra*, 434 F.Supp.3d at 813.

Defendant does not even make an attempt in the instant Motion to argue in the alternative that resolution of Plaintiff's section 201 claim will require interpretation of the purported CBA, and thus it can be said in fairness that Defendant has conceded that it will not require such interpretation.

13

(*See* Dkt. #34, 9:16-10:5.)  At the same time, however, no reasonable argument exists that could show that Plaintiff's section 201 claim can only be resolved subject to interpretation of a purported CBA.  Plaintiff alleges in the FAC that Defendant violated section 201 by failing to provide him with his final wage payment until seven or eight days after termination, a claim which "seems to require nothing more than a clock [and] a calendar," plus date of termination, to resolve in full.  *Evers v. Indep. Media, Inc.*, 2010 WL 11601039, at *6 (C.D. Cal. Oct. 22, 2010).  Indeed, the question of "whether a violation has occurred is controlled only by the provisions of the state statute and does not turn on whether the payment was timely under the provisions of the [CBA]."  *Balcorta*, *supra*, 208 F.3d at 1111.  Given that Defendant has not and cannot explain why Plaintiff's claim requires interpretation of a CBA despite these fairly obvious observations, the claim cannot be presumed preempted on the second prong of the *Burnside* analysis, either.

Thus, Plaintiff's claim for unpaid wages due at termination as amended in the FAC is not preempted by any purported CBA, and indeed *could not* be preempted as a fundamental right of California employees that is not subject to waiver by private agreement of any kind.  *See* Cal. Lab. Code § 219(a).  As a result, dismissal of Plaintiff's claim on the ground asserted by Defendant is inappropriate here.

### 3. Plaintiff's Other Claims Are Additionally Not Preempted as Derivative of His Non-Preempted Minimum Wage Claim

Defendant's Motion expressly conditions its argument for dismissal of Plaintiff's second and fourth causes of action for wage statement violations and unfair competition, respectively, on the assumption that Plaintiff's claim for unpaid minimum wages "will require analysis and interpretation of the CBA." (Dkt. #34, 10:11-12.)  Accepting, *arguendo*, that these additional claims are "derivative" insofar as they are dependent upon the claim for unpaid minimum wages, however, Defendant's request for dismissal of those claims must fail because, as discussed at length above, Plaintiff's minimum wage claim is not (and indeed could not be) preempted.  Thus, dismissal of the allegedly derivative claims is not appropriate here.

/ / /

/ / /

Where a non-preempted minimum wage claim under the California Labor Code survives a preemption-based challenge, several federal courts have held that such a claim provides sufficient basis for so-called "derivative" claims to survive preemption, as well.  *See*, *e.g.*, *Wilson-Davis*, *supra*, 434 F.Supp.3d at 816; *see also Parker*, *supra*, 2019 WL 359989, at *6 (N.D. Cal. Jan. 29, 2019) (holding that derivative claims alleging unfair competition, waiting time penalties, and wage statement violations should not be dismissed to extent they were predicated on non-preempted minimum wage claim); *Loaiza v. Kinkisharyo Int'l, LLC*, 2020 WL 5913282, at *21 (C.D. Cal. Oct. 6, 2020) (holding dismissal of alleged derivative claims was inappropriate where the claims "may also be based on the alleged failure to pay minimum wages, … which is not preempted.")

Plaintiff's allegedly derivative claims are therefore not preempted for the same reason that his claim for unpaid minimum wages is not preempted: they represent rights which arise from basic guarantees of substantive state law and depend solely on state-law standards and definitions relating to the payment of minimum wages for their resolution.  The key case that Defendant cites to support its position that Plaintiff's allegedly derivative claims are preempted, *Jimenez v. Young's Market Company, LLC*, is inapposite here, as in that case the allegedly derivative claims were dependent solely upon "substantive claims for overtime pay and meal and rest periods," which were themselves preempted.  2021 WL 5999082, at *13 (N.D. Cal. Dec. 20, 2021).  Plaintiff makes no such claims here, and even Defendant concedes that the predicate claim in the FAC is the claim for unpaid minimum wages.  (Dkt. #34, 10:8-17.)

Because Defendant fails to successfully contest the sufficiency of Plaintiff's predicate claims, including most importantly the claim for unpaid minimum wages, it thus fails to demonstrate that Plaintiff's remaining allegedly derivative claims should be dismissed even assuming they are derivative.  As such, denial of Defendant's request to dismiss these causes of action for wage statement violations and unfair competition is appropriate.

/ / /

/ / /

/ / /

/ / /

## B. ALL OF PLAINTIFF'S CLAIMS ASSERTED IN THE FAC ARISE FROM STATE LAW AND WERE NOT REQUIRED TO BE SUBMITTED TO ANY GRIEVANCE PROCEDURES PRIOR TO FILING IN THIS COURT

Defendant additionally asserts as a further ground for dismissal of Plaintiff's FAC the fact that the "FAC notably omits any allegations he complied with [the purported CBA's] grievance procedure and submitted his claims to the Board of Adjustment."  Dkt. #34, 11:11-12.  But even were this a permissible basis on which to challenge a plaintiff's complain on the procedural posture of a motion to dismiss (which it is not), the law simply does not require Plaintiff to exhaust grievance procedures for his facially and substantively state-law claims absent a *clear and unmistakable* waiver of the right to bring those state-law claims.  No such express waiver has been alleged here and does not in fact exist.  Thus, as no parallel exhaustion requirement exists under the California Labor Code, Plaintiff's alleged failure to do so is irrelevant.  *See Atuatasi v. Securitas Security Servs. USA, Inc.*, 2018 WL 2748259, at *5 (C.D. Cal. Jun. 6, 2018).

As a preliminary matter, Defendant's assertion of an alleged grievance procedure exhaustion requirement on the procedural posture of the instant Motion to Dismiss is clearly procedurally inapposite under the controlling law.  It is "the plaintiff's claim [that] is the touchstone for the preemption analysis," *not* a defendant's affirmative defense asserted in response.  *Humble*, *supra*, 305 F.3d at 1008.  Thus, "reliance on CBA provisions to defend against an independent state law claim does not trigger § 301 preemption."  *Id.* at 1011.  For this reason, "[s]imply pointing to a grievance procedure" will not suffice to establish that a facially state-law claim is preempted.  *Moore v. Dnata US Inflight Catering LLC*, 2021 WL 3033577, at *4 (N.D. Cal. Jul. 19, 2021); *see also Andrade*, *supra*, 2020 WL 1934954, at *7 (holding that defendant's affirmative defense referencing CBA grievance procedure insufficient to establish preemption where "there is no claim based on the CBA's grievance procedure.")  Because Plaintiff's claims in the FAC are facially based on state law and do not require substantial interpretation of any CBA for their resolution, Defendant's grievance procedure affirmative defense is misplaced here.

/ / /

/ / /

More importantly, even were Defendant's argument properly made on the posture of a motion to dismiss, it would have no import here, as plainly there is no grievance procedure exhaustion requirement for Plaintiff's claims arising under state law, rather than under any CBA. Congress's intent in providing for preemption under the LMRA was specifically to create uniformity in the law and a favorable federal forum for the resolution of "disagreements over how to give effect to the bargained-for agreement" that a CBA represents. *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 254 (1994). Given this central purpose of the law, preemption of state-law claims pursuant to a CBA-based grievance procedure requires *at a minimum* that "the 'union-negotiated waiver of employees' statutory right to a judicial forum' must be '***clear and unmistakable***.'" *Munoz v. Atlantic Express of L.A., Inc.*, 2012 WL 5349408, at *4 (C.D. Cal. Oct. 30, 2012), quoting *Wright v. Univ. Mar. Serv. Corp.*, 525 U.S. 70, 80-81 (1998), emphasis added. Where a "CBA does not directly reference the statutes" creating a plaintiff's state-law causes of action, it "does not 'clearly and unmistakably' waive Plaintiff's rights under those statutes," and thus plaintiff "was not required to file a grievance under the CBA to pursue his statutory claims." *Martinez v. J. Fletcher Creamer & Son, Inc.*, 2010 WL 3359372, at *5 (C.D. Cal. Aug. 13, 2010).

The fact that Defendant's purported CBA may contain provisions regarding an internal grievance procedure standing on its own does not inexorably lead to the conclusion that Plaintiff was required to exhaust this internal procedure prior to filing the state-law claims brought in the FAC. A plaintiff's "non-preempted claims are brought under state law and therefore do not require a grievance process." *Fennix*, *supra*, 2020 WL 6462394, at *6 (N.D. Cal. Nov. 3, 2020). Given that Plaintiff's claims facially and substantively arise under state law rather than the CBA, Defendant must point to some "clear and unmistakable" waiver of the right to bring those claims in a judicial forum in order to prove preemption of those specific claims. *Wright*, *supra*, 525 U.S. at 80-81. At a minimum, this requires Defendant to point to specific language in the purported CBA naming the statutory rights being asserted by Plaintiff here and showing that the parties to the agreement actually intended to reach a bargain as to an employee's right to bring those claims in court. Defendant has not and cannot do so, and thus no grievance procedure exhaustion requirement controls here.

As such, whether Plaintiff did or did not complete a CBA-mandated grievance procedure is immaterial, as it does not impact the state-law claims brought in the FAC and cannot serve as a basis for dismissal in any event.

### C.  TO THE EXTENT THE COURT GRANTS DEFENDANT'S MOTION, WHICH IT SHOULD NOT, PLAINTIFF REQUESTS LEAVE TO AMEND

Even where a party has amended his complaint once or a responsive pleading has been served, the Federal Rules provide that leave to amend should be "freely given when justice so requires." F.R.Civ.P. 15(a). The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).  Here, Defendants' motion should fail.  But for any reason should the Court decide to grant Defendant's instant Motion in full or in part, which it should not, Plaintiff should be permitted to file an amended complaint in the interests of justice and with leave of the Court.

### V.  <u>CONCLUSION</u>

For all of the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss in its entirety, or, otherwise permit Plaintiff to amend the pleadings.

Dated:  March 8, 2022                    BIBIYAN LAW GROUP, P.C.

                                         _____
                                         DAVID D. BIBIYAN
                                         JOSHUA SHIRIAN
                                         Attorneys for Plaintiff ELMER N. RODRIGUEZ, on
                                         behalf of himself and all others similarly situated

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 8484 Wilshire Blvd., Suite 500, Beverly Hills, California 90021.

On March 8, 2022, I served the following document(s) described as **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6); [PROPOSED] ORDER** on:

GREGORY G. ISKANDER
giskander@littler.com
WILLIAM J. KIM
wkim@littler.com
LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard, Suite 600
Walnut Creek, California 94597

**Attorneys for Defendant GONSALVES & SANTUCCI, INC.**

The above document(s) were served on the interested parties in this action as follows:

*All parties identified for Notice of Electronic Filing generated by the Court's CM/ECF system under the above-reference case number.*

BY ELECTRONIC MAIL:  As follows:  I am readily familiar with our office's practice of electronic mail transmission; on this date the document enumerated above was transmitted by electronic mail transmission and that the transmission was reported as complete and delivered, and without error.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 8, 2022 at Beverly Hills, California.

_____
Joshua Shirian

MEMORANDUM OF POINTS AND AUTHORITIES