GREGORY G. ISKANDER, Bar No. 200215
giskander@littler.com
WILLIAM J. KIM, Bar No. 336837
wkim@littler.com
LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard, Suite 600
Walnut Creek, California 94597
Telephone:    925.932.2468
Fax No.:    925.946.9809

Attorneys for Defendant
GONSALVES & SANTUCCI, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELMER N. RODRIGUEZ, an individual and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GONSALVES & SANTUCCI, INC., a California corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.  3:21-cv-07874-LB<br><br>REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)<br><br>Hearing Date:    March 31, 2022<br>Time:    9:30 a.m.<br>Judge    Hon. Laurel Beeler<br>Location:    Via Zoom |

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

1

REPLY MPA ISO DEFT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

## I.    INTRODUCTION

Plaintiff's opposition is a rather remarkable request for the Court to participate in wholesale ignorance of its previous ruling adhering to binding Supreme Court and Ninth Circuit precedent. Yet again, Plaintiff misconstrues current law on preemption under Section 301 of the Labor Management Relations Act (LMRA). The Court has already ruled that Plaintiff's final wages claim is preempted. (ECF #31, 8:14-9:4.) The Court has already ruled that the minimum wages claim will require substantial interpretation and analysis of the applicable CBA. (*Id.*, 9:14-10:4.) And as a result, Plaintiff's derivative claims depend entirely upon the outcome of the preempted claims. (*Id.*, 10:15-16:2.) Accordingly, Plaintiff's claims cannot proceed as a matter of law. Because Plaintiff continues to refuse to exhaust the CBAs' grievance and arbitration procedures, and no factual amendment can cure any of these fatal defects, the Court should dismiss the First Amended Complaint ("FAC") in its entirety without leave to amend and with prejudice.

## II.    ARGUMENT IN REPLY

### A.    Section 301 of the LMRA Preempts Plaintiff's Failure to Pay Timely Final Wages Claim (Third Cause of Action)

Contrary to Plaintiff's misrepresentations, Plaintiff's timely final wages claim satisfies the first prong of *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059-60 (9th Cir. 2007), and thus, this claim arises solely out of the CBA. Plaintiff's second attempt to distinguish *Gillette v. Stater Bros. Markets, Inc.*, 2019 WL 8017735 (C.D. Cal. Sept. 23, 2019) is misleading and unconvincing. And G&S's reliance on the provisions of Cal Labor Code § 204(c) is certainly not deceptive. The holding of *Gillette* and provisions of Cal. Labor Code § 204(c) make clear where there is an alternative pay arrangement provided for under an applicable CBA, those pay arrangements apply and the provisions of Labor Code §§ 201-204 do not apply. *See id*. at *7; Cal. Labor Code § 204(c) ("However, when employees are covered by a collective bargaining agreement that provides different pay arrangements, *those arrangements shall apply to the covered employees*.") (emphasis added). Thus, where a CBA provides alternate pay arrangements from those contained in the Labor Code, wage payment rights arise under the CBA and not state law. *See Hall v. Live Nation Worldwide, Inc.*, 146 F. Supp. 3d 1187, 1201-02 (C.D. Cal. 2015). And contrary to Plaintiff's assertion, nowhere does section 204 state it only

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

2

REPLY MPA ISO DEFT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

applies to wages earned during employment and exempts wages earned at termination. Here, and as already indicated in Defendant's Motion, the CBA provide for alternative pay arrangements from those contained in the Labor Code, applying to both the regular payment of wages as well as payment of final wages. (2020 CBA, Sec. 8, Pay Day, p. 34). Accordingly, Plaintiff's wage payment rights arise under the CBA and not state law. *Gillette*, 2019 WL 8017735 at *6; *Hall*, 146 F. Supp. 3d at 1201-02. Plaintiff's failure to pay timely final wages claim continues to be preempted.

**B.    Plaintiff's Claim for Minimum Wages (First Cause of Action) Substantially Depend on Analysis and Interpretation of the CBA**

Plaintiff primarily argues that his superfluous amendments have "clarified" that the newly identified compensable activities are not being asserted pursuant to the CBA, but pursuant to the general and prosaic summation of California state law which provides employees the right to compensation for all time worked. As an initial matter, the Ninth Circuit in *Curtis v. Irwin Industries, Inc.*, 913 F.3d 1146 (9th Cir. 2019) wholly rejected such an argument. Indeed, the Ninth Circuit disapproved of the district court's failure to consider the inextricable connection between the CBA and the plaintiff's wage and hour claims, and for focusing instead on plaintiff's erroneous argument that the CBA did not apply to the activities at issue. *Id.*, at 1156. Plaintiff's laundry list of citations and case law analysis avoids this fundamental question and fails to show how his cited authority circumvents the holding and requirements under *Curtis*.

Further, in order to accept Plaintiff's contention, the Court will have to deliberately ignore its previous ruling and adopt a strained and mistaken interpretation that adding other activities which are not specifically called for in the CBA somehow converts Plaintiff's minimum wage claim into a pure state law claim and repudiates the requirement to conduct the second prong analysis under *Burnside*. Plaintiff has shifted his approach because he belatedly recognizes that his previous emphasis on the "*entirely unclear*" provisions surrounding wages impaired his previous opposition to dismissal of his original Complaint. (*See* ECF #23 at p. 20.) To highlight the frivolousness of Plaintiff's argument, a side-by-side comparison of the original and first amended complaints is warranted. Plaintiff's amended allegations add absolutely no substance whatsoever, except identifying more allegedly compensable activities:

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

3

REPLY MPA ISO DEFT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

| Plaintiff's Original Complaint | Plaintiff's First Amended Complaint |
|---|---|
| Defendant failed to pay minimum wages "as a result of…failing to accurately track and/or pay for all minutes actually worked; engaging, suffering, or permitting employees to work off the clock including, without limitation, by requiring employees: **to make phone calls or drive off the clock**; detrimental rounding of employee time entries, and editing and/or manipulation of time entries to show less minutes that actually worked" (ECF #2-1, ¶ 11). | Defendant failed to pay minimum wages "as a result of…failing to accurately track and/or pay for all minutes actually worked; engaging, suffering, or permitting Plaintiff and Class Members to work off the clock, including, without limitation, by requiring Plaintiff and Class Members **to come early to work and leave late work without being able to clock in for all that time, to complete pre-shift tasks before clocking in and post-shift tasks after clocking out, to don and doff uniforms and safety equipment off the clock, and/or go through temperature checks off the clock**; detrimental rounding of Plaintiff and Class Members' time entries; and editing and/or manipulation of time entries to show less hours than actually worked." (ECF #32, ¶10.) |

The Court must reject this poorly formulated sleight-of-hand. Plaintiff's *only* "clarification" is that the FAC identifies additional activities which would constitute "engaging, suffering, or permitting Plaintiff and Class Members to work off the clock." Stated differently, Plaintiff could allege every possible activity (i.e., drilling, hammering, health screenings, driving, phone calls), but his minimum wages claim cannot proceed for the simple reason that it cannot be resolved without interpreting the applicable CBA as the Court unequivocally held. (*See* ECF #31, 9:14-10:4.) Contrary to Plaintiff's assertion that Defendant has failed to provide any explanation that his claim requires substantial interpretation, an explanation has been repeatedly provided – and subsequently adopted by the Court – that interpretation of the CBA and the parties' customs and practices would need to be analyzed in-depth in order to resolve his minimum wage claim. (*See id.*) Here, the Court must still evaluate the Parties' detailed agreement regarding the hours of work, hourly rates, work days, and shift work outlined at sections 6 through 8 of the CBA, along with the Wage Rate Schedule. (*See* 2020 CBA, Secs. 6-8, and pp. 73-80.) And whether these newly amended activities are compensable would *still* require interpretation of the intended meaning of the phrases "actual hours worked[1]" and "show

---

[1] Like his amendments to the FAC, Plaintiff's reliance on "decisive weight of decisional authority" is also superfluous. *Parker v. Cherne Contracting Corp.*, 2019 WL 359989 (N.D. Cal. Jan. 29, 2019) involved no analysis of the CBA because the only invocation to the CBA by the defendant was to simply look to the minimum wage rate as defined by the CBA. *Andrade v. Rehrig Pac Co.*, 2020 WL

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

4

REPLY MPA ISO DEFT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

up expenses," and determine whether that language (and the parties' practices) intended to cover these particular activities that Plaintiff alleges is squarely at issue. (ECF # 31, 10:19-20.) The meaning of these terms is all but certain to be heavily disputed, which will then require substantial analysis of the CBAs and parties' practices. *See Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1046 (9th Cir. 2016) ("under longstanding labor law principles . . . the practices of the industry and the shop . . . [are] equally a part of the [CBA] although not expressed in it" (quoting *United Steelworks of Am. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 581-82 (1960)). Since the minimum wage claim substantially depends on analysis of the CBA, it is preempted under Section 301 of the LMRA.

C.      **Section 301 of the LMRA Preempts Plaintiff's Derivative Claims:  Waiting Time Penalties and Failure to Pay Final Wages (Third Cause of Action), Inaccurate Wage Statements (Second Cause of Action) and UCL (Fourth Cause of Action) Claims Depend Entirely on the Underlying Unpaid Wages Claims**

Plaintiff's decision to abandon his already preempted overtime, meal and rest periods, business expenses, and vacation pay claims, and to singularly pursue the minimum wage claim only allows him to escape the first prong analysis under *Burnside*. But as described above, even if the minimum wage claim does not satisfy the first prong, it will still require substantial analysis and interpretation of the CBA – and thus is preempted by Section 301 of the LMRA. Moreover, regardless of whether Plaintiff's minimum wages claim is preempted (it is), the derivative claims continue to rely on resolution of the previously dismissed claims which have yet to be submitted through a binding grievance arbitration.[2]  Without resolution of these claims, Plaintiff's claim for waiting time penalties and failure to pay final wages,[3] failure to provide accurate wage statements, and unlawful conduct in violation of Business and Professions Code §17200 *et seq.*, are, at best, half-formed claims in perpetual uncertainty. Not only will the minimum wage claim need to be resolved, but the outcomes of the other causes of action abandoned by Plaintiff will also need to be established to determine whether these derivative claims "stand or fall." (ECF #31, p. 10.) (citing *Curtis v. Irwin Industries, Inc.*, 913 F.3d

1934954 (C.D. Cal. Apr. 22. 2020) involved an analysis of Plaintiff's overtime claim, not a minimum wage claim.

[2] These include claims for overtime, meal and rest break, necessary expenditures, and vacation pay. (*See* ECF # 2-1.)

[3] As indicated on multiple occasions in its original dismissal motion and the instant Motion, this claim is also preempted because this right arises under the CBA and not state law.

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

5

REPLY MPA ISO DEFT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1146, 1150 n. 3 (9th Cir. 2019) (finding inaccurate pay stub and final pay claims as derivative claims of minimum wage claim) and *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544 (2007)). Accordingly, Section 301 of the LMRA preempts Plaintiff's derivative claims for waiting time penalties and a failure to pay final wages under Labor Code section 203, inaccurate wage statements, and unfair unlawful conduct under the UCL because liability stems from the same underlying issues. *See, e.g.*, *Jimenez v. Young's Mkt. Co., LLC*, No. 21-cv-02410-EMC, 2021 WL 5999082, at *13 (N.D. Cal. Dec. 20, 2021) (claims that are derivative of claims that are preempted are themselves preempted).

**D.    The Complaint Should Be Dismissed Without Leave to Amend and With Prejudice.**

Plaintiff re-litigates an issue already resolved by this Court. His reliance on *Atuatasi v. Securitas Security Servs. USA, Inc.,* 2018 WL 2748259, at *5 (C.D. Cal. Jun. 6, 2018) is erroneous and inapplicable mainly because it was decided prior to the Ninth Circuit ruling in *Curtis v. Irwin Industries, Inc.*, 913 F.3d 1146 (9th Cir. 2019), which as stated above rejected Plaintiff's argument to only focus on the state law aspects of the claim and ignore the CBA. *Curtis* also highlighted a prior Ninth Circuit decision which aptly explained that federal preemption under § 301 "is an essential component of federal labor policy" for several reasons, one of which is that a grievance and arbitration procedure provides certain procedural benefits including prompt and orderly settlement of CBA disputes than that offered by the ordinary judicial process" *Id.* at 1152 (citing *Alaska Airlines Inc. v Schurke*, 898 F.3d 904, 917-18 (9th Cir. 2018)). As previously submitted, an union-represented employee must exhaust any grievance or arbitration remedies provided by his collective bargaining agreement prior to filing a claim to vindicate rights provided by the agreement. *See DelCostello v. Int'l Brotherhood Of Teamsters*, 462 U.S. 151, 163 (1983); *Vaca v. Sipes*, 386 U.S. 171, 184 (1967); *Sidhu v. Fletcto Co., Inc.*, 279 F.3d 896, 898 (9th Cir. 2002). Of course, again, Plaintiff's invocation of court decisions declining to enforce grievance and arbitration procedures assumes (incorrectly) that he has successfully established that his claims do not require substantial interpretation of analysis of the applicable CBA.    Because Plaintiff's claims are inextricably intertwined with the CBAs, exhaustion of the grievance procedure is required. *See Soremekun v. Thrifty Payless, Inc.* 509 F.3d 978, 988-89 (9th Cir. 2007) (summarily dismissing Plaintiff's claims for failure to exhaust exclusive

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

6

REPLY MPA ISO DEFT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

contractual remedies under the collective bargaining agreement).  Finally, Plaintiff's argument that he should be granted leave to amend continues to ring hollow and demonstrates futility. Plaintiff again does not contend that he adhered to the applicable grievance or arbitration remedies. No facts that Plaintiff could conceivably allege would allow him to overcome federal preemption of his claims.

**III.     CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court dismiss the First Amended Complaint in its entirety without leave to amend because the claims are preempted under Section 301 of the LMRA. Additionally, because Plaintiff failed to exhaust the grievance procedures in the applicable CBAs and further fails to identify any amendment which could cure these deficiencies, the First Amended Complaint should be dismissed with prejudice.

Dated:  March 15, 2022                                    LITTLER MENDELSON P.C.


                                                                      */s/ William J. Kim*
                                                                      GREGORY G. ISKANDER
                                                                      WILLIAM J. KIM

                                                                      Attorneys for Defendant
                                                                      GONSALVES & SANTUCCI, INC.

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468