1  Gregory G. Iskander, Bar No. 200215
   giskander@littler.com
2  Renee C. Feldman, Bar No. 253877
   rfeldman@littler.com
3  LITTLER MENDELSON, P.C.
   Treat Towers
4  1255 Treat Boulevard
   Suite 600
5  Walnut Creek, California  94597
   Telephone:    925.932.2468
6  Fax No.:      925.946.9809

7  Attorneys for Defendant
   GONSALVES & SANTUCCI, INC.
8

9                    UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11                      SAN FRANCISCO DIVISION

12

13  ELMER N. RODRIGUEZ, an individual and on        Case No. 3:21-cv-07874-LB
    behalf of all others similarly situated,
14                                                  **NOTICE OF MOTION AND MOTION
                       Plaintiffs,                  TO DISMISS PLAINTIFF'S SECOND
15                                                  AMENDED COMPLAINT PURSUANT
           v.                                       TO FED. R. CIV. P. 12(b)(6);
16                                                  MEMORANDUM OF POINTS AND
    GONSALVES & SANTUCCI, INC., a                   AUTHORITIES IN SUPPORT**
17  California corporation; and DOES 1 through
    100, inclusive,                                 Hearing Date:   August 18, 2022
18                                                  Time:           9:30 a.m.
                       Defendants.                  Judge           Hon. Laurel Beeler
19                                                  Location:       Via Zoom
                                                    Webinar ID:     161 469 8626
20                                                  Password:       546984

21

22

23

24

25

26

27

28

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

Case No. 3:21-CV-07874-LB
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

# TABLE OF CONTENTS

PAGE

NOTICE OF MOTION AND MOTION ................................................................................................ 1

I. INTRODUCTION ........................................................................................................................ 2

II. STATEMENT OF ISSUE TO BE DECIDED ............................................................................. 2

III. STATEMENT OF FACTS ........................................................................................................... 3

    A. Plaintiff's Amendments After Dismissal of His Original Complaint .......................... 3

IV. LEGAL ARGUMENT ................................................................................................................. 4

    A. Because the Second Amended Complaint Fails to Allege Any New Facts, The Basis for the Dismissal of the First Amended Complaint Applies Equally ................. 4

    B. This Court Should Dismiss Plaintiff's SAC Pursuant to Federal Rule of Civil Procedure 12(b)(6) ........................................................................................................ 5

    C. Section 301 of the LMRA Preempts Plaintiff's Derivative Claims ............................. 6

        1. Plaintiff's Failure to Pay Timely Final Wages Claim (Third Cause of Action) is Subject to Preemption as a Result of Alternative Pay Arrangements Provided by the CBA ................................................................ 6

    D. Should The Court Decline To Dismiss Plaintiff's SAC In Its Entirety Or Permits Plaintiff To Proceed With His Claims, Defendant Respectfully Requests A Stay Of This Matter Pending Resolution Of The Claims Which Plaintiff Must Bring Before The Board Of Adjustment. ................................. 7

    E. Plaintiff's Second Amended Complaint Should Be Dismissed Without Leave to Amend Because Plaintiff Failed to Exhaust the CBA's Grievance Procedures .................................................................................................................... 7

    F. The Court Should Dismiss Plaintiff's Second Amended Complaint With Prejudice ...................................................................................................................... 8

V. CONCLUSION ............................................................................................................................ 8

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

i.                                          Case No. 3:21-CV-07874-LB

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

# TABLE OF AUTHORITIES

**PAGE**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................................ 5

*Balistreri v. Pacifica Police Dept.*,
  901 F.2d 696 (9th Cir. 1988) .................................................................................................. 5

*Barren v. Harrington*,
  152 F.3d 1193 (9th Cir. 1998) ................................................................................................ 4

*Bell Atlantic v. Twombly*,
  550 U.S. 554 (2007) ................................................................................................................ 5

*Brillhart v. Excess Ins. Co. of America*,
  316 U.S. 491 (1942) ................................................................................................................ 7

*Foman v. Davis*,
  371 U.S. 178 (1962) ................................................................................................................ 5

*Marquez v. Toll Glob. Forwarding (USA) Inc.*,
  2018 WL 3218102 (C.D. Cal. June 28, 2018) ........................................................................ 5

*Paulsen v. CNF Inc.*,
  559 F.3d 1061 (9th. Cir, 2009) ................................................................................................ 5

*Plotnik v. Meihaus*,
  208 Cal. App. 4th 1590 (2012) ................................................................................................ 7

*Sanchez v. Martinez*,
  54 Cal. App. 5th 535 (2020) .................................................................................................... 7

*Unilogic, Inc. v. Burroughs Corp.*,
  10 Cal. App. 4th 612 (1992) .................................................................................................... 7

**Statutes**

Business & Professions Code § 17200 ......................................................................................... 3

Labor Code §§ 201 through 203 .......................................................................................... 2, 3, 6

Labor Code § 226 ...................................................................................................................... 3, 7

Labor Code §§ 1197, 1199 ............................................................................................................ 3

ii.                    Case No. 3:21-CV-07874-LB

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

# TABLE OF AUTHORITIES
(CONTINUED)

**P**AGE

Labor Management Relations Act ....................................................................................2, 3, 4, 6

**Other Authorities**

Federal Rules of Civil Procedure 12(b)(6)..................................................................................2, 5

4884-5199-3128.1 / 083100-1007

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

iii.   Case No. 3:21-CV-07874-LB

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

# NOTICE OF MOTION AND MOTION

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 18, 2022 at 9:30 AM, or as soon thereafter as the matter can be heard, via Zoom, in Courtroom B – 15th Floor, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Gonsalves & Santucci, Inc. ("Defendant") will and hereby does move the Court for an order dismissing Plaintiff's Second Amended Complaint ("SAC") with prejudice under Federal Rule of Civil Procedure 12(b)(6). Defendant brings the present Motion on the ground that Plaintiff's SAC fails to set forth any new facts or claims to avoid this Court's prior dismissal of the action based on preemption by the Labor Management Relations Act, 28 U.S.C. § 185, *et seq*. Accordingly, Plaintiff's SAC fails to state a claim upon which relief can be granted as a matter of law, and the SAC must be dismissed in its entirety with prejudice.

This Motion is based on this Notice, the following Memorandum of Points and Authorities, and all accompanying exhibits, and all the pleadings, papers, and records on file herein, as well as any other argument or evidence presented at or before the time of the hearing on this Motion.

Dated: July 11, 2022

LITTLER MENDELSON P.C.

Gregory G. Iskander

Attorneys for Defendant
GONSALVES & SANTUCCI, INC.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

1.   Case No. 3:21-CV-07874-LB

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

## I. INTRODUCTION

This Court previously dismissed Plaintiff's original complaint under Rule 12(b)(6) finding that Plaintiff's claims were preempted by Section 301 of the Labor Management Relations Act ("LMRA"). (ECF # 31.) Plaintiff thereafter filed a First Amended Complaint (EFC # 32), and following a second motion to dismiss by Defendant under Rule 12(b)(6), the Court again dismissed the action and entered judgment in favor of Defendant. (ECF # 46.) Plaintiff thereafter filed a motion for reconsideration and requested leave to file yet another complaint, assuring the Court that it would set forth cognizable facts for a minimum wage claim under the California Labor Code. (ECF # 50.) Yet, Plaintiff's Second Amended Complaint ("SAC") (ECF # 58) adds NO facts at all, and only adds legal argument and legal conclusions. Thus, because the Second Amended Complaint is factually no different from the First Amended Complaint that the Court dismissed, there is no basis for the Second Amended Complaint to survive the same fate.

Even if this Court were to allow Plaintiff's First Cause of Action for Failure to Pay Minimum Wage to proceed (which it should not as it was already dismissed), the other three causes of action may not be maintained as those claims were specifically determined to be preempted by the CBA. (ECF # 46.) This is specifically true of Plaintiff's final pay claim under Labor Code 203 (Third Cause of Action). Plaintiff's attempt to circumvent the Court's ruling by asserting a final pay claim as "derivative" is unavailing as it is a specific wage claim covered by the CBA and thus cannot proceed without resolving the previously dismissed claims and without Plaintiff's compliance and completion of the CBA's grievance arbitration process. Until these substantive wage and hour claims are resolved in the appropriate forum before the Board of Adjustment, Plaintiff cannot circumvent the Court's ruling by asserting them as derivative claims in court. Because the Court has already held that Plaintiff failed to adhere to the grievance procedure as expressed in the CBA, and his SAC continues to omit *any* facts alleging exhaustion, the SAC must be dismissed with prejudice and without leave to amend because there is no conceivable amendment which cures this glaring deficiency.

## II. STATEMENT OF ISSUE TO BE DECIDED

The issue raised by this motion is whether the Court should dismiss the Second Amended Complaint in its entirety with prejudice because it does not add any new factual allegations to

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

2.   Case No. 3:21-CV-07874-LB

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

overcome this Court's prior ruling that Section 301 of the LMRA preempts Plaintiff's claims.

## III.    STATEMENT OF FACTS

### A.    Plaintiff's Amendments After Dismissal of His Original Complaint

Plaintiff filed his original Complaint on August 24, 2021 (ECF # 2-1) which alleges he was employed by Defendant as a non-exempt employee who was assigned duties to assist on construction projects in California from February 2020 through December of 2020. (*See* ECF # 2-1, ¶ 2). The Complaint, asserted as a class action, included nine causes of action asserting a variety of wage and hour violations under California law (*See* ECF # 2-1, ¶¶ 30-92.)

On October 7, 2021, Defendant removed the action from Contra Costa Superior Court on the basis of federal subject matter jurisdiction. (ECF # 1.) Because all of Plaintiff's claims were preempted by Section 301 of the Labor Management Relations Act, Defendant moved for dismissal of the original Complaint. (ECF # 13.) On January 18, 2022, the Court granted Defendant's motion and dismissed Plaintiff's claims, but Plaintiff was granted leave to amend his complaint by February 8, 2022. (ECF # 31.)

On February 8, 2022, Plaintiff filed his First Amended Complaint which re-alleged the following four causes of action: (1) failure to pay minimum wages as required by Labor Code §§ 1197, 1199 and IWC Wage Orders; (2) failure to provide accurate wage statements as required by Labor Code § 226; (3) failure to pay all wages due at termination as required by Labor Code §§ 201-203 and IWC Wage Orders; and (4) violation of Business & Professions Code § 17200. (*See* ECF # 32. ¶¶ 26-52.)

On February 22, 2022, Defendant moved for dismissal of the First Amended Complaint. (ECF # 34.) On April 5, 2022, the Court granted Defendant's motion and dismissed Plaintiff's claims without leave to amend. (ECF # 46-47.) Plaintiff then filed a motion for reconsideration despite the fact that judgment was entered. (ECF # 50.) In response to Plaintiff's motion for reconsideration, the Court gave Plaintiff leave to file yet another amended complaint. (ECF # 57.) Plaintiff filed his Second Amended Complaint on June 27, 2022. (ECF # 58.)

The Second Amended Complaint adds <u>zero</u> new factual allegations. Rather, the SAC made the following amendments from the dismissed First Amended Complaint:

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

3.    Case No. 3:21-CV-07874-LB

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

1. In the introduction, adding:
    a. This is an action for unpaid wages and related claims arising out of GONSALVES & SANTUCCI, INC.'s failure to pay its employees for all hours worked. From the moment this action originally was filed in Contra County Superior Court, it has sought payment for hours that employees worked off-the-clock—that is, work for which Defendants paid no wages at all. California law clearly establishes that an employer may not bargain around its statutory duty to pay for all hours worked. Plaintiff's claims seek to vindicate nonnegotiable state-law rights that are independent of any right established by contract. Therefore, Plaintiff ELMER N. RODRIGUEZ comes before this Court as an individual and also on behalf of all others similarly situated, to seek what is rightfully owed: payment of wages for work performed.

2. In the fact section, adding:
    a. Defendants assert that a Collective Bargaining Agreement ("CBA") governs the employment relationship. However, Plaintiff's minimum wage claims depend entirely on whether the time at issue constitutes compensable hours worked under the applicable state law. Plaintiff's claims do not arise in any manner from any CBA-based obligations. Plaintiff's state law claims exist independently of the CBA. Plaintiff's claims are based on a failure to compensate at all for certain hours worked by Plaintiff and Class Members.
    b. Plaintiff's state law claims alleged in this action do not depend on analysis of the CBA for reasons including, inter alia, that no actual dispute exists as to any CBA terms in connection with any of Plaintiff's claims; there is no disagreement between Plaintiff and Defendants about the meaning or application of any relevant CBA-covered terms of employment; and there is no dispute between Plaintiff and Defendants regarding either the term "actual hours worked" and/or the term "show up expenses" as those terms are used in the CBA. The mere reference in the CBA to the terms "actual hours worked" and "show up expenses" does not in itself create a dispute about these terms.
    c. The terms "actual hours worked" and "show-up expenses" as used in the CBA are not industry terms. Defendants have not pointed to any practice in the industry or in its shop supporting that the term "actual hours worked" has some arcane meaning requiring substantial interpretation. The CBA unambiguously defines the term "show up expense" in a manner that leaves no room for interpretation or augmentation by some nebulous, unspecified "industry" meaning. Therefore, Section 301 of the Labor Management Relations Act does not preempt Plaintiff's claims. Section 301 does not grant the parties to a CBA the ability to contract for what is illegal under state law.

The causes of action (and their allegations) are unchanged.

IV.   **LEGAL ARGUMENT**

    A.   **Because the Second Amended Complaint Fails to Allege Any New Facts, The Basis for the Dismissal of the First Amended Complaint Applies Equally.**

Federal pleading standards require the presentation of factual allegations sufficient to state a plausible claim for relief as to each defendant. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("[a] plaintiff must allege facts, not simply conclusions, that show that an individual was

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

4.   Case No. 3:21-CV-07874-LB

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

personally involved in the deprivation of civil rights"). A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic v. Twombly*, 550 U.S. 554, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court "does not necessarily assume the truth of legal conclusions merely because they are case in the form of factual allegations." *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th. Cir, 2009) (citations and quotation marks omitted). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atlantic*, 550 U.S. at 555). Legal conclusions must be supported by factual allegations to survive a motion to dismiss. *Id.* at 679. When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.*

Here, Plaintiff did nothing to change the nature of the allegations because he only added legal conclusions. Because his legal conclusions cannot form the basis for the pleading, then the Second Amended Complaint is plead exactly the same as the dismissed First Amended Complaint. Thus the basis for the Court's dismissal of the First Amended Complaint applies equally to the Second Amended Complaint. *See Foman v. Davis,* 371 U.S. 178, 182 (1962) (noting that repeated failure to cure deficiencies in the complaint by amendments previously allowed is proper basis for denial).

**B.  This Court Should Dismiss Plaintiff's SAC Pursuant to Federal Rule of Civil Procedure 12(b)(6)**

Although Plaintiff was provided another opportunity to amend his complaint, his additional allegations in the SAC fail to cure the fatal deficiencies in his original Complaint, and accordingly fail to establish entitlement to relief under Fed. R. Civ. P. 12(b)(6). *Bell Atlantic*, 550 U.S. at 555, 570; *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). "The court must dismiss a complaint that does not assert, or fails to plead sufficient facts to support, a cognizable legal theory. *Marquez v. Toll Glob. Forwarding (USA) Inc.*, 2018 WL 3218102, at *3-4 (C.D. Cal. June 28, 2018) (citing Fed. R. Civ. P. 12(b)(6); *Balisteri*, 901 F.2d at 699). This Court has already held that the "unpaid wages claim turns on the analysis of the CBA and interpretation of its terms." (ECF # 31 at p. 9. *See* ECF # 46 at p. 8 & 9.) And this Court also held that Plaintiff's derivative claims for "waiting

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

5.   Case No. 3:21-CV-07874-LB

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

1  time penalties, failure to pay final wages in violation of Cal. Labor Code § 203, failure to provide
2  accurate statements, and the UCL claim …require analysis and interpretation of the CBA." (ECF # 31
3  at p. 10. *See* ECF # 46 at 10.) Applying the same standards in reviewing Plaintiff's original Complaint,
4  and FAC, the Court must yet again, dismiss Plaintiff's SAC as Plaintiff's meaningless amendments
5  do nothing to avoid the final outcome: Plaintiff's claims are preempted by Section 301 of the LMRA,
6  and all his claims must be submitted to binding grievance arbitration. Because it is inconceivable to
7  allege any facts or legal bases for his claims to proceed in this Court, any further attempt to amend
8  clearly would be futile.

   **C.   Section 301 of the LMRA Preempts Plaintiff's Derivative Claims**

   **1.   Plaintiff's Failure to Pay Timely Final Wages Claim (Third Cause of Action) is Subject to Preemption as a Result of Alternative Pay Arrangements Provided by the CBA**

12  As the Court already held, the LMRA preempts the claim for failure to timely pay final wages
13  under Cal. Labor Code §§ 201 through 203 because the CBA has different pay arrangements. (ECF
14  #31 at p. 8) (citing *Gillette v. Stater Bros. Mkts., Inc.*, No. 19-cv-1292-JVS, 2019 WL 8017735, at *6
15  (C.D. Cal. Sept. 23, 2019)). When a CBA has alternate pay arrangements to those in the Labor Code,
16  wage payments arise under the CBA and not state law. *Id*. (citing *Hall v. Live Nation Worldwide, Inc*.,
17  146 F. Supp. 3d 1187, 1201–02 (C.D. Cal. 2015)). The Court found that the CBA provided that the
18  regular payday was once a week "on the day agreed upon between" the employer and the union. And
19  laid-off or terminated employees are to be paid in full immediately by check or other defined means,
20  and if required to go elsewhere (such as the employer's office), they are to be paid for the time to get
21  there. *Id*. (citing 2017 CBA (ECF # 3-1) at p. 44; 2020 CBA (ECF #3-2) at p. 44)). The CBA provides
22  for penalties if workers are not paid during usual working hours, including overtime pay for extra time
23  spent on the job site or for delay. *Id*. (citing 2020 CBA (ECF #3-2) at p. 44-45). Accordingly, these
24  are alternate pay arrangements, and thus Plaintiff's wage payment rights arise under the CBA and not
25  under state law. *Id*. (citing *Gillette*, 2019 WL 8017735 at *6; *Hall*, 146 F. Supp. 3d at 1201-02).
26  Plaintiff's apparent attempt to change the claim from a direct claim to a derivative claim does nothing
27  to save the claim from preemption. Whether Plaintiff's final pay was late or not is governed directly
28  by the CBA and/or requires interpretation of the final pay provisions of the CBA.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

6.   Case No. 3:21-CV-07874-LB

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

D. **Should The Court Decline To Dismiss Plaintiff's SAC In Its Entirety Or Permits Plaintiff To Proceed With His Claims, Defendant Respectfully Requests A Stay Of This Matter Pending Resolution Of The Claims Which Plaintiff Must Bring Before The Board Of Adjustment.**

Even if this Court were to permit Plaintiff to proceed with his minimum wage claim (first claim), the derivative claims (second, third, and fourth claims) are duplicative of the same claims Plaintiff is otherwise required to pursue in arbitration under the grievance procedure of the CBA. To allow Plaintiff to pursue claims for wage statements and late final pay in this action, while also allowing him to pursue those claims in arbitration, would allow for duplicative litigation, potentially consistent rulings, and potential double recovery. *See Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491, 495 (1942) (noting it is "uneconomical as well as vexatious" for a federal court to proceed in an action where another suit is pending in a different jurisdiction presenting the same issues, not governed by federal law, and between the same parties). Notably, there can only be a single penalty under Labor Code 226 for a wage statement violation, even if there are multiple violations. For example, if Plaintiff were to establish in this action a failure to pay minimum wage that results in a wage statement violation, he would be entitled to a $50-$100 penalty per pay period. Lab. Code § 226(e). But, if Plaintiff also establishes in arbitration a failure to pay overtime for that same pay period, it would also constitute a wage statement violation. However, Plaintiff cannot recover the $50-$100 penalty twice for the same wage statement violation. Thus, allowing this matter to proceed as to the derivative claims could result in an improper double recovery. *See Sanchez v. Martinez*, 54 Cal. App. 5th 535, 546 (2020) (describing rule against double recovery); *Plotnik v. Meihaus*, 208 Cal. App. 4th 1590, 1612 (2012) (noting that double or duplicative recovery for the same items of damage amounts to overcompensation and is therefore prohibited); *Unilogic, Inc. v. Burroughs Corp.,* 10 Cal. App. 4th 612, 626 (1992) (noting that restitution is permitted only to the extent such is not taken into account in computing damages for actual loss).

E. **Plaintiff's Second Amended Complaint Should Be Dismissed Without Leave to Amend Because Plaintiff Failed to Exhaust the CBA's Grievance Procedures**

The Court found that Plaintiff pleaded no facts in his original complaint that he exhausted the CBA's grievance process. (ECF #31 at p. 11.) Again Plaintiff's FAC, and now SAC, notably omit any allegation he complied with this grievance procedure and submitted his claims to the Board of

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

7.   Case No. 3:21-CV-07874-LB

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Adjustment. As a result, this Court should dismiss Plaintiff's FAC, requiring him to first pursue these claims under the CBA's grievance arbitration provisions.

**F.   The Court Should Dismiss Plaintiff's Second Amended Complaint With Prejudice**

To the extent Plaintiff seeks leave to amend the Complaint yet another time, the Court should decline. Here, Plaintiff alleges no new facts that change the ultimate outcome that his claims are preempted, and that he must exhaust his remedies through the grievance procedure.

**V.   CONCLUSION**

As set forth above, and in Defendant's prior motions to dismiss, Plaintiff's SAC fails as a matter of law. Although the Court generously changed its order of dismissal without leave to amend to one with leave to amend, Plaintiff's amendments simply did not remedy the defects justifying the prior dismissal. Accordingly, Defendant respectfully requests that the Court dismiss Plaintiff's SAC without leave to amend.

Dated: July 11, 2022

LITTLER MENDELSON P.C.

*/s/ Gregory G. Iskander*

Gregory G. Iskander

Attorneys for Defendant
GONSALVES & SANTUCCI, INC.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

8.   Case No. 3:21-CV-07874-LB

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT