David D. Bibiyan (SBN 287811)
*david@tomorrowlaw.com*
Jeffrey C. Bils (SBN 301629)
*jbils@tomorrowlaw.com*
Diego Aviles (SBN 315533)
*diego@tomorrowlaw.com*
**BIBIYAN LAW GROUP, P.C.**
8484 Wilshire Boulevard, Suite 500
Beverly Hills, California 90211
Tel: (310) 438-5555; Fax: (310) 300-1705

Attorneys for Plaintiff, ELMER N. RODRIGUEZ and on behalf of himself and all others similarly situated

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ELMER N. RODRIGUEZ, an individual and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GONSALVES & SANTUCCI, INC., a California Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO: 3:21-cv-07874-LB<br><br>[*Assigned to the Hon. Laurel Beeler in Courtrm B – 15th Floor*]<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>**HEARING INFORMATION**<br>DATE:          August 18, 2022<br>TIME:           9:30 a.m.<br>COURTRM:  Courtroom B – 15th Floor<br><br>State Action Filed:   August 24, 2021<br>Removal Date:        October 7, 2021<br>*(Contra Costa County Superior Court, Case No.: C21-01735)* |

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................................5

II. LEGAL STANDARDS..........................................................................................................6

    A. Fed. R. Civ. P. 12(B)(6)..................................................................................................6

    B. LMRA § 301 Preemption................................................................................................7

III. ARGUMENT .........................................................................................................................8

    A. Factual Allegations Added to the SAC Are Presumed to Be True..................................8

    B. The Order Dismissing the FAC Does Not Compel Dismissal of the SAC.....................11

    C. Claim for Failure to Timely Pay Wages Upon Separation Is Not Preempted.................12

    D. Submission of Claims to a CBA Grievance Procedure Is Not Required .......................14

IV. CONCLUSION ....................................................................................................................16

# TABLE OF AUTHORITIES

*Statutes*

Cal. Code Regs. Tit. 8 § 11080(2)(G) ........................................................................................ 9

Cal. Lab. Code § 201.9 ............................................................................................................ 12

Cal. Lab. Code § 204(a) ........................................................................................................... 12

Cal. Lab. Code § 219(a) ........................................................................................................... 12

Cal. Lab. Code § 201.5(a)(1) .................................................................................................... 12


*Rules*

Fed. R. Civ. P. 12(b)(6) .............................................................................................................. 6

Fed. R. Civ. P. 15(a) .................................................................................................................. 6

Fed. R. Civ. P. 8(a) .................................................................................................................... 6

Fed. R. Civ. P. 8(e) .................................................................................................................... 6


*Cases*

*Alaska Airlines Inc. v. Schurke*, 898 F.3d 904 (9th Cir. 2018) ............................................. 7, 10

*Alexander v. Republic Servs., Inc.*, 2017 WL 2189770 (E.D. Cal. May 18, 2017) .................... 9

*Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202 (1985) ................................................................ 7

*Armenta v. Osmose, Inc.*, 135 Cal.App.4th 314 (2005) ............................................................. 9

*Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102 (9th Cir. 2000) .................. 7, 14

*Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053 (9th Cir. 2007) ........................................... 5, 7, 8

*Cervantes v. City of San Diego*, 5 F.3d 1273 (9th Cir. 1993) ..................................................... 6

*Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683 (9th Cir. 2001) ..................................... 7, 9

*DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d. 655 (9th Cir. 1992) ........................................... 6

*Enesco Corp. v. Price/Costco Inc.*, 146 F.3d 1083 (9th Cir. 1998) ........................................... 6

*Evers v. Indep. Media, Inc.*, 2010 WL 11601039 (C.D. Cal. Oct. 22, 2010) ........................... 14

*Fennix v. Tenderloin Hous. Clinic, Inc.*, 2020 WL 6462394 (N.D. Cal. Nov. 3, 2020) ........... 15

1. *Flowers v. Los Angeles Cty. Metropolitan Transp. Auth.*, 243 Cal.App.4th 66 (2015) .................. 9
2. *Foman v. Davis*, 371 U.S. 178 (1962) ................................................................................................ 6
3. *Gillette v. Stater Bros. Markets, Inc.*, 2019 WL 8017735 (C.D. Cal. Sept. 23, 2019) ................... 13
4. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246 (9th Cir. 1997) .......................................................... 6
5. *Gordon v. City of Oakland* 627 F.3d 1092 (9th Cir. 2010) ............................................................. 9
6. *Gunther v. N. Coast Cooperative, Inc.*, 2020 WL 3394547 (N.D. Cal. Jun. 19, 2020) ................. 10
7. *Hall v. Live Nation Worldwide*, 146 F.Supp.3d 1187 (C.D. Cal. 2015) ........................................ 12
8. *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246 (1994) ............................................................... 15
9. *Humble v. Boeing Co.*, 305 F.3d 1004 (9th Cir. 2002) .................................................................... 7
10. *Impress Commc'ns v. UnumProvident Corp.*, 335 F. Supp. 2d 1053 (C.D. Cal. 2003) ................... 6
11. *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399 (1988) ............................................... 7, 13
12. *Marquez v. Toll Global Forwarding*, 804 Fed. App'x 679 (9th Cir. 2020) .................................. 10
13. *Martinez v. J. Fletcher Creamer & Son, Inc.*, 2010 WL 3359372 (C.D. Cal. Aug. 13, 2010) ....... 15
14. *Massey v. Banning Unif. Sch. Dist.*, 256 F. Supp. 2d 1090, (C.D. Cal. 2003) ................................. 6
15. *McGhee v. Tesoro Refining & Mtkg. Co. LLC*, 440 F.Supp.3d 1062 (N.D. Cal. 2020) ............. 9, 10
16. *Melendez v. San Francisco Baseball Assocs. LLC* 7 Cal.5th 1 (2019) ................................ 5, 13, 14
17. *Morillion v. Royal Packing Co.*, 22 Cal. 4th 575 (2000) ................................................................ 9
18. *Munoz v. Atlantic Express of L.A., Inc.*, 2012 WL 5349408 (C.D. Cal. Oct. 30, 2012) ................ 15
19. *Rescuecom Corp. v. Google Inc.*, 562 F3d 123 (2nd Cir. 2009) ........................................... 6, 8, 14
20. *Schacter v. Citigroup, Inc.* 47 Cal.4th 610 (2009) .................................................................... 5, 13
21. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978 (9th Cir. 2007) ................................................ 10
22. *Thomas v. Bible*, 983 F.2d 152 (9th Cir. 1993) (cert. denied 508 U.S. 951 (1993) ...................... 11
23. *Troester v. Starbucks Corp.*, 5 Cal.5th 829 (2018) ......................................................................... 9
24. *U.S. v. Alexander*, 106 F.3d 874 (9th Cir. 1997) .......................................................................... 11
25. *Vasserman v. Henry Mayo Newhall Mem. Hosp.*, 65 F.Supp.3d 932 (C.D. Cal 2014) .................... 7
26. *Wilson-Davis v. SSP Am., Inc.*, 434 F. Supp. 3d 806 (C.D. Cal. 2020) ..................................... 8, 14
27. *Wright v. Univ. Mar. Serv. Corp.*, 525 U.S. 70 (1998) ................................................................. 15
28. *Zavala v. Scott Bros. Dairy, Inc.*, 143 Cal.App.4th 585 (2006) .................................................... 16

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

At the pleading stage, the Court must accept as true the following facts alleged in Plaintiff's Second Amended Class Action Complaint ("SAC") (Dkt. 58):

- "[N]o actual dispute exists as to any [Collective Bargaining Agreement ("CBA")] terms in connection with any of Plaintiff's claims…."
- "[T]here is no disagreement between Plaintiff and Defendants about the meaning or application of any relevant CBA-covered terms of employment…."
- "[T]here is no dispute between Plaintiff and Defendants regarding either the term 'actual hours worked' and/or the term 'show up expenses' as those terms are used in the CBA."

[SAC, ¶ 17.]  The Court should reject Defendant's attempt to pretend that Plaintiff has not alleged these facts.  Defendant's claim that the SAC "adds NO facts at all" is simply wrong. [Motion to Dismiss Plaintiff's Second Amended Complaint ("Motion") (Dkt. 59), at 2:9.]  Rather, these facts added to the SAC foreclose the possibility of dismissing this action at the pleading stage on the ground that Section 301 of the Labor Management Relations Act ("LMRA") preempts Plaintiff's claims, because such preemption cannot apply when claims do not "substantially depend" on an interpretation of the terms of a CBA.  *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1071 (9th Cir. 2007).  Here, as alleged in the SAC, "Plaintiff's state law claims alleged in this action do not depend on analysis of the CBA."  [SAC, ¶ 17.]  This alone is sufficient reason to deny the Motion.

Further, even if the Court finds that the purported CBA preempts some of Plaintiff's remaining claims (which it does not), Plaintiff's waiting-time penalty claims cannot be dismissed, because there is no CBA-based exemption for an employer's duty to timely pay all wages due at separation, and no employer can bargain around this statutory duty.  *See*, *e.g.*, *Melendez v. San Francisco Baseball Assocs. LLC* 7 Cal.5th 1, 10 (2019); *Schacter v. Citigroup, Inc.* 47 Cal.4th 610, 619-20 (2009).

In light of the factual allegations in the SAC, however—which must be accepted as true at the pleading stage—it would be legal error to find, as a matter of law, that certain CBA terms are subject to dispute such that they require interpretation.  They are not.  The Motion should be denied.

## II. LEGAL STANDARDS

### A. Fed. R. Civ. P. 12(B)(6)

To defeat a motion to dismiss in federal court, a plaintiff need only give "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Federal Rules of Civil Procedure ("FRCP") allow for dismissal of a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e). With this in mind, the Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6). *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) ("the Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim").

On a motion to dismiss under Rule 12(b)(6), the court must "accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." *Rescuecom Corp. v. Google Inc.*, 562 F3d 123, 127 (2nd Cir. 2009) (internal quotes omitted); *Enesco Corp. v. Price/Costco Inc.*, 146 F.3d 1083, 1085 (9th Cir. 1998). Indeed, dismissal should be granted "only if it is clear that no relief could be granted under any set of facts that could be provided consistent with the allegations." *Enesco*, 146 F.3d at 1085 (quoting *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993)); *see also Massey v. Banning Unif. Sch. Dist.*, 256 F. Supp. 2d 1090, 1092 (C.D. Cal. 2003) ("A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.").

If dismissal is ordered, a court must also decide whether to grant leave to amend. *Impress Commc'ns v. UnumProvident Corp.*, 335 F. Supp. 2d 1053, 1062 (C.D. Cal. 2003). A court should "freely give" leave to amend when there is no undue delay, bad faith, dilatory motives on the part of the movant, undue prejudice to the opposing party, or futility of amendment. Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is denied only when the complaint's purported deficiencies clearly cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d. 655, 658 (9th Cir. 1992).

/ / /

### B. LMRA § 301 Preemption

Congress enacted section 301 of the LMRA "to protect the role of grievance and arbitration and of federal law in resolving CBA disputes, **_not to alter or displace state law labor rights_**." *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 926 (9th Cir. 2018) (emphasis added) ("*Schurke*"). Thus, "the Supreme Court has repeatedly admonished that § 301 preemption is not designed to trump substantive and mandatory state law regulation of the employee-employer relationship." *Humble v. Boeing Co.*, 305 F.3d 1004, 1007 (9th Cir. 2002); *see also Vasserman v. Henry Mayo Newhall Mem. Hosp.*, 65 F.Supp.3d 932, 951 (C.D. Cal 2014) ("Despite the broad preemptive effect of § 301, a claim that seeks to vindicate nonnegotiable state-law rights … independent of any right established by contract is not within its scope."). Stated differently, "section 301 does not grant the parties to a collective-bargaining agreement the ability to contract for what is illegal under state law." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 212 (1985) ("*Lueck*").

The Ninth Circuit employs a two-step test to determine whether a given state-law claim is preempted. First, the court must ask if the claim involves a right conferred upon an employee by virtue of state law or solely through a CBA. *Burnside*, *supra*, 491 F.3d at 1058-59. If the right exists independent of a CBA, the court must then inquire "whether the right is nevertheless substantially dependent on analysis of a [CBA]." *Id*. at 1059. Thus, while § 301 preempts state-law claims that directly implicate a CBA, it does not preempt claims that: (1) arise independently of a CBA, and (2) do not substantially depend on the analysis or interpretation of a CBA. *Id*. at 1061.

There is no presumption in favor of preemption where a claim asserts the protection of state-law labor regulations, and indeed "pre-emption should not be lightly inferred … since the establishment of labor standards falls within the traditional police power of the State." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 412 (1988). Accordingly, "'interpretation'" of a CBA "is construed narrowly" and means "something more than [to] 'consider,' 'refer to,' or 'apply.'" *Schurke*, *supra*, 898 F.3d at 921 (quoting *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1108 (9th Cir. 2000)). In other words, "the need to interpret the CBA must inhere in the nature of the plaintiff's claim." *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 691 (9th Cir. 2001). The party asserting preemption bears the burden to prove that interpretation of a CBA's

terms is required.  *See Wilson-Davis v. SSP Am., Inc.*, 434 F. Supp. 3d 806, 813 (C.D. Cal. 2020) ("It is not enough for Defendants to provide a laundry list of provisions that they allege the Court must interpret to resolve Plaintiff's claims; Defendants must explain why interpretation, as opposed to mere reference to the CBA, is necessary.").

### III.     ARGUMENT

#### A. Factual Allegations Added to the SAC Are Presumed to Be True

At the core of Defendant's argument that the Court should dismiss the SAC is its erroneous contention that Plaintiff's amendments to his pleading only added "legal conclusions" that "cannot form the basis for the pleading." [Motion, 5:13.] On the contrary, the factual allegations added to the SAC—which the Court must "accept as true" (*Rescuecom*, 562 F3d at 127)—make clear that none of the claims maintained in this action "substantially depend" on analysis of CBA terms. *Burnside*, 491 F.3d at 1071.

In material part, the SAC adds allegations to support the inference that "Plaintiff's state law claims alleged in this action do not depend on analysis of [any] CBA" in part because "***no actual dispute exists as to any CBA terms in connection with any of Plaintiff's claims***[.]"  SAC, ¶ 17 (emphasis added).  The SAC further alleges that "there is no dispute between Plaintiff and Defendants regarding either the term 'actual hours worked' and/or the term 'show up expenses' as those terms are used in [any] CBA." *Id.*  Further, the SAC alleges that "Defendants have not pointed to any practice in the industry or in its shop supporting that the term 'actual hours worked' [or the term 'show up expenses'] has some arcane meaning requiring substantial interpretation." *Id.* at ¶ 18.  Plaintiff alleges that no interpretation of any purported CBA will be required to resolve his claims, and therefore there is no basis for preemption. *Id.* at ¶¶ 16-19.

Plaintiff's claims in the SAC continue to focus on the key allegation that he and putative Class Members are entitled to unpaid minimum wages for time spent engaged in activities which are compensable under state law, but for which Defendant paid ***no compensation***.  No legal authority permits Defendant or any other private employer to contract around this duty to provide wages for all time spent performing compensable labor. "Under both federal and California law, employees may not agree to waive their entitlement to the minimum wage … nor may a [CBA]

1  waive that right." *Flowers v. Los Angeles Cty. Metropolitan Transp. Auth.*, 243 Cal.App.4th 66, 82
2  (2015) (citing *Gordon v. City of Oakland* 627 F.3d 1092, 1095 (9th Cir. 2010)); *McGhee v. Tesoro
3  Refining & Mtkg. Co. LLC*, 440 F.Supp.3d 1062, 1068 (N.D. Cal. 2020); *see also Armenta v.
4  Osmose, Inc.*, 135 Cal.App.4th 314, 321-22 (2005) (discussing employer's duty under state law to
5  pay CBA-covered employees minimum wage for every hour actually worked).

6  With good reason, Defendant does not dispute that Plaintiff's minimum wage claim is not
7  preempted at the first step of the *Burnside* preemption analysis. The Court has previously held that
8  Plaintiff's minimum wage claim, as it is currently formulated, is not preempted under the first step
9  of the *Burnside* analysis as to whether the contested right exists independently of any CBA.  It does.

10  The minimum wage claim is not preempted at the second stage of the *Burnside* analysis,
11  either—certainly not as a matter of law at the pleading stage, where the Court must accept as true
12  the allegations in the SAC.  CBA interpretation is unnecessary because applicable state law provides
13  a comprehensive legal framework within which a factfinder may determine when and to what extent
14  the basic, non-waivable state law right to receive a minimum wage has been violated, most notably
15  defining that time for which an employer must pay minimum wage.  *See*, *e.g.*, *Troester v. Starbucks
16  Corp.*, 5 Cal.5th 829, 840 (2018); *Morillion v. Royal Packing Co.*, 22 Cal. 4th 575 (2000); *accord*
17  Cal. Code Regs. Tit. 8 § 11080(2)(G).  Where a plaintiff's claim consists of a cause of action for
18  unpaid minimum wages on the theory that he or she was not paid at all for time spent off-the-clock
19  performing tasks required by defendants which are otherwise compensable under state law, a court
20  need only "decide whether defendants paid plaintiff and putative class members minimum wages
21  for all hours they worked, an inquiry that does not implicate any CBA provisions." *Alexander v.
22  Republic Servs., Inc.*, 2017 WL 2189770, at *3 (E.D. Cal. May 18, 2017).

23  The Motion must be denied because resolution of Plaintiff's independent, state-law claim
24  for unpaid minimum wages will not require "interpretation" of any purported CBA terms, such that
25  federal preemption is appropriate. Given the State's strong interest in retaining its authority to
26  regulate the employment relationship (not to mention the employee's interest in receiving a
27  minimum wage for all hours worked), "the need to interpret the CBA must inhere in the nature of
28  the plaintiff's claim." *Cramer*, *supra*, 255 F.3d at 691.  Conversely, a "provision in a [CBA] will

not trigger preemption when it is only *potentially* relevant to the resolution of state law claims." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 990-91 (9th Cir. 2007) (emphasis added). Moreover, "reliance on and reference to CBA-established or CBA-defined terms of employment do not make for a CBA dispute *if there is no disagreement* about the meaning or application of any relevant CBA-covered terms of employment." *Schurke*, *supra*, 898 F.3d at 927 (emphasis added).

Here, as alleged in the SAC, no actual dispute exists between the Parties as to any purported CBA term.  As such, Plaintiff's minimum wage claim cannot be deemed preempted at the pleading stage, based on non-existent disagreement as to CBA terms which Defendant alleges in a brazen, unsupported contradiction of the facts alleged in the SAC.  Indeed, instead of point to any such actual CBA-related dispute between the Parties (much less one that "inheres in the nature" of his minimum wage claim), Defendant has only repeatedly pointed vaguely to two terms from the purported CBA, asserting that a dispute is bound to arise as to these terms at some future point in litigation.  A virtually identical argument presented by another defendant in this District Court was recently held insufficient to demonstrate preemption of a plaintiff's off-the-clock claim. *See McGhee*, *supra*, 440 F.Supp.3d at 1068-69 ("The Court finds that Defendants have failed to show anything more than a hypothetical connection between the claim and the terms of the CBA."); *see also*, *e.g.*, *Gunther v. N. Coast Cooperative, Inc.*, 2020 WL 3394547, at *8 (N.D. Cal. Jun. 19, 2020).

Defendant cannot meet its burden through its self-serving and unsubstantiated assertion that a dispute will arise at some point in the future.   A CBA that merely acts as evidence of Defendant's practices and procedures does not require interpretation within the meaning of the *Burnside* analysis. Rather, while the Court may "'look' at the relevant CBAs as evidence of [Defendant's] procedures," this does not alter that "***the focus remains on Defendant's actions, not the CBA's authorizations***." *McGhee*, *supra*, 440 F.Supp.3d at 1069 (emphasis added).

Nor can Defendant's Motion be granted on the basis that these terms which Defendant believes might cause a dispute in the future are "industry terms" that require a determination of their meaning.  While "[d]etermining the meaning of industry terms is a form of interpretation," (*Marquez v. Toll Global Forwarding*, 804 Fed. App'x 679, 681 (9th Cir. 2020)), here the SAC alleges as fact that: "The terms 'actual hours worked' and 'show-up expenses' as used in the CBA are not industry

terms." SAC, ¶ 18. The SAC further alleges: "Defendants have not pointed to any practice in the industry or in its shop supporting that the term 'actual hours worked' has some arcane meaning requiring substantial interpretation. The CBA unambiguously defines the term 'show up expense' in a manner that leaves no room for interpretation or augmentation by some nebulous, unspecified 'industry' meaning." *Id.* These factual allegations must be accepted as true in adjudicating the Motion, and they preclude a finding, as a matter of law, that these are "industry terms" giving rise to the need for CBA interpretation. This is a further reason the Motion must be denied.

### B.  The Order Dismissing the FAC Does Not Compel Dismissal of the SAC

Defendant erroneously argues that the Court should dismiss the SAC because the "Court has already held" some or all of Plaintiff's wage-and-hour claims preempted. Motion, 5:26-27. This argument is without merit because the April 4, 2022 Order dismissing the First Amended Class Action Complaint ("FAC") (Dkt. 46) analyzed a version of the complaint that did not include the express factual allegations that now negate LMRA preemption. Further, the Court granted reconsideration of its April 4, 2022 Order, effectively rendering it moot once the SAC was filed.

Defendant in effect is asking the Court to reconsider its June 2, 2022 Order granting reconsideration Dkt. 57. However, the Court already has decided the issue, has granted reconsideration, and has allowed a further amended complaint to be filed. The Court should not now go back, as Defendant requests, and determine that its earlier, reconsidered ruling as to LMRA preemption—based on the factual allegations in the FAC—shall be enforced notwithstanding the new factual allegations added to the SAC. Doing so would violate the "law of the case" doctrine, under which "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *U.S. v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (quoting *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993) (cert. denied 508 U.S. 951 (1993)). Here, it is the "law of the case" that the Court has granted reconsideration of its April 4, 2022 Order dismissing the FAC. As such, Plaintiff respectfully requests that the Court analyze the SAC anew, and adjudicate the Motion based on the filings now properly before the Court. Based on the factual allegations in the SAC, the Motion should be denied.

/ / /

### C. Claim for Failure to Timely Pay Wages Upon Separation Is Not Preempted

Contrary to Defendant's assertion, Plaintiff's claim for waiting-time penalties is not derivative of his wage claim, therefore it should not be dismissed even if the Court finds that Plaintiff's wage claim is otherwise preempted (which it is not).

Rather, California law makes clear that its provisions regarding timely payment of wages upon separation of employment is intended as a bare-minimum protection for workers' welfare that cannot be bargained away. In material part, while allowing for "the payment of wages at more frequent intervals, or in greater amounts, or in full when due or before due," the Code also provides that "no provision of this article can in any way be contravened or set aside by a private agreement, whether written, oral, or implied." Cal. Lab. Code § 219(a). There are a handful of carve-outs from this general rule for CBA-covered employees in specified industries, including (as were at issue in one case Defendant once again deceptively cites), for employees "***engaged in the production or broadcasting of motion pictures***," as well as those "***employed at a venue that hosts live theatrical or concert events***." Cal. Lab. Code §§ 201.5(a)(1), 201.9 (emphasis added); *see Hall v. Live Nation Worldwide*, 146 F.Supp.3d 1187, 1200-01 (C.D. Cal. 2015) ("Thus, plaintiffs' employment is apparently governed both by § 201.5 and by § 201.9.") Another, larger carve-out exists for the employer's duty to make twice-monthly payments of wages owed to employees, but the section where this exemption appears expressly excludes wages due at separation under section 201 from its scope.[1]

Defendant's cited authority to the contrary does not avoid the conclusion that the provisions of state law on which Plaintiff's claim here relies are not waivable by CBA, and thus cannot be preempted as Defendant asserts. Beyond the above, inapposite authority,[2] Defendant cites a single,

---

[1] Defendant has previously submitted to this Court that "nowhere does section 204 state it only applies to wages earned during employment and exempts wages earned at termination." Dkt. 38, 2:28-3:1. This is not only a clear misreading of the statute, which excludes wages "mentioned in Section 201" *in the very first sentence*, Cal. Lab. Code § 204(a), it would also render the general rule against private waiver of the right to receive wages under section 219(a) a nullity.

[2] It is undisputed that Plaintiff worked for Defendant in the construction industry, *not* in the motion picture industry or theater industry. As a result, Labor Code sections 201.5 and 201.9 facially do not apply here.

1   unpublished federal district court decision that appears to hold that section 204 permits a CBA-
2   covered employee to waive *all* rights to timely payment of wages under state law.  *See Gillette v.*
3   *Stater Bros. Markets, Inc.*, 2019 WL 8017735, at *6 (C.D. Cal. Sept. 23, 2019).  Motion at 6:12-25.
4   However, the California Supreme Court has conclusively and authoritatively rejected precisely this
5   argument.  *See Schachter*, *supra*, 47 Cal. 4th at 619 (holding that any private agreement
6   "*prospectively* waiving an employee's rights under [Labor Code] sections 201 and 202 to receive
7   all his earned but deferred or unpaid wages constitute waivers which section 219 renders illegal and
8   unenforceable").

9          Given that no legal authority exists to support the proposition that a purported CBA can
10  preempt all claims for untimely payment of wages due at termination, the Court should reject
11  Defendant's incorrect assertion that "Plaintiff's apparent attempt to change the claim from a direct
12  claim to a derivative claim does nothing to save the claim from preemption." Motion, 6:26-27.  First
13  and foremost, the SAC adds to factual allegations that render Plaintiff's waiting-time penalty claim
14  necessarily derivative of his wage claim; rather, the waiting-time penalty claim is instead based
15  primarily on Defendant's ***direct*** violation of the statue: issuing Plaintiff's "final paycheck
16  approximately seven (7) to eight (8) days after his last day worked ...."  SAC, ¶ 13.  Defendant's
17  argument focusing on whether Plaintiff's cause of action for waiting time penalties may proceed as
18  a derivative claim is thus unavailing.

19         Moreover, even to the extent that Plaintiff's claim here is derivative of any other claim, it is
20  derivative in part on Plaintiff's claim for unpaid minimum wages for off-the-clock labor performed,
21  which, as discussed at length above, is not preempted.  Thus, the SAC sufficiently alleges Plaintiff's
22  section 201 claim in a manner that may not be preempted under the first step of the *Burnside*
23  analysis, as its scope is limited such that it relies in no part on any alleged CBA to exist.

24         Nor is Plaintiff's section 201 claim preempted at step two of the *Burnside* analysis.  The
25  "line between reference to and interpretation of an agreement may be somewhat hazy," but in any
26  case, factual ambiguities should be resolved against preemption, given that preemption "should not
27  be lightly inferred in this area, since the establishment of labor standards falls within the traditional
28  police power of the State." *Melendez*, *supra*, 7 Cal.5th at 9 (quoting *Lingle*, *supra*, 486 U.S. at 412.)

1  Moreover, to prove that the resolution of Plaintiff's claim requires substantial interpretation of an
2  alleged CBA, Defendant must do more than merely "provide a laundry list of provisions" in the
3  purported CBA; rather, it "must explain *why* interpretation, as opposed to mere reference to the
4  CBA, is necessary." *Wilson-Davis*, *supra*, 434 F.Supp.3d at 813.  The Motion does not even attempt
5  to argue that resolution of Plaintiff's section 201 claim will require interpretation of the purported
6  CBA.

7  As such, Plaintiff's claim for waiting-time penalties is not preempted.  This is because
8  Plaintiff alleges in the SAC that Defendant violated section 201 by failing to provide him with his
9  final wage payment until seven or eight days after termination, a claim which "seems to require
10 nothing more than a clock [and] a calendar," plus date of termination, to resolve in full. *Evers v.*
11 *Indep. Media, Inc.*, 2010 WL 11601039, at *6 (C.D. Cal. Oct. 22, 2010). Indeed, the question of
12 "whether a violation has occurred is controlled only by the provisions of the state statute and does
13 not turn on whether the payment was timely under the provisions of the [CBA]." *Balcorta*, *supra*,
14 208 F.3d at 1111. Nor will the Court need to turn to interpretation of any CBA terms to determine
15 when Plaintiff was "discharged" such that the statutory clock began ticking, as the meaning of that
16 term will necessarily be resolved in view of the statute's language. *See Melendez*, *supra*, 7 Cal.5th
17 at 11. Thus, Plaintiff's claim for unpaid wages due at termination is not preempted by any purported
18 CBA, and indeed *could not* be preempted as a fundamental right of California employees that is not
19 subject to waiver by private agreement of any kind. *See* Cal. Lab. Code § 219(a). This claim must
20 survive Defendant's Motion.

21 **D.  Submission of Claims to a CBA Grievance Procedure Is Not Required**

22 The Court should reject Defendant's argument that Plaintiff's SAC must be dismissed on
23 the ground that it "omit[s] any allegation he complied with [the purported CBA's] grievance
24 procedure …." Motion, 7:27-28. This is because none of Plaintiff's claims asserted in the SAC
25 relies in any part on any purported CBA.  SAC, ¶ 16. At the pleading stage, the Court must accept
26 this allegation as true.  *Rescuecom*, 562 F3d at 127.  As such, Plaintiff need not bring his claims
27 pursuant to any CBA grievance procedure.
28 / / /

Indeed, Congress's intent in providing for preemption under the LMRA was specifically to create uniformity in the law and a favorable federal forum for the resolution of "disagreements over how to give effect to the bargained-for agreement" that a CBA represents. *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 254 (1994).  Given this central purpose of the law, preemption of state-law claims pursuant to a CBA-based grievance procedure requires at a minimum that "the 'union-negotiated waiver of employees' statutory right to a judicial forum' must be '***clear and unmistakable***.'" *Munoz v. Atlantic Express of L.A., Inc.*, 2012 WL 5349408, at *4 (C.D. Cal. Oct. 30, 2012), quoting *Wright v. Univ. Mar. Serv. Corp.*, 525 U.S. 70, 80-81 (1998), emphasis added. No such "clear and unmistakable" language can be inferred from the facts alleged in the SAC. Further, where a "CBA does not directly reference the statutes" creating a plaintiff's state-law causes of action, it "does not 'clearly and unmistakably' waive Plaintiff's rights under those statutes," and thus plaintiff "was not required to file a grievance under the CBA to pursue his statutory claims." *Martinez v. J. Fletcher Creamer & Son, Inc.*, 2010 WL 3359372, at *5 (C.D. Cal. Aug. 13, 2010). Here, at the pleading stage, there is no grounds for dismissal based on a purported grievance procedure that Defendant alleges but that appears nowhere in the allegations of the SAC.

Even assuming, *arguendo*, that the purported CBA may contain provisions regarding an internal grievance procedure (which Plaintiff does not allege), this alone does not mean Plaintiff was required to exhaust the hypothetical internal procedure prior to filing his state-law claims in a civil lawsuit.  A plaintiff's "non-preempted claims are brought under state law and therefore do not require a grievance process." *Fennix v. Tenderloin Hous. Clinic, Inc.*, 2020 WL 6462394, at *6 (N.D. Cal. Nov. 3, 2020). Given that Plaintiff's claims facially and substantively arise under state law rather than from the CBA, Defendant must point to some "clear and unmistakable" waiver of the right to bring those claims in a judicial forum in order to prove preemption of those specific claims. *Wright*, *supra*, 525 U.S. at 80-81. At a minimum, this requires Defendant to point to specific language in the purported CBA naming the statutory rights asserted by Plaintiff here and showing that the parties to the contract actually intended to reach a bargain as to an employee's right to bring those claims in court.  At the pleading stage, Defendant has not and cannot do so, and thus no grievance procedure exhaustion requirement controls here.

Nor does Defendant's argument that Plaintiff's statutory claims are barred because they are purportedly "duplicative of the same claims Plaintiff is otherwise required to pursue in arbitration" compel any other conclusion. Motion 7:5-6. For one, Defendant's contention that permitting litigation of these claims would effect an improper double recovery assumes that Plaintiff will first be compelled to pursue those claims under the purported CBA's grievance and arbitration procedures, and second actually pursue them under that regime. However, where a state-law statutory claim is not covered by the express terms of a CBA, an employee is free to decide whether to bring his or her claims in a judicial forum. *Zavala v. Scott Bros. Dairy, Inc.*, 143 Cal.App.4th 585, 592 (2006). Thus, Defendant's cited authority and argument regarding the possibility of a double recovery are irrelevant and cannot support an order dismissing any of Plaintiff's claims in the SAC here.

### IV.   CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's instant Motion in full.

Dated:  July 25, 2022                              BIBIYAN LAW GROUP, P.C.

*/s/ Jeffrey C. Bils*
JEFFREY C. BILS
DAVID D. BIBIYAN
Attorneys for Plaintiff ELMER N. RODRIGUEZ, on behalf of himself and all others similarly situated