1  Gregory G. Iskander, Bar No. 200215
   giskander@littler.com
2  Renee C. Feldman, Bar No. 253877
   rfeldman@littler.com
3  LITTLER MENDELSON, P.C.
   Treat Towers
4  1255 Treat Boulevard
   Suite 600
5  Walnut Creek, California  94597
   Telephone:   925.932.2468
6  Fax No.:     925.946.9809

7  Attorneys for Defendant
   GONSALVES & SANTUCCI, INC.
8

9                        UNITED STATES DISTRICT COURT

10                      NORTHERN DISTRICT OF CALIFORNIA

11                           SAN FRANCISCO DIVISION

12

| | |
|---|---|
| 13  ELMER N. RODRIGUEZ, an individual and on behalf of all others similarly situated, | Case No. 3:21-cv-07874-LB |
| 14 | **REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)** |
| 15              Plaintiffs, | |
|         v. | |
| 16 | |
|     GONSALVES & SANTUCCI, INC., a California corporation; and DOES 1 through 100, inclusive, | Hearing Date:  August 18, 2022 |
| 17 | Time:          9:30 a.m. |
| 18 | Judge          Hon. Laurel Beeler |
|              Defendants. | Location:      Via Zoom |
| 19 | Webinar ID:    161 469 8626 |
|  | Password:      546984 |

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

Case No. 3:21-CV-07874-LB
REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

## I. INTRODUCTION

Plaintiff's Opposition is premised on the erroneous contention that the new allegations in his SAC are "facts" rather than conclusions and argument. Plaintiff then rehashes his prior preemption arguments relying on these purported "facts." In reality, Plaintiff's amendments are conclusions, opinions, and argument. Plaintiff did not allege any new facts. Accordingly, Plaintiff's SAC fares no better than the dismissed original Complaint and dismissed FAC, both of which the Court concluded were preempted by the LMRA.

## II. LEGAL ARGUMENT

### A. Plaintiff Mischaracterizes His Amendments as "Factual Allegations"

Plaintiff contends that his additions to the SAC are "factual allegations" that must be accepted as true and thus defeat preemption. (Opp. 5:3-19, 8:6-11:7.) A basic reading of the amendments, however, clearly demonstrate they consist of legal conclusions and arguments, not facts. The four new paragraphs are listed again below:

Introduction at Paragraph 1:
a. This is an action for unpaid wages and related claims arising out of GONSALVES & SANTUCCI, INC.'s failure to pay its employees for all hours worked. From the moment this action originally was filed in Contra County Superior Court, it has sought payment for hours that employees worked off-the-clock—that is, work for which Defendants paid no wages at all. California law clearly establishes that an employer may not bargain around its statutory duty to pay for all hours worked. Plaintiff's claims seek to vindicate nonnegotiable state-law rights that are independent of any right established by contract. Therefore, Plaintiff ELMER N. RODRIGUEZ comes before this Court as an individual and also on behalf of all others similarly situated, to seek what is rightfully owed: payment of wages for work performed.

Fact Section at Paragraphs 16-19:
b. Defendants assert that a Collective Bargaining Agreement ("CBA") governs the employment relationship. However, Plaintiff's minimum wage claims depend entirely on whether the time at issue constitutes compensable hours worked under the applicable state law. Plaintiff's claims do not arise in any manner from any CBA-based obligations. Plaintiff's state law claims exist independently of the CBA. Plaintiff's claims are based on a failure to compensate at all for certain hours worked by Plaintiff and Class Members.
c. Plaintiff's state law claims alleged in this action do not depend on analysis of the CBA for reasons including, inter alia, that no actual dispute exists as to any CBA terms in connection with any of Plaintiff's claims; there is no disagreement between Plaintiff and Defendants about the meaning or application of any relevant CBA-covered terms of employment; and there is no dispute between Plaintiff and

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

2.                                    Case No. 3:21-CV-07874-LB
REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

       Defendants regarding either the term "actual hours worked" and/or the term "show up expenses" as those terms are used in the CBA. The mere reference in the CBA to the terms "actual hours worked" and "show up expenses" does not in itself create a dispute about these terms.

    d. The terms "actual hours worked" and "show-up expenses" as used in the CBA are not industry terms. Defendants have not pointed to any practice in the industry or in its shop supporting that the term "actual hours worked" has some arcane meaning requiring substantial interpretation. The CBA unambiguously defines the term "show up expense" in a manner that leaves no room for interpretation or augmentation by some nebulous, unspecified "industry" meaning. Therefore, Section 301 of the Labor Management Relations Act does not preempt Plaintiff's claims. Section 301 does not grant the parties to a CBA the ability to contract for what is illegal under state law.

Conclusions such as these are not afforded any presumption of truth in evaluating a motion to dismiss. (Mot. at 4:24-6:8); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). Plaintiff simply repeated his motion to dismiss arguments in his SAC, but he did not add any new facts. Facts would be items that Defendant could ask Plaintiff about in deposition, but Plaintiff cannot testify to the items added to the SAC, e.g. whether his claims arise under state law or the CBA, or whether federal law preempts his claims. *See Wilkins v. Cal.*, 2022 WL 2834291, n.1 (N.D. Cal. July 20, 2022) (examples of differences between facts and conclusions). Because Plaintiff's amendments do not change the factual landscape, no basis exists to alter the Court's two prior decisions finding preemption. Plaintiff's claims remain preempted.[1]

**B.    Plaintiff Mischaracterizes the Court's Prior Decisions**

Plaintiff mistakenly appears to believe that the Court rescinded its entire April 5, 2022 Order dismissing the FAC. (Opp. 11:8-27.) Actually, the Court simply changed its order <u>dismissing</u> the FAC <u>without</u> leave to amend to an order <u>dismissing</u> the FAC <u>with</u> leave to amend. Nothing about the Court's reconsideration actions changed the fact that the FAC was dismissed based on preemption. (ECF # 46, 57.) Accordingly, Plaintiff had the opportunity to allege new facts to remedy the defects resulting in the dismissal. But he did not. As discussed, Plaintiff's SAC is effectively the same as his

---

[1] Plaintiff rehashes his arguments against preemption. (Opp. 7:1-11:7.) These arguments are irrelevant because Plaintiff's amendments do not change the prior preemption analysis, and therefore do not change the prior dismissal. Defendant's arguments in support of preemption are located in the prior briefing. (*See*, *e.g.*, ECF # 13, 28, 34, 38.)

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

3.    Case No. 3:21-CV-07874-LB
REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

1  FAC, as the new allegations are not factual, and thus should not affect the Court's prior analysis that
2  Plaintiff's claims are preempted.  Accordingly, Plaintiff's SAC should be dismissed for the same
3  reasons as the FAC.

### C. Plaintiff Alleges No New Facts Regarding His Final Wage Claim

The Court previously held that Plaintiff's claim for failure to pay final wages is preempted. (ECF # 31 at p. 8.)  Although Plaintiff amended the complaint, his new allegations are entirely unrelated to his final wages claim.  (SAC ¶¶ 1, 16-19.) Instead, the new allegations relate to his minimum wage claim only.  (*See id.*) Accordingly, regardless of whether the final wages claim is direct or derivative, the absence of new facts in the SAC regarding final wages constitutes a failure to remedy the prior deficiency.

Further, Plaintiff's argument that the CBA cannot waive an employee's rights to receive his earned but unpaid wages is a red herring.  (Opp. at 13.)  The CBA here does not waive an employee's right to his earned wages, it simply sets forth an alternative procedure for payment. Accordingly, Plaintiff's claim for final wages arises under the CBA and not state law, and remains preempted. (Mot. at p. 16-17.  *See* ECF # 13 at p. 17-18; ECF # 34 at p. 9-10.)

### D. Plaintiff's Failure to Allege Exhaustion of Grievance Procedures Does Not Relieve Him of this Requirement.

The CBA sets forth a detailed and comprehensive grievance procedure that parties must follow in the event of a dispute arising out of any member's employment with Defendant. (ECF #3-2, 2020 CBA, Sec. 28 Grievance Procedure.) A failure to exhaust exclusive contractual remedies warrants dismissal of Plaintiff's claims. *See Soremekun v. Thrifty Payless, Inc.* 509 F.3d 978, 988-89 (9th Cir. 2007) (summarily dismissing Plaintiff's claims for failure to exhaust exclusive contractual remedies under the collective bargaining agreement). The Court found that Plaintiff pleaded no facts that he exhausted the CBA's grievance process in his original complaint. (ECF # 31 at p. 11.) Then Plaintiff's FAC notably omitted any allegation he complied with this grievance procedure. And again, Plaintiff's SAC is silent on his participation in the grievance procedures.

Now, Plaintiff contends that simply pleading a conclusion that the CBA does not apply negates the requirement that he exhaust his grievance procedures.  (Opp. at 14:21-27.)  This is insufficient, as

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

4.  Case No. 3:21-CV-07874-LB
REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff failed to assert <u>facts</u> to demonstrate exhaustion is not required. *See J.M. v. Los Angeles Unified Sch. Dist.*, 2019 WL 2871144 at *3 n.7 (C.D. Cal. March 13, 2019) (finding futility when plaintiff failed to allege any new facts showing it would not be subject exhaustion requirement); *see also Paul G. v. Monterey Peninsula Unified Sch. Dist.*, 2018 WL 2763302 at *12 (N.D. Cal. Jun 8, 2018) (finding leave to amend not warranted when second amended complaint proffered no additional facts that could remedy the deficiency regarding the administrative exhaustion requirement).

As a result, this Court should dismiss Rodriguez's SAC, requiring him to first pursue these claims under the CBA's grievance arbitration provisions.

### III. CONCLUSION

As set forth above, in the Motion, and in Defendant's prior motions to dismiss, Plaintiff's SAC fails to cure the deficiencies in the first two complaints. Accordingly, the SAC should be dismissed without leave to amend.

Dated: August 1, 2022                               LITTLER MENDELSON P.C.


                                                   */s/ Gregory G. Iskander*
                                                 Gregory G. Iskander
                                                 Renee C. Feldman

                                                 Attorneys for Defendant
                                                 GONSALVES & SANTUCCI, INC.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

5.     Case No. 3:21-CV-07874-LB
REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT